**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | Civil Action No. 1:21-cv-8704 |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

Plaintiff Everytown For Gun Safety Action Fund, Inc. ("Everytown") as and for its Complaint against Defendants Defcad, Inc.; Odysee User xYeezySZN; Defcad User xYeezySZN; Odysee User TheGatalog-PrintableMagazines; The Gatalog; Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster (collectively "Defendants"), alleges and states as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for trademark infringement, false designation of origin and unfair competition under the Lanham Act and associated common law claims, together with trademark dilution by tarnishment under New York State law.

2.      Everytown is the exclusive owner of all registered and common-law Everytown Marks (as defined herein) used in connection with goods, and services relating to advocacy and action in the field of the prevention of gun violence, gun trafficking and illegal gun possession.

3.     The Defendants have unlawfully reproduced identical versions of Everytown's trademarks on social media, on gun-related platforms on the Internet, in downloadable files for the 3-D printing of firearm parts and accessories that are then used to create actual firearms and firearm magazines displaying Everytown's registered trademarks and have made them available to the general public.

4.     Defendants have constructive and actual notice of the fact that they have no authorization to act on Everytown's behalf. Defendants are willfully engaging in the infringement detailed herein.

5.     Everytown brings this action for:

   a.   Trademark infringement, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114);

   b.   False Designation of Origin, and Unfair Competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

   c.   Trademark Infringement and Unfair Competition under New York common law; and

   d.   Trademark Dilution by Tarnishment under New York General Business Law Section 360-L.

**JURISDICTION AND VENUE**

6.     This Court has original subject matter jurisdiction over Everytown's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. § 1121.

7.     This Court has subject matter jurisdiction over Everytown's New York state law claims pursuant to 28 U.S.C. § 1367(a) because Everytown's New York state law claims are so

related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

8.      Personal jurisdiction is proper in this Judicial District because, upon information and belief, each Defendant has had contacts within New York through the actions complained of herein and has caused and is continuing to cause harm to Everytown, which has an office in New York, within this Judicial District.

9.      The Defendants have created and distributed downloadable files for use in 3-D printers to extrude gun parts and accessories. These files include the identical Everytown Marks in the file names and/or on the resulting extruded gun parts and accessories emblazoned with the Everytown Marks.  The downloadable "printing kits" are accessible to consumers in New York and bear unauthorized identical copies of Everytown's registered trademarks. Each Defendant has targeted New York consumers by uploading these files to a full interactive online website that is viewable by and accessible to New York consumers.

10.     Defendants have offered and/or distributed the Infringing Products (as defined herein) through the websites odysee.com and defcad.com to consumers within the United States, including to consumers within New York.

11.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Everytown's claims have occurred in this Judicial District, and a substantial part of the harm caused by Defendants has occurred in this Judicial District.

## PARTIES

### The Plaintiff

12.     Plaintiff Everytown is a nonprofit nonstock corporation organized and existing under the laws of the State of Delaware with an office in New York, New York.

13.     Everytown transacts business in New York and is registered with the State of New York as a foreign not-for-profit corporation. Everytown has been registered as a foreign not-for-profit corporation in New York since 2014.

14.     Everytown is the owner of the Everytown Marks, including but not limited to, the EVERYTOWN®, EVERYTOWN FOR GUN SAFETY ACTION FUND®, MOMS DEMAND ACTION®, , MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA® and all common law rights associated therewith. Thus, Everytown has full right and authority to bring this suit to enforce the Everytown trademark rights.

### The Defendants

15.     The Defendants are designers and/or distributors of downloadable files for the 3-D printing of various firearm parts and accessories.

16.     Defendant Defcad, Inc. ("Defcad") is a corporation organized and existing under the laws of the State of Delaware with an office in the State of Arkansas.

17.     Defendant Defcad, Inc. does not have a registered agent appointed in the State of Delaware, as demonstrated in **Exhibit 1** hereto which is a printout from the Delaware Secretary of State.

18.     Upon information and belief, Defcad has failed to appoint a registered agent in the state of incorporation to prevent others from serving it with process, and to make it more difficult to locate an individual responsible for Defcad's activities.

19.     Defendant Defcad's mailing address is 1 Riverfront Place Suite 415 North Little Rock, AR 72214 and Defendant Defcad is associated with the email support@defcad.com.

20.     Defendant Defcad is the owner and operator of the website Defcad.com. This website is the "World's Largest 3-D Gun Repository" which hosts and distributes downloadable instructions for various firearms and firearm parts and accessories, including instructions for the Infringing Products (as defined herein).

21.     Defendant Odysee User xYeezySZN is an Odysee.com user associated with the email address YeezyPrints@protonmail.com. Defendant Odysee User xYeezySZN's mailing address is unknown.

22.     Defendant Odysee User xYeezySZN is associated with the Defendant Twitter User xYeezySZN. Defendant Odysee User xYeezySZN links to the website thegatalog.com in its Twitter bio and its Linktree.

23.     Defendant Odysee User xYeezySZN uploaded to the website Odysee.com downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein).

24.     Defendant Defcad User xYeezySZN is a Defcad.com user associated with the email address YeezyPrints@protonmail.com. Defendant Defcad User xYeezySZN's mailing address is unknown.

25.     Upon information and belief Defcad User xYeezySZN is associated with the Defendant Twitter User xYeezySZN.

5

26.     Defendant Defcad User xYeezySZN uploaded to the website Defcad.com downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein).

27.     Defendant Twitter User xYeezySZN is associated with the email address YeezyPrints@protonmail.com. Defendant Twitter User xYeezySZN's mailing address is unknown.

28.     Upon information and believe Defendant Twitter User xYeezySZN is operated and associated with Defendant Phillip Royster as Defendant Phillip Royster's PayPal account was linked to from Defendant Twitter User xYeezySZN's Twitter page.

29.     Upon information and belief Twitter User xYeezySZN is associated with Defendant Defcad User xYeezySZN and Defendant Odysee User xYeezySZN.

30.     Defendant Twitter User xYeezySZN has advertised and promoted Defendants' downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein) in connection with Twitter User xYeezySZN's account and has shared photographs of firearms parts and accessories bearing the Everytown Marks from the account.

31.     Defendant Phillip Royster is an individual associated with the email address YeezyPrints@protonmail.com. Defendant Phillip Royster's mailing address is unknown.

32.     Upon information and belief, Defendant Phillip Royster owns and/or operates Defendant Defcad User xYeezySZN, Defendant Odysee User xYeezySZN, and Defendant Twitter User xYeezySZN, and has used the accounts to distribute and promote downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein).

33.     Defendant Odysee User TheGatalog-PrintableMagazines is an Odysee.com user.

6

Defendant Odysee User TheGatalog-PrintableMagazines' email address and mailing address are unknown.

34.     Upon information and belief Odysee User TheGatalog-PrintableMagazines is associated with the suspended Twitter account @TheGatalog.

35.     Defendant Odysee User TheGatalog-PrintableMagazines uploaded to the website Odysee.com downloadable instructions for 3-D printing firearm parts and accessories bearing the Everytown Marks.

36.     Defendant The Gatalog is the owner and operator of the website thegatalog.com. Defendant The Gatalog's email address and mailing address are unknown.

37.     Defendant The Gatalog distributes downloadable instructions for 3-D printing firearms parts and accessories infringing on the Everytown Marks (as defined herein).

38.     Defendant The Gatalog posted images of the 3-D printed firearm parts and accessories bearing identical versions of the Everytown Marks on its Instagram.

39.     Defendant Odysee User Freeman1337 is an Odysee.com user. Defendant Odysee User Freeman1337's email address and mailing address are unknown.

40.     Upon information and belief Odysee User Freeman1337 is associated with the Twitter account @Freeman1337.

41.     Defendant Odysee User Freeman1337 uploaded to the website Odysee.com downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein).

42.     Defendant Defcad User Freeman1337 is a Defcad.com user. Defendant Defcad User Freeman1337's email address and mailing address are unknown.

43.     Upon information and belief Defcad User Freeman1337 is associated with the Twitter account @Freeman1337.

44.     Defendant Defcad User Freeman1337 uploaded to the website Defcad.com downloadable files for 3-D printing firearm parts and accessories bearing the Everytown Marks (as defined herein).

## FACTS COMMON TO ALL CLAIMS

### Everytown's Mission and Initiatives

45.     Everytown is the largest gun violence prevention organization in the United States.

46.     Everytown formed in 2013 when "Mayors Against Illegal Guns" and "Moms Demand Action" merged to tackle the shared goal of ending gun violence in America.

47.     Since its inception, Everytown has actively participated in research, policy, advocacy, and grassroots organizing to grow its reach to over six million supporters.

48.     Everytown has historically been a strong advocate for the prevention of gun violence, gun trafficking, and illegal gun possession.

49.     Everytown's mission is promoting gun safety legislation and initiatives, reducing gun violence through the education of policymakers, the public, and the media, and organizing communities in support of gun safety.

50.     Everytown is the largest gun violence prevention organization in the country with more than six million supporters and more than 375,000 donors including moms, mayors, survivors, students, and everyday Americans who are fighting for common-sense gun safety measures that can help save lives.

51.     Everytown works with its affiliates, Everytown for Gun Safety Support Fund

("Everytown Support Fund") and Everytown for Gun Safety Victory Fund, to help achieve its mission.

52.     As described within the goods and services for the registered trademarks with the United States Patent and Trademark Office, Everytown's advocacy efforts include, but are not limited to, promoting public awareness, working with federal, state, and local legislatures, conducting educational seminars, procuring funds, providing text message alerts in the field of prevention of gun violence, gun trafficking, and illegal gun possession, providing legal expertise, and producing downloadable reports and publications in the field of gun safety.

53.     Everytown's work includes the Everytown Survivor Network, which is a nationwide community of gun violence survivors working together to end gun violence that is sponsored by Everytown's affiliate, the Everytown Support Fund. The Survivor Network connects survivors to each other, amplifies the power of survivor voices, offers trauma-informed programs, provides information on direct services, and supports survivors who choose to become advocates.

54.     Everytown has a nationwide presence and advocates for gun safety measures in state legislatures across all 50 states and the District of Columbia, including supporting prohibitions on assault weapons, high capacity magazines, and ghost guns.

55.     As part of Everytown's non-profit work, and advocacy, Everytown and its affiliates operate the websites www.everytown.org, www.momsdemandaction.org, www.everytownsupportfund.org, www.everytownresearch.org, www.everytownlaw.org, www.momentsthatsurvive.org, www.studentsdemandaction.org, and www.gunsensevoter.org ("Everytown Websites"), from which they educate and engage with the public and consumers, provide Everytown-branded content, and offer Everytown goods and advocacy services.

9

56.   True and correct printouts of pages from the Websites are depicted in **Exhibit 2**, and below.







57.     Everytown is not anti-gun, but instead pro-gun safety, and advocates nationwide gun safety through evidence-based solutions. In that regard, Everytown seeks to demand action from elected officials, change how America thinks about gun violence, and ultimately end gun violence.

58.     Everytown Support Fund has a national program that promotes secure gun storage called Be SMART, which seeks to help parents and adults normalize conversations about gun safety and take responsible actions that can prevent child gun deaths and injuries.

59.     In connection with Everytown's research, policy know-how, and support, the U.S. House of Representatives passed the Violence Against Women Reauthorization Act (H.R. 1585); the Enhanced Background Checks Act (H.R. 1112), and the Bipartisan Background Checks Act (H.R. 8) among other legislation that supports gun safety measures.

60.     Everytown has also been involved with efforts to prevent gun violence, gun trafficking, and illegal gun possession in state legislatures throughout the country.

**Everytown's Trademarks**

61.     Everytown maintains numerous trademarks on the principal register of the United

States Patent & Trademark Office ("USPTO").

62.     Everytown owns the below valid and subsisting registrations (collectively,

"EVERYTOWN® Trademarks"):

| USPTO Registration No. | Mark | International Class(es) |
|---|---|---|
| 5142124 | EVERYTOWN | 9, 35, 36, 38, 41, 45 |
| 5092082 | EVERYTOWN | 21, 25, 26, 35 |
| 5223511 | EVERYTOWN FOR GUN SAFETY ACTION FUND | 35, 36, 38 |
| 5142128 | EVERYTOWN FOR GUN SAFETY SUPPORT FUND | 9, 35, 36, 38, 41, 45 |
| 4569205 | MOMS DEMAND ACTION | 35 |
| 5092084 | MOMS DEMAND ACTION | 18, 21, 25, 26, 35 |

63.     Among other federally registered trademarks, Everytown owns the below valid

and subsisting registrations for FLAG DESIGN® trademarks (collectively, "FLAG DESIGN®

Trademarks"):

| USPTO Registration No. | Mark | International Classes |
|---|---|---|
| 5142125 |  | 9, 35, 36, 38, 41, 45 |
| 5142126 |  | 9, 35, 36, 38, 41, 45 |
| 5092083 |  | 18, 21, 25, 26, 35 |
| 6213804 |  | 9, 16, 18, 21, 26, 35, 41 |
| 5151549 |  | 35, 36, 38, 41 |

(The EVERYTOWN® Trademarks and FLAG DESIGN® Trademarks, collectively herein the "Everytown Marks").

64.    True and accurate copies of the federal trademark registrations for the Everytown Marks are included in **Exhibit 3**.

### The Everytown Marks Are Distinctive and Unique

65.    The Everytown Marks and associated common law rights have been used continuously and exclusively by Everytown in connection with advocacy and education efforts

14

including, but not limited to, promoting public awareness, working with federal, state, and local legislatures, conducting educational seminars, procuring funds, providing text message alerts in the field of prevention of gun violence, providing legal expertise, and producing downloadable reports and publications in the field of gun safety.

66.     The Everytown Marks and associated common law rights have also been used continuously and exclusively by Everytown in connection with goods in the form of merchandise on its website www.everytown.org, including clothing, mugs, water bottles, tote bags, hats, and other items that bear the Everytown Marks, as depicted in **Exhibit 2**.

67.     Much of Everytown's advocacy is carried out by volunteers wearing Everytown-branded t-shirts, which typically feature the Everytown Marks.

68.     Moms Demand Action volunteers wearing their signature Moms Demand Action red t-shirts have become a well-recognized presence at political and legislative gatherings across the country.

69.     Everytown's MOMS DEMAND ACTION® Mark, Reg. No. 4569205 is incontestable pursuant to 15 U.S.C. § 1605.

70.     In addition to its registered trademarks described above, Everytown also has common-law rights to the Everytown Marks that pre-date its registrations, with first use at least as early as 2014.

71.     Everytown has developed substantial goodwill and a strong reputation as a staunch advocate for prevention of gun violence and promotion of gun safety measures.

72.     Currently, and for more than seven years, Everytown has been the sole owner of the Everytown Marks.

73.     Everytown has used and continues to use the Everytown Marks in connection with its nationwide advocacy.

74.     The EVERYTOWN® Trademarks are distinctive and inherently unique.

75.     The FLAG DESIGN® Trademarks are distinctive and frequently reproduced.

76.     Prior to 2021, the Everytown Marks were well-known throughout the United States.

77.     Upon information and belief, Defendants did not begin using the Everytown Marks until 2021.

78.      Everytown dedicates significant resources to advertising, public relations, and fundraising in relation to the Everytown Marks.

79.     Since 2014, Everytown and its affiliates have spent tens of millions of dollars building the Everytown brand and advertising the Everytown Marks.

80.     Everytown has over six million supporters nationwide including mayors, teachers, survivors, gun owners, students, and everyday Americans.

81.     Since 2017, Everytown and its affiliates estimate they have organized, and held over 27,000 rallies, marches, and public events furthering their mission to end gun violence nationwide.

82.     Among other rallies, marches, and public events, Everytown organized the Everytown for Gun Safety Action Fund Presidential Gun Sense Membership Forum in 2019 to discuss gun safety and plans to keep Americans safe from gun violence ("Forum").  The marketing and advertising materials in connection with the Forum featured and depicted the Everytown Marks. An example of the advertising featuring the Everytown Marks in connection with the Forum is depicted below:



83.     The Forum featured and was attended by sixteen presidential candidates, including but not limited to, now President Joseph Biden, now Vice President Kamala Harris, Mayor Pete Buttigieg, Mayor Bill de Blasio, Senator Amy Klobuchar, Senator Bernie Sanders, Senator Elizabeth Warren, and New York Mayoral Candidate Andrew Yang.

84.     Additionally, as part of its Weekend of Action in 2019 ("Weekend of Action"), Everytown and its affiliates hosted more than 100 rallies across all 50 states and the District of Columbia, with thousands of attendees, over a single weekend.  More than 30 members of the United States Congress attended the Weekend of Action, and it was tweeted about over 45,000 times.

85.     During the Weekend of Action thousands of volunteers carried signs and wore apparel featuring the Everytown Marks. An example of volunteers at a Weekend of Action event is depicted below:

17



86.     In 2020, Everytown hosted Demanding Women: Quarantine Conversations about Gun Violence, a series of virtual conversations between Moms Demand Action founder Shannon Watts and several prominent women, including Stacey Abrams, Senator Elizabeth Warren, Senator Amy Klobuchar, then Senator Kamala Harris, New Mexico Governor Michelle Lujan Grisham, Congresswoman Val Demings, Former U.S. National Security Advisor Susan Rice, Congresswoman Karen Bass, Atlanta Mayor Keisha Lance Bottoms, Senator Tammy Duckworth, Senator Tammy Baldwin, and Michigan Governor Gretchen Whitmer ("Demanding Women").

87.     Demanding Women broadcasts received 881,000 views, with shorter video clips from the broadcasts receiving an additional 790,000 views, for a total of 1.67 million organic views of the Demanding Women video content.  The Everytown Marks were highlighted during the broadcasts.

88.     Everytown's efforts have been successful culminating in millions of Everytown

supporters, a strong social media presence, high website traffic, and substantial media coverage.

89.     The Everytown Websites receive a significant number of visits. In 2020 alone, the Websites' pages were visited over a total of 7.3 million times. The Websites all feature at least one of the Everytown Marks.

90.     Everytown also has a significant social media following. Everytown's social media accounts bearing the "Everytown" and "Everytown for Gun Safety" Marks have over 1.4 million followers on Facebook, over 818,000 followers on Instagram, and over 258,000 followers on Twitter. Everytown's social media features the marks in connection with the usernames, the profile images, and postings associated with the accounts.

91.     The social media accounts bearing the Moms Demand Action Mark have over 716,000 followers on Facebook, over 225,000 followers on Instagram, and over 311,000 followers on Twitter. The social media accounts bearing the Moms Demand Action Mark feature the marks in connection with the usernames, the profile images, and postings associated with the accounts.

92.     Everytown and the Everytown Marks have received nationwide recognition in the field of gun violence prevention.

93.     Everytown is frequently asked for comment and receives media coverage in news articles regarding hot topic gun issues; a collection of some of Everytown's most notable recognition is attached as **Exhibit 4** (including articles by *The New York Times*, *The Hill*, the Associated Press, *CBS Baltimore*, *CBS Iowa*, *Billboard*, *The Baltimore Sun*, *AdWeek*, *The Wall Street Journal*, and *TAP into Paterson*).

94.     Everytown has raised significant funding for its initiatives.

95.     Since 2014 Everytown and its affiliates have raised hundreds of millions of

19

dollars.

## Ghost Guns and 3-D Printing of Guns and Gun Parts

96.     "Ghost guns" are homemade firearms that are assembled from easy-to-obtain building blocks that can be purchased without a background check or any restrictions.

97.     Ghost guns are made by individuals and not federally licensed manufacturers or importers.

98.     Ghost guns do not have a serial number, do not require a background check, and can be easily obtained by any member of society despite felony status and state or federal restrictions.

99.     Ghost guns are virtually untraceable and have been described as the fastest-growing gun safety problem facing the United States.

100.     One way ghost guns are created is through 3-D printing.

101.      3-D Printing is a manufacturing process that creates a physical object from instructions contained in a digital design file.

102.     The 3-D Printer follows the instructions and lays down thin layers of material in the form of liquid or powdered plastic, metal, or cement and then fuses the layers together.

103.     3-D Printing creates tangible, oftentimes functional, physical objects for any use or purpose. 3-D printed firearms can be assembled from a combination of such parts.

## Odysee and Defendants' User Accounts

104.     Odysee is an online digital library that allows users, like Defendants, to upload, promote, and distribute their digital 3-D Printing Instructions for firearm parts and accessories to consumers worldwide and specifically to consumers residing in the United States, including New

York.

105.    Odysee's online digital library allows access to videos, music, ebooks, and downloadable content. Like many digital platforms, Odysee users have the option to monetize their content for cryptocurrency and receive cash tips.

## Defcad and Defendants' User Accounts

106.    Defcad is "The World's Largest 3D Gun Repository" that allows users, like Defendants, to upload, promote, and distribute their digital 3-D Printing Instructions to consumers worldwide and to consumers residing in the United States, including New York.

107.    Defcad's online repository allows users to browse a vast collection of 3-D Printing Instructions for various firearms and firearm parts and accessories.

## Defendants' Infringement

108.    Defendants are actively engaged in unlawfully distributing downloadable files for the manufacture of actual 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and accessories bear the Everytown Marks (hereinafter "Infringing Products"). Despite being put on notice of their unlawful conduct, the Defendants have not only continued to distribute the Infringing Products but have recently escalated their efforts to harm Everytown by distributing photographs and videos of the resulting gun parts and accessories bearing the Everytown Marks. An example of one such recent video retweeted by Defendant Twitter User xYeezySZN on October 4, 2021 is screen captured below.



109.     Defendants advertise and promote their Infringing Products through their

websites, social media pages, and third-party websites.

110.     Defendants have willfully used Everytown's identical Everytown Marks in the

titles of their Infringing Product search listings to confuse consumers and draw traffic to their

Infringing Products, harming Everytown's goodwill and reputation.

**Defendants Phillip Royster, Odysee User XYeezySZN, Defcad User XYeezySZN, and
Twitter User XYeezySZN's Infringement**

111.     Upon information and belief, Defendants Phillip Royster, Odysee User

XYeezySZN, Defcad User XYeezySZN, and Twitter User XYeezySZN are acting in concert

with each other to engage in the conduct complained of herein.

112.     Upon information and belief, Defendant Phillip Royster owns and/or operates

Odysee User XYeezySZN, Defcad User XYeezySZN, and Twitter User XYeezySZN.

113.    Defendant Odysee User XYeezySZN uploaded the downloadable file containing 3-D printing instructions for "Everytown—Firebolt Magwell (R) 5.56 Bolt Catch" to Odysee.com on August 20, 2021.

114.    The infringing listing uses Everytown's identical EVERYTOWN® trademark in the product title.

115.    The description for the "Everytown—Firebolt Magwell (R) 5.56 Bolt Catch" identifies that "[t]his package contains two STL files…[b]oth contain the Everytown logo", screenshots of the listing, among Defendants' other listings, are provided in **Exhibit 5**.

116.    Once downloaded, consumers use the downloadable files containing the instructions for 3-D printing the Infringing Products to make gun parts and accessories emblazoned with the Everytown Marks.

117.    Defendant Odysee User XYeezySZN encourages consumers to "POST YOUR MAKES! PLEASE TAG @xYeezySZN on twitter!" Images of completed guns bearing identical versions of the Everytown Marks have been, and currently are being posted on Twitter.

118.    The firearm products when 3-D printed, include Everytown's identical EVERYTOWN® and  Trademarks on the actual 3-D printed product, as depicted in **Exhibit 5** and below.



**Everytown—Firebolt**

**Magwell (R) 5.56 Bolt Catch**

119.    Defendant Odysee User XYeezySZN uploaded the downloadable file containing 3-D printing instructions for "Moms Demand—Firebolt Magwell (R) 5.56 Bolt Catch" to Odysee.com on August 20, 2021.

120.    The infringing listing uses Everytown's MOMS DEMAND ACTION® trademark in the product title.

121.    The description for the "Moms Demand—Firebolt Magwell (R) 5.56 Bolt Catch" identifies that "[t]his package contains two STL files…[b]oth contain the Moms Demand Action logo" screenshots of the listing are provided in **Exhibit 5**.

122.    Once downloaded, consumers use the downloadable files containing the instructions for 3-D printing the Infringing Products to make gun parts and accessories emblazoned with the Everytown Marks.

123.    The product when 3-D printed includes Everytown's identical MOMS DEMAND ACTION®                    , and MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA® trademarks on the actual 3-D printed product, as depicted in **Exhibit 5** and below.

24



124.    Defendant Defcad User XYeezySZN uploaded the downloadable file containing

3-D printing instructions for "Moms Demand Action—Firebolt 5.56 Bolt Catch Magwell" to

Defcad.com on August 25, 2021.

125.    The infringing listing uses Everytown's identical MOMS DEMAND ACTION®

trademark in the product title.

126.     The description for the "Moms Demand Action—Firebolt 5.56 Bolt Catch

Magwell" identifies that "[t]his package contains two STL files—an inlay and an emboss of the

Mom's Demand logo and motto…" screenshots of the listing are provided in **Exhibit 5**.

127.    Once downloaded, consumers use the downloadable files containing the

instructions for 3-D printing the Infringing Products to make gun parts and accessories bearing

the identical Everytown Marks.

128.    The product when 3-D printed includes Everytown's identical MOMS DEMAND

ACTION®, , and MOMS DEMAND ACTION FOR GUN SENSE IN

AMERICA® trademarks on the actual 3-D printed product, as depicted in **Exhibit 5** and below.



Moms Demand Action—Firebolt 5.56 Bolt Catch Magwell

129.    Defendant Defcad User XYeezySZN uploaded the downloadable file containing

3-D printing instructions for "Everytown—Firebolt 5.56 Bolt Catch (R) Magwell Panel" to

Defcad.com on August 25, 2021.

130.    The infringing listing uses Everytown's identical EVERYTOWN® trademark in

the product title.

131.    The description for the "Everytown—Firebolt 5.56 Bolt Catch (R) Magwell Panel

identifies that "[t]his package containing [sic] two STL's [sic]—both STL files…include the

Everytown logo." Screenshots of the listing are provided in **Exhibit 5**.

132.    Once downloaded, consumers use the downloadable files containing the

instructions for 3-D printing the Infringing Products to make gun parts and accessories bearing

the identical Everytown Marks.

133.    The product when 3-D printed includes Everytown's identical EVERYTOWN®,

, and EVERYTOWN FOR GUN SAFETY ACTION FUND® trademarks on the

26

actual 3-D printed product, as depicted in **Exhibit 5** and below.



134.    In connection with Defendants Defcad User XYeezySZN, Odysee User

XYeezySZN, and Phillip Royster, Defendant Twitter User XYeezySZN has promoted and

marketed Defendants' Infringing Products by sharing images of the 3-D firearm parts and

accessories bearing identical copies of the Everytown Marks.

135.    Among other tweets shared concerning the Infringing Products, on October 4,

2021 Twitter User xYeezySZN tweeted directly at Everytown's Twitter account stating, "Hey

@Everytown, how do you like this AR-15 'ghost gun' with a 30 round mag clipazine [sic]? I

designed it special for you."

136.    The gun depicted in the tweet includes Everytown's identical EVERYTOWN®,

, and EVERYTOWN FOR GUN SAFETY ACTION FUND® trademarks on the

actual 3-D printed product, as depicted in **Exhibit 5** and below.



137.   Twitter User xYeezySZN then replied to its own tweet with a video where the gun bearing Everytown's identical EVERYTOWN® Marks is shown firing nine (9) rounds over the course of five (5) seconds.

### **Defendant Odysee User TheGatalog-PrintableMagazines' Infringement**

138.   Defendant Odysee User TheGatalog-PrintableMagazines uploaded the downloadable file containing 3-D printing instructions for "'Everytown' 3D Printable AR15 22lr Magazine" to Defcad.com on June 25, 2021.  This magazine is advertised as providing a 25 round capacity.

139.   The infringing listing uses Everytown's identical EVERYTOWN® trademark in the product title.

140.   A screenshot of Defendant Odysee User TheGatalog-Printable Magazines' listing for the 3-D printing files is depicted in **Exhibit 5** and below.

28



## Defendant The Gatalog's Infringement

141.    Defendant The Gatalog promotes the downloadable file "'Everytown' 3D Printable AR15 22lr Magazine" on its Instagram page as available for download on ctrlpew.com which links to Defendant Odysee User TheGatalog-PrintableMagazines's Odysee.com listing for "'Everytown 3D Printable AR15 22lr Magazine."

142.    The infringing listing uses Everytown's identical EVERYTOWN® trademark in the product title.

143.    A screenshot of Defendant The Gatalog's Instagram post promoting the listing for "'Everytown' 3D Printable AR15 22lr Magazine" is depicted in **Exhibit 5** and below.



144.    A screenshot of Defendant The Gatalog's post on ctrlpew.com promoting the

listing for "'Everytown' 3D Printable AR15 22lr Magazine" is depicted in **Exhibit 5** and below.



**Defendant Defcad User Freeman1337's Infringement**

145.    Defendant Defcad User Freeman1337 uploaded the downloadable file containing 3-D printing instructions for "'Everytown' 3D Printable AR15 22LR Magazine" to Defcad.com on June 26, 2021.

146.    The infringing listing uses Everytown's identical EVERYTOWN® trademark in the product title.

147.    A screenshot of Defendant Defcad User Freeman1337's listing for the 3-D printing files is depicted in **Exhibit 5** and below.



148.    Defendants' Infringing Products do not originate with Everytown; are not made with Everytown's permission, or under any license(s) with Everytown; and are not made with any authority to use Everytown's trademarks (*i.e.,* the Everytown Marks).

149.    Everytown's authentic products and services are known nationwide as promoting the prevention of gun violence, gun trafficking, and illegal gun possession.

31

150.    Defendants' Infringing Products are used to build or accessorize functional firearms across the nation bearing the identical Everytown Marks, including in New York, without regard to state gun laws and have no restrictions on the consumers who can access them.

151.    For example, in New York the manufacture, transportation, disposal, and possession of large capacity magazines and other large capacity feeding devices is prohibited pursuant to N.Y. Penal Law §§ 265.00(22), 265.00(23), 265.02(7) & (8), 265.10.

152.    Defendants have reproduced the identical Everytown Marks in the titles, search listings, downloadable files, and/or actual 3-D printed guns and accessories. The Everytown Marks are used in their unaltered form without any additions, subtractions, and contain no commentary or criticism of the authentic Everytown Marks. Examples of actual 3-D printed guns, gun parts and accessories bearing the identical Everytown Marks as a result of Defendants' Infringing Products are depicted below.





**Lord Dianexis PhD** @Dianexis · Aug 29

What do we have here 👀 @xYeezySZN

💬 6          ♻ 2          ♡ 38          ⬆

Show more replies



**Lord Dianexis PhD** @Dianexis · Sep 4

Replying to @Dianexis

The brace adds +10 damage and grip tape adds +5 handling. Somebody ban these already! @not_spookyguns @xYeezySZN



💬          ♻ 1          ♡ 15          ⬆



153.    Ordinary consumers will not look at the titles, search listings, downloadable files, or printed 3-D guns and accessories bearing the identical Everytown Marks, and conclude they are from a source other than Everytown. They bear the identical Everytown Marks creating a false association with Everytown.

154.    Ordinary consumers viewing Defendants' infringing listings will be initially misled into believing Defendants' Infringing Products are associated with Everytown based on the use of the identical Everytown Marks in the titles, descriptions, and search listings for the Defendants' Infringing Products.

155.    Defendants' use and inclusion of Everytown's identical trademarks in connection with the Infringing Products such as parts and accessories for assault weapons, high capacity magazines, and ghost guns is confusing, irreparably and immediately harmful, and damaging to the core mission of Everytown's goods and services relating to advocacy and action in the field of the prevention of gun violence, gun trafficking and illegal gun possession.

156.    Ordinary consumers who view completed assault weapons or high capacity

firearm magazines bearing identical unaltered versions of the Everytown Marks will be misled into believing the firearms and magazines are associated with Everytown when they are not – and when Everytown expressly advocates for prohibitions on such dangerous weapons and weapons accessories. *See* https://www.everytown.org/issues/mass-shootings/#what-are-the-solutions

## **Defendants' Intentional and Willful Infringement**

157.    Consumers in New York can view, interact with, and download the Infringing Products from Odysee.com and Defcad.com.

158.    Defendants violated Everytown's exclusive rights in its Everytown Marks by using identical versions of the Everytown Marks in order to confuse consumers into believing that such Infringing Products are endorsed or approved by Everytown when they are not.

159.    Defendants' conduct began long after Everytown's adoption and use of the Everytown Marks, after Everytown obtained the U.S. registrations in the Everytown Marks, as alleged above, and after the Everytown Marks became well-known to the purchasing public.

160.    Defendants were made aware that Everytown contested their distributing Infringing Products on the Defcad.com and Odysee.com platforms.

161.    On or about August 24, 2021, Everytown submitted a notice to Odysee.com complaining of trademark infringement by Defendants' Infringing Products. In response, Odysee.com removed the complained-of listings of Defendants' Infringing Products.

162.    However, after receiving a counter-notice from Defendants, on or about September 15, 2021, Odysee.com reinstated the complained-of listings of Defendants' Infringing Products based on Odysee's policy that listings are reinstated once a counter-notice is submitted and will not be removed again without a court order.

163.    On or about August 24, 2021, Everytown submitted a notice to Defendant Defcad complaining of trademark infringement by Defendants' Infringing Products.

164.    Defendant Defcad did not respond to Everytown's complaint nor remove the listings for the Infringing Products.

165.    Upon information and belief, Defendants were aware of Everytown's rights to the Everytown Marks prior to postings concerning the Infringing Products.

166.    Defendants have since received additional notice of Everytown's rights to the Everytown Marks through the notices Everytown submitted to Odysee and Defcad as depicted in Defendants' tweet below.



167.    Defendant Defcad User xYeezySZN added the following to the description of its listings for the Infringing Products, "DMCA? Never heard of her." Screenshots of Defendant

User xYeezySZN's updated listings are contained in **Exhibit 5**.

168.   The Defendants' use, adoption, and infringement of the Everytown Marks is not only unauthorized, but, is intentional, willful, malicious, and was done in intentional disregard of Everytown's rights and consumers' interests.

169.   Defendants knew their activities described above were illegal and violated Everytown's trademark rights, but they engaged in these activities anyway for their own personal gain, and to Everytown's detriment, and to the detriment of consumers.

Irreparable Harm to Everytown

170.   Defendants have caused, and will continue to cause, confusion, mistake, economic loss, and have and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are associated with Everytown, thereby damaging Everytown.

171.   Defendants' willful misconduct, described above, is depriving Everytown of the absolute right to control the quality of its non-profit goods, services, and advocacy offered and pursued under the Everytown Marks.

172.   Defendants' infringement jeopardizes the goodwill and value associated with the Everytown Marks. Once supporters see the completed dangerous firearms or high capacity magazines bearing the identical Everytown Marks, there is immediate and irreparable harm to Everytown's reputation.

173.   Defendants' use of Everytown's identical trademarks for the creation of parts for assault weapons, high capacity magazines, and ghost guns is confusing, irreparably and immediately harmful, and damaging and contrary to the core mission of Everytown's goods and

services relating to advocacy and action in the field of the prevention of gun violence, gun trafficking and illegal gun possession.

174.    Supporters, fellow advocates, survivors, elected officials, donors and others are less likely to think favorably of Everytown's mission when they encounter Defendants' Infringing Products – on assault weapons, high capacity magazines, and ghost guns that Everytown advocates should be illegal and prohibited – bearing the identical Everytown Marks.

175.    As a direct and proximate result of the foregoing, Everytown has suffered and, unless Defendants' conduct is enjoined by this Court, will continue to suffer immediate and irreparable harm for which Everytown has no adequate remedy at law, including harm to its reputation, credibility, goodwill, and ultimately its ability to advocate, as well as actual economic damages in the form of lost donations and revenue.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

176.    Everytown repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

177.    Everytown is the exclusive owner of all right and title to the Everytown Marks.

178.    Everytown has continuously used the Everytown Trademarks in interstate commerce since on or before the date of first use as reflected in its registrations attached hereto as **Exhibit 3.**

179.    Defendants' Infringing Products bear marks which intentionally reproduced, copied, and/or imitated the Everytown Marks and/or used spurious designations that are identical with, or substantially indistinguishable from the Everytown Marks on or in connection with the sale, offering for sale, distribution, or advertising of the Infringing Products.

180.    The Defendants' actions constitute willful intent to trade on the goodwill associated with the EVERYTOWN® Marks to Everytown's great and irreparable harm.

181.    As a direct and proximate result of the Defendants' willful misconduct, Everytown has suffered irreparable harm to the value and goodwill associated with the Everytown Marks, including harm to its reputation, credibility, goodwill, and ultimately its ability to advocate. Unless the Defendants are restrained and enjoined from further infringement of the Everytown Marks, Everytown (and consumers) will continue to be irreparably harmed.

182.    Defendants' actions have caused and are likely to continue to cause substantial injury to the public and to Everytown, and Everytown is entitled to injunctive relief and to other damages in an amount not yet known, but to be proved at trial.  Everytown is also entitled to statutory damages, enhanced damages, and/or its reasonable attorneys' fees, at Everytown's option.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

183.    Everytown repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

184.    In violation of 15 U.S.C. § 1125(a), the Defendants have used in commerce a slogan, trade dress, word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with Everytown.

185.    The Defendants have willfully infringed Everytown's exclusive rights in and to the common-law rights associated with the Everytown Marks, have falsely designated the

Infringing Products as those of "Moms Demand Action" or "Everytown."

186.    As a direct and proximate result of the Defendants' willful misconduct, Everytown has suffered and is suffering irreparable harm to the value and goodwill associated with the Everytown Marks, and associated common-law rights, and to Everytown's nationwide reputation as a staunch advocate for gun safety and the prevention of gun violence, gun trafficking, and illegal gun possession.

187.    Unless the Defendants are restrained and enjoined from further infringement of the Everytown Marks, and associated common-law rights, Everytown will continue to be irreparably harmed.

188.    As a direct and proximate result of the Defendants' willful misconduct, Everytown has suffered damages to the valuable Everytown Marks, and associated common-law rights, along with other damages in an amount not yet known but to be proved at trial.

### COUNT THREE
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (New York Common Law)

189.    Everytown repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

190.    Everytown owns common law trademark rights in New York, in and to the Everytown Marks.

191.    Everytown's common law rights to the Everytown Marks are superior to any rights the Defendants may claim in and to the Everytown Marks.

192.    Defendants' use and inclusion of Everytown's identical trademarks in connection with the Infringing Products such as parts and accessories for assault weapons, high capacity magazines, and ghost guns is confusing, irreparably and immediately harmful, and damaging to

the core mission of Everytown's goods and services relating to advocacy and action in the field of the prevention of gun violence, gun trafficking and illegal gun possession.

193.    The Defendants' use of the Everytown Marks in connection with the Infringing Products in New York constitutes unfair competition in violation of the common law.

194.    Defendants' unfair competition and infringement of the Everytown Marks is willful, and in bad faith.

195.    Upon information and belief, Defendants' unfair competition and infringement has caused, and will continue to cause Everytown irreparable harm unless Defendants are enjoined.

**COUNT FOUR**
**NEW YORK STATE LAW DILUTION**
**(NYGBL §360-L)**

196.    Everytown repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs, as though fully set forth herein.

197.    Defendants intended to harm Everytown's reputation by adopting and using the Everytown Marks identically and without alteration or comment on starkly different goods and services.

198.    The Everytown Marks have secondary meaning.

199.    The Everytown Marks are strong and inherently distinctive.

200.    The MOMS DEMAND ACTION® Mark is incontestable.

201.    Defendants have used and are using the identical Everytown Marks in connection with the distribution of 3-D printing instructions for gun parts and accessories used in the construction of functional firearms and firearm magazines bearing the identical Everytown Marks.

202.    Defendants' use of the identical Everytown Marks in connection with goods and services that are starkly different from Everytown's goods, services, and branded advocacy, are in fact used on dangerous firearms and firearm accessories that Everytown advocates should be illegal, and are illegal in the State of New York, dilutes the Everytown Marks and harms Everytown's reputation.

203.    Defendants' dilution by tarnishment of the Everytown Marks is willful, and in bad faith.

204.    Upon information and belief, Defendants' dilution by tarnishment has caused, and will continue to cause Everytown irreparable harm unless Defendants are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Everytown demands judgment against the Defendants as follows:

1.    For judgment for Everytown that:

   a.  Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

   b.  Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c.  Defendants have committed trademark infringement and engaged in unfair competition with Everytown, in violation of New York common law;

   d.  Defendants have violated Section 360-L of New York General Business Law; and

   e.  In all instances, Defendants acted in bad faith, willfully, intentionally, and/or in malicious disregard of Everytown's lawfully protected rights.

2.    For an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and all those acting in concert or participation with them, who receive actual notice by personal service or otherwise, pending the final hearing and determination of this action, from directly or indirectly, anywhere in the world:

42

a. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any infringing Everytown-brand products, including but not limited to Downloadable Instructions for 3-D Printing firearms or firearm parts or accessories bearing:

    i. Bearing the Everytown Marks or any similar mark likely to cause confusion with the Everytown Marks, any of which shall be removed from Defendants' accounts; or

    ii. Bearing the false representation that they are distributed by Everytown or otherwise under Everytown's control or supervision, when they are not, any of which shall be removed from Defendants' accounts;

b. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any products bearing the Everytown Marks or similar marks likely to cause confusion with the Everytown Marks, that are not actually produced, imported, or distributed under Everytown's control or supervision, or approved for distribution in the United States by Everytown in connection with the Everytown Marks;

c. Committing acts calculated to cause purchasers to believe that the Infringing Products originate with Everytown when they do not;

d. In any way diluting or tarnishing the Everytown Marks, or the reputation, value or goodwill associated therewith;

e. Attempting, causing, or assisting in any of the above-described acts, including but

43

not limited to enabling others in the above-described acts, or passing on

information to others to allow them to do so; and

  f. Forming or causing to be formed any corporation or other entity that engages in

the above-described acts.

3. For an order requiring Defendants to cooperate with Everytown in good faith in

its investigation of Infringing Products, including, without limitation by:

  a. Responding to reasonable requests for information about Defendants' source(s) of

Everytown-brand products; and

  b. Cooperating with Everytown's representatives or its designees in its

investigations of any source(s) of infringing Everytown-brand products.

4. For an order:

  a. Requiring Defendants to account for and pay over to Everytown all profits

derived from their wrongful misconduct to the full extent provided for by Section

35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

  b. Requiring Defendants to account for and pay to Everytown enhanced damages

resulting from their wrongful misconduct to the full extent provided for by

Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b);

  c. Awarding any and all other damages permitted by the Lanham Act, including

compensation for damage to the value of Everytown's trademarks, their

reputation among U.S. consumers, their goodwill, and other damages in an

amount not yet known, but to be proved at trial;

  d. Awarding Everytown its costs of suit, including reasonable attorneys' fees and

investigation costs; and

Awarding such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all claims and issues so triable.


Dated: October 22, 2021    VENABLE LLP

          <u>/s/Marcella Ballard</u>
          Marcella Ballard
          Maria Sinatra
          1270 Avenue of the Americas, 24th Floor
          New York, NY 10020
          Tel: 212-370-6289
          Fax: 212-307-5598
          mballard@venable.com
          mrsinatra@venable.com

          Meaghan H. Kent*
          600 Massachusetts Avenue NW
          Washington, DC 20001
          Phone: 202.344.4000
          Fax: 202.344.8300
          MHKent@Venable.com
          *Pro Hac Vice Pending

          *Counsel for Plaintiff Everytown For Gun Safety*
          *Action Fund, Inc.*