# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | Civil Action No. 1:21-cv-8704 |
| | : | |
| Plaintiff, | : | |
| | : | **[PROPOSED] ORDER** |
| v. | : | **GRANTING EXPEDITED** |
| | : | **DISCOVERY,** |
| DEFCAD, INC.; ODYSEE USER | : | **ALTERNATIVE SERVICE,** |
| XYEEZYSZN; DEFCAD USER | | **AND ORDER TO SHOW** |
| XYEEZYSZN; ODYSEE USER | : | **CAUSE RE: PRELIMINARY** |
| THEGATALOG-PRINTABLEMAGAZINES; | | **INJUNCTION** |
| THE GATALOG; DEFCAD USER | : | |
| FREEMAN1337; TWITTER USER | | |
| XYEEZYSZN; PHILLIP ROYSTER. | | |
| Defendants. | | |

Plaintiff Everytown For Gun Safety Action Fund, Inc. ("Everytown") filed a complaint[1] to

stop the Defendants[2] from unlawfully distributing downloadable files for the manufacture of

actual 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and

accessories bear the Everytown Marks (hereinafter "Infringing Products"). The Defendants'

Infringing Products are used to create actual firearms, firearm parts and accessories displaying

Everytown's registered Everytown Marks and no other dominant source identifiers.  Everytown

filed its complaint under: (1) the Lanham Act (15 U.S.C. §§ 1114, 1125(a), 1116) (Counts I and

II); (2) trademark and unfair competition under New York common law (Count III); and dilution

---

[1] All undefined terms herein have the same meaning as in Plaintiff's Complaint.

[2] Defined as Defcad, Inc., Odysee User xYeezySZN; Defcad User xYeezySZN, Odysee User THEGATALOG-PRINTABLEMAGAZINES, the Gatalog; Defcad User Freeman1337; Twitter User xYeezySZN, and Phillip Royster.

by tarnishment under N.Y. Gen. Business Law § 360-l (Count IV). Everytown moved for emergency relief in the form of:

1. An expedited discovery order;

2. An order granting alternative service by email or other electronic means; and

3. An order to show cause why a preliminary injunction should not be granted ("Application").

Having reviewed Everytown's Complaint, Application and all supporting declarations and exhibits thereto, and Everytown having demonstrated a likelihood of success on the merits and that immediate and irreparable injury, loss, or damage may result without entry of a permanent injunction; and

It appearing to the Court from the papers submitted on this Application that:

1. Defendants have sold, offered for sale, distributed and/or offered for distribution goods bearing Everytown's Everytown Marks[3] in commerce over the Internet;

2. the Everytown Marks are inherently distinctive and strong both conceptually and commercially[4];

---

[3] Defined as United States Trademark Registration Numbers: 5142124 (EVERYTOWN word mark); 5092082 (EVERYTOWN word mark); 5223511 (EVERYTOWN FOR GUN SAFETY ACTION FUND word mark); 5142128 (EVERYTOWN FOR GUN SAFETY SUPPORT FUND); 4569205 (MOMS DEMAND ACTION word mark); 5092084 (MOMS DEMAND ACTION word mark); 5142125 (EVERYTOWN FOR GUN SAFETY design mark); 5142126 (design mark); 5092083 (design mark); 6213804 (design mark); and 5151549 (MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA design mark).

[4] Everytown has put forth evidence that the Everytown Marks are federally registered with the USPTO in the form of registration certificates, and that Reg. No. 4569205 is incontestable pursuant to 15 U.S.C. §1065 (*See* Ballard Decl., Ex. 1-2), which is sufficient to presume the marks are inherently distinctive. *See Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999). Everytown has further put forth evidence of secondary meaning in

3.  the Defendants will continue to infringe and tarnish[5] the Everytown Marks;

4.  immediate and irreparable injury[6] will result to Everytown and the Everytown Marks

    from the aforesaid continued acts by Defendants;

5.  the balance of hardships and the public interest is likely to favor an injunction;

6.  Everytown is currently unable to confirm Defendants' true identities given the nature of

    their conduct operating over the Internet via usernames; and

7.  for good and sufficient cause shown:

It is **ORDERED** as follows:

## I.   <u>EXPEDITED DISCOVERY ORDER</u>

**IT IS HEREBY ORDERED** that any third-party service provider providing services to

---

the form of media coverage, large advertising expenditures, successful fundraising efforts, and nationwide events that have been attended by prominent political figures.

[5] Defendants have used and continue to use identical versions of the Everytown Marks in connection with their Infringing Products, and the firearms, firearm parts, and accessories the Infringing Products produce without modification or commentary. *See* Declaration of Matthew McTighe ("McTighe Decl."), Declaration of Delia Green ("Green Decl."), and Declaration of Erin Galloway ("Galloway Decl."). To recover for trademark infringement under the Lanham Act, Everytown must show that it owns valid, protectable, trademarks; that Defendants used the marks in commerce without Everytown's consent; and the unauthorized use resulted in a likelihood of confusion. 15 U.S.C. § 1114(1).

[6] A rebuttable presumption of harm as a matter of law exists in cases involving Lanham Act violations upon a finding of likelihood of success on the merits. *See* Public Law 116-260, Subtitle B, Section 221. Irreparable harm can also be shown "when the party seeking the injunction shows that it will lose control over the reputation of its trademark…because loss of control over one's reputation is neither 'calculable nor precisely compensable.'" *Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F.Supp.2d 489, 503 (S.D.N.Y. 2013) (quoting *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F.Supp.2d 515, 540 (S.D.N.Y. 2011)). Everytown has put forth evidence that Defendants' conduct is likely to cause irreparable harm as Defendants' use of the Everytown Marks is in connection with high capacity magazines, and ghost guns – uses contrary to Everytown's mission. McTighe Decl. ¶¶ 49-52.

Defendants, with the exception of Defendant Defcad, Inc., shall within three (3) days after being served with or receiving actual notice of this Order, provide to Everytown, via its legal counsel, expedited discovery, including copies of all documents and records in such third party's possession or control relating to:

1. The true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial accounts(s), or payment means by which Defendants have transacted the business complained of herein;

2. Any and all known internet websites or online accounts owned or operated by Defendants, including but not limited to Twitter.com, Defcad.com, and Odysee.com accounts;

3. Any and all documents related to the distribution of the Infringing Products; and

4. Any and all known registered entities or businesses owned, registered, or used by Defendants related to Defendants' conduct at issue in this action.

**IT IS FUTHER ORDERED THAT** Defendant Defcad, Inc., and third parties Odysee, Inc. and Twitter, Inc. shall, within three (3) days after being served with or receiving actual notice of this Order, provide to Everytown, via its legal counsel, expedited discovery, including copies of all documents and records in such party's possession or control relating to:

1. The true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial accounts(s), or payment means by which the

individual Defendants have transacted the business complained of herein;

2. Any correspondence with the Defendants' seller accounts pertaining to Everytown's notice of infringement, including but not limited to, identifying the means and/or manner in which communications were made to the Defendants;

3. The number of times Defendants' Infringing Products were accessed or otherwise downloaded by the public; and

4. Any complaints received related to Defendants' Infringing Products.

## II.   <u>ORDER PERMITTING ALTERNATIVE SERVICE</u>

**IT IS FURTHER ORDERED THAT,** good cause having been shown, Everytown may serve upon all Defendants and upon any third-party service providers the documents initiating this matter, including the Complaint, Summons(es), Application for Order to Show Cause and supporting papers, corporate disclosure statements, and the Orders herein, by email or other electronic means, and/or by overnight courier, to the degree necessary to ensure and effectuate service. It is the Court's understanding that to date Everytown is not in possession of any physical addresses belonging to the Defendants, with the exception of Defendant Defcad, Inc. Therefore, Everytown is directed to serve Defendant Defcad, Inc. via the email support@defcad.com, with a copy of the same via overnight delivery to 1 Riverfront Place Suite 415 North Little Rock, AR 72214. Everytown is directed to serve the other Defendants' via the email addresses currently in Everytown's possession to date as detailed in the chart attached hereto as **Exhibit 1**. Upon receipt of third-party discovery identifying any addresses or additional emails pertaining to the Defendants, Everytown is ordered to serve those Defendants using expedited discovery information obtained in accordance with this Order.

**IT IS FURTHER ORDERED THAT**, good cause having been shown, service of the foregoing papers shall be made on Defendants within (5) five business days of the undersigned date. Service may be made upon any third-party service provider at an earlier date to ensure full execution of the terms of this Order. To the extent that Everytown is unable to obtain third-party compliance with this order to effectuate service, Everytown is directed to file a letter to the Court via ECF describing its efforts to effectuate service, why it has not been able to effectuate service, and any third parties that have not complied with the Court's Order to provide expedited discovery in advance of the service deadline described herein.

### III.    ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, on _____, 2021, at _____ a.m./p.m., or at such other date and time as may be fixed by the Court pursuant to Fed. R. Civ. P. 65, the Defendants shall appear and show cause before the Honorable _____, United States District Judge of the United States District Court for the Southern District of New York, via

_____, why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 should not be granted, which preliminary injunction would enjoin and restrain the Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them ("Restrained Parties"), from directly or indirectly, anywhere in the world from:

1. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, the Infringing Products or any other files, instructions for manufacture or infringing  products, including but not limited to, or firearms, firearm parts and/or

6

accessories:

    a. bearing the Everytown Marks or any similar mark likely to cause confusion with the Everytown Marks, any of which shall be removed from Defendants' accounts; or

    b. bearing the false representation that they are distributed by Everytown or otherwise under Everytown's control or supervision, when they are not, any of which shall be removed from Defendants' accounts;

2. Manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any products bearing the Everytown Marks or similar marks likely to cause confusion with the Everytown Marks, that are not actually produced, imported, or distributed under Everytown's control or supervision, or approved for distribution in the United States by Everytown in connection with the Everytown Marks;

3. Committing acts calculated to cause purchasers to believe that the Infringing Products originate with Everytown when they do not;

4. In any way diluting or tarnishing the Everytown Marks, or the reputation, value or goodwill associated therewith;

5. Attempting, causing, or assisting in any of the above-described acts, including but not limited to enabling others in the above-described acts, or passing on information to others to allow them to do so; and

6. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

The Restrained Parties shall further be required to remove and/or disable any existing

7

webpages offering or otherwise distributing the Infringing Products to the public, and shall be prohibited from creating any additional listings or Webpages that offer, otherwise distribute, or promote the Infringing Products, and/or any other products that are likely to cause confusion with the Everytown Marks.

### Filing/Service of Opposition and Reply Papers

**IT IS FURTHER ORDERED** that opposition papers, if any, be filed by Defendants with this Court and served by personal service, notice of electronic filing, facsimile, or email upon Everytown's legal counsel, Marcella Ballard, Meaghan Kent, and Maria Sinatra, of Venable LLP, at their offices at 1270 Avenue of the Americas, 24th Floor, New York, NY 10020, on or before _____, and reply papers shall be filed and served in the equivalent manner on or before _____.

### Failure to Oppose Will Result in Preliminary Injunction

**IT IS FURTHER ORDERED THAT**, Defendants are hereby put on notice that failure to attend the preliminary injunction hearing scheduled herein shall result in the issuance of a preliminary injunction, and that failure of Defendants to oppose the preliminary injunction by the date Defendants' opposition papers are due, may result in the issuance of a preliminary injunction, which shall extend through the pendency of this action, depending on whether or not Defendants' appear as directed for the preliminary injunction hearing.

The Restrained Parties shall be deemed to have actual notice of the issuance and terms of the preliminary injunction, and any act by any of the Restrained Parties in violation of any of the terms of the preliminary injunction may be considered and prosecuted as contempt of Court.

**SO ORDERED**, this _____day of _____2021

_____

United States District Judge
Southern District of New York

# EXHIBIT 1

|   | **Defendant** | **Email Address & Contact Information** |
|---|---|---|
| 1 | Defcad, Inc. | support@defcad.com<br>1 Riverfront Place Suite 415 North Little Rock, AR 72214 |
| 2 | Odysee User xYeezySZN | YeezyPrints@protonmail.com<br><br>address currently unknown to Everytown |
| 3 | Defcad User xYeezySZN | YeezyPrints@protonmail.com<br><br>address currently unknown to Everytown |
| 4 | Odysee User THEGATALOG-PRINTABLEMAGAZINES | Email and address currently unknown to Everytown |
| 5 | the Gatalog | Email and address currently unknown to Everytown |
| 6 | Defcad User Freeman1337 | Email and address currently unknown to Everytown |
| 7 | Twitter User xYeezySZN | YeezyPrints@protonmail.com<br><br>address currently unknown to Everytown |
| 8 | Phillip Royster | YeezyPrints@protonmail.com<br><br>address currently unknown to Everytown |