UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVERYTOWN FOR GUN SAFETY
ACTION FUND, INC,

                     Plaintiff,

- against -

DEFCAD, INC.; ODYSEE USER
XYEEZYSZN; DEFCAD USER
XYEEZYSZN; ODYSEE USER
THEGATALOG-
PRINTABLEMAGAZINES; THE
GATALOG; DEFCAD USER
FREEMAN1337; TWITTER USER
XYEEZYSZN; and PHILLIP ROYSTER,

                     Defendants.

**ORDER TO SHOW CAUSE**

21 Civ. 8704 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        On October 22, 2021, Plaintiff Everytown For Gun Safety Action Fund, Inc. ("Everytown") filed a complaint alleging trademark infringement, false designation of origin, unfair competition, and trademark dilution against various designers and distributors of downloadable files for the 3-D printing of firearm parts and accessories. (Dkt. No. 1) Everytown asserts that it owns numerous trademarks that advance its pro-gun safety mission ("Everytown Marks"). According to the Complaint, Defendants distributed downloadable files for the manufacture of 3-D printed gun parts and accessories, some of which unlawfully bear the Everytown Marks ("Infringing Products"). On the same day it filed the Complaint, Everytown moved by order to show cause for a preliminary injunction; for expedited discovery; and for permission to utilize alternative service (the "Application"). (Dkt. No. 13)

        Having reviewed the Complaint and Plaintiff's Application, it is hereby ordered

that Defendants Defcad, Inc., Odysee User XYEEZYSZN, Defcad User XYEEZYSZN, Odysee User THEGATALOG-PRINTABLEMAGAZINES, The Gatalog, Defcad User FREEMAN1337, Twitter User XYEEZYSZN, and Phillip Royster show cause before this Court on **December 2, 2021** at **11:30 a.m.**, why a preliminary injunction should not be issued enjoining and restraining the Defendants and their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them ("Restrained Parties"), from directly or indirectly:

1. manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, the Infringing Products or any other files, instructions for manufacture or infringing products, including but not limited to, or firearms, firearm parts and/or accessories:

    a. bearing the Everytown Marks or any similar mark likely to cause confusion with the Everytown Marks, any of which shall be removed from Defendants' accounts; or b. bearing the false representation that they are distributed by Everytown or otherwise under Everytown's control or supervision, when they are not, any of which shall be removed from Defendants' accounts;

2. manufacturing, making, buying, purchasing, importing, shipping, delivering, advertising, marketing, promoting, offering to sell, selling, or otherwise distributing or disposing of, in any manner, any products bearing the Everytown Marks or similar marks likely to cause confusion with the Everytown Marks, that are not actually produced, imported, or distributed under Everytown's control or supervision, or approved for distribution in the United States by Everytown in connection with the Everytown Marks;

3. committing acts calculated to cause purchasers to believe that the Infringing Products originate with Everytown when they do not;

4. diluting or tarnishing the Everytown Marks, or the reputation, value or goodwill associated therewith;

5. attempting, causing, or assisting in any of the above-described acts, including but not limited to enabling others in the above-described acts, or passing on information to others to allow them to do so; and

6. forming or causing to be formed any corporation or other entity that engages in the above-described acts. The Restrained Parties shall further be required to remove and/or disable any existing webpages offering or otherwise distributing the Infringing Products to the public, and shall be prohibited from creating any additional listings or

2

Webpages that offer, otherwise distribute, or promote the Infringing Products, and/or any other products that are likely to cause confusion with the Everytown Marks.

Opposition papers, if any, are to be filed by Defendants with this Court and served by personal service, notice of electronic filing, facsimile, or email upon Everytown's legal counsel, Marcella Ballard, Meaghan Kent, and Maria Sinatra, of Venable LLP, at their offices at 1270 Avenue of the Americas, 24th Floor, New York, NY 10020, on or before **November 11, 2021**, and reply papers shall be filed and served in the same manner on or before **November 26, 2021**.

It is further ordered that any third-party service provider providing services to Defendants, with the exception of Defendant Defcad, Inc., shall within seven days after being served with or receiving actual notice of this Order, provide to Everytown, via its legal counsel, expedited discovery, including copies of all documents and records in such third party's possession or control relating to:

1. the true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial accounts(s), or payment means by which Defendants have transacted the business complained of herein;

2. any and all known internet websites or online accounts owned or operated by Defendants, including but not limited to Twitter.com, Defcad.com, and Odysee.com accounts;

3. any and all documents related to the distribution of the Infringing Products; and

4. any and all known registered entities or businesses owned, registered, or used by Defendants related to Defendants' conduct at issue in this action.

It is further ordered that Defendant Defcad, Inc., and third parties Odysee, Inc. and Twitter, Inc. shall, within seven days after being served with or receiving actual notice of this Order, provide to Everytown, via its legal counsel, expedited discovery, including copies of

all documents and records in such party's possession or control relating to:

1. the true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial accounts(s), or payment means by which the individual Defendants have transacted the business complained of herein;

2. any correspondence with the Defendants' seller accounts pertaining to Everytown's notice of infringement, including but not limited to, identifying the means and/or manner in which communications were made to the Defendants;

3. the number of times Defendants' Infringing Products were accessed or otherwise downloaded by the public; and

4. any complaints received related to Defendants' Infringing Products.

It is further ordered that, good cause having been shown, Everytown may serve upon all Defendants and upon any third-party service providers the documents initiating this matter, including the Complaint, Summons(es), Application for Order to Show Cause and supporting papers, corporate disclosure statements, and the Orders herein, by email or other electronic means, and/or by overnight courier, to the degree necessary to ensure and effectuate service. Everytown has stated that it has not been able to ascertain any of the Defendants' physical addresses, with the exception of Defendant Defcad, Inc. Therefore, Everytown is directed to serve Defendant Defcad, Inc. via the email address support@defcad.com, with a copy of the same via overnight delivery to 1 Riverfront Place Suite 415 North Little Rock, AR 72214. Everytown is directed to serve the other Defendants via the email addresses currently in Everytown's possession as detailed in the chart attached hereto as Exhibit 1. Upon receipt of third-party discovery identifying any physical addresses or additional emails pertaining to the Defendants, Everytown is ordered to serve those Defendants using expedited discovery information obtained in accordance with this Order.

It is further ORDERED that, good cause having been shown, service of the

foregoing papers shall be made on Defendants within (5) five business days of November 5, 2021. Service may be made upon any third-party service provider at an earlier date to ensure full execution of the terms of this Order. To the extent that Everytown is unable to obtain third-party compliance with this order to effectuate service, Everytown will file a letter with the Court describing its efforts to effectuate service, why it has not been able to effectuate service, and any third parties that have not complied with the Court's Order to provide expedited discovery in advance of the service deadline described herein.

Dated: New York, New York
November 5, 2021

SO ORDERED:

_____
Paul G. Gardephe, U.S.D.J.