LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

November 9, 2021

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    **Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.
             Civil Action No. 21-cv-8704 (PGG)**

**DEFENDANTS' BRIEF IN FURTHER SUPPORT OF EMERGENCY LETTER MOTION FOR STAY OF *EX PARTE* EXPEDITED DISCOVERY ORDER OR IN THE ALTERNATIVE IN SUPPORT OF A STAY PENDING EMERGENCY APPEAL TO THE SECOND CIRCUIT INTENDED TO BE FILED LATER TODAY**

Dear Judge Gardephe:

    On November 5, 2021, the Court entered an *ex parte* order to show cause granting expedited discovery, including an *ad hoc* third party discovery procedure without resort to the requirement of a subpoena pursuant to Fed. R. Civ. P. 45 which rule carries with it the included procedures and protections ("Discovery Order"). This manner of proceeding without notice, without defendants having an opportunity to be heard, and without resort to a Rule 45 is without any basis in law. The Discovery Order threatens to unmask anonymous on-line speakers in violation of the First Amendment — again — without any opportunity to be heard in opposition. Unlike a Rule 45 subpoena, the *ad hoc* Discovery Order contains no mechanisms to protect the subjects of the discovery.

    Having just been retained that same day by defendant Defcad, Inc ("Defcad"), this office submitted an Emergency Letter Motion on behalf of Defcad seeking a stay simply to allow full briefing of this discovery issue before any third parties began producing unmasking information.

Hon. Paul G. Gardephe, U.S.D.J.
November 9, 2021
Page 2

As we indicated to the Court in the Emergency Letter Motion, we were in the process of also being retained by other defendants as well.

We have now been retained by nearly all defendants. We now represent defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN (the latter five defendants are referred to herein as "Anonymous Defendants" and all of the foregoing collectively "Defendants").

All Defendants submit that this Court lacks personal jurisdiction over them. Further, this district is not the proper venue for this case and these defendants.

Nevertheless, having not heard from the Court as to the pending Emergency Letter Motion, and in light of the irreparable impeding release of potentially unmasking information from third parties and the impending due date of this Friday November 12, 2021 for potentially unmasking information from Defcad under the Discovery Order, all of the foregoing Defendants join the pending Emergency Letter Motion and supplement the application as follows.

The factors to be considered for granting a stay are: (1) likelihood to succeed on the merits; (2) irreparable injury to the moving party; (3) likelihood of substantial injury or other party; and (4) the public interest. *In re World Trade Ctr. Disaster Site Litig*., 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Here each factor favors a short stay to allow full briefing of the expedited discovery issue.

**1. Irreparable Harm to the Anonymous Defendants**

The Anonymous Defendants have a First Amendment right to engage in anonymous speech without being unmasked. *See Sony Music Entertainment Inc. v. Does* 1-40, 326 F.Supp.2d 556, (S.D.N.Y. 2004); *In re Rule 45 Subpoena Issued To Cablevision Systems Corporation Regarding*

Hon. Paul G. Gardephe, U.S.D.J.
November 9, 2021
Page 3

*IP Address 69.120.35.31*, 2010 WL 2219343 (E.D.N.Y. 2010); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Dendrite Intern., Inc. v. Doe No. 3*, 342 N.J. Super. 134, (N.J. App. Div. 2001).

Once the identity of the Anonymous Defendants is revealed, it cannot be undone. The harm would be irreparable.

**2.   Likelihood of Success on the Merits of the Discovery Dispute.**

Defendants have a substantial likelihood of success on the merits of the discovery dispute. To grant expedited discovery, the Court must evaluate whether (1) plaintiff is suffering irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.  *Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998). *See also 3M Company v. HSBC Bank USA, N.A*., No. 16 Civ. 5984 (PGG), 2016 WL 8813992 at *1 (S.D.N.Y. Oct. 12, 2016) (applying a flexible standard of reasonable and good cause).

Critically, this case is not a run-of-the-mill trademark counterfeiting case of the sort where requests for expedited discovery are routinely granted.  See e.g., *Cengage Learning, Inc. v. Doe 1*, No. 18-CV-403 (RJS), 2018 WL 2244461, at *1 (S.D.N.Y. Jan. 17, 2018).  In this case, there are serious questions on the merits of Plaintiff's underlying theories, and Defendants should be heard on these issues before the Court orders expedited discovery.

Defendants are likely to succeed as to the trademark infringement and dilution claims.  This is because Defendants are engaged in expressive political speech, in this case, comment, criticism, and mockery of Everytown and its mission to criminalize the 3D printing of gun parts. The marks are alleged to appear on the *very* gun parts Everytown says it vigorously opposes.  This activity is

Hon. Paul G. Gardephe, U.S.D.J.
November 9, 2021
Page 4

entitled to First Amendment protection. *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97 (2d Cir. 2009); *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989); *Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252 (4th Cir. 2007), *Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792 (9th Cir. 2003), *Lyons P'ship v. Giannoulas,* 179 F.3d 384 (5th Cir. 1999); *L.L. Bean, Inc. v. Drake Publishers, Inc*., 811 F.2d 26 (1st Cir. 1987).

Defendants' alleged use of Everytown's marks is non-confusing parody of the sort permitted in, for example, *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 434 (S.D.N.Y. 2016).  It is not confusing to put Everytown's marks on goods that Everytown literally seeks to criminalize - no reasonably prudent consumer would expect 3D printed gun parts or files related thereto to come from Everytown.

As Americans engaged in political free speech, the Anonymous Defendants are constitutionally entitled to anonymity. *See Sony Music Entertainment Inc.*; *In re Rule 45 Subpoena Issued To Cablevision Systems*; *Cahill*; *Dendrite Intern., Inc*.

Plaintiff relies on a novel theory of use in commerce under the Lanham Act, which requires, for example, that a defendant "in connection with any goods or services, or any container for goods, uses in commerce any word" that creates a likelihood of confusion. *See* Lanham Act, §43(a)(1).  Plaintiff is arguing that the free sharing of information, i.e., computer instructions, enabling a person to fabricate an article bearing the trademark of another is use in commerce.  In some cases, Plaintiff is arguing that merely printing a gun part oneself, and affixing the trademark of another to the part, is trademark use in commerce.  These are novel theories.

There are serious questions here regarding personal jurisdiction over all Defendants.  As will be set forth in Defendants' forthcoming motion to dismiss, none of them has any connection with the State of New York or this district, and in fact, Defcad has a policy to not permit the sending of

*any* files into New York. Indeed, Plaintiffs have not alleged a single act of infringement (i.e., receipt of a file or production of a finished part) by any New York resident.

Expedited discovery on the schedule ordered by the Court is unduly burdensome to Defcad. The Court, by an *ex parte* order served by email on Friday, November 5, to Oppose Plaintiff's Motion for Preliminary Injunction by Thursday, November 11. The Court's Order of Friday requires Defendants to produce documents in response to sweeping requests at the same time. This is unduly burdensome. See *Citigroup Inc. v. AT&T Inc.*, No. 16-cv-4333 (KBF), 2016 WL 8794472 at *1 (S.D.N.Y. Sept. 1, 2016) (denying aggressive expedited discovery schedule where the burden on the Defendant outweighs the benefit to the Plaintiff because of aggressive litigation deadlines).

Plaintiff has not demonstrated that it would be harmed absent the expedited discovery. Expedited discovery in counterfeiting cases is sometimes granted to enable the plaintiff to detect other acts of infringement, but in this case, the alleged acts of infringement are occurring over publicly viewable databases, Plaintiff has already detected those acts, and it is attempting to address whatever harm those acts in a preliminary injunction motion. Where the infringing behavior is public, and has already been detected by the Plaintiff, there is no cause for expedited discovery. *See Citigroup Inc.*, 2016 WL 8794472 at *2 ("However, plaintiff's motion for preliminary injunction displays a familiarity with the extent of defendants' conduct that is currently public and thus, possibly, leading to public confusion. Plaintiff has not advanced any evidence to suggest that imminent further developments in defendants' "thanks" program will harm plaintiff in a manner that is distinct from the alleged harm plaintiff has suffered/is suffering to date, which is the subject of plaintiff's motion for a preliminary injunction.")

Further, there is no authority for the Court to have allowed an *ad hoc* process for third party discovery untethered from the Federal Rules of Civil Procedure. Third party discovery must take place pursuant to a Rule 45 subpoena. Rule 45 contains substantial procedural protections for both the third party target of the subpoena and the subject of the subpoena, including interposing objections, motions to quash, etc. The Discovery Order contains none of these protections. The Discovery Order merely purports to bind third parties not before the Court such as Twitter and Odyssee. There is no law ot court procedure that authorizes such an order, nor is there law or rule that authorizes a court to issue an order to an unnamed category of targets over which it has no jurisdiction, such as "third party service providers" as this Discovery Order purports to do. Such an order is literally limitless.

Further, it was improper for the Court to enter the Discovery Order without notice to any of the Defendants. *Strike 3 Holdings, LLC v. Doe*, 2019 WL 4752094, at *3-4 (E.D.N.Y. Sept. 30, 2019); *Cor Clearing, LLC v. Investorshub.com, Inc.*, 2016 WL 3774127 (N.D. Fla. May 11, 2016); *Solers, Inc. v. Doe*, 977 A.2d 941, 954 (D.C. 2009). Nowhere in its application did Plaintiff indicate that any of the Defendants was provided any sort of notice of its application for expedited discovery, whether formal or informal. This is so even though Plaintiff alleges that it had Defcad's mailing address in Arkansas and at least *some* email addresses for Defendants.

Thus, Defendants are likely to prevail on their opposition to the Discovery Order.

### 3. Plaintiff Will Not Suffer Harm from A Stay

Plaintiff will not suffer any harm by staying the Discovery Order to allow full briefing — briefing Defendants were denied by this *ad hoc ex parte* process. Because Plaintiff chose not to attempt even informal notice, Defendants were denied any opportunity to oppose Plaintiff's application. Yet, Plaintiff cannot claim that it would be prejudiced by a short briefing schedule to

allow the Court to consider a fully briefed application. Plaintiff has yet to identify a single instance of infringement or confusion by the public. Not one.

### 4. The Public Interest Favors a Stay to Protect First Amendment Activity

Because the potential unmasking of the Anonymous Defendants implicates serious issues under the First Amendment and threatens to chill free and anonymous speech, the public interest plainly favors a stay.

As such, the four factors strongly support Defendants' Emergency Letter Motion for a stay of the Discovery Order.

The foregoing is not a full statement of Defendants' positions on the matters addressed, but it is clear that there are serious questions on the merits of both Plaintiffs' underlying theories of infringement, and its request for expedited discovery. The Defendants deserve to be heard before the Court orders discovery. Accordingly, Defendants respectfully request that the Court stay its Order regarding Expedited Discovery and set a briefing schedule.

### 5. Stay Pending Appeal

In the event the Court does not grant this application for a stay, Defendants respectfully request a stay of the Discovery Order pending emergency appeal to the United States Court of Appeals for the Second Circuit which Defendants intend to file later today.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs
cc:  Marcella Ballard, Esq. (via ECF and email)
     Meaghan Kent, Esq. (via email)