UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERYTOWN FOR GUN SAFETY ACTION
FUND, INC.,

                        Plaintiff,

- against -

DEFCAD, INC.; ODYSEE USER
XYEEZYSZN; DEFCAD USER
XYEEZYSZN; ODYSEE USER
THEGATALOG-PRINTABLEMAGAZINES;
THE GATALOG; DEFCAD USER
FREEMAN1337; TWITTER USER
XYEEZYSZN; and PHILLIP ROYSTER,

                        Defendants.

**ORDER**

21 Civ. 8704 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant Defcad, Inc. has moved to stay this Court's November 5, 2021 order granting expedited discovery (the "Order"). The Order permits Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") to, inter alia, seek identification information from Defcad and its co-defendants. For the reasons stated below, Defcad's motion for a stay will be denied.

I.    **BACKGROUND**

        The Complaint was filed on October 22, 2021, and asserts claims for trademark infringement, false designation of origin, unfair competition, and trademark dilution against various designers and distributors of downloadable files for the 3-D printing of firearm parts and accessories. (Dkt. No. 1) Everytown asserts that it owns numerous trademarks that advance its pro-gun safety mission ("Everytown Marks"). According to the Complaint, Defendants distribute downloadable files for the manufacture of 3-D printed gun parts and accessories, and

certain of these files contain the Everytown Marks.  (Cmplt. (Dkt. No. 1) ¶¶ 2-3)  On the same day it filed the Complaint, Everytown moved ex parte for an order to show cause why a preliminary injunction should not issue; for expedited discovery; and for permission to utilize alternative service.  (Dkt. No. 13)

In a November 5, 2021 order (the "Order"), this Court granted Everytown's motion for expedited discovery.  (Dkt. No. 30)  The Order authorizes Plaintiff to seek discovery from third-party service providers regarding each Defendant's true identity, including name, address, and email address.  (Id. at 3-4)  The Order also authorizes Plaintiff to seek discovery from Defcad regarding the true identities of several anonymous accounts named as Defendants in the Complaint.  (Id.)

In a November 5, 2021 letter, Defcad asks this Court to stay its expedited discovery order as it pertains to third party service providers.  (Dkt. No. 31)  In a November 8, 2021 letter, Defcad seeks a stay of the expedited discovery order as it pertains to Defcad.  (Dkt. No. 32)  On November 9, 2021, Defcad submitted another letter in support of its stay motion. (Dkt. No. 33)

**II.   DISCUSSION**

Defcad contends that the Order should be stayed because Everytown failed to notify the Defendants of its ex parte application for expedited discovery.

As an initial matter, such relief is routinely granted where a party seeks injunctive relief in a trademark infringement case against unidentified parties.  See, e.g., Cengage Learning, Inc. v. Doe 1, 2018 WL 2244461, at *4 (S.D.N.Y. Jan. 17, 2018) ("[T]he Court finds that Plaintiffs have shown good cause for expedited discovery to identify Defendants and the accounts used by Defendants in furtherance of their alleged infringement of

Plaintiffs' . . . trademarks."). To the extent that Defcad objects to the ex parte nature of Plaintiff's application, this Court has considered Defcad's objections to Everytown's application de novo.

When considering a motion for expedited discovery under Federal Rule of Civil Procedure 26(f), courts in this District apply "a 'flexible standard of reasonableness and good cause' when considering whether to grant such an order." Next Phase Distrib., Inc. v. John Does 1-27, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (quoting Digit. Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).

In objecting to the expedited discovery order, Defcad purports to be asserting the First Amendment rights of third parties, including its co-defendants and account-holders. (Nov. 5, 2021 Defcad Ltr. (Dkt. No. 31) at 1) Defcad lacks standing to assert claims for third parties, however. In order to demonstrate standing, a party must assert a particularized injury to its rights, not an injury to someone else's rights. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 n.1 (1992) ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."). In asserting the First Amendment rights of others, Defcad has not alleged an injury to itself. It thus lacks standing to object to the expedited discovery order as it pertains to third parties.

Even if Defcad had standing to assert the First Amendment rights of others, its objection to the discovery order would fail on the merits. Although the Supreme Court has acknowledged that the First Amendment provides some protection for anonymous speech, see Arista Records, LLC v. Doe 3, 604 F.3d 110, 118 (2d Cir. 2010) (citing Buckley v. Am. Const. Law Found., Inc., 525 U.S. 182, 199-200 (1999)), "[p]arties may not use the First Amendment to encroach upon the intellectual property rights of others." Sony Music Ent. Inc. v. Does 1-40,

326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004); see also Arista Records, 604 F.3d at 118 ("The First Amendment does not, however, provide a license for copyright infringement."). In sum, anonymity is not protected to the extent that it is used to mask the infringement of intellectual property rights, including trademark rights. See Arista Records, 604 F.3d at 118.

Here, Everytown has alleged a prima facie case of trademark infringement, and Plaintiff cannot effectively litigate its claims without obtaining the identities of the infringing parties. See adMarketplace, Inc. v. Tee Support, Inc., 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) ("Courts in this district have found good cause for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena."). Defcad cannot invoke the First Amendment to shield the infringing activities of third parties. See Bloomberg, L.P. v. John Does 1-4, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) ("Defendant's First Amendment right to speak anonymously does not outweigh Plaintiffs need to ascertain Defendant's identity for the purpose of litigating the claims alleged in the Complaint.").

## CONCLUSION

For the reasons stated above, Defcad's application for a stay of the expedited discovery order (Dkt. No. 31-33) is denied.

Dated: New York, New York
November 9, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge