# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND INC., <br><br>               Plaintiff, <br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br><br>               Defendants. | Civil Action No: 1:21-cv-8704 <br><br><br> **TWITTER'S NOTICE OF MOTION AND MOTION FOR INTERVENTION AS OF RIGHT, OR, ALTERNATIVELY, PERMISSIVE INTERVENTION** |

# TABLE OF CONTENTS

I.   FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 1

II.   TWITTER MAY INTERVENE AS OF RIGHT .......................................................... 5

     a.    Twitter's motion to intervene is timely .................................................................. 5

     b.    Twitter has an interest in this action that would be impaired without intervention. ............................................................................................................ 7

     c.    Twitter's interests are not adequately represented by the parties. .......................... 9

III.   PERMISSIVE INTERVENTION IS ALSO PROPER .................................................. 10

IV.   CONCLUSION .......................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
  2005 WL 751914 (S.D.N.Y. Mar. 31, 2005)...........................................................5

*Armstrong v. Manzo*,
  380 U.S. 545 (1965) .....................................................................................8

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*,
  2020 WL 5658703 (S.D.N.Y. Sept. 23, 2020) .........................................................6

*Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*,
  2020 WL 5667181 (S.D.N.Y. Sept. 23, 2020) .......................................................10

*Degrafinreid v. Ricks*,
  417 F. Supp. 2d 403 (S.D.N.Y. 2006) ................................................................11

*Dow Jones & Co. v. U.S. Dep't of Just.*,
  161 F.R.D. 247 (S.D.N.Y. 1995)........................................................................9

*Floyd v. City of New York*,
  770 F.3d 1051 (2d Cir. 2014) ........................................................................11

*In re Ambac Fin. Grp., Inc., Derivative Litig.*,
  257 F.R.D. 390 (S.D.N.Y. 2009) ......................................................................6

*In re Bank of New York Derivative Litigation*,
  320 F.3d 291 (2d Cir. 2003) ..........................................................................5

*In re Cozumel Caribe, S.A. de C.V.*,
  482 B.R. 96 (Bankr. S.D.N.Y. 2012).................................................................8

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  314 F.R.D. 130 (S.D.N.Y. 2016)......................................................................5

*Louis Berger Grp., Inc. v. State Bank of India*,
  802 F.Supp.2d 482 (S.D.N.Y. 2011) ...........................................................11, 12

*Molybdenum Corp. of Am. v. Int'l Min. Corp.*,
  32 F.R.D. 415 (S.D.N.Y. 1963).......................................................................5

*Olin Corp. v. Lamorak Ins. Co.*,
  325 F.R.D. 85 (S.D.N.Y. 2018)......................................................................11

*Pub. Citizen v. Liggett Grp., Inc.*,
  858 F.2d 775 (1st Cir. 1988) .........................................................................5

*Torah Soft Ltd. v. Drosnin*,
  2001 WL 1425381 (S.D.N.Y. Nov. 14, 2001)......................................................5

*Trbovich v. United Mine Workers of America*,
   404 U.S. 528 (1972) ........................................................................................................... 9

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978) ........................................................................................... 11

*United States v. New York City Hous. Auth.*,
   326 F.R.D. 411 ................................................................................................................ 10

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994) ............................................................................................... 11

*United States v. Yonkers Bd. of Educ.*,
   801 F.2d 593 (2d Cir. 1986) ............................................................................................. 5

*Viacom Int'l Inc. v. YouTube Inc.*,
   253 F.R.D. 256 .................................................................................................................. 8

*Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
   922 F.2d 92 (2d Cir. 1990) ............................................................................................... 7

**Statutes**

18 U.S.C. § 2702 ..................................................................................................... 1, 6, 8

**Rules**

Federal Rule of Civil Procedure 24 ...................................................................... *Passim*

Federal Rule of Civil Procedure 45 ...................................................................... *Passim*

Federal Rule of Civil Procedure 65(a) ............................................................................. 2

PLEASE TAKE NOTICE that Twitter, Inc. moves this Court for intervention as of right, or, alternatively, permissive intervention in the captioned case pursuant to Federal Rule of Civil Procedure 24(a) and (b).

On November 5, 2021, on the *ex parte* application of Plaintiff Everytown For Gun Safety Action Fund, Inc. (Everytown) this Court entered an order that compelled third party Twitter, Inc. to provide expedited discovery concerning the various Defendants in the case.

Twitter is a disinterested third party in this dispute and takes no position on the merits. But Twitter did not receive prior notice of the application and was not given any opportunity to be heard.  Twitter now specially appears and moves to intervene under Federal Rule of Civil Procedure 24 so that (a) Twitter can seek a modification of the Court's November 5 order such that Everytown is given leave to seek discovery from Twitter by subpoena pursuant to Federal Rule of Civil Procedure 45; (b) Twitter is afforded an opportunity to raise any objections it has to that subpoena, including objections based on the Stored Communications Act, 18 U.S.C. § 2702, the First Amendment, and the appropriate balance of discovery obligations between parties and nonparties; and (c) if the parties are not able to resolve those objections by meeting and conferring, Twitter is given an opportunity to have those objections heard and decided as provided by the Federal Rules of Civil Procedure.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2021, Plaintiff Everytown filed a Complaint in this Court alleging federal and state trademark infringement claims.  (Doc. 1).  That same day, Everytown filed application for an "Order to Show Cause for Preliminary Injunction, Expedited Discovery, and Alternative Service."  (Doc. 13 (Proposed Order to Show Cause)); (Doc. 14 (Memorandum of Law in Support of Proposed Order to Show Cause)).  Everytown's application sought, among

1

other things, expedited discovery from third parties – like Twitter – in order to "learn and verify Defendants' true identities, email addresses, and mailing addresses."  (Doc 14 at 22-23).

The application was filed without notice to the Defendants or to third parties – again, like Twitter – from whom discovery was sought.  Pursuant to Federal Rule of Civil Procedure 65(a), Everytown offered evidence and argument to justify granting an injunction without prior notice to Defcad and the other Defendants.  However, Everytown offered no evidence or argument, and cited no law, in support of its request for an order compelling discovery from third parties such as Twitter without prior notice or an opportunity to be heard.  *Id.*

On November 5, 2021, this Court adopted and entered the proposed order that Everytown submitted with its application without alteration.  Among other things, that Order requires Twitter to provide Everytown with all documents in its possession or control relating to: (1) "the true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial account(s), or payment means by which Defendants have transacted the business complained of herein;" (2) "any and all known internet websites or online accounts owned or operated by Defendants, including but not limited to Twitter.com, Defcad.com, and Odysee.com accounts;" (3) any and all documents related to the distribution of the Infringing Products; and" (4) "any and all known registered entities or businesses owned, registered, or used by Defendants related to Defendants' conduct at issue in this action."  (Doc. 30 (Order to Show Cause) at 3-4).

The Order also requires Twitter to, "within seven days of being served actual notice of" the Order, provide Everytown with all documents within Twitter's possession or control relating

2

to: "the true identities and addresses of Defendants, and the locations and identities of the

relevant Defendants' operations, including without limitation identifying information associated

with their seller accounts, online account, or bank, merchant, or payment processing account(s),

and related financial account(s), or payment means by which Defendants have transacted the

business complained of herein;" (2) "any correspondence with the Defendants' seller accounts

pertaining to Everytown's notice of infringement, including but not limited to, identifying the

means and/or manner in which communications were made to the Defendants;" (3) "the number

of times Defendants' Infringing Products were accessed or otherwise downloaded by the public;"

and (4) "any complaints received related to Defendants' Infringing Products." *Id.*

Twitter was entirely unaware of the application and the Order until after the Order had

been entered.  According to Everytown's affidavit of service, on Friday, November 5, 2021,

Everytown sent the Order to Twitter by overnight courier; the courier did not arrive until

Monday, November 8.  (Doc. 33 (Affidavit of Service) at 3).  Everytown did not serve – and has

not served – Twitter with a Federal Rule of Civil Procedure 45 subpoena requesting documents

in this case.

The same day the Order to Show Cause was entered, Defendant Defcad filed a motion to

stay the Court's Order on the grounds that "the expedited discovery seeks to immediately

unmask parties who have a First Amendment right to engage in anonymous speech."  (Doc. 31

(Mot. to Stay) at 1).  Defcad also argued that it had not been provided an opportunity to oppose

Everytown's attempt at "*ex parte* third party discovery."  *Id.*  This Court denied Defcad's motion

to stay on November 9, 2021, reasoning that expedited discovery "is routinely granted where a

party seeks injunctive relief in a trademark infringement case against unidentified parties" and

that Everytown could not litigate its trademark infringement case "without obtaining the

identities of the infringing parties." (Doc. 38 (Order on Mot. to Stay) at 2-4). In the November 9 Order, the Court described its November 5 Order as "authoriz[ing] Plaintiff to seek discovery from third-party service providers regarding each Defendant's true identity, including name, address, and email address." In contrast, the terms of the November 5 Order did not merely authorize Everytown to "seek" discovery, but affirmatively required absent third parties to provide that discovery by a date certain, without issuance of any subpoena or any other form of process, and without any opportunity to object or be heard.

The next day, November 10, Defendants filed a petition for a writ of mandamus and an emergency motion for an administrative stay in the United States Court of Appeals for the Second Circuit. Pet. for Writ of Mandamus, In re Defcad, Inc., et al., No. 21-2806 (Nov. 10, 2021) (CM/ECF No. 1). That same day, the Second Circuit issued an administrative stay "pending consideration of [Defendant's petition for writ of mandamus and motion to stay] by a three-judge motions panel." Order Granting Administrative Stay, In re Defcad, Inc., et al., No. 21-2806 (Nov. 10, 2021) (CM/ECF No. 18). Defendants' petition and motion was submitted as a case to the substantive motions calendar for November 23. Notice, *In re Defcad, Inc., et al.*, No. 21-2806 (Nov. 15, 2021) (CM/ECF No. 25). And on November 23, the Second Circuit denied the Defendant's petition for writ of mandamus and denied the motion to stay as moot. Order Denying Pet. for Writ of Mandamus, *In re Defcad, Inc., et al.*, No. 21-2806 (Nov. 23, 2021) (CM/ECF No. 44). In the meantime, Twitter's outside counsel wrote to Everytown's counsel on November 12, 2021, asking to meet and confer about the Order and Twitter's concerns about it; Everytown's counsel never responded.

## II.   TWITTER MAY INTERVENE AS OF RIGHT

To intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), an applicant must "(1) file a timely application with the Court; (2) show an interest in the action; (3) show an impairment arising from an unfavorable disposition in the action; and, (4) have an interest not adequately protected by the parties." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, No. 04 CIV. 10014 (PKL), 2005 WL 751914, at *2 (S.D.N.Y. Mar. 31, 2005) (citing *In re Bank of New York Derivative Litigation*, 320 F.3d 291, 300 (2d Cir. 2003)).  Rule 24(a) contemplates a liberal grant of the right of intervention, *see Molybdenum Corp. of Am. v. Int'l Min. Corp.*, 32 F.R.D. 415, 419 (S.D.N.Y. 1963), and federal courts have permitted intervention of third parties to modify discovery-related orders, *see, e.g.*, *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988) (permitting a third party to intervene to modify a protective order); *Torah Soft Ltd. v. Drosnin*, No. 00 CIV. 0676 (JCF), 2001 WL 1425381, at *2 (S.D.N.Y. Nov. 14, 2001) (permitting a third party to intervene to prevent disclosure of the third party's confidential information during discovery).  Twitter readily meets the requirements of Rule 24(a)(2).

### a.   Twitter's motion to intervene is timely.

For the purposes of a motion to intervene, a number of factors must be considered when addressing "timeliness": "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citation omitted).  The timeliness requirement is "flexible," *United States v. Yonkers Bd. of*

*Educ.*, 801 F.2d 593, 594-95 (2d Cir. 1986), and each of the factors strongly indicates that Twitter's motion is timely.

Twitter received notice of this Court's Order to Show Cause on November 5 – fewer than 20 days ago.  (Doc. 33 at 3).  Before that time Twitter did not – and could not – know that this Court's Order would require it to turn over data and information for certain individuals that use its service.  And upon receiving notice of the Order, Twitter has acted expeditiously to intervene before this case advanced much further.  In fact, courts in this District have held that where an applicant acted within 21 days of receiving notice of the relevant filing or order, the applicant's motion to intervene was timely.  *In re Ambac Fin. Grp., Inc., Derivative Litig.*, 257 F.R.D. 390, 393 (S.D.N.Y. 2009); *see also Bldg. & Realty Inst. of Westchester & Putnam Ctys.*, *Inc. v. New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020) (collecting cases where courts have granted as timely motions to intervene where the movants waited three months or longer).

And there will be no prejudice to existing parties resulting from any delay.  To start, there has been no delay; Twitter filed this motion to intervene only 19 days after receiving notice of its obligation under the Court's Order to Show Cause.  Regardless, the Court's Order was administratively stayed from November 10 until yesterday, November 23.  As a result, Twitter's intervention will not delay or prejudice the proceedings in this Court.

Twitter, on the other hand, ***will*** be prejudiced if it is denied intervention in this case. Twitter is subject to the Stored Communications Act, 18 U.S.C. § 2702, which prohibits disclosure of at least some of the information compelled by the Order.  In addition, Twitter should only have to release non-public information about its account holders pursuant to valid legal process.   But here, Twitter has not been provided with the opportunity to object to the

6

scope or speed of Everytown's discovery requests and was only provided with notice *after* the Court issued its *ex parte* discovery order. As explained in Twitter's concurrently filed motion to modify the Order, Twitter also is not subject to personal jurisdiction in this proceeding, raising a question whether the Order is "valid legal process." Unless Twitter is given an opportunity to intervene and seek to modify the Order to permit Twitter an opportunity to raise its objections, Twitter will be forced to choose, for example, between producing information in violation of the Stored Communications Act and potentially breaching its obligations to its account holders, on the one hand, or violating an order of a United States District Court that was entered without notice, on the other hand. This is not a choice that Twitter should be forced to make.

In any event, there are special circumstances here that militate for a finding of timeliness. Twitter only became aware of its production obligations under the Court's Order to Show Cause on November 5, and given the unusual *ex parte* nature of Everytown's expedited discovery motion, and the intervening stay by the Second Circuit, Twitter acted diligently to move to intervene in this Court. The Court should not hold the timing of Everytown's *ex parte* motion against Twitter.

> **b.   Twitter has an interest in this action that would be impaired without intervention.**

The second and third Rule 24(a)(2) factors likewise favor intervention. To start, Twitter has an interest in this action that is "direct, substantial, and legally protectable." *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). To reiterate, this Court's Order on expedited discovery requires Twitter – a third party that has not been served with a subpoena and was only provided with after-the-fact notice – to produce a broad swath of non-public information about certain individuals who use its service. By requiring this disclosure, the Court's Order would force Twitter to violate the Stored

Communications Act, which only permits the disclosure of account holders' records or communications in certain limited circumstances not present here.  *See* 18 U.S.C. § 2702. Indeed, the Stored Communications Act has been interpreted to prohibit service providers from producing the contents of account holders' information in response to civil discovery requests. *See Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (noting that § 2702 of the SCA "contains no exception for disclosure of such communications pursuant to civil discovery requests").  Twitter's interests, including compliance with the Stored Communications Act, are more than sufficient to support intervention under Rule 24(a).  Moreover, the absence of personal jurisdiction over Twitter, and the lack of due process in failing to give Twitter prior notice, raises questions whether the Order is the result of "valid legal process."

To be sure, a third party that is the subject of a discovery demand normally has no need to intervene, because Federal Rule of Civil Procedure 45 expressly provides for procedures for the subpoenaed party to raise any objections it has to the subpoena.  Because the Order compels discovery without a Rule 45 subpoena, however, Twitter cannot invoke those procedures and must rely on Rule 24.  Likewise, Twitter was not provided with the opportunity to be heard in this Court prior to being subjected to the Order.  This violates bedrock principles of Due Process. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("A fundamental requirement of due process is the opportunity to be heard." (citations and quotations omitted)) ; *In re Cozumel Caribe, S.A. de C.V.,* 482 B.R. 96, 116 (Bankr. S.D.N.Y. 2012) ("Due process is not violated by the entry of ex parte orders, ***provided that notice and an opportunity to appear and defend are promptly given.***" (emphasis added)).   If Everytown wanted Twitter to produce non-public information about its account holders, Everytown could have – and should have – filed discovery requests or

Rule 45 subpoenas to which Twitter could object where appropriate.  That course of action could still be pursued on an expedited basis.

Last, the Order as drafted is unclear as to the scope of Twitter's responsibilities to search for and produce documents.  As Twitter understands the Order, it would require Twitter to search and review approximately 35,000 Tweets[1] within 7 days of the Order's issuance, in order to ascertain whether they contain responsive information.  It is not clear that Everytown or the Court even intended this, but Everytown has refused to respond to Twitter's request to meet and confer.

So, absent intervention, Twitter faces a dilemma: (1) comply with this Court's Order and potentially face liability under the Stored Communications Act, or (2) comply with the Stored Communications Act and face a finding of contempt by this Court.  Denial of Twitter's motion to intervene will thus impair Twitter's ability to protect its independent interests in this litigation.

### c.      Twitter's interests are not adequately represented by the parties.

Rule 24(a)'s "fourth requirement, that the proposed intervenor have an interest not otherwise adequately protected, is satisfied 'if the applicant shows that representation of his [or her] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'"  *Dow Jones & Co. v. U.S. Dep't of Just.*, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (quoting *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10 (1972)).  Twitter readily clears this low bar.

---

[1] As indicated on the Twitter account page associated with one Defendant, there are over 35,000 tweets.  *See* https://mobile.twitter.com/xYeezySZN.

Twitter has no interest in the outcome of this case on the merits, and neither party shares Twitter's narrow interests, including ensuring that it complies with the Stored Communications Act.  While the Defendants expressed some concern in their petition for writ of mandamus that Everytown failed to use Rule 45 subpoenas to seek third party discovery, they have not discussed in any of their filings Twitter's right to be heard prior to being subjected to the Court's Order, nor have they discussed in detail the effects of the Order on Twitter's obligations under the Stored Communications Act.  Instead, Defendants are primarily focused on their own First Amendment rights to anonymity.  *See* (Doc. 31 (Mot. to Stay) at 1); Pet. for Writ of Mandamus at 12-13, In re Defcad, Inc., et al., No. 21-2806 (Nov. 10, 2021) (CM/ECF No. 1).  Furthermore, as an entity that is frequently the subject of third-party discovery demands, and that takes its responsibilities in the discovery process very seriously, Twitter has a significant interest in ensuring that the precedents that establish its obligations are consistent and those obligations are clear.  As a result, Twitter's interests are not adequately represented by the Defendants or Plaintiff.

Because Twitter has met its burden under Rule 24(a), this Court should grant Twitter's motion to intervene as of right.

## III.   PERMISSIVE INTERVENTION IS ALSO PROPER

A district court may grant permissive intervention where the moving party "has a claim or defense that shares with the main action a common question of law or fact."  *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285 (KMK), 2020 WL 5667181, at *3 (S.D.N.Y. Sept. 23, 2020) (quoting Fed. R. Civ. P. 24(b)(1)(B)).  The words "claim or defense" are not "read in a technical sense, but only require some interest on the part of the applicant."  *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018

(quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F.Supp.2d 482, 488 (S.D.N.Y. 2011)).  Although the Second Circuit has instructed that in order to gain permissive intervention, a party must generally satisfy the four intervention-as-of right factors, *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014), "the principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (alteration and quotation marks omitted) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)).  Ultimately, Rule 24(b) should be liberally construed.  *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006).  Twitter notes that the briefing on Everytown's injunction motion is proceeding, and the Court has the power to enter an order as to Defendants that would preserve the discovery Everytown seeks and mitigate any possible prejudice from Twitter's intervention and narrow involvement.

The first showing, that Twitter has an interest that "shares with the main action a common question of law or fact," is readily met: the extent of Twitter's obligations to provide third-party discovery in this lawsuit.  And by intervening, Twitter will benefit from (1) the opportunity to be heard by this Court for the first time in this litigation and (2) additional clarity regarding its obligations under the discovery order.  *See U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (considering for the purposes of permissive intervention whether an applicant "will benefit by intervention").

Permissive intervention will not unduly delay or prejudice the rights of the original parties, either.  This case was filed just over a month ago, the Court's expedited discovery order was stayed for nearly two weeks, and the Second Circuit lifted the administrative stay only yesterday.  Twitter's intervention in this case – only nineteen days after it received notice of the

11

Order and only one day after the stay was lifted – will not delay any decision by this Court but will instead ensure that "all relevant parties to the dispute are present before the Court." *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 489 (S.D.N.Y. 2011).

And finally, for the reasons stated in Part II, the four intervention-as-of right factors likewise favor permissive intervention.

## IV.    CONCLUSION

For the reasons stated above, Twitter respectfully requests that the Court order that it may intervene in this action.

Dated: November 24, 2021                         THE NORTON LAW FIRM PC

By:  */s/ David W. Shapiro*
David W. Shapiro
The Norton Law Firm PC
Attorneys for Twitter, Inc.

David W. Shapiro (NY SBN 2054054)
dshapiro@nortonlaw.com
Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
*Pro Hac Vice Pending*
Matthew Ohlheiser (PA SBN 324958)
mohlheiser@nortonlaw.com
*Pro Hac Vice Pending*
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
*Pro Hac Vice Pending*
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, California 94607
Telephone: (510) 906-4900
Facsimile: (510) 906-4910

12