## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND INC., <br><br> Plaintiff, <br><br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br><br><br> Defendants. | Civil Action No: 1:21-cv-8704 <br><br><br><br> **NOTICE OF MOTION FOR MISCELLANEOUS RELIEF OR IN THE ALTERNATIVE FOR RELIEF UNDER F.R.C.P. 60 AND MEMORANDUM OF LAW IN SUPPORT** |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   PROCEDURAL AND FACTUAL BACKGROUND ....................................... 2

III.  ARGUMENT ....................................................................................................... 4

     A.    Posture and Standard of Review ................................................................ 4

     B.    This Court Should Modify the November 5, 2021 Order to Require
           Everytown to Seek Expedited Discovery through a Rule 45
           Subpoena ................................................................................................... 5

           1.    Everytown Still Must Comply With Rule 45 In Seeking
                Expedited Discovery .................................................................... 6

           2.    Twitter Is Not Subject to Personal Jurisdiction in this Matter
                and Cannot Be Compelled to Provide Discovery Absent
                Compliance with Rule 45 ............................................................ 7

           3.    Compliance with Rule 45 Is Necessary and Appropriate to
                Allow Twitter to Raise Its Objections to the Discovery
                Everytown Seeks ......................................................................... 8

     C.    Alternatively, the Court Should Consider Twitter's Objections Now and
           Modify The November 5 Order to Limit the Discovery that Everytown
           May Obtain .............................................................................................. 10

           1.    The Order Should Be Modified to Eliminate Any Directive to
                Disclose Information that Would Violate the Stored
                Communications Act ................................................................... 10

           2.    The Order Should Be Modified to Require Everytown to Make a
                 Showing that Unmasking of the Defendants Is Permissible Under
                the First Amendment .................................................................. 12

           3.    The Order Should Be Modified to Limit or Eliminate Requests
                that Seek Information From Twitter that Can Be Easily Obtained
                from Parties to the Litigation .................................................... 13

            4.    The Order Should Be Modified to Limit the Scope of the
                 Documents That Twitter Must Review to Comply .................... 13

IV.   CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Al -Ahmed v. Twitter, Inc.*,
  2021 WL 3604577 (S.D.N.Y. Aug. 11, 2021)..........................................................................7

*Alcon Vision, LLC v. Allied Vision Group, Inc.*,
  2019 WL 4242040 (S.D.N.Y. Sept. 6, 2019) ........................................................................13

*Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*,
  2020 WL 4700910 (S.D.N.Y. Aug. 13, 2020)........................................................................13

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110 (2nd Cir. 2010) ............................................................................................9, 12

*Bloomberg, L.P. v. John Does 1-4*,
  2013 WL 4780036 (S.D.N.Y. June 26, 2013) ..............................................................6, 8, 9, 12

*Est. of Mantle v. Rothgeb*,
  537 F. Supp. 2d 533 (S.D.N.Y. 2008) .....................................................................................4

*Europlay Capital Advisors, LLC, et al. v. Does*,
  323 F.R.D. 628 (C.D. Cal. 2018)............................................................................................8

*Gucci America, Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ...................................................................................................8

*In re Subpoena Duces Tecum to AOL, LLC*,
  550 F.Supp.2d 606 (E.D. Va. 2008) .....................................................................................10

*In re Toft*,
  453 B.R. 186 (Bankr. S.D.N.Y. 2011) ..................................................................................11

*Liljeberg v. Health Servs. Acquisition Corp.*,
  486 U.S. 847 (1988) ...............................................................................................................5

*Next Phase Distribution, Inc. v. John Does 1–27*,
  284 F.R.D. 165 (S.D.N.Y. July 31, 2012) ..........................................................................6, 7

*Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*,
  2013 WL 256771 (N.D. Cal. Jan. 23, 2013)..........................................................................11

*Rainsy v. Facebook, Inc.*,
  311 F. Supp. 3d 1101 (N.D. Cal. 2018).................................................................................13

*Streamlight, Inc. v. Gindi*,
  2018 WL 8967042 (E.D.N.Y. Apr. 23, 2018)......................................................................6, 7

*Suzlon Energy Ltd. v. Microsoft Corp.*,
  671 F.3d 726 (9th Cir. 2011) ................................................................................................11

*Textile Workers Pension Fund v. Standard Dye & Finishing Co.*,
  725 F.2d 843 (2d Cir. 1984) ...................................................................................................5

*United States v. Pierce*,
    785 F.3d 832 (2d Cir. 2015) ............................................................................. 11

*United States v. Spallone*,
    399 F.3d 415 (2d Cir. 2005) ............................................................................. 4

**Statutes**

18 U.S.C. § 2702 ................................................................................... 9, 10, 11

**Rules**

Fed. R. Civ. P. 60 .................................................................................. 1, 4, 5

Fed. R. Civ. P. 26(d)(1) ............................................................................. 5

Fed. R. Civ. P. 30 ..................................................................................... 6

Fed. R. Civ. P. 45 ...........................................................................*Passim*

PLEASE TAKE NOTICE that Twitter, Inc., moves this Court for a modification of its November 5, 2021 Order to authorize third party discovery under Federal Rule of Civil Procedure 45, or in the alternative, to narrow the scope of compelled discovery in consideration of Twitter's objections to the scope of the Order.  Twitter makes this motion pursuant to the Court's inherent authority to reconsider and modify its own interlocutory orders or, in the alternative, Federal Rule of Civil Procedure 60(b)(6).

## I.    INTRODUCTION

On November 5, 2021, this Court entered an Order requiring third parties, including Movant Twitter, Inc. ("Twitter"), to provide expedited discovery about the identities, communications, and activities of Defendants in this case following an *ex parte* application by Plaintiff Everytown For Gun Safety Action Fund, Inc. (Everytown).  By its terms, the Order does not merely authorize Everytown to seek discovery, it compels Twitter to provide broad categories of information by a date certain, without any apparent opportunity to object on any grounds.  Twitter did not have prior notice of the proposed Order (which was drafted by Everytown's counsel and adopted by the Court), nor did it have any opportunity be heard.  Twitter is not a party to this lawsuit, and it has not been brought within the Court's jurisdiction by Federal Rule of Civil Procedure 45 or by other means; and compliance with the Order as drafted would cause Twitter to violate the Stored Communications Act, potentially violate the policies its account holders agree to, and force Twitter as a third party to produce information that can easily be obtained from parties to the actual litigation.

Twitter takes seriously its obligations to provide appropriate discovery, as a third party, to the litigants in this case and other cases.  Twitter also takes seriously its account holders' First Amendment rights and Twitter's responsibilities under federal law.  By this motion, Twitter

appears specially to ask that the Court modify its Order to ***authorize*** Everytown to seek

discovery pursuant to Federal Rule of Civil Procedure 45, rather than ***compel*** Twitter to provide

that discovery with no notice or opportunity to be heard.  Modification of the Order will give

Twitter an opportunity to raise its objections pursuant to the Federal Rules and to seek relief if

the parties are unable to reach agreement after meeting and conferring.  In the alternative,

Twitter asks that the Court address the merits of its objections now as presented in this motion,

and modify the Order such that the discovery Everytown obtains from Twitter is consistent with

the Stored Communications Act and the First Amendment, Twitter's obligations to its users, and

the proper balance of discovery responsibilities between third parties and the litigants.

## II.      PROCEDURAL AND FACTUAL BACKGROUND

On October 22, 2021, Plaintiff Everytown filed a Complaint in this Court alleging federal

and state trademark infringement claims.  (Doc. 1).  Everytown filed an application for an "Order

to Show Cause for Preliminary Injunction, Expedited Discovery, and Alternative Service" the

same day.  Proposed Order to Show Cause and Memorandum of Law in Support of Proposed

Order to Show Cause (Doc. 13-14).  In that application, without notice to Twitter or any other

potentially implicated third party, Everytown asked the Court to compel third parties to produce

information containing the identities and personal information of Defendants.  *Id.* at 22-23.  In

that application, Everytown offered no legal support for compelling third-party discovery

without giving third parties prior notice or an opportunity to be heard.  *Id.*

This Court adopted and entered Everytown's proposed order on November 5, 2021,

without alteration.  Order to Show Cause (Doc. 30).  The Order requires Twitter to, "within

seven days of being served actual notice of" the Order, provide Everytown with all documents

within Twitter's possession or control relating to: "the true identities and addresses of

Defendants, and the locations and identities of the relevant Defendants' operations, including

2

without limitation identifying information associated with their seller accounts, online account,

or bank, merchant, or payment processing account(s), and related financial account(s), or

payment means by which Defendants have transacted the business complained of herein;" (2)

any correspondence with the Defendants' seller accounts pertaining to Everytown's notice of

infringement, including but not limited to, identifying the means and/or manner in which

communications were made to the Defendants;" (3) "the number of times Defendants' Infringing

Products were accessed or otherwise downloaded by the public;" and (4) "any complaints

received related to Defendants' Infringing Products." *Id.* at 3-4.

Twitter was entirely unaware of this litigation or the Order until November 8, 2021, when

Everytown served the Order and a discovery demand letter on Twitter, which Everytown says it

sent on Friday November 5 by courier and by email.  Affidavit at 3 (Doc. 33).  Twitter never

received any prior notice of the application for the Order, nor the entry of the Order itself, nor a

third party subpoena under Federal Rule of Civil Procedure Rule 45.

Defendant Defcad filed a motion to stay the Order on the same day it was entered.  Mot.

to Stay at 1 (Doc. 31).  Defcad argued that the expedited discovery set out in the Order

threatened Defendants' First Amendment rights and that Defendants were entitled to be heard in

opposition to Everytown's attempt at "*ex parte* third-party discovery."  *Id.*

This Court denied the motion to stay on November 9, 2021, holding that expedited

discovery "is routinely granted where a party seeks injunctive relief in a trademark infringement

case against unidentified parties" and that Everytown could not litigate its trademark

infringement case "without obtaining the identities of the infringing parties."  Order on Mot. to

Stay at 2-4 (Doc. 38).  In its November 9, 2021 Order, the Court described its November 5 Order

as "authoriz[ing] Plaintiff to seek discovery from third-party service providers regarding each

Defendant's true identity . . . ."  Order on Motion to Stay at 2 (Doc. 38).  In contrast, the terms of

the November 5 Order did not merely authorize Everytown to "seek" discovery, but

affirmatively required absent third parties to provide that discovery by a date certain, without

issuance of any subpoena or any other form of process, and without any opportunity to object or

be heard.

On November 10, Defendants filed a petition for a writ of mandamus and an emergency

motion for an administrative stay in the United States Court of Appeals for the Second Circuit.

Pet. for Writ of Mandamus, In re Defcad, Inc., et al., No. 21-2806 (Nov. 10, 2021) (CM/ECF No.

1).  That same day, the Second Circuit issued an administrative stay "pending consideration of

[the petition and motion] by a three-judge motions panel."  Order Granting Administrative Stay,

In re Defcad, Inc., et al., No. 21-2806 (Nov. 10, 2021) (CM/ECF No. 18).  On November 15, the

Second Circuit calendared the petition for submission on November 23, Notice, In re Defcad,

Inc., et al., No. 21-2806 (Nov. 15, 2021) (CM/ECF No. 25), and on the very same day it was

submitted (November 23), denied the petition and denied the motion to stay as moot.  Order

Denying Pet. for Writ of Mandamus, In re Defcad, Inc., et al., No. 21-2806 (Nov. 23, 2021)

(CM/ECF No. 44).

## III.     ARGUMENT

### A.     Posture and Standard of Review

A district court "retains inherent authority to interpret ambiguities in its own orders,"

*United States v. Spallone*, 399 F.3d 415, 418 (2d Cir. 2005), as well as "the inherent authority to

reconsider and modify its interlocutory orders." *Est. of Mantle v. Rothgeb*, 537 F. Supp. 2d 533,

536 (S.D.N.Y. 2008).  Even if the November 5 Order were final rather than interlocutory, the

Court would have the authority to modify it under Federal Rule of Civil Procedure 60(b)(6),

which provides federal courts with "broad authority to relieve a party" from a final order "upon

such terms as are just." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); Fed. R. Civ. Pro. 60(b)(6).

### B.   This Court Should Modify the November 5, 2021 Order to Require Everytown to Seek Expedited Discovery through a Rule 45 Subpoena

It is unclear from the Court's orders whether it actually intended to compel Twitter to provide all of the information requested by Everytown, without any notice or opportunity to be heard, or whether it intended only to permit Everytown to seek such information on an expedited basis. *Compare* Doc. 30 (Ordering production of information by Twitter), *with* Doc. 38 (stating that the November 5 Order "authorized Plaintiff to seek discovery from third-party service providers regarding each Defendant's true identity"). The proper course, consistent with due process and the Federal Rules of Civil Procedure, would be for the Court to grant Everytown relief from Federal Rule of Civil Procedure 26(d)(1) and permit Everytown to serve a Rule 45 subpoena on Twitter now seeking discovery relevant to the dispute. Proceeding by Rule 45 subpoena would resolve the issue whether there is jurisdiction over Twitter in this matter, and would allow Twitter an opportunity to object as appropriate. If the parties cannot resolve those objections by meet and confer, such an approach would allow an opportunity to have those objections upheld or overruled under the Federal Rules.

Unless Everytown is required to comply with the procedures of Rule 45, Twitter will not be afforded any opportunity to object or be heard on any objection to this discovery. Yet compliance with Rule 45 is the only way to ensure that Twitter is guaranteed its most fundamental due process right – "the opportunity to be heard at a meaningful time and in a meaningful manner." *Textile Workers Pension Fund v. Standard Dye & Finishing Co.*, 725 F.2d 843, 854 (2d Cir. 1984), *opinion after appeal*, 607 F. Supp. 570 (S.D.N.Y. 1985) (citation

omitted).  And while Twitter believes that it would be premature for this Court to address the merits of Twitter's objections, as explained in greater detail below, they are substantial.

> 1. **Everytown Still Must Comply With Rule 45 In Seeking Expedited Discovery**

As a nonparty to this litigation, Twitter has an obligation to provide discovery only to the extent federal law or the Federal Rules of Civil Procedure so provide.  Federal Rule of Civil Procedure 30 states expressly that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."  Rule 45, in turn, sets forth the procedural requirements for seeking discovery from nonparties and the procedures for resolving objections and compelling compliance with the discovery requests.

Everytown's application for an order to show cause and expedited discovery cites no authority – under the Federal Rules, the Lanham Act, or any other statute – justifying *ex parte* orders compelling discovery from third parties.  (Doc. 14 at 22-23)   Counsel for Twitter has searched for caselaw, and after a diligent search has found none.  Even the cases cited in Everytown's application demonstrate that expedited discovery can be completed only by service of a Rule 45 subpoena.  *See Next Phase Distribution, Inc. v. John Does 1–27*, 284 F.R.D. 165, 171 (S.D.N.Y. July 31, 2012) (ordering expedited discovery via Rule 45 subpoenas, specifying that the non-parties receiving subpoenas and defendants retained the right "to quash or otherwise object to any subpoena within 21 days" of receipt.); *Streamlight, Inc. v. Gindi*, 2018 WL 8967042, at *1 (E.D.N.Y. Apr. 23, 2018) (finding good cause for expedited discovery and granting plaintiff's request "for authorization to issue a third-party subpoena to Amazon.com."); *Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036, at *1 (S.D.N.Y. June 26, 2013) (addressing a prior order on a motion for expedited discovery to reveal the identity of certain

internet users in which "the Court granted Plaintiffs leave to serve Google with a Rule 45 subpoena seeking information sufficient to identify each Doe Defendant in this action.").

A court's role in reviewing a request for expedited discovery is to ensure that the proposed discovery requests are appropriately narrow relative to the good cause shown.  *See Streamlight, Inc.*, 2018 WL 8967042, at *2 (approving certain discovery requests to be included in a Rule 45 subpoena for expedited discovery but striking one request as overbroad); *Next Phase*, 284 F.R.D. at 172 (finding good cause for expedited discovery but narrowing requests and entering a protective order.).  After that review, the party seeking discovery still must serve a third party subpoena, albeit on a modified timeline or subject to other conditions.

This procedure is consistent with the language of this Court's ruling on Defendant Defcad's motion to stay, in which the Court described the Order as "authoriz[ing] Plaintiff to **seek discovery** from third-party service providers regarding each Defendant's true identity, including name, address, and email address."  Order on Motion to Stay at 2 (Doc. 38) (emphasis added).  That language, however, differs drastically from the contents of the Order drafted by Everytown, which compels Twitter to provide broad discovery within seven days without any due process, service of a subpoena, or opportunity to object to any written discovery requests.  Order to Show Cause at 3-4.  (Doc. 30).  Compliance with Rule 45 will alleviate these concerns and assure all parties are afforded due process and sufficient notice.

      **2.**      **Twitter Is Not Subject to Personal Jurisdiction in this Matter and Cannot Be Compelled to Provide Discovery Absent Compliance with Rule 45**

Proceeding under Rule 45 will also eliminate significant jurisdictional issues raised by the Order.  Twitter is a Delaware corporation headquartered in San Francisco, California and is not subject to personal jurisdiction in this Court.  *Al -Ahmed v. Twitter, Inc.*, 20-CV-4982, 2021 WL 3604577 (S.D.N.Y. Aug. 11, 2021) (Twitter is not subject to personal jurisdiction in the

Southern District of New York).  By specially appearing and bringing its motion to intervene and this motion to modify, Twitter does not waive, but expressly preserves, all of its objections to personal jurisdiction.

A district court must have personal jurisdiction over a nonparty to compel it to comply with a discovery request.  *See Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014).  The way to resolve that jurisdictional issue, again, is through a Rule 45 subpoena.

Rule 45 permits nationwide service and allows third parties to be heard on discovery objections and disputes in a convenient forum.  Fed. R. Civ. P. 45(b), (c)(2)(A); *see also Bloomberg, L.P.*, 2013 WL 4780036 at *4 (S.D.N.Y. noting that it could not consider a motion to quash regarding a third-party subpoena issued to Google because the appropriate forum would be the Northern District of California); *Europlay Capital Advisors, LLC, et al. v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) (a nonparty corporation is entitled to the jurisdictional protection of having discovery disputes heard in a court within 100 miles of its headquarters) (collecting cases).

Twitter of course will comply with all final, binding, and valid court orders.  But the Order raises important due process and statutory issues that this Court can remedy by requiring the parties to serve subpoenas on Twitter pursuant to Federal Rule of Civil Procedure 45.

### 3.   Compliance with Rule 45 Is Necessary and Appropriate to Allow Twitter to Raise Its Objections to the Discovery Everytown Seeks

Twitter has substantial objections to the discovery that Everytown seeks through the Order.[1]  Rule 45's procedures provide the appropriate process for resolution of those objections,

---

[1] Promptly after Twitter received the Order from Everytown, on November 12, 2021, Twitter's outside counsel wrote to Everytown's counsel and explained its concerns with the process, form, and scope of the Order.  Everytown never responded to that letter.

8

including the review of written requests, the return of written objections and responses, and the

right to be heard prior to any court compelling compliance over a discovery objection.  *See* Fed.

R. Civ. P. 45(d)(2)(B).  If Everytown serves a Rule 45 subpoena, Twitter will have a reasonable

opportunity to raise those objections and if possible resolve them through the meet and confer

process.  If those efforts are unsuccessful, any remaining objections can be resolved through a

motion to compel or for protective order, as Rule 45 contemplates.

The opportunity to raise objections and have them heard is especially critical because, as

explained below, Twitter's objections are well-founded and substantial.  In addition to the

jurisdictional issue (which can easily be cured), Twitter objects[2] that

- the Order would improperly require Twitter to disclose documents and information that are protected from disclosure in civil litigation under the Stored Communications Act, 18 U.S.C. § 2702 ("SCA");

- Defendants have objected that identifying them through this lawsuit would violate their First Amendment rights to anonymous speech, and this Court has not yet made a finding that Everytown has satisfied the test for unmasking an anonymous speaker, *see Arista Records*, *LLC v. Doe 3*, 604 F.3d 110,119 (2nd Cir. 2010); *Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036 at *3;

- given that at least one Defendant has appeared in the action through counsel, and all Defendants are alleged to be in concert with one another, Everytown should be able to obtain the discovery it seeks directly from the other litigants without shifting that responsibility to nonparty Twitter; and

- compliance with the Order as drafted is impracticable at best, as Twitter estimates that it would have to review as many as 35,000 tweets by Defendants to identify and ultimately produce the information that Everytown ultimately seeks.[3]

---

[2] Twitter does not provide a comprehensive list of discovery objections in this Motion and reserves the right to lodge additional objections in response to a properly served Rule 45 Subpoena.

[3] As indicated on the Twitter account page associated with one Defendant, there are over 35,000 tweets.  *See* https://mobile.twitter.com/xYeezySZN.

To be clear, Twitter does not contend that the Court needs to, or should, reach the merits of each of these objections now.  (And Twitter respectfully maintains that the Court cannot properly due so in light of Twitter's personal jurisdiction objections.)  Instead, the Court should allow the parties and Twitter to proceed as Rule 45 provides and litigate these objections only if necessary.  That process fully respects both Everytown's right to obtain relevant discovery in support of its claims, and Twitter's right to object to those demands to the extent permitted by the Federal Rules and applicable federal law.

**C.      Alternatively, the Court Should Consider Twitter's Objections Now and Modify The November 5 Order to Limit the Discovery that Everytown May Obtain**

If the Court declines to modify the November 5 Order to require Everytown to serve a Rule 45 subpoena, and further concludes that it has jurisdiction over Twitter in this dispute, then in the alternative Twitter asks that the Court modify that Order to limit the scope of discovery in light of Twitter's objections, addressed below.

**1.      The Order Should Be Modified to Eliminate Any Directive to Disclose Information that Would Violate the Stored Communications Act**

The SCA, 18 U.S.C. § 2702, does not permit private litigants to compel production of the content of a user's communications from service providers like Twitter via subpoena or court order. *See* 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(9); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.")  Rather, for civil litigants, the SCA requires that "a person or entity providing an electronic communication service to the

public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service" absent exceptional, enumerated circumstances. *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.,* No. C 12-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013); 8 U.S.C. § 2702(b)(1)-(9).

There is no exception under the SCA for non-governmental discovery demands for content, and courts have therefore held that the SCA does not permit litigants to compel service providers to produce the contents of communications in response to such demands. *See United States v. Pierce*, 785 F.3d 832, 842 (2d Cir. 2015); *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011); *In re Toft*, 453 B.R. 186, 189 (Bankr. S.D.N.Y. 2011). The proper course is to obtain any such discovery from the account holder, who is not subject to the SCA. *See Pierce*, 785 F.3d at 842 (affirming an order granting Facebook's motion to quash a subpoena where the issuing party "possessed the very contents he claims the SCA prevented him from obtaining" and "failed to subpoena" other users directly); *Suzlon*, 671 F.3d at 731 (the user is responsible for disclosing their content in discovery); *Toft*, 453 B.R. at 199 (same).

Even if Twitter could somehow identify "all documents related to the distribution of the Infringing Products" as demanded by the Order, it violates the SCA to demand that Twitter produce even non-content information such as "the number of times" any such communications "were accessed or otherwise downloaded" as the Order commands. *See Optiver Australia*, 2013 WL 256771, at *2 (producing non-content based on a search for associated content is prohibited by the SCA).

For these reasons, the Order should be modified in conformance with the requirements of the SCA.

2.      **The Order Should Be Modified to Require Everytown to Make a Showing that Unmasking of the Defendants Is Permissible Under the First Amendment**

Twitter takes very seriously the First Amendment rights of its account holders, including the right to engage in anonymous speech.  While Twitter takes no position as to whether the First Amendment ultimately serves to protect the information sought to be discovered here, Twitter does have an interest in ensuring that any such discovery meet the requirements that courts have established for obtaining discovery to unmask anonymous speakers.

When courts in this District review requests to unmask anonymous speakers in the context of expedited discovery or a motion to quash, the factors the court should consider are: (1) [the] concrete[ness of the plaintiff'[s] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy." *Arista Records,* 604 F.3d at 119 (2nd Cir. 2010); *Bloomberg,* 2013 WL 4780036 at *3 (S.D.N.Y. June 26, 2013) (adopting the same test to determine *"whether Plaintiffs' request for expedited discovery should be denied in order to preserve Defendant's anonymity")*.

Twitter also takes no position on whether Everytown has already met, or can meet, this standard.  However, Twitter understands that Defendants claim that they were engaged in protected conduct, and the Order makes no findings that these important First Amendment requirements have been satisfied.  If the Court reaches the merits of the objections, Twitter asks that the Order be modified to either make express findings that Everytown has made the required showing, or remove the language requiring Twitter to produce documents that would identify the account holders.

**3.      The Order Should Be Modified to Limit or Eliminate Requests that
Seek Information From Twitter that Can Be Easily Obtained from
Parties to the Litigation**

Under Rule 45, the serving party must "avoid imposing undue burden or expense" on the
responding third-party.  Fed. R. Civ. P. 45(d)(1).  In considering whether it is appropriate to
require a nonparty to search for and produce information, a court is required to consider, among
other things, "whether the information is necessary and whether it is available from any other
source."  *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2020 WL 4700910, at *2
(S.D.N.Y. Aug. 13, 2020); *Alcon Vision, LLC v. Allied Vision Group, Inc.*, 2019 WL 4242040, at
*2 (S.D.N.Y. Sept. 6, 2019) (a subpoena should be limited or quashed if the plaintiff "can obtain
that information from Defendants in the underlying action").

At least one Defendant in this matter has now appeared through counsel.  The Complaint
alleges that all of the Defendants act in concert.  Accordingly, Everytown should be able to
obtain identifying information directly through party discovery, and requiring Twitter to provide
"all documents and records" relating to "the true identities and addresses of Defendants" and
information relating to Defendant's operations and finances improperly imposes on nonparty
Twitter duplicative discovery that can easily be satisfied by the Defendants themselves.  *MTE
Holdings, LLC*, 2020 WL 4700910, at *2; *Alcon Vision, LLC*, 2019 WL 4242040, at *2.
Similarly, it would be unnecessary and disproportionate for Twitter to review the accounts of
parties to the lawsuit to identify "all documents related to the distribution of the Infringing
Products;" Defendants can readily do that themselves.  *See Rainsy v. Facebook, Inc.*, 311 F.
Supp. 3d 1101, 1113 (N.D. Cal. 2018).

**4.      The Order Should Be Modified to Limit the Scope of the Documents
That Twitter Must Review to Comply**

Twitter of course accepts that nonparties must bear some discovery burdens.  However,
as Twitter understands the Order – and Everytown counsel has ignored Twitter's request to meet

13

and confer – the Order would require Twitter to review approximately 35,000 tweets by the Defendants to hunt for the information that would be responsive, including information that Everytown likely can simply obtain from Defendant Defcad, if it has not done so already.  For this reason as well, the Court should modify the Order.

## IV.    CONCLUSION

For the reasons stated above, Twitter respectfully requests that this Court modify its November 5, 2021 Order to strike the discovery compelled from Twitter, and to order Everytown to serve proper third party subpoenas under Rule 45.  In the alternative, Twitter respectfully requests that this Court limit the scope of discovery compelled by the Order to comply with the SCA, the First Amendment, and the proper balance of discovery obligations between parties and nonparties.

Dated: November 24, 2021                    THE NORTON LAW FIRM PC

                                    By:   */s/ David W. Shapiro*
                                          David W. Shapiro
                                          The Norton Law Firm PC
                                          Attorneys for Twitter, Inc.

                                          David W. Shapiro (NY SBN 2054054)
                                          dshapiro@nortonlaw.com
                                          Fred Norton (CA SBN 224725)
                                          fnorton@nortonlaw.com
                                          *Pro Hac Vice Pending*
                                          Matthew Ohlheiser (PA SBN 324958)
                                          mohlheiser@nortonlaw.com
                                          *Pro Hac Vice Pending*
                                          Gil Walton (CA SBN 324133)
                                          gwalton@nortonlaw.com
                                          *Pro Hac Vice Pending*
                                          THE NORTON LAW FIRM PC
                                          299 Third Street, Suite 200
                                          Oakland, California 94607
                                          Telephone: (510) 906-4900
                                          Facsimile: (510) 906-4910