LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

* * *

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

November 29, 2021

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    **Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.**
              **Civil Action No. 21-cv-8704 (PGG)**

Dear Judge Gardephe:

      We represent Defendants Defcad, Inc., Odysee User xYeexySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter.

      We write to bring to the Court's attention a series of urgent issues relating to this matter and to request a conference with the Court to help address them.

**1. Defendant Defcad, Inc. and all such platforms are prohibited by the federal Stored Communications Act from disclosing the discovery ordered by the November 5, 2021 Order to Show Cause ("Ex Parte Discovery Order").**

      As the Court is aware, non-party Twitter has filed a motion to intervene and also a motion to reconsider and/or modify the Ex Parte Discovery Order. Among other things, Twitter argues that: (1) Plaintiff was required to proceed by a Fed. R. Civ. P. 45 subpoena to obtain discovery from third parties such as Twitter; (2) the Ex Parte Discovery Order requires disclosures that are prohibited by the federal Stored Communications Act ("SCA") and therefore should be modified to exclude such disclosures; (3) the Ex Parte Discovery Order should be modified to require Plaintiff to make a showing that unmasking of Defendants is permissible under the First Amendment.

      Defendants join Twitter's motion and adopt the foregoing arguments in Twitter's brief, including as to production by Defcad, Inc. ("Defcad") and all third parties such as Odysee, etc. In light of the serious First Amendment and statutory issues presented, Defendants request oral argument of that motion.

Hon. Paul G. Gardephe, U.S.D.J.
November 29, 2021
Page 2

In particular, the SCA, 18 U.S.C. § 2702, does not permit private litigants to compel production of the content of a user's communications from Online Service Providers ("OSPs") like Defcad, Twitter, Odysee or others via subpoena or court order. *See* 18 U.S.C. § 2702(a)(1),(2); 18 U.S.C. § 2702(b)(1)-(9). There is no exception under the SCA for non-governmental discovery demands for content, and courts have therefore held that the SCA does not permit litigants to compel service providers to produce the contents of communications in response to such demands. *See United States v. Pierce*, 785 F.3d 832, 842 (2d Cir. 2015); *Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011); *In re Toft*, 453 B.R. 186, 189 (Bankr. S.D.N.Y. 2011).

Simply put, pursuant to 18 U.S.C. § 2702(a)(1), the district court does not have the power to compel an OSP to produce content of stored communications at the request of a private litigant. It is further noted, that any applicable exceptions contained in § 2702(b) which would be applicable to a non-governmental litigant are permissive ("may divulge") in any event, and thus could not be the subject of an order of a court compelling disclosure by an OSP such as Defcad.

Even if Defcad, Twitter, Odysee and others could somehow identify "all documents related to the distribution of the Infringing Products" as demanded by the Order, it violates the SCA to demand that these OSPs produce even non-content information such as "the number of times" any such communications "were accessed or otherwise downloaded" as the Order commands. *See Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.,* No. C 12-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (producing non-content based on a search for associated content is prohibited by the SCA).

Defcad and other platforms face a particularly troubling dilemma. On the one hand, these platforms have been ordered by this Court, in an *ex parte* order, to produce certain information, and on the other hand federal law prohibits them from doing so. Thus, resolution by this Court of the SCA issue raised by Twitter and Defendants is especially critical so that Defcad and others can act appropriately. A conference with the Court and all counsel could help that situation immensely.

**2. There remains pending before this Court an undecided emergency motion by the individual anonymous defendants for emergency relief from the Ex Parte Discovery Order.**

On November 5, 2021, Defcad filed an Emergency Letter Motion seeking relief from the Ex Parte Discovery Order while preserving its objections to jurisdiction and venue.

As of the filing of that motion, none of the individual defendants had yet retained counsel. On November 8, 2021, this firm filed an appearance on behalf of individual defendants Defcad User xYeezySZN, Odysee User xYeezySZN, Phillip Royster, The Gatalog, Twitter User xYeezySZN to join the Emergency Letter Motion, while preserving their objections to jurisdiction and venue.

On November 9, 2021, this firm filed an appearance on behalf of individual defendant Defcad User Freeman1337 to join the Emergency Letter Motion, while preserving that defendant's objections to jurisdiction and venue.

Later that same day, the Court ruled on Defcad's motion, holding that Defcad did not have standing to assert the anonymity rights of the individual defendants (ECF #38). The Court did not rule as to the individual defendants/movants themselves (*Id.*). That portion of the Emergency Letter Motion, which independently seeks relief from the Ex Parte Discovery Order, remains pending. In light of the serious First Amendment issues presented, Defendants request oral argument of that motion.

To that end, Defendants hereby also supplement their arguments by adopting and incorporating by reference the arguments of Electronic Frontier Foundation ("EFF") as amicus curiae before the United States Court of Appeals for the Second Circuit in this matter, *In re Defcad, et al.*, No. 21-cv-2806, ECF #28-2 (*see also* brief, attached). This Court should apply the legal standard regarding the First Amendment and anonymity urged by EFF and vacate the Ex Parte Discovery Order.

A conference with the Court and all counsel would materially assist in coordinating a decision regarding this undecided motion, especially as it relates to everything else pending in this matter.

3. **There is currently no scheduled return date for the Order to Show Cause and no new briefing schedule.**

As discussed in our letter to the Court of November 19, 2021, the Administrative Stay issued by the Second Circuit halted the briefing and hearing of the Order To Show Cause. We asked whether the Court would entertain a conference call to address rescheduling should the Second Circuit lift the stay.

Now that the stay has been lifted, Defendants renew their request for a conference. A conference among all counsel to discuss the setting and coordinating of dates for briefing and hearing is especially important because of all the moving parts now before the Court. Twitter's motion, which Defendants have joined, along with the still pending undecided Emergency Letter Motion of the individual Defendants present important issues of coordination and scheduling vis-a-vis the Order to Show Cause and new dates should not be established without all parties and non-parties weighing in on coordination.

4. **Defendants have raised the prospect of settlement with Plaintiff and have been ignored. Settlement would obviate all of the issues in the case, especially the asserted need for unmasking. A settlement conference with the Court could readily dispose of the case.**

On November 24, 2021, the undersigned telephoned and emailed both attorneys from the Venable law firm representing plaintiff, Meaghan Kent and Marcella Ballard, regarding a settlement offer. My voicemail message and emails to them went unanswered.

This radio silence follows a clear pattern in this case. Not only have Plaintiff's attorneys not responded to a single phone call, email, or letter from me throughout the case, but on information

Hon. Paul G. Gardephe, U.S.D.J.
November 29, 2021
Page 4

and belief they have also not responded to any inquires by any other attorney in this case, including non-party Twitter's attorneys and Second Circuit Amicus Curiae EFF's attorneys.

In 30 years of practice I have never seen such a thing. Importantly, this approach has significant implications regarding potential settlement discussions and Fed. R. Civ. P. 11. The refusal to even discuss settlement strongly suggests that this lawsuit is not actually about the trademark issues raised but instead is really intended to accomplish the unmasking of the anonymous defendants as a punitive measure. From all of the briefing this case, the law is clear that unmasking of anonymous speakers is not a valid goal in and of itself.  Unmasking is only allowed, under the right circumstances, as an aid in litigation where necessary and appropriate. Refusing to even discuss settlement of the trademark claims plainly reveals Plaintiff's punitive and improper goal to unmask for its own sake. This is especially apparent given that Defendants have retained counsel and have specially appeared in the case (while preserving objections to jurisdiction and venue). Given that fact, there is no reason at all for the unmasking discovery, yet Plaintiff persists in this regard – seemingly as an improper punitive measure.

Such a claim would be frivolous within the meaning of Rule 11, and if Plaintiff's counsel are participating in such a prohibited strategy they would be in violation of the Rule.

And the fact that these anonymous Defendants are now represented by counsel and are actively litigating (while maintaining their objections to personal jurisdiction and venue) bolsters this concern.  There is plainly no longer any reasonable argument for unmasking at this juncture. The only explanation for the current insistence on pursuing unmasking discovery would be purely punitive and therefore illegitimate.

A settlement conference with the Court could resolve that and all other issues in the case.

Finally, today, Defendants are filing their motion to dismiss for lack of jurisdiction and improper venue and/or to transfer. That motion adds to the need for overall coordination in the case.

For the foregoing reasons, Defendants respectfully request that the Court hold a conference with all parties and non-parties to address and coordinate all of the moving parts in the case.

Thank you.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs
Attachment
cc:     Marcella Ballard, Esq. (via ECF and email)
        Meaghan Kent, Esq. (via email)