LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *◇
Richard L. Ravin *◇□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

\* New York and New Jersey Bars
＊ Florida Bar
□ Washington, D.C. Bar
◇ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

November 29, 2021

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

>    Re:    **Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.**
>           **Civil Action No. 21-cv-8704 (PGG)**

Dear Judge Gardephe:

We represent Defendants Defcad, Inc., Odysee User xYeexySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter.

We write pursuant to Your Honor's individual rules to request a pre-motion conference to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and/or improper venue or in the alternative to transfer to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1404 and/or §1406.

## 1.    Background

This is a trademark infringement action involving the alleged use of Plaintiff's trademarks on 3-D printable firearms computer files, including for AR-15 rifle lower receivers and 30 round ammunition magazines. As the number one gun control advocacy group in the nation, Plaintiff strongly opposes the very items on which Defendants are alleged to have included the marks, creating a clear case of non-confusing First Amendment protected parody vis-a-vis Plaintiff's controversial political activities.

Plaintiff has brought this action against several websites and anonymous internet users alleging the uploading of allegedly infringing computer files.

## 2.    Motion to Dismiss for Lack of Personal Jurisdiction

The Court lacks personal jurisdiction over the defendants and therefore the Complaint should be dismissed.

Hon. Paul G. Gardephe, U.S.D.J.
November 29, 2021
Page 2

Defendant Defcad, Inc. ("Defcad") is an Arkansas corporation with an office in Austin, Texas. Defcad has no offices in New York, and conducts no business in New York. None of the individual movants live, work, own property, or conduct business with anyone in New York.

Defcad's servers do not permit anyone in New York to download any files. Therefore, there can be no New York downloads from Defcad and therefore no New York downloads of any files alleged to have been uploaded to Defcad by Defcad User Freeman1337 or Defcad User xYeezySZN ("Defcad Users").

Finally, Plaintiff does not allege any actual New York downloads of the allegedly infringing files by anyone other than Plaintiff's legal team or any actual confusion in New York.

As such, none of the defendants are subject to general jurisdiction under C.P.L.R. § 301.

Further, none of the defendants is subject to specific jurisdiction under C.P.L.R. §302(a)(1) because none of them has transacted business in New York. The mere possibility of accessing a file from a website is insufficient to confer personal jurisdiction, and as to Defcad and the Defcad Users, access to files is literally impossible from New York.

For the same reasons, none of the defendants is subject to specific jurisdiction under C.P.L.R. §302(a)(2) because no tort can be said to have taken place in New York.

Additionally, there can be no jurisdiction under C.P.L.R. §302(a)(3) because Plaintiff does not allege and cannot show confusion or even access in New York, and Plaintiff cannot show that any of the Defendants regularly does business or purposely avails itself of the benefits of New York. Indeed, as explained above, several of the Defendants are literally excluded from the New York market.

For the same reasons, exercising personal jurisdiction here would violate the requirements of due process.  None of the Defendants' conduct is sufficiently purposely directed at New York.

**3.     Motion to Dismiss for Improper Venue**

Venue is improper in this district and therefore the Complaint should be dismissed or in the alternative transferred to the Western District of Texas.

Plaintiff alleges that venue is proper in this district under 28 U.S.C §1391(b)(2) which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."

Under that section, venue can only be proper for a trademark claim if the defendant targets New York by advertising and actively pursues efforts to market the infringing product here or if the defendant sells a substantial amount of the allegedly infringing goods to customers here. Further,

Hon. Paul G. Gardephe, U.S.D.J.
November 29, 2021
Page 3

merely operating an interactive website accessible in the district, without more directed specifically to the forum, is insufficient to conclude that the defendant is targeting the district.

Venue is not proper in this district because there is no allegation or evidence of any actual interaction by any of the Defendants with anyone in this district apart from Plaintiff's litigation team. The only allegation Plaintiff can maintain is that the platforms (Defcad and The Gatalog) maintain websites and that the individuals uploaded files to the internet.

As to Defcad and the several Defcad Users, the foregoing discussion makes the record clear that not only has no one in this district downloaded any files from Defcad, but they literally cannot. Defcad has deliberately avoided any interaction with this district. Therefore, venue could not possibly be proper for Decad or the Defcad Users.

Similarly, there is no allegation or evidence that anyone in New York has downloaded any files from The Gatalog nor is there any allegation or evidence that The Gatalog has engaged in any activities specifically direct to New York.

Further, as to all of the individual user accounts, there is no allegation or evidence that anyone in New York apart from Plaintiff's litigation team downloaded any files, and no authority stands for the proposition that an internet user could merely upload a file to a website and thereby create the required connection to the forum required by §1392(b)(2).

4. **In the Alternative, the Court Should Transfer to the Western District of Texas Pursuant to 28 U.S.C. §1406**.

28 U.S.C. §1406 provides that in lieu of dismissal for improper venue a court may transfer "to any district or division in which it could have been brought."

Defcad's office in Austin, Texas lies within the Western District of Texas. Defendant Defcad User Freeman1337 lives within the Western District of Texas. Further, all of the other movant-defendants consent to jurisdiction and venue in the Western District of Texas. Therefore, the case could have been brought in the Western District of Texas pursuant to 28 U.S.C. §1391(b)(1) or (b)(3).

As such, as an alternative to dismissal, the Court can and should transfer the case to the Western District of Texas.

5. **In the Alternative, the Court Should Transfer to the Western District of Texas Pursuant to 28 U.S.C. §1404(a)**.

28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As set forth above, the action could have been brought in the Western District of Texas.

Hon. Paul G. Gardephe, U.S.D.J.
November 29, 2021
Page 4


Further, the nine factor test weighs heavily in favor of transfer considering: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Factor (8), plaintiff's choice of forum, is the only one is the only one that remotely weighs against transfer.  Factor (7) is especially compelling as the Western District of Texas and the United States Court of Appeals for the Fifth Circuit are already handling several cases involving Defcad, its parent company Defense Distributed, and the issues arising from some of these same 3-D printable computer files for firearms and how their creation and dissemination is protected by the First Amendment. This case presents only a twist on that those same issues in the context of trademark law but implicates very much the same subject matter.

For the foregoing reasons Defendants intend to file these motions and request a pre-motion conference.

All counsel attempted to schedule a time to meet and confer today prior to the filing of this letter but were unable to coordinate a time.  Counsel have scheduled a meet and confer call at noon tomorrow and will report the results of the call to the Court.

Thank you.

Respectfully submitted,


/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs
cc:     Marcella Ballard, Esq. (via ECF and email)
        Meaghan Kent, Esq. (via email)