

**VENABLE LLP** | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

December 2, 2021

T 212.370.6289
F 212.307.5598
MBallard@Venable.com

Honorable Paul G. Gardephe
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

Re:   *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc. et al.*, 21-cv-08704

Dear Judge Gardephe:

We represent Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") and write in response to Defendants' pre-motion conference letter notifying the court and Everytown of their intent to file a motion to dismiss based upon lack of personal jurisdiction and improper venue ("PMC Letter"). [ECF 46]. Everytown opposes Defendants' proposed motion because:

- Everytown has alleged sufficient facts establishing personal jurisdiction;
- Defendants have used the Everytown Marks in commerce over the Internet by advertising, promoting, and distributing downloadable files for the manufacture of actual 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and accessories bear replicas of the Everytown Marks ("Infringing Products");
- By advertising and distributing the Infringing Products into this district and to New York consumers, Defendants have transacted business under C.P.L.R. § 302(a)(1);
- Defendants have committed a tortious act causing injury to Everytown, located in New York, should reasonably have expected such harm; and have derived revenue from interstate commerce sufficient to establish jurisdiction under C.P.L.R. § 302(a)(3)(ii);
- Defendants have distributed the Infringing Products on interactive websites that allow users to comment, download, subscribe and pay;
- Personal jurisdiction comports with Due Process because Defendants have minimum contacts, have purposefully availed themselves and exercising jurisdiction over Defendants is reasonable in New York; and
- any challenge to personal jurisdiction prior to disclosure of Defendants' identities is improper and should be denied.[1]

Defendants' PMC Letter fails to cite any authority or case law and fails to rebut or address any of the allegations made within Everytown's complaint, or the sworn facts within Everytown's declarations in Everytown's application for an Order to Show Cause ("Application").

---

[1] *See Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) (denying request to rule on personal jurisdiction where defendants remained anonymous); *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 67-68 (S.D.N.Y. 2004); *Elektra Entertainment Grp., Inc. v. Does 1-9*, 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 9, 2004) (denying motion to dismiss as premature).



December 2, 2021

**I.  Defendants' Interactive Websites Aimed At New York and New York Consumers.**

Personal jurisdiction over Defendants lies because: (1) the Infringing Products are available to New York consumers via the Internet and have been downloaded by a New York consumer; (2) Defendants' Infringing Products are part of commercial transactions in New York; (3) Defendants have purposefully targeted New York by harming Everytown, which is located in New York; and (4) the websites on which the Defendants advertise, promote, and distribute the Infringing Products are highly interactive. First, Defendants' Infringing Products are "accessible to consumers in New York and bear unauthorized identical copies of Everytown's registered trademarks." Complaint [ECF 1] ("Compl.") ¶ 9. "Defendants have offered and/or distributed the Infringing Products . . . through the websites odysee.com and defcad.com to consumers within the United States, including to consumers within New York." *Id.* ¶ 10.  Defendant Defcad, Inc. charged a New York consumer a $50.00 subscription fee to access its website concerning the Infringing Products. *See* Declaration of Delia Green [ECF 16], ¶¶ 4, 30-31. On defcad.com, New York consumers can view product listings for download, including the Infringing Products. *Id.* ¶ 4; Compl. ¶ 106. Defcad.com's terms and conditions further do not limit access to New York consumers, and New York consumers have interacted with Defcad, Inc. to upload their personal identifying information (including name and email) and a photocopy of their license to the business. The Infringing Products listed on defcad.com further are available for download in exchange for a fee, and at least one consumer could add the Infringing Products to her cart for check out. *See* Green Decl. ¶¶ 20, 29, Exs. F-G. Defendants' Infringing Products are advertised, to consumers in New York, and have been downloaded from Odysee.com by a consumer in New York. *Id.* ¶¶ 5, 8-14, 21-26, Exs. A, B, E, F.

Second, Defendants' Infringing Products have involved interstate commerce and substantial revenue. The Infringing Products listed on defcad.com are available for download in exchange for a fee in addition to the subscription fee that users must pay to access the full defcad.com website. *See id.* ¶¶ 4, 30-31.  Defcad User xYeezySZN's Infringing Product bearing the "MOMS DEMAND ACTION" trademark was available to New York consumers for sale on defcad.com for $11.00. Defendants' other Infringing Products were also available on defcad.com for a fee.  Defendants' distribution of the Infringing Products on defcad.com was compensable by fees paid when downloaded. Defendants were also compensated for the distribution of their Infringing Products on odysee.com (Compl. ¶ 105) where Defendants received various monetary incentives in the form of "tips". *See* Green Decl. Ex. A, E. Third, Defendants have purposefully "targeted New York consumers by uploading these files to a full interactive website that is viewable by and accessible to New York consumers" (Compl. ¶ 9), which "has caused and is continuing to cause harm to Everytown, which has an office in New York, within this Judicial District." *Id.* ¶ 8.  Everytown's presence in New York is long-standing and ongoing as it transacts business in New York through its main office and has been registered with New York as a foreign not-for-profit corporation since 2014. *Id.* ¶ 13. Defendants were on constructive notice of Everytown's presence in New York through its registered Everytown Marks (*id.*, Ex. 3). Defendants were aware that Everytown was suffering harm through the Infringing Products since the Defendants received notice of Everytown's takedown submissions (*id.* ¶¶ 160-66), and the Defendants have explicitly referenced Everytown in various tweets relating to the Infringing Products. *Id.* ¶¶ 135-36, 166. Fourth and finally, the websites on which Defendants advertise, promote, and distribute the Infringing Products are highly interactive. As noted, defcad.com allows users to purchase a subscription to the website, charging consumer credit cards for the subscription, and then charges



December 2, 2021

additional fees for the individual Infringing Products. Users can then submit reviews for the Infringing Products. Green Dec. Ex. C. Defcad.com users must provide the website with their email, name, and other personal identifying information in the form of a license or passport and must submit a photograph scan of the users face prior to downloading the Infringing Products. *Id.* ¶ 6[2]. Odysee.com is also interactive allowing users to download files for the Infringing Products, to provide "tips" in exchange for those files, and to comment to other users in connection with the Infringing Product listings. *See* Compl. Ex. 4 (depicting screenshots).

### II. Everytown Has Established A *Prima Facie* Showing of Personal Jurisdiction.

Everytown need only allege facts constituting a *prima facie* showing of personal jurisdiction.[3] In evaluating a motion to dismiss, courts construe pleadings and affidavits in the plaintiff's favor and have "considerable procedural leeway" in assessing personal jurisdiction. Long-arm jurisdiction is satisfied under NY C.P.L.R. § 302(a)(1) and under NY C.P.L.R. § 302(a)(3)(ii). Further, because Defendants have advertised, promoted, and distributed the Infringing Products on interactive websites that allow users to comment, download, and pay for the Infringing Products, the Defendants knew Everytown is in New York and would be harmed in New York, and New York consumers may access Defendants' Infringing Products in New York, due process is satisfied.

### III. Jurisdiction Is Proper Under NY C.P.L.R. § 302(a)(1).

Where a defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" C.P.L.R. § 302(a)(1) jurisdiction is proper. Courts look to whether (1) the defendant has transacted business within the state; and (2) the claim arises from the business activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100, 103 (2d Cir. 2006). "'[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York' as long as the requisite purposeful activities and the connection between the activities and the transaction are shown."[4] Where a website is interactive and allows a buyer in New York to submit an order online, courts typically find that the website operator is 'transacting business' in New York subject to the court's jurisdiction.[5] Even where a defendant merely posts their items through a third-party website, jurisdiction, can and has been proper.[6] Likewise, where a "substantial nexus" between the business transaction and the claim exists, the arising out of prong is met.[7] Courts within the Second Circuit have found that "Lanham Act trademark infringement claims – where products are sold to New

---

[2] *See* https://defcad.com/faq/ (describing Defcad "may request certain information to authenticate your account").
[3] *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108-10 (2d Cir. 1997) (citing case).
[4] *Deutsche Bank Sec., Inc. v. Montana Bd. Of Invs.*, 21 A.D. 3d 90, 93-94 (1st Dep't 2005) (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y. 2d 460, 467 (1988)).
[5] *See, e.g.*, *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y. 2000); *Mattel, Inc. v. Adventure Apparel*, No. 00-cv-4085, 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001)); *see also Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 466 (S.D.N.Y. 2008).
[6] *EnviroCare Techs., LLC v. Simanovsky*, No. 11-cv-3458, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012) (citing cases); *see also Brady v. Anker Innovations Ltd.*, 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020) (quoting case).
[7] *Energy Brands Inc.*, 571 F. Supp. 2d at 466).



December 2, 2021

York consumers, competitively harming a plaintiff – satisfy the substantial nexus requirement."[8] New York consumers may downloaded the Infringing Products and/or purchase a subscription to access Defendants' Infringing Products via the Internet harming Everytown. Such conduct has a substantial nexus to Everytown's claims thus jurisdiction under C.P.L.R. § 302(a)(1) is proper.

### IV. Jurisdiction Is Proper Under New York C.P.L.R. § 302(a)(3)(ii).

Under Section 302(a)(3)(ii), jurisdiction is proper over any non-domiciliary "who commits a tortious act without the state causing injury to a person or property within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ." C.P.L.R. § 302(a)(3)(ii). "Injury within the state includes harm to a business in the New York market in the form of lost sales or customers."[9] Under Section 302(a)(3), "even where there is no proof that a defendant 'derives substantial revenue from interstate or international commerce,' where that knowledge is under the control of the defendant, dismissal for lack of personal jurisdiction is improper.[10] Here, Everytown's Lanham Act and New York state law claims involve tortious acts the Defendants committed, and the Defendants directed those tortious acts to Everytown in New York. *See* Compl. ¶¶ 8, 9, 135-36, 160-66. Defendants' sale of the Infringing Products are commercial transactions affecting interstate commerce as they occurred over interactive websites involving either subscriptions, payment for downloads, or "tips" for download of the Infringing Products.

### V. Jurisdiction Is Proper as the Websites Are Highly Interactive.

Courts utilize a sliding scale approach with "passive" websites, which may not confer jurisdiction, on one hand, and "active" website, which can confer jurisdiction on the other.[11] Where a website allows consumers to purchase goods online, establish an online account, communicate with the owner of the site or its representatives, or download order forms or other documents personal jurisdiction is proper.[12] "Generally, an interactive website supports a finding of personal jurisdiction over a defendant." *Iovate Health Sciences, Inc. v. Masuda*, No. 08–CV–809, 2009 WL 2878526, at *4 (W.D.N.Y. 2009). Where "defendants' website sales required the exchange of billing, shipping, and contact information for the sales to New York consumers to be consummated, [it] indicat[ed] the "active" nature of the commercial website." *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2018). Both odysee.com and defcad.com are interactive websites that allow users to download the Infringing Products. Specifically, defcad.com allows users to create an account, and charges credit cards for

---

[8] *See E. Mishan & Sons, Inc. v. Smart & Eazy Corp.*, No. 18-cv-3217, 2018 WL 6528496, at *2, 6 (S.D.N.Y. Dec. 12, 2018); *Hypnotic Hats, Ltd. v. Wintermantel Enters.*, 2016 WL 7451306, at *3 (S.D.N.Y. Dec. 27, 2016).
[9] *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 549, 568 (SD.N.Y. 2000) (citing case); *see Ivoclar Vivadent, Inc. v. Ultident, Inc.*, No. 04 Civ. 0984(SC), 2005 WL 1421805, at *4 (W.D.N.Y. June 15, 2005).
[10] *Carson Optical, Inc. v. RQ Innovasion Inc.*, No. 16 Civ. 1157 (SIL), 2020 WL 1516394, at *7 (E.D.N.Y. Mar. 30, 2020) (citing *Energy Brands Inc.*, 571 F. Supp. 2d at 472 (quoting case)).
[11] *Mrs. U.S. Nat. Pageant, Inc. v. Miss U.S. Organization, LLC*, 875 F. Supp. 2d 211, 220 (W.D.N.Y. 2012).
[12] *See Mrs. U.S. Nat. Pageant, Inc.*, 875 F. Supp. 2d at 220-21 (quoting and collecting cases); *see also The Cousteau Society, Inc. v. Cousteau*, 498 F. Supp. 3d 287, 304 (D. Conn. 2020) ("Active websites are those 'where individuals can directly interact with a company over their Internet site, download, transmit[,] or exchange information, and enter into contracts with the company via computer.") (citing case).



December 2, 2021

subscription services. Green Decl. ¶¶ 4, 30-31. Defcad.com users can also post reviews of content available for download, and charges users for downloading the Infringing Products. Odysee.com is similarly interactive as it allows users to download the Infringing Products in exchange for a potential "tips" – monetarization amounts that are then provided to the defendants. *See* Compl. Ex. 4. Users of odysee.com can also comment on Defendants' Infringing Product listings. *Id.*

### VI. Exercising Personal Jurisdiction Comports with Due Process.

Defendants have minimum contacts with New York, have purposefully availed themselves of conducting transactions in New York, and exercising jurisdiction is reasonable. Three conditions exist for exercising "specific jurisdiction over a nonresident defendant." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State." *Id.* (internal quotation omitted). "Second, the plaintiff's claim must arise out of or relate to the defendant[s'] forum conduct." *Id.* (same). Third, "the exercise of jurisdiction must be reasonable under the circumstances." *Id.* (same). "[T]he Due Process Clause permits the exercise of jurisdiction in a broader range of circumstances of N.Y. C.P.L.R. § 302, and a foreign defendant meeting the standards of § 302 will satisfy the due process standard."[13] Here, Everytown has demonstrated that jurisdiction is proper under both C.P.L.R. § 302(a)(1) and C.P.L.R. § 302(a)(3)(ii). In determining the reasonableness of a particular exercise of jurisdiction, a court must consider: (1) the burden on the defendant, (2) the interests of the forum State; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies.[14] Under factor one, courts have rejected that traveling to New York constitutes an unreasonable burden.[15] Defendants have not articulated another burden other than travel, particularly where they have engaged counsel in New Jersey to represent them. New York "has a manifest interest in providing effective means of redress for its residents."[16] Where a plaintiff is based in New York, and its witnesses and documentary evidence is in New York, the third factor favors the plaintiff. Thus, for the reasons discussed above, the Court can exercise personal jurisdiction over the Defendants in this case, and Defendants' request to file a motion respectfully should be denied. Additionally, for the same reasons, venue is proper as a substantial part of the events or omissions giving rise to Everytown's claims occurred in New York. The PMC Letter does not satisfy Defendants' burden to show "a strong case for transfer" and so their transfer request should be denied.[17]

                Respectfully submitted,
                /s/Marcella Ballard

---

[13] *Energy Brands, Inc.*, 571 F. Supp. 2d at 469 (citing *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir. 1966)); *see also D.H. Blair & Co, Inc. v. Gottdiener*, 462 F.3d 95, 105 (2d Cir. 2006).
[14] *Chloé*, 616 F.3d at 173.
[15] *See Carson Optical, Inc.*, 2020 WL 1516394, at *3 (E.D.N.Y. Mar. 30, 2020).
[16] *Carson Optical*, 2020 WL 1516394, at *7 (citing *Chloé*, 616 F.3d at 173); *see also*, *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999) (application of New York law supports reasonableness of jurisdiction).
[17] *New York Marine & General Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).