IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | Civil Action No. 1:21-cv-8704 (PGG) |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO TWITTER, INC.'S MOTION TO INTERVENE [ECF 43]** |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | |
| Defendants. | |

# TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................. 1

**I.      Procedural Background** ............................................................................................ 1

**II.     Argument** .................................................................................................................... 3

    **A. Twitter has Failed to Comply with The Requirements of Rule 24(c), and Intervention is Severely Disfavored Due to Twitter's Status as a "Special Status" Intervenor.** ............................................................................. 4

    **B. Twitter's Motion to Intervene as A Matter of Right Should be Denied.** ........................ 6

        i.      Twitter's Motion is Untimely Given the Unique Circumstances. ............................................................................................... 7

        ii.     Twitter Does Not Have an Interest in the Litigation That May Be Impaired by the Disposition of the Litigation. .......................................... 9

        iii.    Twitter's Interests in this Case Have Been Adequately Protected. ................................................................................................. 11

    **C. Twitter Does Not Have a Claim or Defense That Shares with the Main Action A Common Question of Law or Fact and is Not a Permissive Intervenor.** ............................................................................................... 12

**III.    Conclusion.** ............................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**

*Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759 (2d Cir. 1968) .................................................. 5

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) .......................................................... 2

*Bano v. Union Carbide Cop.*,
No. 99 Civ. 11329 (JFK)(HBP), 2005 WL 6800401 (S.D.N.Y. Aug. 12, 2005) ......................... 13

*Citizens Against Casino Gambling in Erie Cty. v. Hogen*,
417 Fed. App'x 49 (2d Cir. 2011) ................................................................................................ 8

*Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*,
No. CIV. A. 96-6318, 1999 WL 163621 (E.D. Pa. Mar. 22, 1999) ............................................... 6

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) .......................................................... 7, 8, 9

*Erdman Techs. Corp. v. U.S. Sprint Comm'ns Co.*,
No. 91 CIV. 7602(PKL), 1997 WL 401669 (S.D.N.Y. July 16, 1997) ......................................... 5

*Esther Sadowsky Testamentary Trust Derivatively ex rel Home Loan Mortg. Corp. v. Syron*,
No. 08-CV-5221 (BSJ), 2009 WL 1285982 (S.D.N.Y. May 6, 2009) .......................................... 6

*Farmland Dairies v. Comm'r of the N.Y. Dep't of Agric. & Markets*,
847 F.2d 1038 (2d Cir. 1988) ...................................................................................................... 8

*G-I Holdings, Inc. v. Baron & Budd*,
No. 01 CIV. 0216(RWS), 2002 WL 1822929 (S.D.N.Y. Aug. 7, 2002) ....................................... 5

*H.L. Hayden Co. of N.Y., Inc. v. Siemens Med.*, 797 F.2d 85 (2d Cir. 1986) ............................... 14

*In re Bank of New York Derivative Litig.*, 320 F.3d 291 (2d Cir. 2003) ..................................... 13

*In re Holocause victim Assets Litig.*, 225 F.3d 191 (2d Cir. 2000) ............................................... 7

*Kamerman v. Steinberg*, 681 F.Supp. 206 (S.D.N.Y. 1988) ..................................................... 6, 10

*Lexington Ins. Co. v. Caleco, Inc.*,
No. CIV.A. 01-5196, 2003 WL 21652163 (E.D. Pa. Jan. 25, 2003) ......................................... 5, 6

*Lopez Torress v. New York State Bd. of Elecs.*, 300 Fed. App'x 106 (2d Cir. 2008) .............. 13, 14

*Madison Stock Transfer, Inc. v. Netco Invs., Inc.*,
No. CV 06-3926, 2007 WL 2902960 (E.D.N.Y. Sept. 27, 2007) ............................................... 12

*MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n Inc.*, 471 F.3d 377 (2d Cir. 2006) .............. 7, 9

*New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*,
139 F.R.D. 291 (S.D.N.Y. 1991) ........................................................................................ 5, 6

*New York Reg'l Interconnect Inc. v. Pataki*,
No. 07-CV-122 (TJM/DRH), 2007 WL 1490823 (N.D.N.Y May 15, 2007) ........................ 13, 14

*Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*,
160 F.R.D. 66 (E.D. Pa. 1995) ................................................................................................ 6

*S.E.C. v. Bear, Sterns & Co. Inc.*,
Nos. 03 Civ. 2937 WHP, 2003 WL 22000340 (S.D.N.Y. Aug. 25, 2003) ................................... 5

*Sec. & Exch. Comm'n v. Invs. Sec. Leasing Corp.*,
610 F.2d 175 (3d Cir. 1979) .................................................................................................... 6

*Torah Soft Ltd. v. Drosnin*,
No. 00 Civ. 0676 (JCF), 2001 WL 1425381 (S.D.N.Y. Nov. 14, 2001) .................................... 10

*United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968 (2d Cir. 1984) ........................ 13

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66 (2d Cir. 1994) ..................................................... 8

*U.S. Postal Serv. v. Brennan*, 579 F.2d 188 (2d Cir. 1978) .......................................................... 8

*Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) ............................................ 11

*Washington Elec. Co-op v. Mass. Mun. Wholesale Elec. Co.*,
922 F.2d 92 (2d. Cir. 1990) .................................................................................................... 14

**Statutes and Rules**
18 U.S.C. §§ 2701-2713 .............................................................................................................. 4
18 U.S.C. § 2702 ........................................................................................................................ 11
Fed. R. Civ. P. 19 .................................................................................................................... 7, 8
Fed. R. Civ. P. 24 ............................................................................................................... 4, 7, 13

**Treatises**
7C. Wright & A. Miller, *Federal Practice and Procedure* § 1920 (3d ed.) .................................. 6

**INTRODUCTION**

Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") submits this Opposition to the Motion to Intervene [ECF 43] ("Motion") filed by third-party Twitter, Inc. ("Twitter") because the Motion: (1) fails to comply with the requirements of Federal Rule of Civil Procedure 24(c) and is strongly disfavored; (2) fails to meet the requirements for intervention as a matter of right since (i) it is untimely and prejudicial to Everytown; (ii) Twitter does not have an interest in the action; and (iii) to the extent it does have any interest in the action, Twitter's interests have been adequately protected by the present parties to the action; and (3) Twitter has not articulated a claim or defense that presents a common question of law or fact sufficient for permissive intervention. For these reasons, Twitter's Motion should be denied.

**I.    Procedural Background**

On October 22, 2021 Everytown initiated the instant action bringing Lanham Act and New York state law dilution claims and simultaneously applied to the Court for an order granting limited expedited discovery, alternative service, and for an order to show cause why a preliminary injunction should not issue against the Defendants. ("Application") *See* ECF Nos. 1-18. Everytown's Application for the requested relief was supported by four sworn declarations and various exhibits, all detailing the nature of Defendants' infringing and violative conduct as well as the need for expedited discovery given the Defendants' infringing conduct taking place semi-anonymously under usernames over the Internet. *See* ECF Nos. 13-18.

On November 5, 2021, the Court granted Everytown's Application. *See* ECF 30 ("Nov. 5 Order"). The Nov. 5 Order allowed expedited discovery as to (1) the "true identities and addresses of the Defendants" as well as other personal identifying information, (2) correspondence with the Defendants' seller accounts pertaining to Everytown's "notice of

1

infringement"; (3) "the number of times Defendants' Infringing Products were accessed or otherwise downloaded by the public"; and (4) "complaints received related to Defendants' Infringing Products." Nov. 5 Order, at 4. The third parties, such as Twitter, were to serve the required discovery on Everytown's counsel within seven days of being served with or receiving actual notice of the order. *Id.*

Everytown served the order on Twitter via alternative service. *See* ECF 33 ¶ 8. The Defendants in the action then filed multiple letters with the Court seeking a stay of the Nov. 5 Order, and objecting to the Nov. 5 Order based on the lack of a Rule 45 subpoena. *See* ECF Nos 31, 32, and ECF 35 at *6. On November 9, 2021, the Court denied Defendants' motions citing Federal Rule Civil Procedure 26, and the Second Circuit's precedent in *Arista Records* finding "Everytown has alleged a *prima facie* case of trademark infringement, and Plaintiff cannot effectively litigate its claims without obtaining the identifies of the infringing parties." *See* ECF 38 ("Nov. 9 Order"), at *4.

On November 10, 2021, Defendants filed a petition for writ of mandamus to the U.S. Court of Appeals for the Second Circuit seeking relief from the Nov. 5 Order. *See* 21-2806, Dkt. 1-2. Defendants' Petition made multiple arguments in support of vacating the Court's Nov. 5 Order including an argument based upon Federal Rule of Civil Procedure 45. *Id.* at *17. The same day, the Defendants also filed an emergency motion to stay the Nov. 5 Order with the Second Circuit (21-2806, Dkt. 5) and Everytown submitted an opposition also on Nov. 10. *Id.* at Dkt. 13. The Second Circuit then granted an administrative stay of the Court's Nov. 5, 2021 order and referred Defendants' petition for writ of mandamus and stay to a three-judge expedited motions panel. *See* 21-2806, Dkt. 18.

On November 12, 2021, Everytown's counsel served the administrative stay order on Twitter via alternative service. That same day, Twitter's counsel[1] responded to Everytown and acknowledged the administrative stay of that order pending resolution of the Defendants' petition. Twitter's November 12, 2021 letter advanced largely the same arguments that Twitter now raises in this Motion and in its simultaneous motion for modification of the Nov. 5 Order. On November 17, 2021, the Defendants also filed supplementary papers to their petition for a writ of mandamus. 21-2806, Dkt. 33. The supplementary filing specifically advocated that the Nov. 5 Order "violated the Stored Communications Act, 18 U.S.C. §§ 2701-2713." 21-2806, Dkt. 33, at *1. The Second Circuit denied Defendants' petition for mandamus concerning the Nov. 5 Order and motion for a stay of the same. 21-2806, Dkt. 23.

Twitter then filed the instant Motion and sought modification of the Court's Nov. 5 Order. *See* ECF Nos. 43, 44. The two main arguments advanced by Twitter in support of this Motion and its request to modify the Nov. 5 Order are the applicability of Rule 45 and the Stored Communications Act, which were both previously raised by the Defendants with this Court and the Second Circuit. Among other statements, Twitter's Motion also characterizes it is "a disinterested third party in this dispute . . . tak[ing] no position on the merits[,]" and states that "has no interest in the outcome of this case on the merits." Motion at **1, 10.

II. Argument

Twitter's Motion to intervene should be denied as Twitter has failed to meet the requirements of Rule 24(c), and only seeks to intervene based upon a limited issue that has already been litigated and raised in this matter with this Court and the Second Circuit. The

---

[1] The counsel for Twitter in its November 12, 2021 to Everytown was counsel from the firm Perkins Coie, not Twitter's instant counsel of record.

3

Motion should further be denied because Twitter fails to satisfy the requirements to intervene as a matter of right or to permissively intervene.

> **a. Twitter has Failed to Comply with The Requirements of Rule 24(c), and Intervention is Severely Disfavored Due to Twitter's Status as a "Special Status" Intervenor.**

Twitter has not submitted "a pleading that sets out the claims or defense for which intervention is sought" and has admitted it is "a disinterested third party in this dispute . . . tak[ing] no position on the merits." Motion at *1. Under Rule 24(c), "a motion to intervene must . . . state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Where a potential intervenor has failed to submit a proposed pleading, courts have ultimately denied a motion to intervene as "it is clear that the Federal Rules do not anticipate limited, 'special status' intervenors.'" *See New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*, 139 F.R.D. 291, 292-93 (S.D.N.Y. 1991) (discussing how movant failed to submit a proposed pleading). Twitter's failure to submit a proposed pleading in compliance with Fed. R. Civ. P. 24(c) should be sufficient ground to deny the Motion alone. *See, e.g.*, *S.E.C. v. Bear, Sterns & Co, Inc.*, Nos. 03 Civ. 2937 WHP, 2003 WL 22000340 at *4, n. 3 (S.D.N.Y. Aug. 25, 2003) (noting that failure to comply with Rule 24(c) can warrant denial of motion to intervene); *G-I Holdings, Inc. v. Baron & Budd*, No. 01 CIV. 0216(RWS), 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (denying request to intervene under Rule 24 where third parties failed to meet requirements of Rule 24(c)) (citing *Erdman Techs. Corp. v. U.S. Sprint Comm'ns Co.*, No. 91 CIV. 7602(PKL), 1997 WL 401669, at *2 (S.D.N.Y. July 16 1997), and *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761-62 (2d Cir. 1968) ("affirming denial of motion to intervene where movant failed to comply with formal requirements of Rule 24(c)); *Lexington Ins. Co. v. Caleco, Inc.*, No. 01-cv-5196, 2003 WL

21652163, at *5 (E.D. Pa. Jan. 25, 2003) (denying motions to intervene) (citing *Sch. Dist. of Philadelphia v. Pennsylvania Milk Mktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995); *Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*, No. CIV. A. 96-6318, 1999 WL 163621, at 2 n.4 (E.D. Pa. Mar. 22, 1999); *Sec. & Exch. Comm'n v. Invs. Sec. Leasing Corp.*, 610 F.2d 175, 178 (3d Cir. 1979)).

Moreover, "under the Federal Rules, once a motion for intervention has been granted, the intervenor is treated as if he or she was an original party." *Esther Sadowsky Testamentary Trust Derivatively ex rel. Home Loan Mortg. Corp. v. Syron*, No. 08-CV-5221(BSJ), 2009 WL 1285982, at *1 (S.D.N.Y. May 6, 2009) (citing 7C Wright & Miller, Federal Practice & Proc. § 1920 at 488). Accordingly, Courts have routinely disfavored granting applications to intervene where the intervention is sought only for a limited purpose. *Id.* (citing *New York News Inc.*, 139 F.R.D. at 292-93; *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988) (denying application to intervene)). Where a movant does "not seek to join [the] action as either plaintiff[] or defendant[] . . . [has] no claim to press against defendants; nor [has] any defense to assert against plaintiff[] … [and] [has] no intention whatsoever of litigating the causes of action asserted in the federal complaint . . ." courts have denied motions to intervene. *See, e.g.*, *Kamerman*, 681 F. Supp. at 211 (denying motion to intervene).

Here, Twitter's Motion admits that it "is a disinterested third party in this dispute and takes no position on the merits" and that it "has no interest in the outcome of this case on the merits." Motion at *1, 10. Accordingly, it has admitted that it has no claims against the defendants or plaintiff and does not intend to litigate the underlying causes of action asserted in Everytown's Complaint. The Motion should be denied.

5

### b. Twitter's Motion to Intervene as A Matter of Right Should be Denied.

Under Federal Rule of Civil Procedure 24(a): "Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). Intervention of right "requires that the proposed intervenor '(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." *D'Amato v. Deutsche Bank*, 236 F. 3d 78, 84 (2d Cir. 2001) (quoting *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000)) (internal quotations omitted). "Denial of the motion to intervene is proper if any of these requirements is not met." *Id.* (citing *In re Holocaust Victim Assets Litig.*, 225 F.3d at 197).

The Second Circuit has stated that for a party to intervene in an action as a matter of right, it must be tantamount to a "necessary" party under Rule 19(a), or else it cannot satisfy the requirements of Rule 24(a)(2). *See MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006) (discussing the interconnection between Fed. R. Civ. P. 19(a) and Rule 24(a)(2)). Under Rule 19(a)(2)(i), a person is a necessary party where it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." Fed. R. Civ. P. 19(a).

Here, Twitter does not meet any of the requirements to intervene as a matter of right, is not a "necessary" party to the litigation under Fed. R. Civ. P. 19(a) and has "no interest in the outcome of this case on the merits." Motion at *10.

### i. Twitter's Motion is Untimely Given the Unique Circumstances.

Twitter's Motion should be denied as it is untimely given the unique circumstances of this case and the fact that the Defendants have already sought a Petition for Writ of Mandamus to the Second Circuit concerning the Court's Nov. 5 Order, which was denied.

Determinations as to the timeliness of a motion to intervene is in the discretion of the district court and is "evaluated against the totality of the circumstances before the court." *D'Amato*, 236 F. 3d at 84 (quoting *Farmland Dairies v. Comm'r of the N.Y. Dep't of Agric. & Markets*, 847 F.2d 1038, 1043-44 (2d Cir. 1988)) (quotations omitted). Courts can consider "(1) how long the applicant had notice of the interest before [it] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *D'Amato*, 236 F. 3d at 84 (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (quotations omitted)). Courts have held whether intervention would cause undue delay or prejudice to the existing parties is the "principal consideration." *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 417 Fed. App'x 49, 51 (2d Cir. 2011) (citing *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)).

Where a party seeks to intervene for a limited purpose related to a tertiary issue that "has the potential to inject collateral issues into [the] litigation and prejudice the parties" motions to intervene have been denied as they would delay the proceeding. *Citizens Against Casino Gambling In Erie Cty.*, 417 Fed. App'x at 51 (affirming denial of motion to intervene made by

7

Seneca Nation of Indians where potential intervenor sought to retain sovereign immunity with a limited waiver related to the action). Likewise, where a party seeks to "re-litigate issues that [it] watched from the sidelines," motions to intervene have been denied. *See Michigan Dep't of Environmental Quality v. Ford Motor Co.*, 330 F.R.D. 475, 497 (E.D. Mich. 2019) (denying motion to intervene) (citing *U.S. v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013)); *Dorssers v. Pacific Northwest Title Ins. Co., Inc.*, 09-cv-1692, 2010 WL 2219070, at *1 (W.D. Wa. May 28, 2010) (denying motion to intervene where it sought to relitigate issues already resolved). In circumstances where a party has waited until days within a crucial deadline to seek intervention when it could have moved earlier, Courts have found motions to intervene untimely. *See MasterCard*, 471 F.3d at 390. (discussing how potential intervenor knew of preliminary injunction motion upon its filing but waited to move to intervene until the eve of a preliminary injunction hearing) (citing *D'Amato*, 236 F.3d at 84 (discussing how potential intervenor waited to file motion to intervene within days of scheduled hearing)).

     Here, all of those circumstances exist: intervention would cause undue delay or prejudice to re-litigate a tertiary issue that Twitter watched from the sidelines. Twitter had notice of the Court's November 5, 2021 Order the same day it was issued. *See supra* Procedural Background. However, Twitter chose not to file any request for modification or motion for intervention with the Court until 20 days later on Thanksgiving Day. *See* ECF Nos. 44 and 43 (filed November 25, 2021). During that time, Twitter was aware of the briefing occurring on the Defendants' emergency motions to stay, and Defendants' Petition for Writ of Mandamus to the Second Circuit as Plaintiff's counsel served Twitter with the Second Circuit's Order via email on November 12, 2021. Instead of submitting an *amicus curiae* brief to the Second Circuit to ensure its interests were considered – like another amicus did – Twitter relied on the Defendants'

arguments to the Court. Twitter then waited until after the Second Circuit denied Defendants' motion for a stay and Petition for Writ of Mandamus to now seek the same relief Defendants have previously litigated. Such request is prejudicial to the Plaintiff given (1) this Court has already denied the same relief sought by the Defendants; and (2) the Second Circuit has denied Defendants' Petition for Writ of Mandamus, which included the same arguments Twitter now makes concerning the applicability of a Rule 45 subpoena and the Stored Communications Act. Allowing Twitter to intervene would cause the case even further delay, stalling Everytown's request for preliminary injunctive relief, exposing it to further irreparable harm.

### ii. Twitter Does Not Have an Interest in the Litigation That May Be Impaired by the Disposition of the Litigation.

Twitter does not have an interest in the litigation that may be impaired by the disposition of the litigation – it "[has] no claim to press against defendants; nor [has] any defense to assert against plaintiff[] . . [and] [has] no intention whatsoever of litigating the causes of action asserted in the federal complaint . . . ." *Kamerman*, 681 F. Supp. at 211 (denying motion to intervene). It has admitted as much by stating it is "a disinterested third party in this dispute . . . tak[ing] no position on the merits" (Motion at *1), and that it "has no interest in the outcome of this case on the merits." Motion at *10. Twitter's interests, if any, are also distinct from the sole case it has cited related to the confidentiality of third-party information.

In *Torah Soft Ltd. v. Drosnin*, cited by Twitter, the court permitted a John Doe party to intervene to protect his own confidential information that was not previously disclosed to the public (*i.e.* his name) to avoid likely breach of contract and related claims brought by a plaintiff. No. 00 Civ. 0676 (JCF), 2001 WL 1425381, at *2 (S.D.N.Y. Nov. 14, 2001). Here, the Court's Nov. 5 Order is narrowly tailored requiring Twitter to disclose information in its possession about *Defendants*' true identities, correspondence *it has* with the *Defendants* pertaining to

9

Everytown's notice of infringement[2], the number of times *Defendants*' Infringing Products were accessed or otherwise downloaded to the public; and any complaints *Twitter received* related to *Defendants*' Infringing Products. *See* November 5, 2021 Order [ECF 30]. Such disclosures do not run afoul the Stored Communications Act.

*"[A] record or other information pertaining to a subscriber to a customer of such service . . ."* may be disclosed under the Stored Communications Act "to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6) (emphasis added). The case cited by Twitter for the proposition that service providers are prohibited from producing "account holders' information in response to civil discovery requests" (Motion at *8), *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008), is not analogous to the instant matter as it sought the contents of private YouTube videos, and the data that revealed their contents. *Viacom* also does not contain the proposition advocated by Twitter that "the Stored Communications Act has been interpreted to prohibit service provides from producing the contents of account holders' information in response to civil discovery requests." Motion at *8. As noted, the records or other information pertaining to a subscriber to or customer of such service may be disclosed to any person other than a governmental entity, among other scenarios. 18 U.S.C. § 2702(c)(6).

Unlike in *Viacom*, the Nov. 5 Order does not require similar disclosure of Defendants' communications. It is unclear from Twitter's Motion how disclosing the Defendants' identifying information is not permitted by 18 U.S.C. § 2702(c)(6), and Twitter does not specifically address that provision of the Stored Communications Act within its Motion. Further, as noted, Everytown has not filed a notice of infringement with Twitter pertaining to the Defendants, so

---

[2] Everytown does not contend that Twitter is in possession of this category of information, and believes Twitter has no responsive information or materials to this portion of the Nov. 5 Order.

Twitter should have no responsive materials pertaining to that provision of the Nov. 5 Order that would be violative of the Stored Communications Act. Moreover, complaints Twitter has received concerning the Defendants' conduct are not communications that are being stored on behalf of the Defendants, but instead are complaints made *to Twitter*. Such discovery is not violative of the Stored Communications Act and Twitter does not have any interest required to be protected in this lawsuit as a party.

### iii. Twitter's Interests in this Case Have Been Adequately Protected.

The burden is on Twitter to prove that the existing parties to the action cannot adequately represent its rights in this matter. *Madison Stock Transfer, Inc. v. Netco Invs., Inc.*, No. CV 06-3926, 2007 WL 2902960, at *1 (E.D.N.Y. Sept. 27, 2007) (citing *U.S. Postal Serv.*, 579 F.2d at 191.) "[W]here the proposed intervenor shares the same interest with an existing party, there is a presumption of adequate representation." *Id.* (citing *U.S. Postal Servs.*, 579 F.2d at 191.) As admitted in Twitter's Motion, the Defendants have filed *extensive* briefing in this action to date concerning the Nov. 5 Order, and the discovery sought, including but not limited to, raising issues to the Court pertaining to the applicability of Rule 45 to the expedited discovery sought by Everytown. *See* Defendants' Brief in Further Support of Emergency Letter Motion for Stay of Ex Parte Expedited Discovery Order Or In the Alternative In Support of a Stay Pending Emergency Appeal to the Second Circuit Intended to be Filed Later Today [ECF 35], at *6 (arguing regarding applicability of Rule 45 to November 5, 2021 order); [ECF 45], at *1-2 (adopting Twitter's arguments in full); Civ. No. 21-2806, Dkt. 3 Petition for Writ of Mandamus, at *17-18 (explicitly raising argument concerning Fed. R. Civ. P. 45 with the Second Circuit in context of November 5, 2021 Order).

Further, the Defendants also briefed the same issues now raised by Twitter concerning the Stored Communications Act in support of its Petition for Writ of Mandamus. *See supra* Relevant Facts. Although the Second Circuit did not grant Defendants' Petition for Writ of Mandamus or motion to stay the Nov. 5 Order, Defendants had advanced the same arguments Twitter now makes concerning the applicability of Rule 45 subpoenas and the Stored Communications Act. *See* Civ. No. 21-2806, Order Denying Petition for Writ of Mandamus [ECF 44]. Accordingly, to the extent Twitter has any interests in the outcome of this case, its position has been adequately litigated and protected by the Defendants.

### c. Twitter Does Not Have a Claim or Defense That Shares with the Main Action A Common Question of Law or Fact and is Not a Permissive Intervenor.

Under Federal Rule of Civil Procedure 24(b): "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Whether to grant permissive intervention is also within the discretion of the Court.[3] *New York Reg'l Interconnect Inc. v. Pataki*, No. 07-CV-122 (TJM/DRH), 2007 WL 1490823, at *5 (N.D.N.Y. May 15, 2007) (citing *Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)). Courts within the Second Circuit have found that "'[s]ubstantially the same factors [analyzed under Fed. R. Civ. P. 24(a)(2)] are considered in determining whether to grant an application for permissive intervention pursuant to Fed. R. Civ. P. 24(b)(2).'" *Bano v. Union Carbide Corp.*, No. 99 Civ. 11329 (JFK) (HBP), 2005 WL 6800401, at *13 (S.D.N.Y. Aug. 12, 2005) (quoting

---

[3] The Second Circuit has noted that it is "particularly deferential" concerning whether a district court choses to grant permissive intervention noting that "a denial of permissive intervention has virtually never been reversed." *Lopez Torress v. New York State Bd. Of Elecs.*, 300 Fed. App'x 106, 106 (2d Cir. 2008) (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 990 n. 19 (2d Cir. 1984)).

*In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300, n. 5 (2d Cir. 2003)). Additionally, determining whether to grant permissive intervention, courts also consider, "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties and whether the parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *New York Reg'l.*, 2007 WL 1490823, at *5 (citing *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med.*, 797 F.2d 85, 89 (2d Cir. 1986)).

Twitter's Motion is untimely given the unique circumstances of this case and the briefing that has already occurred on the same issues within the Second Circuit, and this Court, and Twitter does not have a substantial interest in the outcome of the litigation. Further, Twitter's request for permissive intervention should be denied as it would not significantly contribute to the issues or law at the heart of this action – *i.e.* whether the Defendants are liable for Lanham Act and New York state law violations.

Where a proposed intervenor seeks to insert "collateral issues into an existing action", intervention is improper. *Lopez*, 300 Fed. App'x at 106 (citing *Washington Elec. Co-op v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). To the extent the Court does not view the discussion concerning Rule 45 or the Stored Communications Act, as collateral issues, "the existing defendants are sufficiently able and motivated to litigate the issues sought to be argued by [Twitter]." *New York Reg'l.*, 2007 WL 1490823, at *6 (denying permissive motion to intervene where proposed interveners sought to advance same arguments as existing defendants). Where a defendant already is sufficiently able, and motivated to litigate the same issues raised by a proposed intervenor, courts have found adding an intervenor would not "advance the development and considerations of [those] issues" and have denied motions to permissively

13

intervene. *Id.* (denying permissive motion to intervene where proposed interveners sought to advance same arguments as existing defendants).

**III. Conclusion.**

As Twitter has no interest in the outcome of the merits of this litigation and is a disinterested third party, has failed to comply with the pleading requirement of Rule 24(c), has failed to satisfy any of the four required factors necessary for intervention as a matter of right, and has failed to demonstrate any valid reason for permissive intervention, the Court should deny Twitter's Motion in its entirety.

Respectfully submitted,

Dated: December 2, 2021

VENABLE LLP

/s/Marcella Ballard
Marcella Ballard
Maria Sinatra
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel: 212-370-6289
Fax: 212-307-5598
mballard@venable.com
mrsinatra@venable.com

Meaghan H. Kent*
600 Massachusetts Avenue NW
Washington, DC 20001
Phone: 202.344.4000
Fax: 202.344.8300
MHKent@Venable.com
*Admitted Pro Hac Vice

*Counsel for Plaintiff Everytown For Gun Safety Action Fund, Inc.*

## **CERTIFICATE OF SERVICE**

On December 2, 2021, I cause a true and correct copy of the foregoing to be served on the following counsel of record via the Court's ECF system:

Daniel Louis Schmutter
Hartman & Winnicki, P.C
74 Passaic Street
Ridgewood, NJ 07450
dschmutter@hartmanwinnicki.com

David William Shapiro
The Norton Law Firm
299 Third Street
Suite 200
Oakland, CA 94607
dshapiro@nortonlaw.com

/s/Marcella Ballard