**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | : | |
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | Civil Action No. 1:21-cv-8704 |
| | : | |
| Plaintiff, | : | |
| | : | **PLAINTIFF'S OPPOSITION** |
| v. | : | **TO MOTION FOR** |
| | : | **MISCELLANEOUS RELIEF** |
| DEFCAD, INC.; ODYSEE USER | : | **OR IN THE ALTERNATIVE** |
| XYEEZYSZN; DEFCAD USER | : | **FOR RELIEF UNDER** |
| XYEEZYSZN; ODYSEE USER | : | **F.R.C.P. 60** |
| THEGATALOG-PRINTABLEMAGAZINES; | : | |
| THE GATALOG; DEFCAD USER | | |
| FREEMAN1337; TWITTER USER | | |
| XYEEZYSZN; PHILLIP ROYSTER. | | |
| Defendants. | | |

# Table of Contents

INTRODUCTION ................................................................................................................1

I.      FACTUAL BACKGROUND ...............................................................................1

        a.  Procedural History .................................................................................1

        b.  Defendants' Deletion of Relevant Tweets and Twitter Account ............................4

ARGUMENT ....................................................................................................................6

I.      The Court Had Authority to Issue Limited Expedited Discovery .........................6

II.     The Court's Order Complies with Due Process and is Grounded in Fed. R. Civ. P. 26 ...................................................................................................................7

III.    Expedited Discovery of the Identities of Defendants Does Not Violate the First Amendment ................................................................................................8

IV.    Twitter Does Not Have Standing to Seek Modification of the Nov. 5 Order Based on the First Amendment Rights of Others .............................................10

V.     Compliance with The Nov. 5 Order Does Not Violate the Stored Communications Act ................................................................................10

        a.  The Information Sought by the Nov. 5 Order Does Not Run Afoul to the SCA Because it is Non-Content Data ...............................................................10

        b.  The Defendants' Public Communications Are Not Protected by The Stored Communications Act .........................................................................12

VI.    Any Burden on Twitter Related to Producing Expedited Discovery Is Outweighed by The Necessity for Comprehensive Discovery in This Action that Cannot Be Obtained from Other Sources ...........................................14

CONCLUSION .................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*Airbnb, Inc. v. City of New York*, 373 F.Supp.3d 467 (S.D.N.Y. 2019) ...................................... 13

*Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) ...................................................... 2, 9

*Ayyash v. Bank Al-Madina*, 233 F.R.D. 325 (S.D.N.Y. 2005) ...................................................... 8

*Brainstorm CC, LLC v. Doe 1*,
No. 4:20-cv-554, 2020 WL 8267578 (E.D. Tex. July 21, 2020) ................................................... 8

*Broadway Pine Brands LLC v. Shiro House*,
No. 2:21-cv-406, 2021 WL 5293528 (W.D. Pa. Mar. 30, 2021) ................................................... 8

*Ceglia v. Zuckerberg*, 600 Fed. App'x 34 (2d Cir. 2015) ........................................................... 7

*Cengage Learning, Inc. v. Doe 1*,
No. 18-cv-403 (RJS), 2018 WL 2244461 (S.D.N.Y. Jan. 17, 2018) .......................................... 8, 14

*Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) ............................................... 7

*Freedman v. American Online, Inc.*, 412 F.Supp.2d 174 (D. Conn. 2005) ................................... 11

*Institutional Cap. Network, Inc. v. Does # 1-10*,
No. 1:21-cv-02289, 2021 WL 1164213 (S.D.N.Y. Mar. 26, 2021)................................................ 8

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) .................................................................... 6, 10

*Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165 (S.D.N.Y. 2012)............................. 7

*Optiver Australia Pty. Ltd & Anor. v. Tibra Trading Pty. Ltd & Ors*,
No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ................................. 11

*Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*,
No. 6:18-CV-1030 (DNH/DEP), 2018 WL 6074693 (N.D.N.Y. Nov. 21, 2018) ........................ 6

*Rousset v. AT&T Inc.*,
A-14-CV-0843-LY-ML, 2015 WL 9473821 (W.D. Tex. Dec. 28, 2015) .................................... 13

*Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ................................. 9

*Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14 (E.D.N.Y. 2019) ................................................. 6

*Viacom Int'l, Inc. v. Youtube, Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) ......................................... 12

**Statutes and Rules**

18 U.S.C. §§ 2701-2713 ......................................................................................... 3

18 U.S.C. § 2702 ..................................................................................................... 3

18 U.S.C. § 2510 ................................................................................................... 11

Fed. R. Civ. P. 26 .................................................................................................... 7

**Miscellaneous**

@gunpolicy, Twitter (Nov. 5, 2021, 5:11PM),
  https://twitter.com/gunpolicy/status/1456731013183275013 .................................. 5

@gunpolicy, Twitter (Oct. 22, 2021, 11:52PM),
  https://twitter.com/gunpolicy/status/1451758359649013762 .................................. 5

H.R. Rep. No. 99-647 (1986) .................................................................................. 6

*Privacy Policy*, Twitter.com, https://twitter.com/en/privacy (last visited Dec. 2, 2021). ............ 13

iv

## INTRODUCTION

Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") submits this Opposition to the Motion for Miscellaneous Relief or In The Alternative for Relief Under F.R.C.P. 60 [ECF 44] ("Motion") filed by third-party Twitter, Inc. ("Twitter") because (1) the Court had authority to issue limited expedited discovery; (2) the Court's order complies with due process and is grounded in Fed. R. Civ. P. 26; (3) expedited discovery of the identities of Defendants does not violate the First Amendment; (4) Twitter does not have standing to seek modification of the Nov. 5 Order based on the First Amendment rights of others; (5) compliance with the Nov. 5 Order does not violate the Stored Communications Act; and (6) any burden on Twitter is outweighed by the necessity for comprehensive discovery in this action that cannot be obtained from other sources.

## I.   FACTUAL BACKGROUND

### a.   Procedural History.

On October 22, 2021, Everytown initiated the instant action asserting claims for trademark infringement, false designation of origin, unfair competition, and New York State trademark dilution against various designers and distributors of downloadable files for the 3-D printing of firearm parts and accessories bearing Everytown's identical trademarks. ECF 1. Simultaneously, Everytown applied for an order granting limited expedited discovery, alternative service, and an order to show cause why a preliminary injunction should not be issued against the Defendants. ("Application") ECF Nos. 1-18. Everytown's Application was supported by four sworn declarations and various exhibits *inter alia* justifying the need for expedited discovery as a result of the Defendants' anonymous Internet operations. ECF Nos. 13-18.

On November 5, 2021, the Court granted Everytown's Application. ECF 30. In relevant part, the Nov. 5 Order ordered expedited discovery on Twitter as to (1) the "true identities and addresses of the Defendants" as well as other personal identifying information; (2) correspondence with the Defendants' seller accounts pertaining to Everytown's "notice of infringement"; (3) "the number of times Defendants' Infringing Products were accessed or otherwise downloaded by the public"; and (4) "complaints received related to Defendants' Infringing Products." Nov. 5 Order, at 4. The third parties, including Twitter, were ordered to serve the required discovery on Everytown's counsel within seven days of being served with or receiving actual notice of the Nov 5. Order. *Id.*

Everytown served the Nov. 5 Order on Twitter via alternative service. *See* ECF 33 ¶ 8. The Defendants in this action then filed multiple letters with the Court seeking a stay of the Nov. 5 Order, among other things, objecting to the Nov. 5 Order based on it seeking discovery from third parties without a Rule 45 subpoena. ECF Nos. 31-32, 35. On November 9, 2021, the Court denied Defendants' letter motions citing Federal Rule of Civil Procedure 26, and the Second Circuit precedent in *Arista Records* finding "Everytown has alleged a *prima facie* case of trademark infringement, and Plaintiff cannot effectively litigate its claims without obtaining the identities of the infringing parties." ECF 38 ("Nov. 9 Order"), at *4. The Court further recognized that the relief granted in the Nov. 5 Order is "routinely granted where a party seeks injunctive relief in a trademark infringement case against unidentified parties." ECF 38, at *2. The Court explicitly addressed the Defendants' First Amendment arguments and concluded "anonymity is not protected to the extent that it is used to mask the infringement of intellectual property rights, including trademark rights." ECF 38, at *4.

On November 10, 2021, Defendants then filed a petition for a writ of mandamus to the United States Court of Appeals for the Second Circuit. 21-2806, Dkt. 1-2. The same day, Defendants also filed an emergency motion to stay the Nov. 5 Order with the Second Circuit (*Id.* at Dkt. 5) and Everytown submitted an opposition that same day. *Id.* at Dkt. 13. The Second Circuit granted an administrative stay of the Nov. 5 Order and referred Defendants' petition for a writ of mandamus and motion to stay to a three-judge expedited motions panel. *Id.* at Dkt. 18.

On November 12, 2021, Everytown's counsel served the administrative stay order on Twitter via alternative service. That same day, Twitter's counsel[1] responded to Everytown and acknowledged the administrative stay of that order pending resolution of Defendants' petition. Twitter's November 12, 2021 letter advanced largely the same arguments that Twitter now raises in this Motion and in its motion to intervene.

Despite being aware of the Nov. 5 Order, and its position with compliance regarding the same on November 12, 2021, Twitter did not file a motion to intervene or modify the order with the Court at that time. On November 17, 2021, a third party to the action, the Electronic Frontier Foundation, then moved the Second Circuit for leave to file an *amicus curiae* brief in the matter (21-2806, Dkt. 28), which the court granted. 21-2806, Dkt. 37. Twitter did not similarly seek leave from the Second Circuit to act as an *amicus curiae* brief. On November 17, 2021, the Defendants filed supplementary papers to their petition for a writ of mandamus. 21-2806, Dkt. 33. The supplementary filing specifically advocated that the Nov. 5 Order "violated the Stored Communications Act, 18 U.S.C. §§ 2701-2713." 21-2806, Dkt. 33, at *1.

---

[1] The counsel for Twitter in its November 12, 2021 correspondence to Everytown was counsel from the firm Perkins Coie, not Twitter's instant counsel of record.

Despite the Defendants' petition and extensive briefing on the issues, including issues implicated under Rule 45, and the Stored Communications Act, as well as an *amicus curiae* brief being submitted, the Second Circuit denied Defendants' petition for mandamus concerning the Nov. 5 Order and motion for a stay of the same. 21-2806, Dkt. 23.

On November 25, 2021, Twitter then filed the instant Motion, seeking modification of the Court's Nov. 5 Order for the first time along with a motion to intervene in the case. ECF Nos. 43-44. The main arguments advanced by Twitter in this Motion and its motion to intervene are the applicability of Rule 45, the application of the Stored Communications Act ("SCA"), and the Defendants' First Amendment rights, all of which were previously raised by Defendants with this Court and the Second Circuit.

**b.  Defendants' Deletion of Relevant Tweets and Twitter Account.**

At least some of the Defendants – namely, Twitter User xYeezySZN and Defendant Defcad User Freeman1337 (through associated Twitter Account Freeman13372) – received notice of Everytown's complaint and this action on October 22, 2021, the same day it was filed. A screenshot from a twitter account "Bad Fed Plots" tweeting at some of the Defendants twitter accounts is below.



In connection with their Twitter accounts, the Defendants then posted various publicly available tweets indicating that they were aware of the lawsuit, and that they were named as defendants. Screenshots of examples of such tweets taken on October 22, 2021 are depicted below.



On October 22, 2021 the Firearms Policy Coalition—the same organization that is funding Defendants' lawsuit[2]— then encouraged Twitter users on a Twitter thread discussing this action to move the communications to alternate forums. @gunpolicy, Twitter (Oct. 22, 2021, 11:52PM), https://twitter.com/gunpolicy/status/1451758359649013762. Shortly thereafter, Defendant Twitter User xYeezySZN deleted its two tweets from October 22, 2021 depicted above—after it was aware of this pending action. Screenshots of Defendant Twitter User xYeezySZN's page depicting the time-period where these tweets would appear if they were not deleted are provided within **Exhibit A** attached hereto. After learning about this pending action and posting multiple tweets, Twitter User Freeman13372 deactivated its Twitter account in its

---

[2] *See* @gunpolicy, Twitter (Nov. 5, 2021, 5:11PM),
https://twitter.com/gunpolicy/status/1456731013183275013.

entirety. A screenshot of Defendant's deactivated Twitter account taken on November 11, 2021 is provided below:



Twitter User Freeman13372's account has since been reactivated, but the extent of spoilation that may have occurred in the interim is unknown.

## ARGUMENT

Twitter's Motion for modification of the Nov. 5 Order should be denied as the arguments Twitter presents have already been heard by this Court and the Second Circuit. Further, the information sought by the Nov. 5 Order does not violate the SCA and Defendants do not have a First Amendment right to remain anonymous when they are actively infringing Everytown's trademarks, and the Court has already concluded the Everytown has made a *prima facie* case of trademark infringement.

### I.      The Court Had Authority to Issue Limited Expedited Discovery.

Twitter does not dispute that the Court had discretion to grant Plaintiff's request for expedited discovery in its Nov. 5 Order. *See* Fed. R. Civ. P. 26(d). "The decision to grant or deny expedited discovery, like other aspects of discovery management, is committed to the court's discretion." *Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 16 (E.D.N.Y. 2019); *Oriska Ins. Co.*

*v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, No. 6:18-CV-1030 (DNH/DEP), 2018 WL 6074693, at *23 (N.D.N.Y. Nov. 21, 2018) ("The decision of whether to permit expedited discovery is entrusted to the court's sound discretion."); *see also Ceglia v. Zuckerberg*, 600 Fed. App'x 34, 37 n.4 (2d Cir. 2015) (ruling granting expedited discovery well within the court's discretion).

Further, Twitter makes no argument that the Court abused its discretion or that its decision rested on an error of law or on a clearly erroneous factual finding. The exercise of the Court's discretion is informed by whether the moving party has demonstrated both good cause and reasonableness, which Everytown undoubtedly showed. *See Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (noting that courts "use a 'flexible standard of reasonableness and good cause' when considering whether to grant" expedited discovery) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).

Instead, in its Motion, Twitter merely makes a redundant request of the Court to reconsider its decision to grant Plaintiff's request for expedited discovery in its Nov. 5 Order—a request the Court and the Second Circuit have already heard and denied.

## II.     The Court's Order Complies with Due Process and is Grounded in Fed. R. Civ. P. 26.

The Court was well within its discretion to grant Everytown's request for expedited discovery from a third party in conjunction with Rule 26. Under Rule 26(d), a party to a civil action can seek discovery "from ***any source*** before the parties have conferred as required by Rule 26(f) . . . by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). As previously briefed by Everytown, and articulated in the Court's Nov. 9 Order, whether to grant a motion for expedited discovery is evaluated by "a 'flexible standard of reasonableness and good cause' when considering whether to grant such an order." Nov. 9 Order (collecting cases). When

ordered in similar contexts, courts have applied the flexible standards of Rule 26(d) to third party discovery without mentioning application of Rule 45. *See, e.g.*, *Cengage Learning, Inc. v. Doe 1*, No. 18-cv-403 (RJS), 2018 WL 2244461, at *6 (S.D.N.Y. Jan. 17, 2018) (granting expedited third-party discovery under Rule 26(f) in Lanham Act case where Defendants' true identifying information was unknown and directing third parties to provide disclosure of various information); *Institutional Cap. Network, Inc. v. Does # 1-10*, No. 1:21-cv-02289, 2021 WL 1164213, at *3 (S.D.N.Y. Mar. 26, 2021) (ordering limited expedited discovery to obtain names, physical addresses, email addresses, and Internet Protocol addresses associated with the Defendants, and information pertaining to websites or domain names associated with the Defendants in Lanham Act case); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (ordering expedited third party discovery citing Rule 26(d)); *Brainstorm CC, LLC v. Doe 1*, No. 4:20-cv-554, 2020 WL 8267578, at *7 (E.D. Tex. July 21, 2020) (ordering expedited third-party disclosures of identifying information related to the identity of the Defendants in Lanham Act case via service of court order); *Broadway Pine Brands LLC v. Shiro House*, No. 2:21-cv-406, 2021 WL 5293528, at *7 (W.D. Pa. Mar. 30, 2021) (ordering expedited discovery from third parties in Lanham Act case citing Rule 26 with notice of order, not Rule 45 subpoena).

Here, the expedited discovery sought from third parties, such as Twitter, in this case is proper given the limited nature of the discovery and the pressing need by which to obtain Defendants' true identifying information in this case to serve the Defendants with process, and in order to enforce a potential injunction.

### III. Expedited Discovery of the Identities of Defendants Does Not Violate the First Amendment.

Twitter asks that the Nov. 5 Order be modified to require Everytown to make a showing

that "unmasking the Defendants is permissible under the first amendment." (Motion at 12).
However, Everytown has already made such a showing and this Court ruled in Everytown's
favor. Dkt. No. 38 ("Nov. 9 Order"). On November 9, 2021, this Court explicitly issued an order
addressing arguments concerning this exact same issue – namely, whether disclosure of
Defendants' true identities was permissible under the First Amendment. Twitter's Motion points
the Court to the *Arista Records* factors. Motion at *12. Again, the *Arista Records* factors were
already considered and ruled on by the Court in its Nov. 9 Order weighing in Everytown's
favor.[3] *First*, the Court explicitly found that Everytown had alleged a *prime facie* case of
trademark infringement. *See* Dkt. No. 38 at 4. This finding was supported by the four sworn
declarations and exhibits submitted by Everytown in support of its Application for an Order to
Show Cause. *See* Declaration of Marcella Ballard, (Dkt. No. 15), ¶¶ 4-10; Declaration of Erin
Galloway, (Dkt. No. 17), ¶¶ 4-62; Declaration of Matthew McTighe, (Dkt. No. 18), ¶¶ 4-40.
*Second*, the district court noted the narrow scope of the Nov. 9 Order and recognized that there
was no alternative means to obtain the requested information. Dkt. No. 38 at 2. As the Court
noted, the information is needed in order for Everytown to advance its claims. Dkt No. 38, at 4.
*Third*, in the Nov. 9 Order, this Court weighed any First Amendment rights of the Defendants to
speak anonymously against the fact that a party cannot use the "First Amendment to encroach
upon the intellectual property rights of others" in infringement cases. *See Id.* at 3-4 (citing *Sony
Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004); *Arista Records*, 604 F.3d
at 118).

---

[3] Notably, Everytown previously pointed out that the Court already evaluated these factors in its
November 10, 2021 Letter Brief to the Second Circuit, however, Everytown will repeat those
facts here. (21-2806, Dkt. 13).

Accordingly, there is no reason the Nov. 5 Order should be modified to require Everytown to make a showing that learning the Defendants' identities is permissible under the First Amendment as this Court has already weighed the applicable *Arista* factors and found them to weigh in Everytown's favor and the Second Circuit denied the Defendants' writ of mandamus seeking review of this Court's determination regarding those factors.

IV.   **Twitter Does Not Have Standing to Seek Modification of the Nov. 5 Order Based on the First Amendment Rights of Others.**

Twitter's request that the Nov. 5 Order be modified to require Everytown to make a showing that "unmasking the Defendants is permissible under the first amendment" (Motion at 12) is further improper because Twitter does not have standing to assert the First Amendment rights of the Defendants. As noted by the Court, "[i]n order to demonstrate standing, a party must assert a particularized injury to its rights, not an injury to someone else's rights." Nov. 9 Order (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). Here, the *only* interest that Twitter even attempts to articulate in the Motion is that it "has an interest in ensuring that any such discovery meet the requirements that courts have established for obtaining discovery to unmask anonymous speakers." Motion at *12. Such interest is not sufficient to confer standing on Twitter concerning this issue or the First Amendment rights of the Defendants.

V.   **Compliance with The Nov. 5 Order Does Not Violate the Stored Communications Act.**

Twitter's Motion should be denied to the extent it contends the expedited discovery ordered in the Nov. 5 Order violates the Secured Communications Act ("SCA") § 2702. The discovery ordered is disclosable information under the SCA, and any communications referenced by Twitter are publicly available and consented to by the Defendants.

10

a.  **The Information Sought by the Nov. 5 Order Does Not Run Afoul to the SCA Because it is Non-Content Data.**

Compliance with the Nov. 5 Order would not subject Twitter to liability under the SCA because the information sought does not fall within the purview of the SCA as it is non-content data. The SCA only protects the disclosure of the "contents" of communications. According to the Electronic Communications Privacy Act ("ECPA")[4] content information means the "substance, purport, or meaning of" any "wire, oral, or electronic communication." 18 U.S.C. § 2510. The SCA does not prevent the disclosure or discovery of non-content information. *Freedman v. American Online, Inc.*, 412 F. Supp.2d 174, 181 (D. Conn. 2005) (recognizing that non-content information such as a subscriber's screen name and corresponding identity is not protected by the SCA).

Twitter cites an inapposite unreported Northern District of California case, *Optiver Australia*, to support its assertion that the number of times a communication was accessed or otherwise downloaded is considered content information because "produced non-content [information] based on a search for associated content is prohibited by the SCA." ECF 44 at *11. This reading overstates the parameters of the *Optiver Australia* decision. In that case, the plaintiff specifically requested communications containing the terms "PGP" or "Optiver." *Optiver Australia Pty Ltd & Anor. V. Tibra Trading Pty. Ltd & Ors*, No. C 12-80242 EJD (PSG), 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013). The court found the request violated the SCA because the proposed search "would…reveal that the emails identified contain the terms 'PGP' and 'Optiver,' which are words, contained in the body of the communications" and as a result are the contents of communications. *Id.* The circumstances in *Optiver Australia* are conspicuously

---

[4] The Stored Communications Act is part of the Electronic Communications Privacy Act.

absent here.

The expedited discovery sought under the Nov. 5 Order is not seeking disclosure of content information. The Nov. 5 Order does not require Twitter to produce the content of communications between Defendants and other parties. The Nov. 5 Order does not require Twitter to conduct searches within specific communications for content information. Instead, the Nov. 5 Order seeks the disclosure of non-content identifying information and is not protected by the SCA. This includes the Defendants' identities, physical addresses, electronic mailing addresses, identification of accounts owned and operated by the Defendants, complaints Twitter has received regarding the Defendants' infringement, and tweets publicly posted by Defendants relating to their infringement. *Viacom Int'l, Inc. v. Youtube, Inc.*, 253 F.R.D. 256, 266 (S.D.N.Y. 2008) (discussing how "the ECPA [SCA] does not bar disclosure of non-content data about private videos (e.g., the number of times each video has been viewed on Youtube.com or made accessible on a third-party website through an embedded link to the video" and allowing discovery of specified non-content data).

**b. The Defendants' Public Communications Are Not Protected by The Stored Communications Act.**

The Defendants' public tweets and postings on Twitter are not protected by the SCA because the Defendants have consented to their disclosure. "A provider…may divulge the contents of a communication…with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing services." 18 U.S.C. § 2702(b)(3). A user's consent can be either express or implied. Here, the Defendants provided their consent for disclosure under the SCA by posting their tweets publicly and by consenting to Twitter's Terms of Service through use of their Twitter accounts.

Publicly posted communications do not, and were never intended to, fall within the

purview of the SCA. During the enactment of the SCA, the House of Representatives explicitly

acknowledged that "a subscriber who places a communication on a computer 'electronic bulletin

board,' with a reasonable basis for knowing that such communications are freely made available

to the public, should be considered to have given consent to the disclosure or use of the

communication." H.R.Rep. No. 99-647, at 66 (1986). A Twitter user cannot communicate with

other Twitter users publicly on a page that is available to Internet users worldwide and later

claim protection under the SCA. Such an application of the SCA would run contrary to the

express purpose of the SCA.

Further, Defendants have consented to the disclosure of all of their communications by

accepting Twitter's Terms of Service. Twitter's Terms of Service explicitly states, "we may

preserve, use, share, or disclose your personal data or other safety data if we believe that it is

reasonably necessary to comply with a law, regulation, legal process, or governmental request;

…." *Privacy Policy*, Twitter.com, https://twitter.com/en/privacy (last visited Dec. 2, 2021). A

comprehensive privacy policy that apprises users that their personal information may be

disclosed to third parties is sufficient notice to users of social media platforms. This Court has

previously recognized that an explicit privacy policy regarding the collection and use of personal

information establishes implied consent to disclosure of such information. *Airbnb, Inc. v. City of

New York*, 373 F.Supp.3d 467, 497 (S.D.N.Y. 2019) (finding the plaintiff failed to establish they

were likely to prevail on their claim that the ordinance facially violated the SCA because "the

clear languages of these privacy policies, plaintiffs' terms of service appear themselves to

establish consent to the possibility that information will be disclosed to governmental entities")

(citing *Rousset v. AT&T Inc.*, A-14-CV-0843-LY-ML, 2015 WL 9473821, at *8 (W.D.Tex. Dec.

28, 2015) (holding that plaintiff adopted Yahoo's terms of service and so consented to the

monitoring of his communications and waived any privacy protections under the ECPA."). By using Twitter's platform, the Defendants have impliedly consented to the disclosure of their personal information and communications in compliance with Twitter's Terms of Service and Privacy Policy. Accordingly, to the extent the Nov. 5 Order could be interpreted to require disclosure of Defendants' public communications, disclosure of such communications have expressly or impliedly been consented to by the Defendants.

**VI.    Any Burden on Twitter Related to Producing Expedited Discovery Is Outweighed by The Necessity for Comprehensive Discovery in This Action that Cannot Be Obtained from Other Sources.**

The information sought under the Nov. 5 Order is necessary for Everytown to litigate its claims and is not available from any other source. Most glaringly, without the identities of the anonymous Defendants and information regarding their infringing operations, Everytown will not be able to successfully monitor their compliance with any court order. *See* Nov. 9 Order ("[S]uch relief is routinely granted where a party seeks injunctive relief in a trademark infringement case against unidentified parties." Citing *Cengage Learning*, 2018 WL 2244461 at *4 (S.D.N.Y. Jan. 17, 2018). It is highly unlikely that the information sought under the Nov. 5 Order could be otherwise obtained from the Defendants, who have gone to great lengths to oppose the Nov. 5 Order and despite this Court's and the Second Circuit's rulings on the issue, continue to litigate issues that have already been decided. *See* ECF 45 (letter from Defendants' counsel reiterating arguments about the Nov. 5 Order and the SCA). Indeed, Defendant Defcad, Inc. was served with the Nov. 5 Order on November 5, 2021, and as of December 2, 2021 has failed to comply with its discovery obligations under the Nov. 5 Order.

Valuable documents and information will likely be lost without third-party discovery provided by Twitter, and the minimal burden on Twitter is substantially outweighed by the need

for accurate and complete discovery. Everytown has reason to believe Defendants have already committed spoilation by deleting public tweets about this lawsuit after learning about the action. As detailed, at least two of the Defendants were apprised of this lawsuit on October 22, 2021 – the day the action was commenced – by another Twitter user. The Defendants then both posted tweets indicating they were aware of the lawsuit, but two of the tweets posted on October 22, 2021 are no longer available or have since been deleted by the Defendant Twitter user xYeezySZN. Although Twitter User Freeman13372's account has since been reactivated, the extent of the spoilation that may have occurred in the interim is unknown. Without third-party discovery from Twitter there is no way of knowing the extent of spoilation that the Defendants have committed. These are just the few instances that Everytown's counsel was able to capture in real time by happenstance. Further, Everytown is under the impression that the Defendants are not able to retrieve and produce tweets once they have been deleted. Accordingly, once deleted, Everytown understands that previously publicly available information is only stored on Twitter's servers.

In sum, the third-party expedited discovery sought from Twitter is **essential** to ensure that Everytown is able to properly litigate its claims because the identities of the Defendants are necessary for Everytown to litigate its claims and at least some of the information, like the tweets that Everytown has identified as being deleted, cannot be acquired from any other source.

## CONCLUSION

The Court had authority to issue expedited discovery under Rule 26; courts routinely order expedited disclosures via court order on third parties in analogous Lanham Act cases; the scope of the limited expedited discovery sought does not run afoul the SCA; and the other arguments raised by Twitter have already been adjudicated in this case by the Court and Second Circuit. As such, Everytown the Court should deny Twitter's Motion in its entirety.

Dated: December 2, 2021                 VENABLE LLP

                                        /s/Marcella Ballard_____

                                        Marcella Ballard
                                        Maria Sinatra
                                        1270 Avenue of the Americas, 24th Floor
                                        New York, NY 10020
                                        Tel.: 212-307-5500
                                        Fax: 212-307-5598
                                        mballard@venable.com
                                        mrsinatra@venable.com

                                        Meaghan H. Kent (*pro hac vice*)
                                        Alicia M. Sharon (*pro hac vice*)
                                        600 Massachusetts Avenue NW
                                        Washington, DC 20001
                                        mhkent@venable.com
                                        asharon@venable.com


                                        *Counsel for Plaintiff Everytown for Gun
                                        Safety Action Fund, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

On December 2, 2021, I caused a true and correct copy of the foregoing to be served on

the following counsel of record via the Court's ECF system:

Daniel Louis Schmutter
Hartman & Winnicki, P.C
74 Passaic Street
Ridgewood, NJ 07450
dschmutter@hartmanwinnicki.com

David William Shapiro
The Norton Law Firm
299 Third Street
Suite 200
Oakland, CA 94607
dshapiro@nortonlaw.com

/s/Marcella Ballard_____

17