# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br><br> Defendants. | Civil Action No: 1:21-cv-8704 <br><br><br> **TWITTER, INC.'S REPLY IN SUPPORT OF MOTION TO INTERVENE** |

Twitter, Inc. submits this Reply in support of its Motion to Intervene.  (Doc. 43).  Twitter moved to intervene in this lawsuit to resolve Twitter's conflicting obligations to this Court and to its account holders.  Everytown opposes Twitter's motion, but it does not grapple with scores of cases granting intervention to third parties served with discovery orders they had no opportunity to contest.  And Everytown entirely fails to address Twitter's Due Process arguments.  Because Twitter meets the requirements of Federal Rules of Civil Procedure 24(a) and 24(b), this Court should grant Twitter's motion to intervene.

I. **Intervention to Object to Discovery Orders Is Regularly Granted.**

Everytown believes that, because Twitter is a disinterested third party that "does not intend to litigate the underlying causes of action asserted in Everytown's Complaint," Twitter's motion to intervene must be denied.  Opp. at 5.  But Everytown's position ignores court decisions allowing the intervention of third parties to object to discovery orders.

Courts have consistently recognized that intervention under Federal Rule of Civil Procedure 24 is not solely meant for entering a case wholesale, as a party.  The Supreme Court, for example, has stated that intervention may be "subject to conditions," *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987), and Justice Brennan's concurrence clarified that "restrictions on participation may also be placed on an intervenor of right and on an original party."  *Id.* at 383 (Brennan, J., concurring); *cf. Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 13 (D.D.C. 2010) ("The district court's discretion to impose reasonable restrictions on participation is consonant with its inherent power to manage the litigation before it."). Consistent with this proclamation, district courts in this Circuit have allowed intervention for the limited purpose of objecting to discovery or discovery orders.  *See Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, No. 10 CIV. 05256 KMW DF, 2012 WL 6053937, at *1 (S.D.N.Y. Nov. 29, 2012) (granting nonparty intervention for the "limited

purpose of objecting to certain of this Court's discovery Orders"); *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 89 (D. Conn. 2014) (granting nonparty intervention "for the limited purpose of objecting to Allco's discovery request and seeking to obtain a modification of the operative protective order"); *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 17 (E.D.N.Y. 1996) (granting nonparty intervention as of right or, alternatively, permissive intervention "the limited purpose of objecting to" an order "regarding the discovery of certain documents"); *see also Blum v. Schlegel*, 150 F.R.D. 38, 38 (W.D.N.Y. 1993) (permitting nonparty intervention for the limited purpose of protecting confidential documents potentially produced in discovery).

District courts outside the Second Circuit have done the same. *See Driftless Area Land Conservancy v. Pub. Serv. Comm'n of Wisconsin*, No. 19-CV-1007-WMC, 2020 WL 7186150, at *1, 3 (W.D. Wis. Dec. 7, 2020) (granting nonparty intervention for "the limited purpose of protecting [the nonparties'] respective interests during discovery"); *In re Pinchuk*, No. 13-MC-22857, 2014 WL 12600728, at *2 (S.D. Fla. Jan. 27, 2014) (granting nonparty intervention "for the limited purposes of protecting and asserting proper personal privilege or confidentiality objections to the requested discovery").

Against the overwhelming weight of precedent, Everytown instead relies on two inapt cases: one in which nonparty intervention to object to the substitution of a plaintiff was denied, Opp. at 5 (citing *Esther Sadowsky Testamentary Tr. Derivatively ex rel. Home Loan Mortg. Corp. v. Syron*, No. 08-CV-5221BSJ, 2009 WL 1285982, at *1 (S.D.N.Y. May 6, 2009)), and another in which nonparty intervention to stay multiple federal cases was denied, Opp. at 5 (citing *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988)). But Twitter is not seeking to intervene to object to the substitution of a plaintiff or to stay this case. Instead,

2

Twitter moves to intervene only to request that this Court modify its November 5 discovery order.  This is plainly permissible.  *See Thai-Lao Lignite*, 2012 WL 6053937, at *1.

### II.     Federal Rule of Civil Procedure 24(c) Is Not Grounds To Deny Intervention Here.

Everytown's arguments about Federal Rule of Civil Procedure 24(c) also fail.  While Rule 24(c) – which requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought," Fed. R. Civ. P. 24(c) – appears rigid on its face, courts in this District have held the Rule "permits a degree of flexibility with technical requirements," *Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002).  Indeed, where "the position of the movant is apparent from other filings and where the opposing party will not be prejudiced," a proposed pleading is not required.  *Id.* (citing *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991); *see also N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, No. CV 12-1633 JMA AKT, 2015 WL 777248, at *17 (E.D.N.Y. Feb. 13, 2015), *report and recommendation adopted*, 2015 WL 1345814 (E.D.N.Y. Mar. 25, 2015).

Here, Twitter filed a detailed motion for miscellaneous relief alongside its motion to intervene.  (Docs. 43, 44).  In that motion, Twitter stated that it sought to have this Court modify its November 5 Order to "**authorize** Everytown to seek discovery pursuant to Federal Rule of Civil Procedure 45, rather than **compel** Twitter to provide that discovery with no notice or opportunity to be heard."  (Doc. 44 at 2 (emphasis in original)).  Twitter's "position on this litigation" was therefore "clearly articulated."  *Barry's Cut Rate Stores Inc. v. Visa, Inc.*, No. 05-MD-1720 (MKB), 2021 WL 2646349, at *14 (E.D.N.Y. June 28, 2021).  Courts in this Circuit have found that where a movant seeks to intervene for a limited purpose, that is enough.  *Id.*; *see also Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-CV-00196, 2017 WL 9400673, at *8 n.4 (N.D.N.Y. Jan. 6, 2017).

Everytown's arguments to the contrary are unavailing.  Indeed, the very first case Everytown cites in its Rule 24(c) argument, Opp. at 4 (citing *New York News Inc. v. Newspaper & Mail Deliverers' Union of New York*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991), *aff'd sub nom. New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992)), plainly states that failure to file a proposed pleading "**alone does not defeat**" a motion to intervene, *New York News*, 139 F.R.D. at 293 (emphasis added).  And none of the other cases cited by Everytown rebuts the settled proposition that a separate filing may stand in the place of a pleading where the proposed intervenor's position "is apparent" from the filing.  *Tachiona*, 186 F. Supp. 2d at 393 n.8.  As a result, Rule 24(c) does not require denial of Twitter's motion to intervene.

### III. Twitter Is Entitled to Intervention As Of Right, Or, Alternatively, Should Be Granted Permissive Intervention.

Twitter readily meets the requirements of Federal Rule of Civil Procedure 24(a)(2) and thus is entitled to intervention by right.  It is also entitled to permissive intervention under Rule 24(b) for the limited purpose of seeking modification of the November 5 Order.  *Thai-Lao Lignite*, 2012 WL 6053937, at *1.  Everytown's contentions to the contrary are unavailing.

#### a. Twitter Is a Necessary Party.

Even though Twitter takes no position on the merits of this case, it is a "necessary party" under Rule 19(a) and Rule 24(a).  Rule 19(a)(1) states that a party is required if, "in that person's absence, the court cannot accord complete relief among existing parties."  Fed. R. Civ. P. 19(a)(1)(A).  Everytown itself identified Twitter as necessary: in its application for an order to show cause, it stated that expedited discovery from nonparties like Twitter was "necessary" because there was "*no other way* in which to obtain" the defendants' true identities.  (Doc. 14 (Memorandum of Law in Support of Proposed Order to Show Cause) at 22–23 (emphasis in original)).  Everytown itself made Twitter a necessary party.

In any event, this Court can allow permissive intervention, *see infra* section IV.e, without addressing Rule 24(a): "As long as a court concludes that permissive intervention is appropriate, it need not consider the more difficult question of Rule 24(a) intervention." *Deutsche Bank Tr. Co. Americas v. Elliott Int'l, L.P.*, No. 09 CIV. 5242 (WHP), 2009 WL 10713513, at *1 (S.D.N.Y. Dec. 14, 2009) (quotations omitted).

### b. Twitter's Motion to Intervene Was Timely.

Rule 24's timeliness requirement is "flexible" and is entrusted to the district judge's "sound discretion." *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir. 1986); *see also NAACP v. New York*, 413 U.S. 345, 366 (1973). Courts in this District have granted as timely motions to intervene where the movants waited three months, *see Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. State of New York*, No. 19-CV-11285 (KMK), 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020) (collecting cases), and in some cases, as long as five months, *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395 (RWS), 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000). Indeed, the Second Circuit has recognized that parties have been permitted to intervene where the delay was "much longer" than eight months. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 71 (2d Cir. 1994). By contrast, Twitter's motion to intervene was filed only 19 **days after entry of the order, which was stayed for 13 days** and during which time Twitter sought to resolve it objections with Everytown; Everytown did not respond until the motion to intervene was filed. (*See* Doc. 43). This is well within the permissible period identified by this Court and the Second Circuit, and Twitter's motion was thus timely.

In opposition, Everytown claims that Twitter's motion is untimely, but its arguments depend on its own strategic decisions. Opp. at 7–9. Everytown made the decision to seek an order directing Twitter to produce documents, without consulting Twitter, and only notified

5

Twitter of that order shortly before production was due. Everytown likewise laments that this case has been "delay[ed]" by proceedings in the Second Circuit. Opp. at 9. But, again, Twitter did not instigate those proceedings.

Twitter is also not attempting to "re-litigate" any issues. Opp. at 8. As a third party holding confidential information about individuals, Twitter has an interest to ensure compliance with federal law. Everytown's suggestion that Twitter could have submitted an *amicus curiae* brief to the Second Circuit to "ensure that its interests were considered" ignores the mandamus petition, which did not identify Twitter's objections and thus would have been inappropriate for an *amicus*. *Olmsted v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 436 (2d Cir. 2002) ("[A]n issue raised only by an *amicus curiae* is normally not considered on appeal."). Moreover, Twitter is a third-party recipient of a discovery order; it is not a nonparty interested in a particular legal issue raised by the parties. *See* Fed R. App. P. 29(a); *see also In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) ("Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." (quotations omitted)). Lastly, mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380 (2004) (quotations omitted). There is no reason to require Twitter to pursue a "drastic and extraordinary" remedy when it has a plain and straightforward remedy under Rule 24. If any "unique circumstances" exist here, then those circumstances weigh ***in favor of*** a finding of timeliness. (Doc. 43 at 6–7).

### c. Twitter Has at Least Two Interests in This Litigation.

Twitter has concrete interests that may be impaired by the disposition of this litigation. The Court's November 5 Order requires Twitter to (1) produce non-public information about certain individuals who use its service and thus risk violating the Stored Communications Act or

6

(2) face a finding of contempt.  Twitter should not be, on the one hand, compelled to risk violating a federal statute, or on the other, be "relegated to defend[] against contempt sanctions." *Allstar Mktg. Grp., LLC v. allstar_place*, 2021 WL 5024520, at *2 (S.D.N.Y. Oct. 28, 2021).

The Stored Communications Act defines "electronic communication" to mean "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce . . . ."  18 U.S.C. § 2510(12); *see also* 18 U.S.C. § 3127(1) (stating that the term "electronic communication" has the meaning "set forth for such term[ ] in section 2510 of this title").  Consistent with the Act's text, courts have recognized that "electronic communication" covers a "broad" range of electronic signals.  *See Hately v. Watts*, 917 F.3d 770, 785 (4th Cir. 2019); *In Matter of Application of U.S. For an Ord. Authorizing the Installation & Use of a Pen Reg. & a Trap & Trace Device on E-Mail Acct.*, 416 F. Supp. 2d 13, 16 (D.D.C. 2006).

Contrary to Everytown's contentions, courts have held that the Stored Communications Act does not include an exception for disclosing electronic communications pursuant to civil discovery requests.  *See In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611–12 (E.D. Va. 2008); *see also Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008).  Everytown cites no cases holding otherwise.  *See* Opp. at 9–10.  Given the breadth of the Act's text and courts' prohibition on producing electronic communications in civil discovery, Twitter's compliance with the Court's November 5 Order poses a real risk of Stored Communications Act violations.

In addition, Everytown fails to address Twitter's Due Process arguments and thus waives the issue.  *See* Opp. at 9–11; *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp.

7

2d 369, 392–93 (S.D.N.Y. 2002) ("[P]laintiffs fail to address this ground for jurisdiction in their memorandum of law, and the Court considers it waived."). Twitter was not consulted before Everytown sought its discovery order and was not provided with the opportunity to object to the Court's November 5 Order before its entry. Although *ex parte* orders may be permissible in some cases, they violate Due Process if "notice and an opportunity to appear" are not "promptly given." *In re Cozumel Caribe, S.A. de C.V.*, 482 B.R. 96, 116 (Bankr. S.D.N.Y. 2012).

### d. Twitter's Interests Are Not Adequately Protected by Defendants.

The adequate protection requirement of Rule 24(a) imposes "only a minimal burden" on a proposed intervenor. *New York SMSA Ltd. P'ship v. Town of Philipstown*, No. 18 CV 1534 (VB), 2018 WL 6619737, at *2 (S.D.N.Y. Dec. 18, 2018) (quotations omitted). Indeed, courts in this District recognize that a proposed intervenor need only show that its interests "*may not*" be adequately represented. *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (emphasis added). Twitter has cleared this low bar. Everytown, however, claims that Twitter and the defendants "share the same interest" in this case, and thus Twitter's interests are represented. Opp. at 11. That is not true.

Defendants remain mostly concerned with their own First Amendment rights to anonymity and with avoiding liability for Lanham Act and New York state law violations. *See generally* (Doc. 45 (Letter) at 2–3); (Doc. 31 (Mot. to Stay) at 1); Pet. for Writ of Mandamus at 12–13, 19, *In re Defcad, Inc., et al.*, No. 21 2806 (Nov. 10, 2021) (CM/ECF No. 1). While Twitter has an interest in the First Amendment issues present here, it has additional concerns such as compliance with the Stored Communications Act and that it wants to be afforded Due Process. Indeed, the pages cited in two of defendants' filings that Everytown claims "adequately represent" Twitter's interests mention neither the Stored Communications Act nor Twitter's Due

Process rights. *See* Pet. for Writ of Mandamus at 17–18, *In re Defcad, Inc., et al.*, No. 21 2806 (Nov. 10, 2021) (CM/ECF No. 1); (Doc. 35 (Defendants' Brief in Further Support of Emergency Letter Motion) at 6). The only filing that echoes Twitter's concerns is defendants' November 29 letter brief. *See* (Doc. 45 (Letter) at 1–2). But in this brief, defendants simply claim to *join* Twitter's motions; thus, the brief cannot adequately substitute for them. *Id.* Defendants only say they sought to bring these issues "to the Court's attention"; they do not move for any relief independent of Twitter's motions. *Id.* at 1. A party's letter that seeks no relief for Twitter – or any relief at all – does not adequately represent Twitter's interests. And of course, Twitter has objected to the overly broad scope of the discovery order, an interest that is exclusively Twitter's and that Everytown and defendants do not discuss at all.

### e. Twitter Shares a Common Question of Law or Fact with the Main Action and Should Be Permitted to Intervene.

Finally, Twitter readily meets the requirements of Rule 24(b), and this Court should grant permissive intervention. While Rule 24(b) requires that Twitter have a "claim or defense" that shares "a common question of law or fact" with this case, the words "claim or defense" are not read literally. *See United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018). Instead, Rule 24(b) only requires that Twitter share "some interest" with the case. *See id.* (quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011)). This "may be satisfied by intervenors who seek to challenge discovery orders." 6 Moore's Federal Practice - Civil § 24.11 (2012). In fact, courts in this District have granted permissive intervention for precisely that purpose. *Thai-Lao Lignite*, 2012 WL 6053937, at *1.

Everytown, however, argues that Twitter's limited intervention would not "significantly contribute to the issues or law at the heart of this action – *i.e.*, whether the defendants are liable for Lanham Act and New York state law violations." Opp. at 13. That may be true, but Rule

9

24(b) does not require that Twitter's intervention would "significantly contribute" to the ultimate resolution of the legal issues in the case, only that Twitter shares "some interest." *New York City Hous. Auth.*, 326 F.R.D. at 418.  Twitter's obligation to provide third-party discovery in response to the Court's November 5 Order is sufficient to warrant permissive intervention.

Finally, Everytown opposes permissive intervention because, it claims, the defendants will adequately represent Twitter's interests.  In support, Everytown relies on a case in which permissive intervention was denied because both the proposed intervenor and the defendants sought the same "ultimate objective."  Opp. at 13 (citing *New York Reg'l Interconnect Inc. v. Pataki*, No. 07-CV-122 (TJM/DRH), 2007 WL 1490823, at *6 (N.D.N.Y. May 15, 2007)).  That is not accurate here.  The defendants cannot adequately protect Twitter's business or legal obligations; their goal is to avoid identification and legal liability for Lanham Act and New York state law violations.  Twitter's objective, on the other hand, is to ensure that its procedural rights and substantive obligations are taken into account, regardless of whether the defendants' identities are ultimately disclosed.

At bottom, permissive intervention under Rule 24(b) "is to be liberally construed." *Olin Corp. v. Lamorak Ins. Co.*, 325 F.R.D. 85, 87 (S.D.N.Y. 2018) (quoting *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006)).  Consistent with case law in this District, the Court should grant Twitter permissive intervention for the purposes of moving to modify the November 5 Order.

## IV. Conclusion

For the reasons stated above and in its Motion to Intervene, (Doc. 43), Twitter respectfully requests that the Court order that it may intervene in this action.

Dated: December 5, 2021                                 THE NORTON LAW FIRM PC

                                                        By:  /s/ David W. Shapiro
                                                             David W. Shapiro
                                                             The Norton Law Firm PC
                                                             Attorneys for Twitter, Inc.

                                                             David W. Shapiro (NY SBN 2054054)
                                                             dshapiro@nortonlaw.com
                                                             Fred Norton (CA SBN 224725)
                                                             fnorton@nortonlaw.com
                                                             *Pro Hac Vice Pending*
                                                             Matthew Ohlheiser (PA SBN 324958)
                                                             mohlheiser@nortonlaw.com
                                                             *Pro Hac Vice Pending*
                                                             Gil Walton (CA SBN 324133)
                                                             gwalton@nortonlaw.com
                                                             *Pro Hac Vice Pending*
                                                             THE NORTON LAW FIRM PC
                                                             299 Third Street, Suite 200
                                                             Oakland, California 94607
                                                             Telephone: (510) 906-4900
                                                             Facsimile: (510) 906-4910