UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> Plaintiff, <br><br> - against - <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; and PHILLIP ROYSTER, <br><br> Defendants. | **ORDER** <br><br> 21 Civ. 8704 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

The hearing scheduled for December 15, 2021 is adjourned sine die. Plaintiff is directed to file a letter brief explaining its trademark infringement theory against Defendant Defcad, Inc., including whether it intends to proceed on a direct or contributory theory. If Plaintiff is proceeding on a direct infringer theory as to Defcad, it will cite case law demonstrating that its factual allegations are sufficient. If Plaintiff is proceeding on a contributory infringer theory as to Defcad, amendment will be necessary, because the Complaint does not plead contributory infringement as to Defcad. The letter brief is due by **December 22, 2021**. Any opposition papers are due by **December 31, 2021**.

On November 5, 2021, this Court ordered Defcad to produce to Plaintiff the following information on an expedited basis:

1. [T]he true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant,

       or payment processing account(s), and related financial accounts(s), or payment means by which the individual Defendants have transacted the business complained of herein;

2. any correspondence with the Defendants' seller accounts pertaining to Everytown's notice of infringement, including but not limited to, identifying the means and/or manner in which communications were made to the Defendants;

3. the number of times Defendants' Infringing Products were accessed or otherwise downloaded by the public; and

4. any complaints received related to Defendants' Infringing Products.

(Dkt. No. 30 at 3-4).

      Later that day, Defcad filed an emergency motion to stay the expedited discovery order. (Dkt. No. 31) In a November 9, 2021 order, this Court denied Defcad's stay motion. (Dkt. No. 38) On November 10, 2021, Defcad filed a petition for a writ of mandamus in the Second Circuit. In the petition, Defcad sought an administrative stay as well as a stay of this Court's November 5, 2021 order. (Case No. 21-2806 at Dkt. No. 1) Later that day, the Second Circuit granted the administrative stay and referred the petition "to a three-judge motions panel on an expedited basis." (Dkt. No. 39) On November 23, 2021, the Second Circuit denied the mandamus petition, and denied the stay motion as moot. (Case No. 21-2806 at Dkt. No. 44)

      The discovery sought by Plaintiff – and ordered by this Court – is critical to, inter alia, the issue of personal jurisdiction raised by Defendants. See Bloomberg, L.P. v. John Does 1-4, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004)) ("Ruling on personal jurisdiction prior to the plaintiffs' discovery of the identities of the anonymous defendants would be premature because, 'without the identifying information sought by plaintiffs . . . it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants.'") Instead of obeying

this Court's November 5, 2021 order, Defendants have submitted anonymous, unsigned declarations (Dkt. Nos. 56-3, 56-4, 56-5) that are of no evidentiary worth.

Defcad, Inc. will submit a letter by 5:00 p.m. on December 15, 2021, stating whether it intends to comply – forthwith – with this Court's November 5, 2021 order. In the event that it does not, this Court will entertain a motion for contempt sanctions.

Dated: New York, New York
December 14, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge