# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br><br> Defendants. | Civil Action No: 1:21-cv-8704 <br><br><br> **STIPULATION BETWEEN EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., AND TWITTER, INC., REGARDING NOVEMBER 5, 2021 DISCOVERY ORDER** |

Plaintiff Everytown For Gun Safety Fund Action Fund, Inc., and third party Twitter, Inc., by and through their counsel, Marcella Ballard and David W. Shapiro, jointly submit this stipulation.

WHEREAS, on October 22, 2021, Everytown filed a Complaint asserting claims for trademark infringement, false designation of origin, unfair competition under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)), trademark and unfair competition under New York common law, and trademark dilution under N.Y. Gen. Bus. Law 360-l against defendants in this case. [ECF 1]. Defendants are allegedly designers and distributors of downloadable files for 3-D printing firearm parts and accessories bearing Everytown's trademarks. *Id.*

WHEREAS, on October 22, 2021, Everytown simultaneously filed an application for an order to show cause for, among other things, expedited discovery from Twitter and other third-party service providers. [ECF 13].

WHEREAS, on October 22, 2021, Everytown filed a memorandum of law, and four sworn declarations in support of its application for an order to show cause, along with related exhibits. [ECF Nos. 14, 15, 16, 17, and 18].

WHEREAS, on November 5, 2021, the Court granted Everytown's motion for expedited discovery. [ECF 30] [hereinafter "Order"]. The Court's Order authorizes Everytown to seek expedited discovery from Twitter and other third-party service providers regarding the defendants' identities, including their names, addresses, and email addresses. *Id.* at 2–3.

WHEREAS, on November 5, 2021, Everytown served the Court's Order on Twitter via alternative service. [ECF 33 ¶ 8].

WHEREAS, between November 5 and November 9, 2021, defendants filed a series of letters moving the Court to stay its expedited discovery order as it pertains to Twitter and the

1

other third-party service providers. [ECF Nos. 31, 32, 35]. In those letters, defendants objected that the Court's Order sought to "unmask" the defendants in violation of their First Amendment rights to engage in anonymous speech. [*See* ECF 31 at 1].

WHEREAS, on November 9, 2021, the Court denied defendants' motion to stay. [ECF 38]. The Court noted defendants' objections to unmasking and cited to the cases that set out the unmasking standard in the Second Circuit. *Id.* at 3–4 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) and *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 563 (S.D.N.Y. 2004)). The Court ultimately concluded that "[p]arties may not use the First Amendment to encroach upon the intellectual property rights of others," *id.* at 3 (citing *Sony Music*, 326 F. Supp. 2d at 563), and that "anonymity is not protected to the extent that it is used to mask the infringement of intellectual property rights, including trademark rights," *id.* (citing *Arista Records*, 604 F.3d at 118).

WHEREAS, on November 25, 2021, Twitter filed a motion to intervene and a motion for miscellaneous relief seeking to modify the Court's November 5 Order to require that Everytown seek discovery from Twitter through the Federal Rule of Civil Procedure 45 process. [ECF Nos. 43, 44]. Twitter also requested that the Court modify the November 5 Order to "make express findings that Everytown has made the required [unmasking] showing" under *Arista Records* – that is, to consider: (1) [the] concrete[ness of the plaintiff'[s] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy." [ECF 44 at 12 (citing *Arista Records*, 604 F.3d at 119)]. Twitter took no position, however, on whether defendants met the unmasking standard detailed in *Arista*. *Id.* Everytown opposed both

motions, [ECF Nos. 53, 54], and Twitter replied to those opposition briefs, [ECF Nos. 58, 59]. The Court has not yet ruled on Twitter's motions.

WHEREAS, to date, all individual defendants, except one, have refused to reveal their identities and have specially appeared anonymously to contest personal jurisdiction.

WHEREAS, Everytown represents it has an urgent need for certain basic subscriber information provided by the anonymous defendants in order to pursue and enforce a potential preliminary injunction.

WHEREAS, Twitter represents that it has an interest in protecting the First Amendment rights of anonymous account holders.

WHEREAS, following the filing of these motions, counsel for Twitter and Everytown met and conferred to resolve their dispute over the Court's November 5 Order.

WHEREAS, if the Court determines that Everytown has satisfied the five-factor unmasking test described in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), with respect to each of the defendants in this case, then Twitter will provide Everytown with certain basic subscriber information provided by defendants known to hold accounts on Twitter.

NOW THEREFORE, IT IS HEREBY STIPULATED by and between Everytown and Twitter through their respective counsel and subject to (1) the Court's approval and (2) the Court's finding that Everytown has satisfied the five-factor unmasking test in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), with respect to each of the defendants in this case that:

1. Within seven (7) days of the date the Court enters an order adopting this stipulation, Twitter will produce certain basic subscriber information of the anonymous

defendants contained in Twitter's records, specifically: any names, telephone numbers, email addresses, and dates of birth provided by the registrant / user(s) of the Account(s);

2. Twitter is not required to produce the remainder of the materials identified in Court's November 5 expedited discovery order [ECF 30];

3. To the extent Everytown seeks further discovery from Twitter, it must seek such discovery by Federal Rule of Civil Procedure 45 subpoena; and

4. Twitter withdraws its Motion to Intervene [ECF 43] and its Motion to Modify [ECF 44] as moot.

Dated: December 15, 2021            THE NORTON LAW FIRM PC

                                       By:  */s/ David W. Shapiro*
                                                  David W. Shapiro
                                                  The Norton Law Firm PC
                                                  Attorneys for Twitter, Inc.

                                                  David W. Shapiro (NY SBN 2054054)
                                                  dshapiro@nortonlaw.com

                                                  THE NORTON LAW FIRM PC
                                                  299 Third Street, Suite 200
                                                  Oakland, California 94607
                                                  Telephone: (510) 906-4900
                                                  Facsimile: (510) 906-4910


Dated: December 15, 2021            VENABLE LLP

                                       By:  */s/ Marcella Ballard*
                                                  Marcella Ballard
                                                  Venable LLP
                                                  Attorneys for Everytown For Gun Safety
                                                  Action Fund, Inc.

                                                  Marcella Ballard
                                                  mballard@venable.com

                                                  VENABLE LLP
                                                  1270 Avenue of the Americas, 24th Floor
                                                  New York, NY 10020
                                                  Telephone: (212) 370-6289
                                                  Fax: (212) 307-5598

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br><br> Defendants. | Civil Action No: 1:21-cv-8704 <br><br> **[PROPOSED] ORDER APPROVING STIPULATION BETWEEN PLAINTIFF EVERYTOWN FOR GUN SAFETY ACTION FUND, INC. AND THIRD-PARTY TWITTER, INC.** |

Whereas the Court finds that Everytown's Application[1], Complaint, and request for expedited discovery satisfies the factors articulated by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010),[2] pertaining to "preserving an objecting party's anonymity," namely that:

(1) Everytown has made a *prima facie* showing of actionable harm (Nov. 9 Order, ECF 38, at *4 ("Everytown has alleged a *prima facie* case of trademark infringement . . . ");

---

[1] Everytown's Application included a memorandum of law, sworn declarations, and accompanying exhibits. [ECF Nos. 13-18].

[2] The factors articulated in *Arista Records* include: "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy." *See* 604 F.3d at 119 (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)).

(2) the information ordered to be disclosed below is narrowly tailored "regarding each Defendant's true identity, including name[] and email address[]."  (*Id.* at *2);

(3) Everytown has not been able to obtain or ascertain this information from another source (Nov. 5 Order, ECF 30, at *4 (noting "Everytown has stated that it has not been able to ascertain any of the Defendants' physical addresses, with the exception of Defendant Defcad, Inc.");

(4) Everytown cannot advance its claims without the information ordered to be produced below (Nov. 9 Order, ECF 38, at *4 ("Plaintiff cannot effectively litigate its claims without obtaining the identities of the infringing parties."); and

(5) the defendants' expectation of privacy, while a factor, is outweighed in this case by Everytown's need for the information ordered to be produced below.  Indeed, defendants "may not use the First Amendment to encroach upon the intellectual property rights of others."  (*Id.* *3-4 (citing *Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013))).

The Court has again considered the five-factor unmasking standard articulated in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), finds it has been met in this case, and accordingly orders that:

1.      Within seven (7) days of the date the Court enters this Order, Twitter will produce certain basic subscriber information of the anonymous defendants contained in Twitter's records, specifically: any names, telephone numbers, email addresses, and dates of birth provided by the registrant / user(s) of the Account(s);

2.      Twitter is not required to produce the remainder of the materials identified in Court's November 5 expedited discovery order [ECF 30];

7

3.  To the extent Everytown For Gun Safety Action Fund, Inc. seeks further discovery from Twitter in this case, it must seek such discovery by Federal Rule of Civil Procedure 45 subpoena; and

4.  Twitter's Motion to Intervene [ECF 43] and its Motion to Modify [ECF 44] are denied as moot.

**SO ORDERED.**

Dated: December ____, 2021

_____
Hon. Paul G. Gardephe
United States District Judge

**CERTIFICATE OF SERVICE**

On December 15, 2021, I caused a true and correct copy of the foregoing to be served on the following counsel of record via the Court's ECF system:

Daniel Louis Schmutter
Hartman & Winnicki, P.C
74 Passaic Street
Ridgewood, NJ 07450
dschmutter@hartmanwinnicki.com

David William Shapiro
The Norton Law Firm
299 Third Street
Suite 200
Oakland, CA 94607
dshapiro@nortonlaw.com

                                          /s/Marcella Ballard