# LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

December 15, 2021

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

  Re: **Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.**
     **Civil Action No. 21-cv-8704 (PGG)**

Dear Judge Gardephe:

  We represent Defendants Defcad, Inc. ("Defcad"), Odysee User xYeexySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter

  We write to answer the question posed by Your Honor in the Court's Order dated December 14, 2021 regarding discovery. Defcad and the rest of Defendants reserve all of their rights with respect to the Court's November 5, 2021 Order (the "Order").

  Defcad intends to comply forthwith with the Order.

  However, Defendants note that there remain undecided two motions that bear on the Court's Order. First, with respect to the Emergency Motion decided by the Court on November 9, 2021, the Court only decided that motion with respect to Defcad, even though all Defendants joined in that motion (*See* ECF No. 38). Therefore, the motion remains undecided with respect to the remaining Defendants. The remaining Defendants' portion of the Emergency Motion impacts whether Defcad should be compelled to produce the discovery ordered in the Order, and that Emergency Motion ought to have been decided before Defcad faced the possibility of a contempt motion.

  Second, there remains an undecided motion with respect to Defcad's obligation to withhold production of these materials under the federal Stored Communications Act ("SCA"). The initial motion was made by non-party Twitter, Inc. (ECF No. 44) and was joined by Defendants (ECF No. 45 and 62). The SCA prohibits the ordered disclosure, and therefore Defcad found itself stuck between two conflicting legal obligations, one to comply with the Order and the other to comply with the prohibitions under the SCA. Similarly, the SCA motion ought to have been decided before Defcad faced the possibility of a contempt motion.

Hon. Paul G. Gardephe, U.S.D.J.
December 15, 2021
Page 2

      We raised both of these problems with the Court in our letter dated November 29, 2021 (ECF No. 45), and we asked for the Court's guidance in addressing them, requesting a conference with the Court to discuss these issues. We did not receive any response.

      Additionally, prior to Defcad producing the discovery, we request that the Court enter Your Honor's Model Protective Order. The information ordered to be produced includes, among other things, personal home address and credit card information. By copy of this letter we ask Plaintiff for its consent in this regard.

      We also ask that the Court modify its Model Protective Order in two respects. First, we ask that paragraph 9 be amended to provide that *any* party may file a letter brief on the issue of sealing when documents are filed under seal. Based on how paragraph 9 and 11 read in the form, if Plaintiff wishes to file material designated "Confidential," under paragraph 11 it must do so under seal. Paragraph 9 would then obligate Plaintiff to submit a letter brief if it wishes the material to remain sealed. But in such a scenario it is the Defendants that would want the material to remain sealed, and therefore Defendants need to have the right to file such a brief in the event Plaintiff files such designated material with the Court.

      Second, we ask that the Court include the option of making an "Attorneys Eyes Only" designation at the outset. Because these materials are ostensibly for the limited purpose of obtaining jurisdiction over the anonymous defendants, there is no need for the Plaintiff, itself, to have it. The attorneys can make full use of the disclosed information for the purpose of determining the identities of the anonymous defendants. If at any time, there is a need for greater disclosure, the Model Protective Order provides the procedures for Plaintiff to make such an application.

      We thank the Court for its consideration in this regard.

      Respectfully submitted,

      /s/ Daniel L. Schmutter
      DANIEL L. SCHMUTTER

DLS/srs

Cc:    Marcella Ballard, Esq. (via ECF)
       Meaghan Kent, Esq. (via ECF)