# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC.,<br>                  *Plaintiff*<br>v.<br>DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER.<br>*Defendants* | Civil Action No. 1:21-cv-08704-PGG |

**OBJECTION TO PROPOSED ORDER APPROVING STIPULATION BETWEEN PLAINTIFF EVERYTOWN FOR GUN SAFETY ACTION FUND, INC. AND THIRD-PARTY TWITTER, INC.**

Daniel L. Schmutter, Esq.
Hartman & Winnicki P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
201-967-8040 (phone)
201-967-0590 (facsimile)
dschmutter@hartmanwinnicki.com

DATED: December 15, 2021

Defendants Odysee User xYeezySZN; Defcad User xYeezySZN; The Gatalog; Defcad User Freeman1337; and Twitter User xYeezySZN (the "Objecting Defendants") hereby object to the entry of the Proposed Order Approving Stipulation Between Plaintiff Everytown for Gun Safety Action Fund, Inc. and Third-Party Twitter, Inc. (ECF No. 69.) ("Proposed Order") for the following reasons.

1. **Entry of the Proposed Order Violates the Due Process Rights and the First Amendment Rights of the Objecting Defendants Because Objecting Defendants Have a Pending Motion Opposing the Disclosure.**

The Proposed Order directs Twitter to disclose "names, telephone numbers, email addresses, and dates of birth" to the extent they have such information regarding the Objecting Defendants (ECF No. 69 at 7-8). If entered by the Court, the Proposed Order would adversely impact the First Amendment anonymous speech rights of the Objecting Parties, compelling Twitter to disclose identifying information, thereby unmasking the Objecting Defendants. However, Objecting Defendants have a pending and undecided motion before this Court that impacts these very rights that the Proposed Order threatens to destroy.

On November 5, 2021, Defendant Defcad, Inc. filed an Emergency Letter Motion to Stay the November 5, 2021 *ex parte* discovery order ("Ex Parte Discovery Order") (ECF No. 31) ("Emergency Motion"). By November 9, 2021, all of the Objecting Defendants had retained the undersigned counsel and had joined the Emergency Motion (ECF No. 35).

Later that same day (November 9, 2021), the Court ruled on the Emergency Motion as to Defcad, but did not rule as to the Objecting Defendants (ECF No. 38.).

By letter dated November 29, 2021 (ECF No. 45), Objecting Defendants, *inter alia*, reminded the Court that the Emergency Motion remained undecided as to them and adopted and incorporated by reference the Amicus Curiae Brief filed by the Electronic Frontier Foundation

2

("EFF") with the Second Circuit in this matter (ECF No. 45-1; Second Circuit ECF No. 28-2). The Emergency Motion remains undecided as to the Objecting Defendants.

The Emergency Motion argues that the Court failed to apply the appropriate standard in issuing the Ex Parte Discovery Order allowing the unmasking in violation of Objecting Defendants' First Amendment rights and that it should be vacated. Even in its decision denying Defcad's motion (ECF No. 38), the Court continued to rely on the wrong standard. To make matters worse, the proposed findings set forth in the Proposed Order also rely on the wrong standard.

In each instance, the applied/proposed standard is that found in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) and *Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp.2d 556 (S.D.N.Y. 2004) (the "*Arista/Sony* standard"). But as has been repeatedly and more thoroughly briefed and argued in the fuller record described above, the *Arista/Sony* standard has no applicability to this case.

Among other things, the *Arista/Sony* standard arose in the context of copyright claims – implicating interests different than those arising in trademark cases such as this one.[1] The Second Circuit has spoken repeatedly on the substantial deference afforded First Amendment interests in the context of trademark claims. See, e.g., *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989); *Cliffs Notes, Inc. v. Bantam Doubleday Dell Pub. Grp., Inc.*, 886 F.2d 490 (2d Cir. 1989). The proper standard to be applied in a trademark case such as this is set forth in detail in ECF No. 45-1. The Court failed to apply that standard and in fact made no effort to account for the strong First

---

[1] In fact, in the EFF Amicus Brief at 45-1, EFF notes that in the seventeen years since *Sony Music*, EFF does not believe its rule has been applied outside of a narrow and specific context: when to allow copyright owners to identify anonymous Internet users accused of copyright infringement via peer to peer networks or BitTorrent swarms. *See* 45-1 at 14.

Amendment interests in anonymous online speech and the parody, criticism, and commentary that comprise the Defendants' actions as alleged in the Complaint.

The Court further gave no consideration to the fact that, unlike other anonymous speech cases, the anonymous defendants here are now joined in the case, are represented by counsel, and subject to their objections to jurisdiction and venue, are before the Court. Plaintiff has never explained why they still need to know the identities of these defendants in order to advance their claims, nor has the Court ever made any specific findings on this issue. The anonymous parties have appeared through counsel (subject to the resolution of objections of jurisdiction and venue) and have agreed to be bound by orders of the Court. Why, *specifically*, does the Plaintiff still need to know their identities?

And, in fact, it may *never* be necessary to unmask them for Plaintiff to advance its claims. In *Signature Management Team LLC v. Doe*, 876 F.3d 831 (6th Cir. 2017), the Sixth Circuit held that unmasking of the defendant might be entirely unnecessary because the defendant, while remaining anonymous, fully complied with the judgment of the district court.

Further, in its recent order dated December 14, 2021 (ECF No. 68), the Court, without the benefit of briefing and argument, concludes without any analysis or basis that unmasking is necessary to determine the disputed issue of personal jurisdiction. But the Court draws this conclusion without making any actual findings or providing any legal analysis.

Worse still, the Proposed Order now proposes to compound that initial error by asking the Court to deem that a proper showing has already been made to warrant the unmasking disclosures to be made by Twitter. (ECF No. 69 at 6-8). However, the Court's previous findings were made on the *ex parte* record originally made solely by Plaintiff in its original *ex parte* application in violation of their Due Process rights. But Defendants have now filed their papers in opposition to

4

the Order to Show Cause (ECF No. 56) and have created a substantial record in opposition to Plaintiff's trademark claims. If the Court is to make findings regarding the Proposed Order it must also consider the very strong opposition filed by Defendants. If it was ever appropriate to have previously concluded that Plaintiff had made a sufficient showing regarding its trademark claims, it cannot possibly be appropriate now, certainly not on the old record.

As such, if the Court is being asked to consider entry of the Proposed Order, the Court should first decide the Emergency Motion as to the Objecting Defendants. The Court should conclude that the *Arista/Sony* standard is not the correct standard applicable to this case and should adopt the standard set forth in ECF No. 45-1. The Court should consider Defendants' papers in opposition to the Order to Show Cause and find that Plaintiff has not met the standard required for unmasking, decline to enter the Proposed Order, and vacate the Ex Parte Discovery Order.

**2.      Entry of the Proposed Order is Improper Even Under the *Arista/Sony* Standard.**

Even if the Court concludes that the *Arista/Sony* standard is the correct standard to apply, Plaintiff's request to enter the Proposed Order should be denied.

The *Arista/Sony* standard requires the Court to consider the following:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy.

604 F.3d at 119. As set forth in detail above, Plaintiff plainly fails factors (1) and (4), arguably the most important of the five factors.

The concreteness of Plaintiff's showing regarding its substantive claims is now seriously called into question by Defendants' papers in opposition to the Order to Show Cause (ECF No.56). It cannot be overstated that the Court's initial findings in this regard represented a violation of Due

Process because they were based solely on an *ex parte* record without Defendants having been afforded *any* opportunity to address the issue. However, whatever the Court may have previously concluded based solely on Plaintiff's *ex parte* papers, if the Court is going to apply the *Arista/Sony* factors in connection with the Proposed Order (as Plaintiff contends it must; *see* ECF No. 69 at 6-8), the Court must now consider Defendants' papers filed at ECF No. 56 to draw any conclusions as to *Arista/Sony* factor number (1). Given the current state of the record, Plaintiff cannot satisfy *Arista/Sony* factor (1).

As to *Arista/Sony* factor number (4), "need for the subpoenaed information to advance the claim," the arguments set forth above also severely call the Court's previous finding into question. As set forth above in detail, Plaintiff simply cannot show why it still needs identifying information to advance its claim.

Since Plaintiff cannot even meet the *Arista/Sony* standard, the Proposed Order should not be entered, and the Ex Parte Discovery Order should be vacated.

Because entry of the Proposed Order implicates grave issues arising under the First Amendment, Objecting Defendants request oral argument.

## CONCLUSION

For the foregoing reasons, Objecting Defendants request that the Proposed Order should not be entered, and the Ex Parte Discovery Order should be vacated.

                                  HARTMAN & WINNICKI, P.C.

                                  By: s/DANIEL L. SCHMUTTER
DATED: December 15, 2021          DANIEL L. SCHMUTTER