IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER.<br><br>Defendants. | Civil Action No: 1:21-cv-8704<br><br><br>**ORDER APPROVING STIPULATION BETWEEN PLAINTIFF EVERYTOWN FOR GUN SAFETY ACTION FUND, INC. AND THIRD-PARTY TWITTER, INC.** |

Whereas the Court finds that Everytown's Application[1], Complaint, and request for expedited discovery satisfies the factors articulated by the Second Circuit in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010),[2] pertaining to "preserving an objecting party's anonymity," namely that:

(1) Everytown has made a *prima facie* showing of actionable harm (Nov. 9 Order, ECF 38, at *4 ("Everytown has alleged a *prima facie* case of trademark infringement . . . ");

---

[1] Everytown's Application included a memorandum of law, sworn declarations, and accompanying exhibits.  [ECF Nos. 13-18].

[2] The factors articulated in *Arista Records* include: "(1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy."  *See* 604 F.3d at 119 (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)).

(2) the information ordered to be disclosed below is narrowly tailored "regarding each Defendant's true identity, including name[] and email address[]." (*Id.* at *2);

(3) Everytown has not been able to obtain or ascertain this information from another source (Nov. 5 Order, ECF 30, at *4 (noting "Everytown has stated that it has not been able to ascertain any of the Defendants' physical addresses, with the exception of Defendant Defcad, Inc.");

(4) Everytown cannot advance its claims without the information ordered to be produced below (Nov. 9 Order, ECF 38, at *4 ("Plaintiff cannot effectively litigate its claims without obtaining the identities of the infringing parties."); and

(5) the defendants' expectation of privacy, while a factor, is outweighed in this case by Everytown's need for the information ordered to be produced below. Indeed, defendants "may not use the First Amendment to encroach upon the intellectual property rights of others." (*Id.* *3-4 (citing *Bloomberg, L.P. v. John Does 1-4*, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013))).

The Court has again considered the five-factor unmasking standard articulated in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), finds it has been met in this case, and accordingly orders that:

1. Within seven (7) days of the date the Court enters this Order, Twitter will produce certain basic subscriber information of the anonymous defendants contained in Twitter's records, specifically: any names, telephone numbers, email addresses, and dates of birth provided by the registrant / user(s) of the Account(s);

2. Twitter is not required to produce the remainder of the materials identified in Court's November 5 expedited discovery order [ECF 30];

7

3. To the extent Everytown For Gun Safety Action Fund, Inc. seeks further discovery from Twitter in this case, it must seek such discovery by Federal Rule of Civil Procedure 45 subpoena; and

4. Twitter's Motion to Intervene [ECF 43] and its Motion to Modify [ECF 44] are denied as moot.

**SO ORDERED.**

Dated: December 17, 2021

*Paul S. Gardephe*

Hon. Paul G. Gardephe
United States District Judge