# EXHIBIT A

~~UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK~~
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVERYTOWN FOR GUN SAFETY
ACTION FUND, INC.,

                                    Plaintiff(s),

~~Plaintiff(s),~~

- against -

~~Defendant(s).~~

DEFCAD, INC.; ODYSEE USER
XYEEZYSZN; DEFCAD USER
XYEEZYSZN; ODYSEE USER
THEGATALOG-
PRINTABLEMAGAZINES; THE
GATALOG; DEFCAD USER
FREEMAN1337; TWITTER USER
XYEEZYSZN; PHILLIP ROYSTER.

                                    Defendant(s).

**STIPULATED**
**CONFIDENTIALITY AGREEMENT**


~~STIPULATED~~
~~CONFIDENTIALITYAGREEMENT~~
**AND PROTECTIVE ORDER**

~~___ Civ._____ (PGG)~~


Civil Action No. 1:21-cv-8704

PAUL G. GARDEPHE, U.S.D.J.:

          WHEREAS, all the parties to this action (collectively the "Parties" and

individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of

Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive

information that they may need to disclose in connection with discovery in this action

("Action");

          WHEREAS, the Parties, through counsel, agree to the following terms; and

2

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)     previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product-development information, or marketing plans;

3

(d)     any information of a personal or intimate nature regarding any individual; or

(e)     any other category of information this Court subsequently affords confidential status.

3.     With respect to ~~the~~ "Discovery Material" that a person has designated "Highly Confidential - Attorneys' Eyes Only" pursuant to this Order, unless otherwise ordered by the court or permitted in writing by the Producing Party, no person subject to this Order may disclose such Highly Confidential - Attorneys' Eyes Only Material to anyone else except those listed *infra* at 9 (c)-(i), and the following:

(a)     House Counsel: attorneys are who are employees of a party to this Action or are employees of Everytown for Gun Safety Support Fund working on this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel; and

(b)     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

4.     The Party or person producing or disclosing Highly Confidential - Attorneys' Eyes Only Material may designate as Highly Confidential - Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

(a)     Highly sensitive trade secret or proprietary business information

(b)     Commercially sensitive technical or financial information

(c)     Information containing business policy or strategic planning

4

(d)     Information of a personal or intimate nature regarding any individual, including but not limited to personal identifying information or information tending to lead to the discovery of personal identifying information

        Any Discovery Material produced by a non-Party shall automatically be deemed "Highly Confidential - Attorneys' Eyes Only Material" until seven (7) days after it is produced to all counsel in order to afford the opportunity for a Party to make a designation under this Order. Any Information of a personal or intimate nature regarding any individual, including but not limited to personal identifying information or information tending to lead to the discovery of personal identifying information, that is obtained through the use of designated material falling under Paragraph 4(d) (hereinafter "Additional information") shall carry the same designation and restrictions as the material used to obtain such Additional Information.

        5.      With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or Highly "Confidential – Attorneys' Eyes Only" by:  (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential or highly confidential information redacted.

        6.      4.A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Highly Confidential – Attorneys' Eyes Only either by:  (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or "Highly Confidential –

5

Attorneys' Eyes Only Information Governed by Protective Order " or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Attorneys' Eyes Only.

       7.      5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only.

       8.      6. Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

       9.      7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

       (a)      the Parties to this actionAction, their insurers, and counsel to their insurers;

6

(b)     counsel retained specifically for this ~~action~~Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this ~~action~~Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this ~~action~~Action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

7

Where a Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the persons identified in paragraph 3.

10.    8.Before disclosing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 79(d), 79(f), or 79(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    9.In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying — on a particularized basis — the continued sealing of such documents.  Within seven (7) days of such filing under seal, any other party may submit a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

12.    10.The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or

8

decision by the Court.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

13.     11.In filing Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14.     12.Any Party who objects to any designation of confidentiality may at any time before the trial of this actionAction serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

13.Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

15.    14.Recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.    15.Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.    16.Each person who has access to Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    17.Within 60 days of the final disposition of this action  Action – including all appeals — all recipients of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Partyall Parties that affirms that

10

it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this ~~action~~Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.  Any such archival copies that contain or constitute Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

19. ~~18.~~This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

20. ~~19.~~This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.


Dated: February 4, 2022

EVERYTOWN FOR GUN SAFETY ACTION FUND, INC.                    Dated:

Dated:~~Dated:~~

~~Dated:~~  New York, New York

SO ORDERED~~.~~

11

Paul G. Gardephe
United States District Judge

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

EVERYTOWN FOR GUN SAFETY
ACTION FUND, INC.,


                        Plaintiff(s),                                    **NON-DISCLOSURE**
                                                                        **AGREEMENT**
                        - against -
                                                                   _____ Civ. ___(PGG)


                        Defendant(s).

DEFCAD, INC.; ODYSEE USER                             Civil Action No. 1:21-cv-8704
XYEEZYSZN; DEFCAD USER
XYEEZYSZN; ODYSEE USER
THEGATALOG-
PRINTABLEMAGAZINES; THE
GATALOG; DEFCAD USER
FREEMAN1337; TWITTER USER
XYEEZYSZN; PHILLIP ROYSTER.

                        Defendant(s).

        I, _____, acknowledge that I have

read and understand the Protective Order in this action governing the non-disclosure of

those portions of Discovery Material that have been designated as Confidential or Highly

Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Confidential or

Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for

purposes of this litigation and that at the conclusion of the litigation I will return all

discovery information to the Party or attorney from whom I received it.  By

acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that

my willful violation of any term of the Protective Order could subject me to punishment

for contempt of Court.

———

Dated: