LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

———————————

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

———————————

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

February 22, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

  Re: **Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.**
     **Civil Action No. 21-cv-8704 (PGG)**

Dear Judge Gardephe:

  We represent Defendants Defcad, Inc., Odysee User xYeexySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter

  We write in response to Plaintiff's letter dated February 16, 2022 in which Plaintiff offers an opinion regarding the Second Circuit's December 22, 2021 stay order ("Stay Order"). Although the advice to me from Chambers resulting from our request for clarification indicated that the Court had not requested the parties to file such a letter, Plaintiff chose to do so anyway. Accordingly, if the Court chooses to examine the issues raised in Plaintiff's letter, please accept this letter in response.

  Plaintiff argues that the Stay Order applies narrowly only to the Court's December 17, 2021 order regarding Twitter ("Twitter Order"). This is wrong for two reasons.

  First, Defendants' appeal and their application for a stay arise from their First Amendment right to engage in anonymous speech and the threat posed to that First Amendment right by not only the Twitter Order but also the November 5, 2021 Order to Show Cause (which itself ordered the expedited unmasking discovery) ("Order to Show Cause'). In addition to ordering Twitter to produce unmasking discovery in violation of Defendants' First Amendment rights, the Twitter Order also effectively denied the Anonymous Defendants' Emergency Letter Motion seeking vacation of the discovery ordered in the Order to Show Cause. Accordingly, the Stay Order has the effect of staying discovery from all potential sources of unmasking information.

Hon. Paul G. Gardephe, U.S.D.J.
February 22, 2022
Page 2

      Defendants are appealing both the Twitter Order and the discovery aspects of the Order to Show Cause. Briefing is underway.  Defendants' opening brief is due April 5, 2022. Given that the Second Circuit deemed the issues raised by Defendants weighty enough to merit the Stay Order, it would be odd, indeed, if the Second Circuit intended to stay disclosure of unmasking information by Twitter but nevertheless allow disclosure of the <u>very same</u> unmasking information by everyone else.  That would be truly pointless and a waste of the Court's time and effort.

      Among other issues, the appeal raises very important questions regarding the Court's error in choosing to apply the *Arista Records/Sony Music* standard to Defendants' anonymous speech, as well as the manner in which it was applied. Those issues apply to disclosure by everyone, not just Twitter.

      Second, as a practical matter, the Stay Order precludes proceeding on the Preliminary Injunction and, in fact, the rest of the case. In its Order dated December 14, 2021, the Court stated "The discovery sought by Plaintiff – and ordered by this Court – is critical to, <u>inter alia</u>, the issue of personal jurisdiction raised by Defendants." Defendants disagree with this statement, but the parties have not yet had an opportunity to brief and argue that issue.

      Nevertheless, since determining the disputed issue of personal jurisdiction is a prerequisite to proceeding on the Preliminary Injunction and, in fact, the rest of the case, the Second Circuit's Stay Order, staying the production of the Anonymous Defendants' unmasking information, effectively prevents the case from proceeding until the Second Circuit rules.

      We thank the Court for its consideration in this regard.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ars

Cc:    Marcella Ballard, Esq. (via ECF)
         Meaghan Kent, Esq. (via ECF)