

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

April 18, 2022

T 212.370.6289
F 212.307.5598
MBallard@Venable.com

**FILED VIA ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

    Re:    *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc. et al.*, 21-cv-08704

Dear Judge Lehrburger:

We write jointly on behalf of Plaintiff and Defendants pursuant to your April 8, 2022 Order [ECF 84] directing the parties to file a joint letter relating to (1) status of the case; (2) any pending issues that are ripe but have not yet been resolved; (3) the existing schedule for discovery and any other dates that have been set, or if no schedule currently exists, a proposal for the same; and (4) the status of any settlement discussions.

    1.  **Status of the Case**

***Plaintiff Everytown's Summary:*** On October 22, 2021 Everytown filed its Complaint for, *inter alia,* trademark infringement and New York state dilution by tarnishment after learning that Defendants were advertising, promoting and distributing downloadable files for the manufacture of 3-D printed gun parts and accessories, allowing the users to 3-D print and assemble gun parts and accessories bearing identical versions of Plaintiff's federally registered Everytown Marks[1] without any commentary ("Infringing Products"). The file names and website listings for the Infringing Products display identical versions of the Everytown Marks which are then emblazoned on actual gun parts and accessories without comment. Everytown filed its Application for an order to show cause seeking a preliminary injunction to stop Defendants from further distributing the Infringing Products and to prevent Defendants from further "disparage[ing]"[2] Everytown.

Everytown was (and is) experiencing irreparable harm as a result of Defendants anonymously distributing the Infringing Products through "user names" on: (1) defcad.com, which is owned and operated by Defendant Defcad, Inc. and is the self-proclaimed "world's largest 3D gun repository" where users subscribe to the website and access various files for sale for the

---

[1] As defined in Everytown's Complaint. *See* ECF 1.
[2] Defendants have admitted that the purpose of the Infringing Products is to "disparage" and "vilify" Everytown, which is the *sine qua non* of a dilution by tarnishment claim. *See* Appeal No. 21-0379, ECF 58, at 17.



April 18, 2022
Page 2

manufacture of 3-D gun parts and accessories; (2) odysee.com, which is owned and operated by a non-party and allows user to post original videos and remunerates users who earn cryptocurrency credits in exchange for various postings; (3) twitter.com, which is owned and operated by a non-party that allows users to post "tweets", comment on other tweets, and post links to various websites, and (4) ctrlpew.com, a website posting information about "file drops" of downloadable guides for printing 3-D gun parts and accessories, linking to odysee.com to download the Infringing Products. Users in this Judicial District have downloaded the Infringing Products from Defendants Odysee User xYeezySZN and Odysee User TheGatalog-PrintableMagazines, and are able to subscribe to and make payments to Defendant defcad.com where Defendants Defcad User xYeezySZN, and Defcad User Freeman1337's Infringing Products are available for sale. Everytown's Application also sought limited expedited discovery to identify the background information of the otherwise anonymous online merchants offering the Infringing Products for sale in this Judicial District. ECF Nos. 13-18.

The Court granted Everytown's Application and set a hearing on the Application for **December 2, 2021**. *See* ECF 30. That hearing was then delayed due to Defendants' attempt to challenge the Nov. 5 Order by filing a Petition for a Writ of Mandamus, which temporarily stayed the Nov. 5 Order, but was ultimately denied on November 23, 2021. *See* 21-2806, ECF 44. Following the denial of Defendants' petition, the parties completed briefing on Everytown's request for a preliminary injunction and the Court set a new hearing date of **December 15, 2021**.

On December 14, 2021, the Court ordered Defendant Defcad to advise whether it was going to produce to Plaintiff the limited expedited discovery ordered on November 5, 2021. The Court recognized that the discovery sought was "critical" to the "issue of personal jurisdiction raised by Defendants" and that the "anonymous, unsigned declarations (Dkt. Nos. 56-3, 56-4, and 56-5) . . . **are of no evidentiary worth**." ECF 68, at *2-3 (emphasis added). The Court stated that if Defcad, Inc. did not comply with its order, it would entertain a motion for contempt sanctions. *Id.* Everytown and third-party Twitter, Inc. then filed a proposed stipulation concerning expedited discovery, which the Court entered on December 17, 2021. *See* ECF 72. In response, Defendants filed in the 2d Circuit a second emergency motion to stay discovery, and a notice of appeal, further stalling the case. *See* ECF 73, and 74. On April 6, 2022, the Second Circuit denied Defendants' motion to stay, and dismissed Defendants' appeal of the Nov. 5, 2021 Order [ECF 30], finding Appellants' arguments unpersuasive relating to the supposed "parodic" nature of the Infringing Products and that "Appellants have not demonstrated that a stay is warranted". ECF 81. The parties have fully briefed their positions as to Everytown's request for a preliminary injunction, and Everytown urgently seeks a ruling on its preliminary injunction request to address the ongoing and irreparable harm that is occurring to the Everytown Marks as a result of Defendants' alleged infringing and diluting conduct.



April 18, 2022
Page 3

*Defendants' Summary*

It is Defendants' position that it is inappropriate at this stage for this case to move forward without a decision on Defendants' jurisdictional motion. None of the Defendants in this matter are subject to personal jurisdiction in this Court.  It is also entirely inappropriate to argue the merits of this case in a status letter, as Plaintiff has done, so Defendant has avoided doing so. The jurisdictional issue must be decided before this case progresses, and certainly before discovery is taken or even scheduled.  This status letter is not to be viewed as a waiver of Defendants' right to challenge jurisdiction and has been prepared accordingly.

None of the Defendants are located in New York, and none of the computer code at issue is downloadable from a platform controlled by Defendants by individuals in New York.  Simply put, this Court lacks personal jurisdiction over the defendants.  Instead, Plaintiff is engaging in impermissible forum shopping in the face of constitutional requirements for personal jurisdiction.  The issue of lack of jurisdiction and improper venue has been raised by Defendants through the appropriate request for a pre-motion conference, which has not yet been ruled on by Judge Gardephe.  Defendants' motion on this jurisdictional issue is critical and will be dispositive of this action.

Plaintiff is a national gun control lobbying group. Defendants include: (1) anonymous online speakers engaged in First Amendment protected activity entirely outside New York and (2) Defcad, Inc., an Arkansas entity that operates defcad.com, a platform for free speech in exercise of First Amendment rights and in support of the Second Amendment.  Plaintiff and its affiliates have on several occasions sought to intervene in Defcad's First Amendment litigation efforts to oppose Defcad and its parent company Defense Distributed.

Plaintiff is abusing the Court's process by improperly filing an action against Doe defendants, who are not subject to personal jurisdiction in this Court. Plaintiff did this without notice to any of the Defendants, and sought the identities of people not subject to the jurisdiction of this Court on an *ex parte* basis WITHOUT notice to any of the named defendants.  This covert filing by Plaintiff sought to circumvent critical First and Fourteenth Amendment rights of the anonymous Defendants, and the constitutional impropriety of the Court's November 5, 2021 *ex parte* expedited unmasking order is now on appeal before the Second Circuit. Plaintiff's improper and unconstitutional actions must be stopped.  Jurisdiction must be decided before this case proceeds in order to avoid an inadvertent waiver of Defendants' position that this Court has no personal jurisdiction and to protect the constitutional rights of the anonymous Defendants.

   2.  Pending Issues

*Everytown's Position*

Case 1:21-cv-08704-PGG-RWL   Document 85   Filed 04/18/22   Page 4 of 5



April 18, 2022
Page 4

      Currently, the following issues remain fully briefed by the parties, and are *sub judice*.

    a. Everytown's request for a preliminary injunction. *See* ECF Nos. 56 (Defendants' Response to Order to Show Cause), 65 (Everytown Reply in Support of Preliminary Injunction);

    b. Everytown's motion to amend its complaint. *See* ECF Nos. 76 (Letter Motion for Leave to File First Amended Complaint); ECF 77 (Defendants' Response to Motion to Amend Complaint).

    c. Defendants' pre-motion conference letter seeking leave to file a motion to dismiss based upon Federal Rule Civil Procedure Rules 12(b)(2) and 12(b)(3). *See* ECF 46 (Defendant's letter motion); ECF 51 (Everytown's opposition to request).

*Defendants' Position*

Defendants' dispositive jurisdictional motion must be decided before it would be appropriate to move forward in this case. The Parties have agreed to mediation, but Plaintiffs have still not responded to Defendants' mediation scheduling efforts despite agreeing to provide availability over three weeks ago. This agreed-upon mediation is the only way to potentially advance this matter towards settlement before the issue of jurisdiction is decided.

Defendants agree that the issues set forth above are pending but note that Plaintiff's request for a preliminary injunction cannot be considered without the Court first addressing Defendants' objections to personal jurisdiction and venue, which are dispositive issues and, as such, must precede any discovery or advancement in this case.

Further, as discussed above, the Second Circuit currently has before it a pending appeal of the *ex parte* discovery which seeks to identify and unmask the anonymous defendants in violation of their First Amendment rights and their Fourteenth Amendment due process rights and in violation of Rule 45 of the Federal Rules of Civil Procedure. The appeal presents an issue of first impression in the Second Circuit.

    3. Status of Discovery

*Everytown's Position*

To date, discovery between the parties has not occurred. The parties have not yet held a conference under Rule 26(f) and have not yet exchanged initial disclosures. A scheduling order and scheduling conference have not yet occurred. Defendant Defcad, Inc. has yet to comply with the Court's November 5, 2021 Order and has not produced the ordered information despite representing to the District Court that it would comply. *See* ECF 70 (stating "Defcad intends to



April 18, 2022
Page 5

comply forthwith with the Order"). On April 14, 2022, non-party Twitter, Inc. produced limited expedited discovery to Everytown pursuant to the Dec. 17, 2021 Order [ECF 72].

*Defendants' Position*

With Defendants' dispositive jurisdictional motion unresolved, it would be premature and inappropriate to move forward with discovery. Other than the *ex parte* discovery ordered without notice on November 5, 2021, no discovery has occurred. On April 7, 2022, this Court entered a protective order at the joint request of the parties. In light of the Second Circuit's April 6, 2022 denial of the motion for a stay pending appeal (which did **not** rule on the merits of Defendants' parody argument), Defcad is preparing its production of information pursuant to the November 5, 2021 order of the Court and will serve it upon Plaintiff's counsel this week, without waiver of any pending jurisdictional challenge or right to challenge jurisdiction.

   4. Settlement Discussions

*Everytown's Position*

Defendants have not provided Everytown with a written settlement proposal. The parties are discussing pursuing mediation with a private mediator. Everytown would be willing to take part in the Southern District of New York's alternative dispute resolution procedures.

*Defendants' Position*

As mentioned previously, as proposed by Defendants, the parties have agreed to engage Floyd Mandel of the Katten Muchin firm in Chicago to mediate this dispute. On March 22, 2022, Defendants selected and communicated to Plaintiff and the mediator six of the available dates in May from among the dates proposed by Mr. Mandel. The following day, March 23, Plaintiff's counsel indicated that their client was away that week and that available dates would be provided the following week. As of today, over three weeks after Plaintiff committed to communicating back to Defendants with its availability, Plaintiff has still not provided its availability.

Plaintiff's counsel requested that Defendants provide them with a pre-mediation settlement position, but Defendants indicated their view it would be more productive to head straight into mediation and allow the mediator to engage the parties as he views most likely to achieve a settlement.

                                                  Respectfully submitted,

                                                  /s/Marcella Ballard

cc:     Counsel of Record via ECF