IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | Civil Action No. 21-cv-08704 |
| Plaintiff, | |
| v. | |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | **[PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |
| Defendants. | |

Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") and Defendants Defcad, Inc., Odysee User xYeezySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster (together "Defendants") submit this Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f)[1]:

1. **Meet and Confer**: Counsel for Everytown and Defendants met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on May 9, 2022 and May 11, 2022.

---

[1] Everytown served the summons and case initiating papers on Defendant Odysee User TheGatalog-PrintableMagazines. *See* ECF 88 (affidavit of service) and provided the text of the Court's April 20, 2022 notice of hearing setting initial pretrial conference. *See* ECF 86, and 88. Everytown also served the Amended Complaint and accompanying exhibits. *See* ECF 90 (affidavit of service). There has been no response from this Defendant.

1

2. **Alternative Dispute Resolution / Settlement:**

    a. **Settlement Discussions:**

**Plaintiff's Position**: Preliminary settlement discussions have occurred, although written terms have not been exchanged by Defendants.

**Defendants' position:** The parties have agreed to employ a private mediator in Chicago, IL for settlement purposes (see below). Defendants have advised Plaintiff that rather than provide a written position in advance they prefer to allow the mediator to conduct all aspects of the process as he deems most likely to result in a successful mediation.

    b. **Informal Information Exchange:**

**Plaintiff's Position**: The parties have not agreed on an information exchange in aid of early settlement. Everytown believes an exchange may aid early settlement, and disputes that discovery should be stayed pending Defendants' motion to dismiss because no good cause exists for a stay where, as here, Plaintiff is pursuing a preliminary injunction.[2]

**Defendants' Position**: Defendants have contested personal jurisdiction and venue from the beginning (and have requested and been granted leave to file a motion to dismiss and/or transfer – see proposed schedule below) and therefore object to any exchange of discovery, including the entry of any scheduling order or any reference, prior to a final adjudication that this Court has the power to exercise personal jurisdiction over Defendants and that venue is proper in this district.

---

[2] *See Mirra v. Jordan*, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (denying stay pending disposition of a motion to dismiss); *see also Friedman as Trustee of Ellett Brothers, LLC v. Nexien, Inc.*, 2021 WL 5910763, at *7 (E.D.N.Y. Nov. 9, 2021) (same).

    c. **Alternative Dispute Resolution Mechanisms**

**Plaintiff's Position**: The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (iii) retention of a private mediator. Everytown is willing to consider all three mechanisms for settlement. Everytown has discussed using a private mediator but is not agreeable to that option unless the parties exchange written terms in advance of scheduling a private mediation.

**Defendants' position:** Plaintiff and Defendants have agreed that the private mediator in Chicago, Il agreed to by them is an excellent choice for this case. Defendants prefer to use that method based on the mediators' particular credentials and history of success. Defendants have advised Plaintiff that rather than provide a written position in advance they prefer to allow the mediator to conduct all aspects of the process as he deems most likely to result in a successful mediation. Defendants will not agree to participate in a New York based settlement or ADR procedure when there is no personal jurisdiction over the Defendants in New York.

    d. **The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case**:

**Plaintiff's Position**: Everytown would like to agree on a settlement mechanism within the next 30-45 days.

**Defendants' position:** Defendants continue to agree to use the previously agreed upon mediator in Chicago, IL. At the request of the mediator, on March 22, 2022, Defendants provided

available dates in May for mediation, and Defendants and the mediator have been waiting since then for the Plaintiff to provide available dates. In light of the passage of time, Defendants are willing to provide new dates in June for mediation. Since Defendants dispute personal jurisdiction and venue we object to any required exchange of information or the taking of depositions.

    e.   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3. **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Per the Court's April 20, 2022 notice of hearing, the parties refer the Court to their April 18, 2022 joint letter [Dkt. 85] regarding summaries of claims, defenses, and relevant issues.

**Defendants' position:** Since it has not been determined that this Court has personal jurisdiction over the defendants and that venue is proper in this district and therefore issue has not been joined it would not be appropriate or possible for Defendants to go further into the substantive issues in the case.

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

**Plaintiff's Position**: The Court has original Federal Question subject matter jurisdiction over Everytown's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. § 1121. The Court also has supplemental subject matter jurisdiction over Everytown's New York state law claims pursuant to 28 U.S.C. § 1367(a) because Everytown's New York state law claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

**Defendants' position:** Since it has not been determined that this Court has personal jurisdiction over the defendants and that venue is proper in this district and therefore issue has not been

joined, the Court should not even reach the issues of subject matter jurisdiction, and it would not be appropriate for Defendants to take a position on subject matter jurisdiction.

5. **Subjects on Which Discovery May Be Needed:**

   a. **Plaintiff's Position**: Discovery is needed concerning Everytown's claims (Lanham Act, and New York state law), as well as damages. Everytown will also seek depositions of the Defendants and any relevant third parties relating to the online content at issue in this case.

   b. **Defendants' Position**: Since it has not been determined that this Court has personal jurisdiction over the Defendants and that venue is proper in this district, and therefore issue has not been joined, Defendants contend that the case be stayed and no discovery be undertaken or allowed pending a final adjudication of personal jurisdiction and venue, service of process, and the filing of an answer if appropriate. The court has no power to proceed without such a finding.

6. **Fact Discovery:**

**Everytown's Position:** Everytown proposes the following fact discovery deadlines:

| Discovery | Deadline |
|---|---|
| Deadline to exchange Initial Disclosures | May 23, 2022 |
| Deadline to join additional parties[3] | July 1, 2022 |
| Deadline to amend pleadings[4] | July 1, 2022 |
| Deadline to complete fact discovery | August 31, 2022 |
| Deadline to serve initial requests for production[5] | June 15, 2022 |

---

[3] Any motion to join after this date will need to meet the good cause requirements of F.R.C.P. 16.
[4] Any motion to amend after this date will need to meet the good cause requirements of F.R.C.P. 16.
[5] Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

5

| | |
|---|---|
| Deadline to serve initial interrogatories[6] | June 15, 2022 |
| Deadline to complete fact witness depositions | October 15, 2022 |
| Deadline to serve requests for admission | August 1, 2022. |

Everytown does not propose any specific limitations on discovery outside the bounds of the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Practice Rules.

**Defendants' Position:** All dates to run only upon and from a final adjudication that the Court has personal jurisdiction over the Defendants and that venue is proper in this district, service of process, and the filing of an answer ("Trigger Date").

    Deadline to exchange Initial Disclosures    14 days after Trigger Date

    Deadline to join additional parties    30 days after Trigger Date

    Deadline to amend pleadings    30 days after Trigger Date

    Deadline to complete fact discovery    90 days after Trigger Date

    Deadline to serve initial requests for production    14 days after Trigger Date

    Deadline to serve initial interrogatories    14 days after Trigger Date

    Deadline to complete fact witness depositions    90 days after Trigger Date

    Deadline to serve requests for admission    75 days after Trigger Date

Defendants propose that if discovery proceeds that depositions be limited to five and that document requests and requests for admissions each be limited to 25.

---

[6] Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

  a. **The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:**

**Plaintiff's Position**: Everytown would like to address the above dispute relating to proceeding with fact discovery during the pendency of Defendants' motion to dismiss.

**Defendants' Position:** Defendants contend that the Court is without power to refer the case to a magistrate judge, enter a scheduling order, or compel discovery without establishing that it has personal jurisdiction over the Defendants and that venue is proper in this district.

2. **Expert Discovery:**

**Everytown's Position:**

Everytown anticipates using testifying experts and proposes that the deadline for expert discovery should be February 1, 2023. Everytown proposes that by November 1, 2022, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the close of expert discovery.

**Defendants' Position:**

All dates to run only upon and from a final adjudication that the Court has personal jurisdiction over the Defendants and that venue is proper in this district, service of process, and the filing of an answer.

 Deadline for expert discovery: 90 days from the close of fact discovery

3. **Electronic Discovery and Preservation of Documents and Information:**

The parties have not discussed electronic discovery and will do so in accordance with the Court's guidance following the May 18, 2022 initial pre-trial conference.

**Defendants' position:** Even though there has been no determination that the Court has personal jurisdiction over these Defendants or that venue is proper in this district, Defendants have been advise to preserve electronically stored information.

4. **Anticipated Motions (other than summary judgment, if any):**

The parties refer the Court to Part 8 of this joint submission for a proposed briefing schedule concerning Defendants' motion to dismiss.

5. **Summary Judgment Motions:**

No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no premotion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery. Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local

Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

6. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

7. **Trial:**
   a. All parties do not consent to a trial before a Magistrate Judge.
   b. **Trial by Jury:**

**Plaintiff's Position**: The case is to be tried to a jury.

**Defendants' position:** Since it has not been determined that this Court has personal jurisdiction over the Defendants and that venue is proper in this district, and therefore issue has not been joined, it is premature to make a jury demand, however, Defendants reserve their right to request a jury.

   c. **Length of Trial**

**Plaintiff's Position**: Everytown anticipate that the trial of this case will require 4 days.

**Defendants' position:** Since it has not been determined that this Court has personal jurisdiction over the Defendants and that venue is proper in this district, and therefore issue has not been joined, it is premature to determine how long a trial may take.

8. **Other Matters the Parties Wish to Address (if any):**
   a. **Everytown's Position**: Everytown proposes the following schedule for Defendants' Motion to Dismiss:
      i. Motion to Dismiss shall be filed by **May 25, 2022**;

9

      ii.  Opposition shall be filed by **June 8, 2022**; and

      iii.  Any Reply shall be filed by **June 15, 2022.**

Everytown disputes Defendants' repeated efforts to proceed anonymously in this case when ordered otherwise by the Court and the Second Circuit. Everytown further disagrees with Defendants' proposed briefing schedule regarding the same, which would place an undue burden on Everytown to oppose the motions on precisely the same deadline as Everytown's opening brief in the Second Circuit appeal in this matter.

    b. **Defendants wish to make two motions:** (1) a motion to dismiss for lack or personal jurisdiction and/or to transfer for improper venue and (2) a motion to proceed anonymously and proposes the following schedule for these motions:

      i.  Defendants' motions shall be filed by June 15, 2022;

      ii.  Opposition shall be filed by June 29, 2022; and

      iii.  Any Reply shall be filed by July 11, 2022.

        As the motion to dismiss and/or transfer will determine whether the Court has the requisite power over the Defendants, the case should be stayed in its entirety pending that motion.

9. **The Court will fill in the following:**

    a.  A status conference will be held before the undersigned on _____ at _____ in Courtroom 18D, 500 Pearl Street.

    b.  The parties shall submit a joint status letter by _____ no longer than \_\_\_ pages.

10

SO ORDERED.

Dated:

_____

ROBERT W. LEHRBURGER
United States Magistrate Judge

Dated: May 11, 2022

Plaintiff:                                                Defendants:


/s/Marcella Ballard                                       /s/Daniel Louis Schmutter


VENABLE LLP                                               HARTMAN & WINNICKI, P.C.
Marcella Ballard                                          Daniel Louis Schmutter
Maria Sinatra                                             74 Passaic Street
1270 Avenue of the Americas, 24th Floor                   Ridgewood, NJ 07450
New York, NY 10020                                        201 967 8040
Tel: 212-370-6289                                         Fax: 201 967 0590
Fax: 212-307-5598                                         dschmutter@hartmanwinnicki.com
mballard@venable.com
mrsinatra@venable.com                                     *Counsel for Defendants Defcad, Inc., Odysee
                                                          User xYeezySZN, Defcad User xYeezySZN,
                                                          The Gatalog, Defcad User Freeman1337,*
*Counsel for Plaintiff Everytown For Gun*                 *Twitter User xYeezySZN, and Phillip Royster*
*Safety Action Fund, Inc.*

11