LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

May 24, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:  Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., No. 21-cv-8704 (PGG)

**DEFENDANTS' EMERGENCY LETTER MOTION TO ADJOURN PRELIMINARY INJUNCTION HEARING AND EXTEND TIME FOR SUPPLEMENTAL SUBMISSIONS**

Dear Judge Gardephe:

We represent defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN.

Yesterday, May 23, 2022, without any prior notice from the Court regarding scheduling, the Court entered an order calendaring the preliminary injunction hearing for June 3, 2022, 11 days later, and requesting supplemental submissions (with an emphasis on personal jurisdiction) due no later than this Friday May 27, four days later.

Defendants move on an emergency basis for an adjournment of both dates. First, counsel is not able to appear on June 3 on such short notice.

Second, the May 27 deadline for supplemental submissions, focusing especially on personal jurisdiction, contradicts a June 15, 2022 deadline ordered by Magistrate Judge Lehrburger and relied upon by Defendants for filing their motion to dismiss for lack of personal jurisdiction or in the alterative to transfer to the Western District of Texas for improper venue. Third, these deadlines

Hon. Paul G. Gardephe, U.S.D.J.
May 24, 2022
Page 2

undermine a proposed motion to proceed anonymously discussed with Judge Lehrburger which is calculated to develop a means by which Defendants may make a factual record with the Court while protecting to the greatest extent possible their constitutional right to remain anonymous. These sudden short deadlines make it impossible to engage the Court in that process. Fourth, Plaintiff just recently filed an Amended Complaint on May 2, 2022 adding new assertions, some of which have not previously been seen. Defendants have the right to have sufficient time to engage these new assertions. Fifth, the proposed schedule does not afford Defendants the opportunity to respond to any new material the Plaintiff may submit.

For each of these reasons, these sudden, short deadlines work to the severe prejudice of Defendants and should be adjusted.

**1.      Counsel is unable to appear on June 3.**

As the Court has previously been made aware, this firm is working with co-counsel who focuses on trademark law. Our trademark co-counsel has four filings due on two other cases this week plus e-discovery also due this week in a third case. He also has two filings due in two other cases on a court-ordered date of **June 3**. Even if he could adjust those deadlines it could not be done on such short notice that he could travel to New York from out of town to appear on June 3.

Further, I have depositions next week in a case with a June discovery end date, including one on June 3 which has been heretofore difficult to schedule. Having to reschedule that June 3 deposition will prejudice the completion of discovery in that case.

**2.      Judge Lehrburger previously provided until June 15, 2022 for Defendants to file supplemental material on personal jurisdiction.**

Magistrate Judge Lehrburger held a case management conference on May 18, 2022. One of the major issues discussed at the conference was Defendants' desire to file a motion to dismiss for

Hon. Paul G. Gardephe, U.S.D.J.
May 24, 2022
Page 3

lack of personal jurisdiction or to transfer to the Western District of Texas for improper venue. On November 29, 2021, Defendants submitted a Pre-Motion Conference Letter regarding these proposed motions, but the Court only just gave leave for Defendants to file these motions.

At the conference, Defendants proposed June 15, 2022 as the deadline to file these motions. Plaintiff objected and sought an order directing that these motions be filed by May 25, that is, tomorrow. Plaintiff argued that it wanted this issue addressed more rapidly. Judge Lehrburger inquired extensively and repeatedly as to the reason Defendants needed until June 15 to file, especially since much of Defendants' record on personal jurisdiction is already contained in Defendants' submissions in opposition to the preliminary injunction.

I explained to Judge Lehrburger that there were important supplemental submissions on personal jurisdiction and venue to make, and in addition to the conflicts and constraints set forth above, I am travelling on business this week (on a plane tomorrow and in meetings the rest of the week) and have several depositions plus a mediation next week. Adding to that the fact that I am at a very small firm meant that a June 15 deadline to marshal and fully submit our record on personal jurisdiction was appropriate. Further, Plaintiff could not show prejudice from just a few additional weeks. Judge Lehrburger agreed and set June 15, 2022 as the date to file our motions, which Defendants have relied on.

Yesterday's order requiring supplemental submissions on personal jurisdiction within four days (this Friday May 27) essentially tears up that schedule and draws back in all of the prejudice Defendants will face being suddenly required to make a rapid submission without the ability to do so. Defendants submit that the Court should honor the carefully discussed and considered schedule regarding personal jurisdiction ordered by Judge Lehrburger. Personal jurisdiction is a critical threshold issue that should not be taken lightly by a sudden and rushed briefing schedule.

3. **Defendants have requested and need the opportunity to address the manner in which the anonymous parties can make a record before the Court**

Also at the May 18 conference before Judge Lehrburger, Defendants proposed filing a motion to proceed anonymously. The need for the motion arose in part from the Court's *sua sponte* statement in its December 14, 2021 Order addressing the need for Plaintiff to clarify its claims against Defcad and the expedited discovery ordered to be produced by Defcad. In that same Order, the Court stated *sua sponte*, without briefing or argument by the parties, that the declarations submitted by Defendants "are of no evidentiary worth." (*See* ECF No. 68.) While Defendants disagree with this statement, Defendants recognize that the statement reflects the danger that the Court intends to disregard these declarations (Defendants contend improperly), including on the issue of personal jurisdiction – a critical issue.

Therefore, the purpose of the proposed motion to proceed anonymously is to engage the Court and the Plaintiff in an effort to arrive at a procedure which the Court will accept for the purpose of submitting evidence to the Court but which will also maximize the protection of the anonymous Defendants. Judge Lehrburger indicated that he would speak with Your Honor about this issue. We have not heard from the Court on this issue other than yesterday's Order setting a sudden and extremely short time to make additional submissions. These new time frames afford no time at all to address the issue of the anonymous Defendants making a record that the Court would find acceptable. There ought to be time to do so in order that the Court can make any decisions based on a full and fair record.

4. **Plaintiff just filed an Amended Complaint on May 2, which Defendants should have ample time to address in supplemental filings.**

On April 25, 2022, the Court granted leave for the Plaintiff to file an Amended Complaint (ECF No. 87). The Amended Complaint was filed on May 2, 2022 (ECF No. 89). Although the

Hon. Paul G. Gardephe, U.S.D.J.
May 24, 2022
Page 5

Plaintiff previously submitted a proposed amended complaint, the filed Amended Complaint contains new material, including new material that appears to arise from Plaintiff's interpretation of recently produced expedited discovery. Plaintiff's counsel made reference to some of these new issues at the May 18 conference but Plaintiff has not yet explained or made a proper record of any it. Defendants should have sufficient time to address the Amended Complaint and supplement its record in that regard. Yesterday's sudden and extremely short deadline makes that impossible.

**5.    Defendants' should have the opportunity to respond to any supplemental submissions of Plaintiff.**

Ordinary due process considerations support Defendants being afforded the opportunity to respond to any supplemental submissions of Plaintiff. But this is especially true in light of the new issues and assertions raised in the Amended Complaint that appear to arise from Plaintiff's interpretation of expedited discovery it received. For example, if Plaintiff intends to introduce some of this new material on the issue of personal jurisdiction, Defendants certainly ought to have the opportunity to respond. Yesterday's Order does not provide for this.

In view of the foregoing, Defendants respectfully request that the Court adjourn the preliminary injunction hearing to June 24, provide for supplemental submissions to be filed by June 15 (the same deadline as ordered by Judge Lehrburger for the motion to dismiss), and allow a response to any supplemental submission to be filed in-between those dates.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs
cc:    Marcella Ballard, Esq. (via ECF)