UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERYTOWN FOR GUN SAFETY ACTION
FUND, INC.,

                Plaintiff,

    - against -

DEFCAD, INC.; ODYSEE USER
XYEEZYSZN; DEFCAD USER
XYEEZYSZN; ODYSEE USER
THEGATALOG-PRINTABLEMAGAZINES;
THE GATALOG; DEFCAD USER
FREEMAN1337; TWITTER USER
XYEEZYSZN; and PHILLIP ROYSTER,

                Defendants.

**ORDER**

21 Civ. 8704 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pending before the Court in this trademark infringement action is Plaintiff's motion for a preliminary injunction against Defendants Defcad, Inc., Phillip Royster, and anonymous defendants Odysee User xYeezySZN, Defcad User xYeezySZN, Twitter User xYeezySZN, Odysee User TheGatalog-PrintableMagazines, The Gatalog, and Defcad User Freeman1337 (the "Anonymous Defendants"). (Dkt. No. 13) In opposing Plaintiff's application, Defendants contend that this Court lacks personal jurisdiction over all Defendants. (Def. Opp. Br. (Dkt. No. 56) at 12, 22-39)

        In a May 24, 2022 letter, Defendants ask this Court to permit the Anonymous Defendants "to proceed anonymously." (May 24, 2022 Def. Ltr. (Dkt. No. 94) at 4)

        For the reasons explained below, Defendants' application is denied, and the Anonymous Defendants will produce to Plaintiff and this Court identification information – name and address (at the time this action was filed) – by June 3, 2022.

## I. BACKGROUND

The Complaint and Plaintiff's motion for a preliminary injunction were filed on October 22, 2021. (Dkt. Nos. 1, 13) The case has not progressed significantly since that time, largely because of Defendants' efforts to preserve the anonymity of the Anonymous Defendants.

On November 5, 2021, this Court ordered Defendants to show cause why a preliminary injunction should not issue. (Dkt. No. 30) In the November 5, 2021 Order, the Court also ordered Defcad and third-party service providers to produce

> the true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts. . . .

(Nov. 5, 2021 Order (Dkt. No. 30) at 3-4) The November 5, 2021 Order directed that this information be produced "within seven days [of] being served with or receiving actual notice of th[e] Order." (Id. at 3)

On November 5, 2021, Defcad filed a motion to stay this Court's expedited discovery order. (Dkt. No. 31) In a November 9, 2021 order, this Court denied Defcad's stay motion. (Dkt. No. 38) On November 10, 2021, Defendants filed a petition for a writ of mandamus in the Second Circuit. In the petition, Defendants sought an administrative stay as well as a stay of the November 5, 2021 Order granting expedited discovery. (Case No. 21-2806 (2d Cir.) (Dkt. Nos. 1, 5)) Later that day, the Second Circuit granted the administrative stay and referred the petition "to a three-judge motions panel on an expedited basis." (Id. (Dkt. No. 18)) On November 23, 2021, the Second Circuit denied the mandamus petition, and denied the stay motion as moot. (Id. (Dkt. No. 44))

On December 15, 2021, Plaintiff and third-party Twitter filed a proposed stipulation regarding the expedited discovery order. (Dkt. No. 69) The stipulation addresses the

scope of Twitter's obligations under the November 5, 2021 Order, and provides that "[w]ithin seven days . . . Twitter will produce certain basic subscriber information of the anonymous defendants contained in Twitter's records." (Id. at 4-5) On December 17, 2021, this Court entered "so ordered" the stipulation. (Dkt. No. 72)

Later that day, Defendants moved to stay the December 17, 2021 order pending appeal (Dkt. No. 73), and on December 21, 2021, Defendants moved the Second Circuit for a stay of the December 17, 2021 order. (Case No. 21-3079 (2d Cir.) (Dkt. No. 8)) On April 6, 2022, the Second Circuit denied Defendants' "motion for a stay of the Twitter order entered on December 17, 2021." (Id. (Dkt. No. 59))

On April 7, 2022, this Court referred this case to Magistrate Judge Lehrburger for general pretrial supervision. (Dkt. No. 83)

On April 25, 2022, Judge Lehrbruger granted Plaintiff leave to file an amended complaint. The Amended Complaint was filed on May 2, 2022. (Dkt. No. 89)

On May 18, 2022, Judge Lehrburger set a briefing schedule for Defendants' motion to dismiss for lack of personal jurisdiction. Judge Lehrburger denied Defendants' request to stay discovery pending resolution of that motion. (Dkt. No. 92)

In a May 23, 2022 Order, this Court scheduled a hearing concerning Plaintiff's pending application for a preliminary injunction (Dkt. No. 13), and directed the parties to provide "updated information as to personal jurisdiction." (Id.)

As noted above, in a May 24, 2022 letter, Defendants ask this Court to permit the Anonymous Defendants "to proceed anonymously," including with respect to their motion to dismiss for lack of personal jurisdiction. (May 24, 2022 Def. Ltr. (Dkt. No. 94) at 4)

3

## II. DISCUSSION

"'As a general rule, parties may not litigate their disputes anonymously.'" John Wiley & Sons, Inc. v. Does Nos. 1-27, No. 11-CV-7627 (WHP), 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (quoting Klein v. City of New York, No. 10-CV-9568 (LAK) (JLC), 2011 WL 3370402, at *1 (S.D.N.Y. Aug. 3, 2011)).

Here, the Anonymous Defendants contend that this Court lacks personal jurisdiction over them, and argue that Plaintiff's application for a preliminary injunction must be denied on that basis. (Def. Opp. Br. (Dkt. No. 56) at 12, 22-39) The Anonymous Defendants will also move to dismiss on that basis. (May 24, 2022 Def. Ltr. (Dkt. No. 94) at 2-3)

The identities and addresses of the Anonymous Defendants are critical to resolving the issue of personal jurisdiction. See Bloomberg, L.P. v. John Does 1-4, No. 13-CV-1787 (LGS), 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) ("[R]uling on personal jurisdiction prior to the plaintiffs' discovery of the identities of the anonymous defendants would be premature because, 'without the identifying information sought by plaintiffs . . . it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants.'" (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004)). Moreover, "this Court has the discretion to allow discovery to determine the basis for personal jurisdiction." Sony Music Ent. Inc., 326 F. Supp. 2d at 567 (citing Volkart Bros., Inc. v. M/V Palm Trader, 130 F.R.D. 285, 290 (S.D.N.Y. 1990)).

In challenging personal jurisdiction, Defendants have submitted anonymous, unsigned declarations. (Dkt. Nos. 56-3, 56-4, 56-5) This Court informed the Defendants five months ago – in a December 14, 2021 Order – that their anonymous, unsigned declarations "are of no evidentiary worth." (See Dec. 14, 2021 Order (Dkt. No. 68) at 3) Since that time,

4

Defendants have not submitted any case law to the contrary. This Court will not credit Defendants' anonymous, unsigned declarations in determining whether it has personal jurisdiction over the Anonymous Defendants.

Moreover, this Court concludes that the Anonymous Defendants' identities and addresses (at the time the Complaint was filed) are necessary in order to resolve the issue of whether this Court has personal jurisdiction over them. Accordingly, this information will be produced to Plaintiff and the Court by June 3, 2022.

## CONCLUSION

The Anonymous Defendants' application to proceed anonymously in this action is denied. The Anonymous Defendants will disclose their identities, including their names and addresses as of October 22, 2021 – when the Complaint was filed (see Dkt. No. 1) – to Plaintiff and this Court by **June 3, 2022**.

Dated: New York, New York
       May 26, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5