**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | Civil Action No. 1:21-cv-08704-PGG-RWL |
| Plaintiff, | : | |
| v. | : | |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL
SUBMISSION RE: PERSONAL JURISDICTION**

# **Table of Contents**

PROCEDURAL HISTORY.................................................................................................2

    Everytown's Claims and Expedient Efforts to Secure Injunctive Relief...................................2

    The Incomplete Expedited Discovery Received by Everytown to Date...................................3

    Case Developments After Receipt of the Incomplete Expedited Discovery ............................5


SUMMARY OF UNLAWFUL CONDUCT DIRECTED TO NEW YORK ................................6

    Online Platforms Where Defendants Have Advertised and Distributed the Infringing
Products........................................................................................................................6

    Summary of Contacts with New York ..................................................................................8

        Defendant Defcad, Inc. ................................................................................................9

        The Royster Defendants: Phillip Royster, Odysee User xYeezySZN, Defcad User
xYeezySZN, and Twitter User xYeezySZN ...............................................................10

        Defendant Freeman1337 and Odysee User Freeman1337 GunCAD Mirror...................12

        The Gatalog Defendants: The Gatalog, and Odysee User thegatalog-printablemagazines
.....................................................................................................................................14


ARGUMENT ................................................................................................................14

    I.      This Court Has Personal Jurisdiction Over the Defendants.......................................14

        a.   Jurisdiction is Proper Under NY C.P.L.R. § 302(a)(1).......................................15

            1.  The Infringing Products are Available on Highly Interactive Websites..........17

            2.  Defendants Failed to Rebut Everytown's Jurisdictional Showing .................18

        b.   Jurisdiction is Proper Under NY C.P.L.R. § 302(a)(3)(ii)....................................19

        c.   Exercising Personal Jurisdiction Comports with Due Process................................20

    II.     Defendants have Waived Their Right to Contest Personal Jurisdiction and Venue....21

    III.   Everytown Put Forth Sworn Evidence Establishing Likelihood of Success .............22

      A.  Defendants Are Targeting the Everytown Marks Under Section 360-l.....................22

          1.  The Everytown Marks are Truly Distinctive .........................................................23

          2.  Defendants' Use is Likely to Tarnish the Everytown Marks................................23

      B.  Defendants are Violating the Lanham Act (15 U.S.C. §§ 1114, 1125(a))..................24


CONCLUSION.................................................................................................................25

## TABLE OF AUTHORITIES

**CASES**

*Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 1681438 (S.D.N.Y. Apr. 25, 2012) ...................22

*Calder v. Jones*, 465 U.S. 783 (1984)............................................................................21

*Carson Optical, Inc. v. RQ Innovasion, Inc.*,
16-cv-1157, 2020 U.S. Dist. LEXIS 55223 (E.D.N.Y. Mar. 30, 2020)..................................16, 21

*Cartier v. Seah LLC*, 598 F.Supp.2d 422 (S.D.N.Y. 2009) ................................................16, 18, 23

*Chaiken v. VV Pub. Corp.*, 119 F.3d 1018 (2d Cir. 1997)..............................................................20

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010)......................................20

*Coty Inc. v. Excell Brands, LLC*, 277 F.Supp.3d 425 (S.D.N.Y. 2017) ........................................23

*The Cousteau Society, Inc. v. Cousteau*, 498 F.Supp.3d 287 (D. Conn. 2020) ............................17

*Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39 (2d. Cir. 1994) ......................................................23

*Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 21 A.D.3d 90 (2005) ............16

*Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458 (S.D.N.Y. 2008)...............15, 17

*EnviroCare Techs., LLC v. Simanovsky*,

iii

No. 11-CV-3458, 2012 WL 2001443 (E.D.N.Y. June 4, 2012) ........................................ 15, 20-21

*Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497 (2d Cir. 1996)............................24

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F.Supp.2d 449 (S.D.N.Y. 2000) ................15, 21

*Hypnotic Hats, Ltd. v. Wintermantel Enters.*,
15-CV-06478, 2016 WL 7451306 (S.D.N.Y. Dec. 27, 2016) ........................................................16

*Int'l Insurance Brokers, Ltd. L.L.C. v. Team Financial, Inc.*,
Case No. 07-CV-0082, 2007 WL 9782902 (N.D. Okla. June 12, 2007)......................................22

*Iovate Health Sciences, Inc. v. Masuda*,
No. 08-CV-809, 2009 WL 2878526 (W.D.N.Y. 2009) .................................................................17

*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999) .......................................................21

*Knowles-Carter v. Feyonce Inc.*, 347 F.Supp.2d 217 (S.D.N.Y. 2018) .................................. 22-23

*Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337 (2d Cir. 1999)..................23

*Mattel, Inc. v. Adventure Apparel*,
No. 00-cv-4085, 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001) .........................................15, 18, 21

*Mrs. U.S. Nat'l Pageant, Inc. v. Miss U.S. Org. LLC*,

875 F.Supp.2d 211 (W.D.N.Y. 2012) ...................................................................... 16-17

*NBA Properties v. Untertainment Records LLC*,

No. 99 CIV. 2933, 1999 WL 335147 (S.D.N.Y. May 16, 1999)....................................24

*N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550 (2d Cir. 2002) .............................24

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*,

704 F.Supp.2d 305 (S.D.N.Y. 2010) ...........................................................................23

*OBH, Inc. v. Spotlight Magazine, Inc.*, 86 F.Supp.2d 176 (W.D.N.Y. 2000)................................25

*Pfizer Inc. v. Sachs*, 652 F.Supp.2d 512 (S.D.N.Y. 2009) ...........................................................24

*Planned Parenthood Fed'n of Am., Inc. v. Bucci*, No. 97 Civ. 0629,

1997 WL 133313 (S.D.N.Y. Mar. 24, 1997), *aff'd* 152 F.3d 920 (2d Cir. 1998).........................25

*Poof-Slinky, LLC v. A.S. Plastic Toys Co., Ltd.*,

19 Civ. 9399, 2020 WL 5350537 (S.D.N.Y. 2020) ....................................................18

*Savage Universal Corp. v. Grazier Const., Inc.*,

No. 04 Civ. 1089, 2004 WL 1824102 (S.D.N.Y. Aug. 13, 2004)  .................................19

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ...................................................21

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC*, 450 F.3d 100 (2d Cir. 2006).................15

*Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004)................................19

*Strange Music, Inc. v. Strange Music Inc.*, 326 F.Supp.2d 481 (S.D.N.Y. 2004) ........................23

## STATUTES

NY C.P.L.R. § 302(a)(1)................................................................................................ 14-16

NY C.P.L.R. § 302(a)(3)(ii)...........................................................................................15, 19

28 U.S.C. § 1391...............................................................................................................15

15 U.S.C. § 1114.........................................................................................................22, 24

15 U.S.C. § 1125(a)..........................................................................................................24

15 U.S.C. § 1115(a)..........................................................................................................24

Fed. R. Civ. P. 12(h)(1).....................................................................................................21

H.R. Rep. No. 104-374 (1995)...........................................................................................24

N.Y. Gen. Business Law § 360-l ................................................................................. 22-23

## MISCELLANEOUS

*https://www.wipo.int/amc/en/domains/decisions/pdf/2022/d2022-0473.pdf*................................25

Everytown for Gun Safety Action Fund, Inc. ("Everytown") makes this supplemental submission in further support of its request for preliminary injunctive relief and to address the issue of personal jurisdiction pursuant to the Court's Orders entered on May 23, 2022 and May 25, 2022 respectively. [ECF Nos. 93 and 96]. Everytown has submitted sworn evidence demonstrating (1) it is likely to succeed on the merits of its N.Y. state dilution and federal trademark infringement claims, (2) it is suffering ongoing irreparable harm due to Defendants' unlawful conduct in promoting, advertising, and distributing the Infringing Products to New York consumers and targeting Everytown in this judicial district, (3) the balance of harm favors Everytown because Defendants have no right to unlawfully use identical versions of the Everytown Marks as source identifiers in a manner likely to tarnish the marks and confuse the public and (4) the public interest favors an injunction. Everytown has set forth more than sufficient evidence that Defendants are subject to personal jurisdiction in New York given (1) Defendants' Infringing Products have been accessed and downloaded by N.Y. consumers on highly interactive websites in exchange for various forms of monetary compensation; (2) Defendants have advertised and promoted the Infringing Products to N.Y. consumers; and (3) Defendants knew of Everytown's prior rights to the Everytown Marks, but distributed the Infringing Products with the intent to target and harm Everytown—a non-profit corporation located in and conducting business in New York. Defendant Defcad, Inc. has also directly infringed Everytown's Marks by advertising and promoting the Infringing Products in New York, charging N.Y. consumers a subscription fee to join, and sending newsletters promoting the Infringing Products to New York.  Defcad, Inc. has contributorily infringed Everytown's marks by soliciting the other Defendants to promote and distribute the Infringing Products on its interactive website, among other things.  For the reasons detailed below, and the arguments and

1

evidence previously provided by Everytown in its original Application, Amended Complaint, and sworn declarations, Everytown requests that this court finds personal jurisdiction exists over all Defendants and a preliminary injunction be entered.

## **PROCEDURAL HISTORY**

***Everytown's Claims and Expedient Efforts to Secure Injunctive Relief***

On October 22, 2021 Everytown filed its Complaint for, *inter alia*, federal trademark infringement and New York state dilution by tarnishment after learning that Defendants were advertising promoting and distributing downloadable files for the manufacture of actual 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and accessories bear identical versions of Everytown's federally registered Everytown Marks (the "Infringing Products").  ECF 1.  Defendants' Infringing Products are distributed and promoted online through various highly interactive social media and document sharing sites, including the website www.defcad.com owned by Defendant Defcad, Inc., www.odysee.com owned by third-party Odysee, Inc. ("Odysee"), www.twitter.com owned by third-party Twitter, Inc. ("Twitter"), and www.ctrlpew.com ("CTRL+Pew"). Through these online platforms, Defendants have acted semi-anonymously through user account names.

On October 22, 2021, Everytown filed an Application for an Order to Show Cause seeking a preliminary injunction to stop Defendants from further distributing the Infringing Products and from further disparaging and tarnishing Everytown.  *See* ECF 13-18.  Everytown's Application provided sworn evidence that Everytown owns federally registered trademarks (the "Everytown Marks"), that those trademarks are valid and strong, and that Defendants were using confusingly similar identical versions of the Everytown Marks in commerce in connection with the Infringing Products in a manner likely to confuse consumer and in a manner likely to tarnish

2

and harm Everytown.[1]

Everytown's Application sought limited expedited discovery from Defcad, Inc. and third parties to identify the background information of the otherwise anonymous online merchants offering the Infringing Products for sale. *Id.* On November 5, 2021, the Court granted Everytown's Application and set an order to show cause hearing ("OSC Hearing") for December 2, 2021 (the "Nov. 5 Order"). ECF 30. That OSC Hearing was then delayed due to Defendants' multiple and repetitive attempts to challenge the Nov. 5 Order. *See* ECF 31-32, 35 (Emergency Letter Motion); 21-2806, ECF 1 (Petition for a Writ of Mandamus); ECF 73-74; 21-3709, ECF 1,8 (notice of Second Circuit appeal and motion documents).

***The Incomplete Expedited Discovery Received by Everytown to Date***

On April 7, 2022, the Court signed and entered a Stipulated Confidentiality Agreement and Protective Order, which is to govern the exchange of discovery information in this case. ECF 82 ("Protective Order"). The Protective Order specifically contains provisions for "personal identifying information or information tending to lead to the discovery of personal identifying information." Protective Order, at *4. On April 13, 2022, Everytown received incomplete information related to Defendants' identities from Twitter. Everytown then received additional document productions from Defendant Defcad, as well as third-party Odysee on April 21 and April 22, 2022, respectively. The general categories of information received for each of the Defendants from these online platforms is described below:

---

[1] *See* Memo of Law ISO Application for OSC, ECF 14, Page ID # 11-13; Declaration of Marcella Ballard [ECF 15] ("Ballard Decl.") ¶¶ 4-5; Declaration of Erin Galloway [ECF 17] ("Galloway Decl.") ¶¶ 9-10, 12, 14-16, 18-21, 24-27, 30-31, 35-38, 40-43, 46-49, 51; Declaration of Matthew McTighe [ECF 18] ("McTighe Decl.") ¶¶ 17-40, 47-48.

| Defendant | General Categories of Personal Identifying Information Obtained from Defendant Defcad, Inc. and Third Parties Twitter and Odysee | General Categories of Information that Everytown Does Not Possess |
|---|---|---|
| Odysee User xYeezySZN | Email | Name, Physical Address(es), and Phone Number |
| Defcad User xYeezySZN | Name, Physical Address, Email, Phone Number, Partial Credit Card Information | |
| Odysee User thegatalog-printablemagazines | Email, Phone Number, and Unverified Bank | Name, and Physical Address(es) |
| The Gatalog | Email, Age and Birthdate[2], Phone Number | Name, Physical Address(es), Email, and Phone Number |
| Defcad User Freeman1337 | Email, Phone Number, Age, Birth Date | Name, and Physical Address(es) |
| Twitter User xYeezySZN | Email, Age and Birthdate, Phone Number | Name, and Physical Address(es) |
| Phillip Royster | Name, Physical Address, Email, Phone Number, Partial Credit Card Information | |

Everytown is still unable to verify basic personal identifying information – such as legal names, and physical addresses - regarding five Defendants. Such information is critical given Everytown's request for preliminary injunctive relief, and it requires such basic information

---

[2] Based upon the age and birthdate provided from Twitter, Inc., Everytown believes that the Defendant The Gatalog did not provide an accurate age or birthdate to Twitter, Inc. in connection with its Twitter account. The birthday and age provided is outside of the normal bounds of individuals currently alive today.

about the Defendants to pursue its claims. Namely, Everytown believes the following groups of

Defendants and accounts are operated by the same individual(s):

1. Defendants Phillip Royster, Odysee User xYeezySZN, Defcad User xYeezySZN, and

   Twitter User xYeezySZN (together "Royster Defendants");

2. Defendant Defcad User Freeman1337 and Odysee User Freeman1337 GunCAD Mirror[3]

   (together "Freeman1337"); and

3. Defendants The Gatalog, and Odysee User thegatalog-printablemagazines (together

   "Gatalog Defendants").

Everytown has also learned from reviewing the expedited discovery from Defcad that one

Defendant is just "fine" with disclosing his identity, in stark contradiction to the claims made in

the anonymous declarations which uniformly stated the contrary. DEFCAD000009[4]

***Case Developments After Receipt of the Incomplete Expedited Discovery***

Everytown filed its First Amended Complaint on May 2, 2022 (ECF 89) ("FAC").

Defendants' responsive pleading deadline to Everytown's FAC was May 16, 2022. None of the

Defendants filed a response to the FAC, and the Defendants did not submit a pre-motion

conference letter to the Court pursuant to the Court's individual practice rules.  On May 18,

2022, the Parties then attended an Initial Case Management Conference where the Court set a

discovery schedule and denied Defendants' request to stay discovery, as well as Defendants'

---

[3] Not a named Defendant, but an additional publicly available user account on Odysee that is related to Defendant Defcad User Freeman1337 where the Infringing Products may be downloaded.

[4] This underlying document was provided to Plaintiff in expedited discovery served by Defcad and marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"). If the court would like to review the underlying document Plaintiff will file under seal.

request to stay that denial.  ECF 92.  On May 23, 2022, the Court set a hearing on Everytown's

Application for an order to show cause seeking a preliminary injunction for June 3, 2022,

requiring any supplemental briefing to be filed by May 27, 2022.  ECF 93. On May 25, 2022, the

Court granted Defendants' request to adjourn the hearing due to illness adjourning the OSC

Hearing until June 8, 2022. ECF 96. On May 26, 2022, the Court ordered that Defendants'

disclosure their identities and addresses to the Court and Everytown by June 3, 2022. ECF 97.

### SUMMARY OF UNLAWFUL CONDUCT DIRECTED TO NEW YORK

Defendants are a group of interrelated organizations and individuals who have created

and distributed the Infringing Products with the intent to target and harm Everytown—a non-

profit corporation located in and conducting business in New York. FAC ¶¶ 26-60. N.Y.

consumers have downloaded the Infringing Products from the Royster Defendants,

Freeman1337, and the Gatalog Defendants, and purchased a subscription from Defcad to access

Defendants' Infringing Products via the Internet, harming Everytown and N.Y. consumers.

Green Reply Decl. ¶¶ 17, 31-40, Ex. B-C, E. Everytown has suffered and is continuing to suffer

irreparable harm as a result. FAC ¶¶ 225-30.

***Online Platforms Where Defendants Have Advertised and Distributed the Infringing Products***

Defendants use various online platforms to advertise, promote, and distribute the

Infringing Products, including but not limited to, www.odysee.com, www.twitter.com,

www.ctrlpew.com, www.thegatalog.com, and www.defcad.com. All of the websites Defendants

use to further their promotion, advertisement, and distribution of the Infringing Products are

highly interactive. Odysee.com is an online digital library that allows users, like Defendants, to

upload, promote, and distribute the Infringing Products to consumers worldwide, including to

N.Y. consumers. Galloway Decl. ¶¶ 4-51; Green Decl. ¶¶ 4-29; FAC ¶ 122. Odysee users have

the option to monetize their content and can receive cash "tips". *See, e.g.*, Green Decl. ¶ 5-6 (describing downloading Defendants' Infringing Products while being located in New York); *see also* https://lbry.com/faq/view-rewards#apply (describing the monetization of content on odysee.com and other LBRY, Inc. owned apps). Users, like Defendants, who post content on odysee.com can receive monetary funds in connection with views of their content in the form of cash tips, and/or through crypto currency payments.[5] Defendants have received monetary compensation in connection with their Infringing Product listings on Odysee.com as detailed further below. *See* Declaration of Delia Green filed December 10, 2021 [ECF 65-1] ("Green Reply Decl"), ¶ 40; Green Decl., Exs. A, E; and FAC [ECF 89], Ex. 6.

Ctrlpew.com is an online platform used by Defendants to advertise, promote, and link to the Infringing Products. FAC ¶¶ 181-84. Ctrlpew users located in New York can access files for 3D printing firearms, make purchases, and donate monetary funds to individuals—including at least one of the Defendants. *See* https://ctrlpew.com/donate-to-freeman1337/.

Thegatalog.com is an online platform used by the Defendants to advertise, promote, and distribute the Infringing Products to consumers worldwide, including N.Y. consumers. FAC at ¶¶ 187-90.  Thegatalog.com directs users to Defendants' Infringing products through links on its homepage, and allows members of the public, including N.Y. consumers to upload files for the printing of firearm parts and accessories. FAC at ¶¶ 187-190.

Twitter.com is a social media platform where users can post statements, pictures, videos, links, and repost posts from other users. *See* https://twitter.com/.  Defendants use twitter.com to

---

[5] *See also* https://lbry.com/faq/view-rewards#apply; https://odysee.com/@OdyseeHelp:b/cash-tips4:c (depicting instructional video from Odysee.com regarding cash tips).

advertise and promote the Infringing Products to consumers worldwide, including N.Y. consumers. *See* https://twitter.com/xyeezyszn/with_replies?lang=en. Defendants also use twitter.com to interact with Internet users who have used the Infringing Products to print actual functional firearms. FAC ¶ 203.

Defendants also use defcad.com to promote and pursue their unlawful conduct. Defcad.com is the "World's Largest 3-D Gun Repository" which Defendants have used to upload, promote, and distribute the Infringing Products to consumers worldwide, including N.Y. consumers. *Id.* at ¶ 125; Galloway Decl. ¶¶ 4-51; Green Decl. ¶¶ 4-29; *see also* www.defcad.com. Defcad's online repository allows users to browse a vast collection of 3-D printing instructions for various firearms and firearm parts for a subscription fee. Green Decl. ¶ 4-29. Defcad users can create an account, sign up for newsletters, submit their credit card information to sign up for Defcad's subscription services, and post reviews of content available for download. *Id.* ¶¶ 4, 30-31; Green Reply Decl. ¶¶ 15-19, 23-30, Ex. B, C, D.  Additional facts regarding Defcad.com and Defendants are provided in greater detail below.

### Summary of Contacts with New York

Defendants have extensive contacts with New York State via advertising, promoting, and distributing the Infringing Products through highly interactive websites that are accessible by N.Y. consumers, and have been downloaded by N.Y. consumers. *See* FAC at ¶¶ 11; Green Decl. ¶¶ 4-6, 8-14, 20, 21-26, 29, 30-31, Ex. A-B, E-G. Defendants have received monetary funds for their distribution of the Infringing Products. Green Decl. ¶¶ 6, 30-31; Green Reply Decl. ¶¶ 15-17. Defendants have also advertised the Infringing Products in New York through newsletters and social media. *See* FAC ¶ 174-75, 181, 203; Green Reply Decl. ¶¶ 26-30, Ex. D. Defendants have intentionally targeted Plaintiff Everytown—a nonprofit corporation incorporated and

located in New York. *See* 21-cv-8704, Defendants' Second Circuit Brief, ECF 58, Page ID # 17

[hereinafter "Appeal Brief"] (recognizing Defendants' "purpose is plainly to criticize, parody,

and disparage Plaintiff-Appellee…").

### *Defendant Defcad, Inc.*

Defendant Defcad is the owner and operator of defcad.com. Through the website

defcad.com, Defcad collects monetary compensation for the distribution of the Infringing

Products. FAC ¶ 36; Reply Green Decl. ¶¶ 23-25, Ex. C (depicting Defendant Defcad User

xYeezySZN's Infringing Product for a price of $11.00 on defcad.com).  For example, Defcad

charged N.Y. consumers membership fees to access the files on its website, including but not

limited to the Infringing Products.[6] Defcad materially participated in the sale and/or distribution

of the products to consumers on defcad.com. FAC ¶ 128-132. Defcad reviews all products prior

to offering them on its website, generates renderings of products, and adds said renderings to the

product listings.  *Id.* ¶ 128-132.  Defcad deliberately chose to offer and distribute the Infringing

Products on defcad.com including Defendant Defcad User Freeman1337's "Everytown" AR15

22LR Magazine and Defendant Defcad User xYeezySZN's "Everytown" and "Moms Demand

Action" Firebolt 5.56 Bolt Catch Magwell Panels all of which display or bear at least one of the

Everytown Marks as source identifiers. *Id.* at ¶¶ 156, 161, 192. As of May 25, 2022, Defcad has

facilitated and received compensation in connection with over 1,131 downloads of the Infringing

Products—more than double the number of downloads when Everytown first brought this action.

*Id.* at ¶ 37.

_____

[6] Green Decl. ¶¶ 30-31; Reply Green Decl. ¶¶ 15-22, Ex. B (describing how Defcad charged a
New York consumer's credit card after it was aware that she was a New York resident, and how
she was never refunded the membership fee).

Defcad also directs advertising into New York by sending newsletters to N.Y. consumers including a "monthly recap featuring curated lists of files." Green Reply Decl. 26-30, Ex. D. Defcad has specifically contemplated featuring the Infringing Products in at least one of these newsletters and advertised Defendant Defcad User Freeman1337's other product listings in its newsletters. DEFCAD000007; Green Reply Decl., Ex. D (depicting Defcad newsletters received by N.Y. consumer). Defcad did not advise N.Y. consumers that it had any policy prohibiting sales to New York residents. *See* Reply Green Decl. ¶¶ 5-11, 30.

Defcad also further explicitly directed and targeted harm into New York by purposefully targeting Everytown. *See supra,* Appeal Brief (recognizing Defendants' "purpose is plainly to criticize, parody, and disparage Plaintiff-Appellee…"). Defcad went out of its way to contact another Defendant to solicit them to post their Infringing Products on Defcad. FAC ¶ 215. After Defendants' Infringing Products were available on defcad.com, Everytown also submitted a notice to Defcad complaining of trademark infringement by Defendants' Infringing Products. The notice provided specific website links to Defendants' Infringing Products, however Defcad did not respond to Everytown's notice or remove the Infringing Product listings. *Id.* at ¶ 217-18. Defcad received Everytown's notice but chose to ignore Everytown's rights. *Id.*

***The Royster Defendants: Phillip Royster, Odysee User xYeezySZN, Defcad User xYeezySZN, and Twitter User xYeezySZN***

Defendants Odysee User xYeezySZN, Defcad User xYeezySZN, Twitter User xYeezySZN, and Phillip Royster[7] created and uploaded the downloadable files containing 3-D

---

[7] Everytown has not yet confirmed various personal identifying information regarding these Defendants but believes the accounts identified are all owned and/or operated by Mr. Royster due to Everytown's investigation to date, and various pieces of information obtained through expedited discovery.

printing instructions for the Infringing Products titled "Everytown – Firebolt 5.56 Bolt Catch (R) Magwell Panel" and "Moms Demand Action – Firebolt 5.56 Bolt Catch Magwell"[8] to defcad.com and odysee.com, which are available to N.Y. consumers and have been downloaded by N.Y. consumers. FAC ¶¶ 151, 157, 162, 167. The Royster Defendants' "Everytown" Magwell includes Everytown's identical EVERYTOWN® and ▬▬▬ on the actual 3-D printed product when printed and his "Moms Demand Action" Magwell includes Everytown's identical MOMS DEMAND ACTION®, ▬▬▬, and MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA® trademarks on the actual 3-D printed product when printed. *Id.* at ¶ 156, 166.

The Royster Defendants' Infringing Products are available to the public on two highly interactive websites—Odysee and Defcad—and have been downloaded by N.Y. residents from Odysee. Green Decl. 4-6, 8-14, 20, 21-26, 29, 30-31, Ex. A-B, E-G. The Royster Defendants receive portions of the monetary funds charged by Defcad. *Id.* at ¶ 136. As of May 25, 2022, their Infringing Products have been viewed on defcad.com over 23,400 times and downloaded over 530 times and viewed on Odysee over 480 times. *See* https://defcad.com/library/b53093c0-5214-475a-bb23-fc7684ef1ff3/; https://defcad.com/library/2d0f5a72-3147-4076-9ed9-9aa843710f67/; https://odysee.com/@xYeezySZN:f/MomsDemandFirebolt:7; https://odysee.com/@xYeezySZN:f/EverytownFireboltMagwell:f. The Royster Defendants have also received "tips" in connection with his distribution of the Infringing Products.[9]

---

[8] The Royster Defendants' "Moms Demand Action – Firebolt 5.56 Bolt Catch Magwell" is available to N.Y. consumers for sale on defcd.com for $11.00 USD. Green Reply Decl. ¶¶ 23-25, 31, Ex. C.; See FAC ¶ 17.

[9] https://odysee.com/@xYeezySZN:f/MomsDemandFirebolt:7; https://odysee.com/@xYeezySZN:f/EverytownFireboltMagwell:f

The Royster Defendants also use Twitter to interact with Internet users who have downloaded the Infringing Products. FAC ¶ 174-75, 203. Through Twitter, the Royster Defendants targeted Everytown in New York on multiple occasions tagging Everytown in connection with references to the Infringing Products, stating he made them special for Everytown. *See* Galloway Decl. ¶ 30. Despite receiving a complaint via Odysee that their Infringing Products violated Everytown's trademark rights, the Royster Defendants escalated their conduct and effort to harm Everytown by offering the Infringing Products on Defcad. *See* Galloway Decl. ¶¶ 17, 23. The Royster Defendants files may also have been advertised in New York through Defcad's newsletter. DEFCAD000007. Their actions are directly targeted at, and harmful to, Everytown in New York. FAC ¶ 26-27.

### Defendant Freeman1337 and Odysee User Freeman1337 GunCAD Mirror

Defendant Defcad User Freeman1337 (hereinafter "Freeman1337") created and uploaded the Infringing Product titled "'Everytown' 3D Printable AR15 22LR Magazine" to defcad.com, which is available to N.Y. consumers and accessed by N.Y. consumers. FAC ¶ 191. Freeman1337's "Everytown" magazine includes Everytown's identical EVERYTOWN® trademark in the product title. *Id.* at ¶ 192. Freeman1337 uses multiple highly interactive websites including Defcad, Odysee, and Twitter with regard to the Infringing Products. *See* https://defcad.com/library/c4e0a685-04ad-4034-ab25-44f90b09a725/; https://odysee.com/@freeman1337-GunCAD-Mirror:b/freeman1337:7; https://twitter.com/Freeman13372?ref_src=twsrc%7Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor. Freeman1337 receives portions of the monetary funds charged by Defcad. *Id.* at ¶ 136. As of May 25, 2022, Freeman1337's Infringing Product has been viewed on Defcad over 5,600

times and downloaded over 590 times.[10]

The same individual who operates Freeman1337 owns and/or operates Odysee User Freeman1337-GunCAD-Mirror. *Id.* ¶ 194[11]. Through his Odysee account Freeman1337 has uploaded the same Infringing Product file to Odysee account under the listing "AR15 22lr magazine - 25 round capacity - CMMG compatible." *Id.* ¶ 196. When the file is downloaded, the name of the file is "freeman1337-everytown-cmmg-22lr-mag-25round". *Id.* Freeman1337 has received some "tips" in connection with the distribution of this file. *See*

https://odysee.com/@freeman1337-GunCAD-Mirror:b/freeman1337:7. Freeman1337's Infringing Product on Odysee has been downloaded by N.Y. consumers, and has been viewed by consumers over 420 times. *Id.*; FAC ¶ 198. Freeman has also received "tips" in connection with his distribution of his file on odysee.com. *Id.* Freeman1337 solicits donations from worldwide Internet users, including N.Y. consumers, through his Ctrl+Pew page.[12] On that page, Freeman1337 advertises and promotes himself as the "creator of the Everytown mag", using Everytown's identical EVERYTOWN® trademark for the solicitation of funds. *Id.* Freeman1337 similarly promotes himself as the "Creator of the Everytown Mag" on his Twitter page.[13] Freeman1337's files have also been advertised in New York through Defcad's newsletter. Green Reply Decl., Ex. D. Freeman1337's actions are targeted at, and harmful to, Everytown in New

---

[10] https://defcad.com/library/c4e0a685-04ad-4034-ab25-44f90b09a725/

[11] Everytown believes the odysee.com account is owned by the same entity/individual due to Everytown's investigation and various information obtained through expedited discovery.

[12] *Id.* at ¶ 182; https://ctrlpew.com/donate-to-freeman1337/

[13] https://twitter.com/Freeman13372?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor

York. FAC ¶ 26-27.

***The Gatalog Defendants: The Gatalog, and Odysee User thegatalog-printablemagazines***

The Gatalog Defendants[14] created and uploaded the downloadable file containing 3-D

printing instructions for the Infringing Product titled "'Everytown 3D Printable AR15 22lr

Magazine" to odysee.com, which is available to, and has been downloaded by, N.Y. consumers.

FAC ¶ 181; Green Decl. 4-6, 8-14, 20, 21-26, 29, 30-31, Ex. A-B, E-G. The Gatalog Defendants'

"Everytown" magazine includes Everytown's identical EVERYTOWN® trademark in the

product title and has been viewed on Odysee over 7,500 times.

https://odysee.com/@TheGatalog-PrintableMagazines:6/everytown-cmmg-22lr-mag-25round:f.

The Gatalog Defendants' have also received compensation in the form of "tips" in connection

with their distribution of the Infringing Products. *Id.*  The Gatalog Defendants also promote the

Infringing Products on Instagram as available for download on Ctrl+Pew, which links to their

Odysee product listing. FAC ¶ 181. The Gatalog Defendants' Ctrl+Pew advertisement uses

Everytown's identical EVERYTOWN® trademark to advertise and promote the Infringing

Product. https://ctrlpew.com/file-drop-everytown-3d-printable-ar15-22lr-magazine/. The Gatalog

Defendants' actions are targeted at, and harmful to, Everytown in New York. *Id.* ¶ 26-27.

## ARGUMENT

**I.      This Court Has Personal Jurisdiction Over the Defendants**

The Court has jurisdiction over the Defendants under both NY C.P.L.R. § 302(a)(1) and

---

[14] Everytown has not yet confirmed various personal identifying information regarding these
Defendants but believes the accounts identified are all owned and/or operated by the same
individual/entity due to Everytown's investigation and various information obtained through
expedited discovery.

under NY C.P.L.R. § 302(a)(3)(ii), and such jurisdiction would comport with Due Process as

Defendants are targeting N.Y. consumers and causing harm to Everytown within this Judicial

District. Venue is also appropriate because a substantial part of the harm caused by Defendants

has occurred in this Judicial District as the Infringing Products have been accessed and

downloaded in this Judicial District, and Everytown is located within this Judicial District. 28

U.S.C. § 1391. Further, by failing to timely answer or move with regard to Everytown's FAC,

the Defendants have waived any right to contest personal jurisdiction.

### a.  Jurisdiction is Proper Under NY C.P.L.R. § 302(a)(1).[15]

Defendants transact business within the New York, and Everytown's claims arise from

their business activity. C.P.L.R. § 302(a)(1); *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt.*

*LLC*, 450 F.3d 100, 103 (2d Cir. 2006). "'[P]roof of one transaction in New York is sufficient to

invoke jurisdiction . . . .'"[16] Where a website is interactive and allows a buyer in New York to

submit an order online, courts typically find that the website operator is "transacting business" in

New York subject to the court's jurisdiction.[17] Even where a defendant merely posts its items

through a third-party website, jurisdiction is proper. *See EnviroCare Techs., LLC*, 2012 WL

2001443, at *3 (citing cases). Where a "substantial nexus" between the business transaction and

the claim exists, the "arising out of" prong is met. *Energy Brands Inc. v. Spiritual Brands, Inc.*,

---

[15] Everytown does not argue that general jurisdiction over Defendants is proper pursuant to §
302(a)(2). However, given the continued anonymity of certain Defendants in this case, Plaintiff
does not waive its right to assert those jurisdictional bases.

[16] *EnviroCare Techs., LLC v. Simanovsky,* No. 11-CV-3458, 2012 WL 2001443, at *8 (E.D.N.Y.
June 4, 2012).

[17] *See, e.g., Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 456 (S.D.N.Y.
2000); *Mattel, Inc. v. Adventure Apparel*, No. 00-cv-4085, 2001 WL 286728, at *3 (S.D.N.Y.
Mar. 22, 2001)); *see also Energy Brands Inc.*, 571 F. Supp. 2d at 466.

571 F. Supp. 2d 458, 466 (S.D.N.Y. 2008). "Lanham Act trademark infringement claims – where products are sold to New York consumers, competitively harming a plaintiff – satisfy the substantial nexus requirement." *Carson Optical, Inc. v. RQ Innovasion, Inc.*, 16-cv-1157, 2020 U.S. Dist. LEXIS 55223, at *10 (E.D.N.Y. Mar. 30, 2020); *Hypnotic Hats, Ltd. v. Wintermantel Enters.*, 15-CV-06478, 2016 WL 7451306, at *3 (S.D.N.Y. Dec. 27, 2016). For the purposes of the jurisdiction analysis to "target" New York does not mean that a defendant "must have *singled out* New York as a particular focus of their commercial activity." *See Mrs. U.S. Nat'l Pageant, Inc. v. Miss U.S. Org. LLC*, 875 F. Supp. 2d 211, 222 (W.D.N.Y. 2012) (emphasis in original). Here, N.Y. consumers have downloaded the Infringing Products and/or purchased a subscription to access Defendants' Infringing Products via the Internet, harming Everytown and N.Y. consumers. *See supra* Facts.

 *First*, Defcad transacted business within New York when it charged the credit card of a N.Y. resident for a subscription to its website. *See supra*. The subscription is a prerequisite for users to purchase 3-D printing files and instructions for various firearms and firearms parts and accessories available on Defcad, including the Infringing Products. *See supra* Facts. This subscription transaction alone is enough to confer jurisdiction over Defcad pursuant to § 302(a)(1). *See Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 21 A.D.3d 90, 93-94 (2005) (quoting case). The fact that Defcad and the individual defendants *offer* the Infringing Products is enough to establish jurisdiction.[18]

 *Second*, the Gatalog Defendants, Royster Defendants, and Freeman1337 transact business

---

[18] *Cartier v. Seah LLC*, 598 F. Supp. 2d 422, 425 (S.D.N.Y. 2009) ("The *offering* for sale of even one copy of an allegedly infringing item, even if no sale results, is sufficient to give personal jurisdiction over the alleged infringer under N.Y. CPLR § 302(a), subd. 1, 2 and 3.").

in New York by allowing consumers to download the Infringing Products from Odysee in exchange for potential "tips". *See supra* Facts (describing how Defendants have received monetary compensation through Odysee in connection with the Infringing Products). The Gatalog Defendants also have transacted business in New York through the fully interactive website thegataglog.com where they allow users to upload 3-D printing materials, and provide users with links to their Infringing Product, which have been accessed by N.Y. consumers. *See supra* Facts. Additionally, Freeman1337 has transacted business in New York by soliciting donations through fully-interactive website Ctrl+Pew and advertising himself as the "[c]reator of the Everytown Mag" referencing his distribution and creation of one of the Infringing Products. *See* https://ctrlpew.com/donate-to-freeman1337/.

**1. The Infringing Products are Available on Highly Interactive Websites.**

All the websites used by Defendants to advertise, promote, and distribute the Infringing Products are highly interactive. "Active" websites confer jurisdiction. *See Mrs. U.S. Nat'l Pageant,* 875 F. Supp. 2d at 220; *Iovate Health Sciences, Inc. v. Masuda*, No. 08–CV–809, 2009 WL 2878526, at *4 (W.D.N.Y. 2009). Where a website allows consumers to purchase goods online, establish an online account, communicate with the owner of the site or its representatives, or download order forms or other documents, jurisdiction is proper.[19] Defcad allows users to create an account, sign up for newsletters, and charges credit cards for subscription service. *See supra* Facts. Defcad users can also post reviews of content available for download, and charges users for downloading the Infringing Products. *Id.* Further, Defcad conducts various "security

---

[19] *Mrs. U.S. Nat'l Pageant,*, 875 F. Supp. 2d at 220-21 (quoting and collecting cases); *see also The Cousteau Society, Inc. v. Cousteau*, 498 F. Supp. 3d 287, 304 (D. Conn. 2020) (citing case); *Energy Brands Inc.*, 571 F. Supp. 2d at 496.

checks" and protocols (*e.g.*, "IP geolocation"), as well as "series of tests" which consumers must pass before purchases are authorized and executed. *See* Opp. at 5-8 (denoting that Defcad processes information concerning licensing, addresses, and accepts fees). Odysee is similarly interactive as it allows users to comment on listings and download the Infringing Products in exchange for potential "tips" provided to Defendants. *See supra* Facts.  Ctrl+Pew, where the Gatalog Defendants and Freeman1337 are active, also is highly interactive allowing for purchases, donations, and comments by users. *Id*. Through Ctrl+Pew, the Gatalog Defendants were able to promote, and link to an Infringing Product on Odysee, and Freeman1337 was able to solicit and accept monetary donations as the "[c]reator of the Everytown Mag" riding of Everytown's goodwill and tarnishing its reputation. *Id*.

### 2.   Defendants Failed to Rebut Everytown's Jurisdictional Showing.

Defendants' assertions that files have not been sent into New York are wholly untrue as to the individual defendants. It is undisputed that the Gatalog Defendants, the Royster Defendants, and Freeman1337 have made files available for download by N.Y. consumers via Odysee, which were downloaded by N.Y. consumers. *Id*. Any argument that individual Defcad defendants have not sent files into New York is untrue, because certain Defendants are owned and/or operated by the same individuals. The fact that it was Plaintiff's paralegal who accessed, viewed, and downloaded the Infringing Products from the Odysee.com and purchased a subscription from the Defcad does not change the analysis.[20] Additionally, despite Defcad alleging that its purported policy has been in place since 2018, such policy is absent from

---

[20] *See, e.g.*, *Poof-Slinky, LLC v. A.S. Plastic toys Co., Ltd.*, 19 Civ. 9399, 2020 WL 5350537, at *12-13 (S.D.N.Y. 2020); *Cartier,* 598 F. Supp. 2d at 425; *Mattel, Inc.*, 2001 U.S. Dist. LEXIS 3179, at *9-10.

Defcad's website despite the fact that Defcad *does* affirmatively notify users on its landing page that it does have such a policy in relation to *New Jersey*. Green Reply Decl. ¶¶ 7-14, Ex. A. *Lastly*, Defcad purported "IP geolocation" blocking policy (*see* Opp. at 4-5) should not be credited as IP addresses are an imperfect litmus tests and can easily be masked, changed, or re-routed. *See Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004). Defcad's flawed technique is perfectly demonstrated here by Ms. Green, who is a resident of New York and is located in New York, when she purchased a Defcad subscription and added the Infringing Products to her cart on Defcad. Green Decl. ¶¶ 2-6, 15-20, 27-31.

### b.  Jurisdiction is Proper Under NY C.P.L.R. § 302(a)(3)(ii).

Jurisdiction over the Defendants is proper as: (1) each Defendant performed a "tortious act" outside of New York, (2) the tortious act caused injury within New York, (3) each Defendant should have expected or reasonably should have expected that its action would have consequences in New York, and (4) each Defendant derives "substantial revenue from interstate or international commerce." C.P.L.R. § 302(a)(3). Everytown meets the first two prongs of C.P.L.R. § 302(a)(3), as its Lanham Act and New York state law claims involve tortious acts Defendants committed outside of New York and the injury from the acts have occurred in New York given that Everytown is based and conducts business in New York. *See supra* Facts; *see also Savage Universal Corp. v. Grazier Const., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *9 (S.D.N.Y. Aug. 13, 2004). Everytown has met prong three as Defendants reasonably should have been on notice that their tortious acts would have consequences in New York because:

- Defendants have admitted that their conduct was designed to "disparage" the Everytown Marks (*see supra* Appeal Brief);

- Defendants had constructive notice of the Everytown Marks;

- The Royster Defendants tagged Everytown in at least one Twitter post about the Infringing Products stating that they made it "special" for Everytown; and

- Defcad purposefully solicited the posting of the Infringing Products on Defcad from a Defendant following their initial removal from Odysee.

Defendants' sale of the Infringing Products are commercial transactions affecting interstate commerce not merely political speech because they occurred over interactive websites involving either subscriptions or "tips" for downloading the Infringing Products, and donations using the Everytown Marks on Ctrl+Pew. The Infringing Products have been downloaded over 1,131 times from Defcad and have been viewed and downloaded thousands of times on Odysee demonstrating that Defendants' actions were not one-off occurrences. *See EnviroCare Techs, LLC*, 2012 WL 2001443, at *4.

### c. Exercising Personal Jurisdiction Comports with Due Process.

Defendants have minimum contacts with New York, have purposefully availed themselves of conducting transactions in New York, and exercising jurisdiction is reasonable. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010) (citing case). The requisite minimum contacts are established when a defendant purposefully avails itself of the privilege of doing business in New York. *See Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1028 (2d Cir. 1997). Here, Defendants advertised and promoted the Infringing Products to N.Y. consumers through the highly interactive websites Odysee, Defcad, CtrlPew, and Twitter, the Infringing Products were downloaded by N.Y. consumers via Odysee on which Defendants have received "tips", and Defcad charged N.Y. consumers subscriptions to access and download the

Infringing Productions.[21] Additionally, New York is where the brunt of Everytown's injury is felt. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Exercising personal jurisdiction is also reasonable as: (1) any alleged travel burden to New York is not unreasonable (*EnviroCare Techs.*, 2012 WL 2001443, at * 5); (2) Everytown is based in New York and New York "has a manifest interest in providing effective means of redress for its residents" (*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999)); (3) Everytown's witnesses and documentary evidence are in New York (*Carson Optical*, 2020 U.S. Dist. LEXIS 55223, at *20 (citing case)); and (4) Everytown's claims involve issues pertaining to N.Y state dilution law. Thus, exercising jurisdiction satisfies Due Process.[22]

## II.    Defendants have Waived Their Right to Contest Personal Jurisdiction and Venue.

Defendants have failed to timely answer or otherwise respond to Everytown's FAC and have continuously litigated this action on the merits. A litigant waives its opportunity to contest personal jurisdiction and venue by failing to make a motion under Rule 12, or to include it in a responsive pleading. *See* Fed. R. Civ. P. 12(h)(1). Where a plaintiff files an amended complaint, the amended complaint supersedes the original. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994) ("It is well established that an amended complaint ordinarily

---

[21] *See, .e.g.*, *Hsin Ten Enter. U.S.*, 138 F. Supp. 2d at 456 (finding jurisdiction where website allowed consumers to purchase products, communicate with defendant's representatives, and download materials); *Mattel, Inc.*, 2001 U.S. Dist. LEXIS 3179, at *7-11.

[22] Everytown is not the only link between Defendants and New York, as Defendants have advertised and promoted the Infringing Products to N.Y. consumers through highly interactive websites, allowed New York users to download the Infringing Products, and Defcad allowed New York users to purchase a subscription to access and download the Infringing Products. Whether a sale was made to a plaintiff's agent is irrelevant to the jurisdictional determination. *See Mattel, Inc.*, 2001 U.S. Dist. LEXIS 3179, at *9-10.

supercedes the original and renders it of no legal effect"). When an amended complaint is filed, any motions to dismiss the original complaint are rendered moot. *See, e.g.*, *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 1681438, at *2 (S.D.N.Y. Apr. 25, 2012) (stating that motion to dismiss second amended complaint was rendered moot by third amended complaint); *Int'l Insurance Brokers, Ltd., L.L.C. v. Team Financial, Inc.*, Case No. 07-CV-0082, 2007 WL 9782902, at *1 (N.D. Okla. June 12, 2007). Accordingly, if a defendant answers an amended complaint without raising personal jurisdiction defenses or fails to timely move to dismiss the amended complaint, defenses based upon personal jurisdiction and venue are waived. *See, e.g., Id.* Here, Defendants filed a pre-motion conference letter seeking leave to dismiss Everytown's original complaint on November 29, 2021. ECF 46. Everytown then filed its FAC on May 2, 2022 and served the FAC on the Defendants the same day. ECF 89-90. Defendants then had until May 16, 2022 to answer or otherwise respond to the FAC and did not do so. Accordingly, Defendants have waived any challenge to personal jurisdiction or venue.

## III.    Everytown Put Forth Sworn Evidence Establishing Likelihood of Success.

Everytown has demonstrated that it is likely to succeed on the merits of its claims of trademark dilution by tarnishment and trademark infringement, in violation of 15 U.S.C. § 1114.

### A.    Defendants Are Targeting the Everytown Marks Under Section 360-l.

In addition to the sworn evidence provided by Everytown demonstrating that (1) the Everytown Marks are truly distinctive, and (2) there is a likelihood of dilution due to Defendants' conduct[23], Defendants have admitted that the Everytown Marks are "unquestionably

---

[23] To recover under Section 360-l, Everytown must show its marks are truly distinctive or have acquired secondary meaning and there is a likelihood of dilution. *Knowles-Carter v. Feyonce,*

strong", and their conduct was intended to tarnish and disparage them. *See supra* Appeal Brief.

Thus, Everytown has demonstrated a likelihood of success on its Section 360-l claim.

### 1.    The Everytown Marks are Truly Distinctive

Section 360-l only requires that the plaintiff's mark be "truly distinctive or has acquired

secondary meaning."[24] A mark registered on the Principal Register without requiring evidence of

secondary meaning is presumed to be inherently distinctive. *Lane Capital Mgmt., Inc. v. Lane*

*Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d. Cir. 1999).  Here, the Everytown Marks are

presumptively inherently distinctive given they are registered on the Principal Register without

the USPTO requiring proof of secondary meaning, among other reasons. The Everytown Marks

are also commercially strong. Not only has Everytown put forth sworn evidence that it has over

six million supporters, and has hundreds of thousands of social media followers, among other

evidence of commercial strength (*see* McTigue Decl.), **but the Defendants have admitted that**

**Everytown's "marks are unquestionably strong . . . ."** *See supra* Appeal Brief, at *60. Such

evidence demonstrates the strength of the Everytown Marks. *See, Cartier Inc.*, 2003 U.S. Dist.

LEXIS 7844, at *24; *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F.Supp.2d

305, 322 (S.D.N.Y. 2010).

### 2.    Defendants' Use is Likely to Tarnish the Everytown Marks

Defendants' use links to and portrays the Marks in "an unwholesome or unsavory

context, with the result that the public will associate the…lack of prestige in the defendant's

---

*Inc.*, 347 F. Supp. 3d 217, 229 (S.D.N.Y. 2018) (citing *Deere & Co. v. MTD Prods., Inc.*, 41
F.3d 39, 42-46 (2d Cir. 1994).

[24] *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 458 (S.D.N.Y. 2017) (citing *Strange Music, Inc. v. Strange Music Inc.*, 326 F. Supp. 2d 481, 496 (S.D.N.Y. 2004) (accord).

goods with the plaintiff's unrelated goods." *Pfizer Inc. v. Sachs*, 652 F. Supp. 2d 512, 525-26 (S.D.N.Y. 2009) (citing case). "The *sine qua non* of tarnishment is a finding that plaintiff's mark will suffer negative associations through defendant's use."[25] Where a defendant's use involves an industry or business topic with which a plaintiff would not want to be associated, tarnishment can be found.[26] Here, Defendants admitted their conduct was designed to "disparage" the Everytown Marks. *See supra* Appeal Brief, at *8. Accordingly, it is undisputed Defendants' conduct will tarnish the Everytown Marks, which Everytown uses throughout its advocacy to regulate to prevent gun violence. *See N.Y. Stock Exch.*, 293 F.3d at 558. Such conduct is precisely the type of conduct that anti-dilution laws seek to prevent.[27]

### B.     Defendants are Violating the Lanham Act (15 U.S.C. §§ 1114, 1125(a)).

Everytown has shown a likelihood of success on its trademark infringement claims as (1) it owns valid, protectable, trademarks; (2) Defendants used the marks in commerce without Everytown's consent; and (3) the unauthorized use resulted in a likelihood of confusion. 15 U.S.C. § 1114(1). Here, Everytown owns the federally registered Everytown Marks. *See* Ballard Decl. ¶ 4, Ex. 1 (attaching registration certificates); *see also* 15 U.S.C. § 1115(a). Defendants' use of the Everytown Marks is commercial use because they are using the identical Everytown

---

[25] *NBA Properties v. Untertainment Records LLC*, No. 99 CIV. 2933, 1999 WL 335147, at *8 (S.D.N.Y. May 16, 1999) (quoting *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 507 (2d Cir. 1996)) (granting preliminary injunction related to dilution by tarnishment in matter involving distorted NBA logo containing a basketball player with a gun in his hand).

[26] *See, e.g.*, *N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 558 (2d Cir. 2002).

[27] *See, e.g.*, H. R. Rep. No. 104-374, at 2 (1995), *reprinted in* 1995 U.S.C.C.A.N. 1029, 1030) (discussing how the purpose of the federal anti-dilution act was to protect "from subsequent uses that blur the distinctiveness of the mark or **tarnish or disparage it**, even in the absence of a likelihood of confusion" (emphasis added)).

Marks as a source identifier on the Infringing Product listings, product descriptions, in downloadable files for 3-D printing firearm parts and accessories, and on actual firearms, parts, and accessories and such use affects Everytown's ability to control the quality of its services offered under its trademarks. Defcad charged consumers subscription fees, and Defendants received monetary compensation in connection with their Infringing Products listed on Odysee. *See supra* Facts.[28] Lastly, Defendants' conduct involving the Infringing Products is likely to cause confusion. Defendants have used the Everytown Marks without alteration in the file names, in the downloadable files for 3-D printing, and on physical firearm parts and accessories. Consumer confusion is therefore likely. Such likelihood of confusion is further buttressed by the fact that the WIPO panelist found in Everytown's favor in the UDRP proceeding regarding the infringing momsdemand.org domain name that re-directed to Defendants' Infringing Product listing. *See* *https://www.wipo.int/amc/en/domains/decisions/pdf/2022/d2022-0473.pdf*.

## CONCLUSION

For the foregoing reasons, Everytown respectfully requests that a preliminary injunction be entered, and further requests that this Court order further relief deemed just or proper.

---

[28] Defendants' use of the Everytown Marks is also "use in commerce" even if the Infringing Products are available for free download as the "nature of the Internet itself" makes Defendants' use of the Everytown Marks "use in commerce" *and* Defendants' unauthorized use of the Everytown Marks "affects [Everytown's] ability to offer [its] services [and goods] in commerce. *See, e.g.*, *OBH, Inc. v. Spotlight Magazine, Inc.*, 86 F. Supp. 2d 176, 186 (W.D.N.Y. 2000) (citing *Planned Parenthood Fed'n of Am., Inc. v. Bucci*, No. 97 Civ. 0629, 1997 WL 133313, at *3 (S.D.N.Y. Mar. 24, 1997), *aff'd* 152 F.3d 920 (2d Cir. 1998)).

Dated: June 1, 2022

VENABLE LLP

/s/Marcella Ballard

Marcella Ballard
Maria Sinatra
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
mballard@venable.com
mrsinatra@venable.com

Meaghan H. Kent*
Alicia Sharon*
600 Massachusetts Avenue NW
Washington, DC 20001
MHKent@Venable.com
*Admitted Pro Hac Vice

*Counsel for Plaintiff Everytown for Gun
Safety Action Fund, Inc.*

26