## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> *Plaintiff* <br><br> v. <br><br> DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. <br> *Defendants* | Civil Action No. 1:21-cv-08704-PGG |

### DECLARATION OF DANIEL L. SCHMUTTER IN SUPPORT OF <u>EMERGENCY</u> MOTION OF HARTMAN & WINNICKI, P.C. TO BE RELIEVED AS COUNSEL FOR DEFENDANT DEFCAD USER FREEMAN1337

1. I am counsel for Defendants Defcad, Inc., Odysee User xYeezySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster. I am over the age of 18, have personal knowledge of the facts and events referred to in this Declaration, and am competent to testify to the matters stated below.

2. All of the facts and statements made herein are within my personal

1

knowledge. I make this Declaration in support of my emergency motion to be relieved as counsel to Defendant Defcad User Freeman 1337 ("Client").

3. I have submitted this Certification, *in camera*, in unredacted form.

4. I have filed a reacted version of this Certification, open to the public, via the Court's ECF filing system.

5. This Certification and the Hartman Firm's Motion is made under authority of the New York Rules of Professional Conduct, R.P.C. 1.16 - Declining or Terminating Representation. R.P.C. 1.16 sets forth the criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (1.16(c)), both of which apply here.

6. R.P.C. 1.16(b) provides in pertinent part:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
>
> > (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law; . . . .

7. R.P.C. 1.16(c) provides in pertinent part:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from the representation of a client when: . . .
>
> > (4) the client insists upon taking action with which the lawyer has a fundamental disagreement; . . .
> >
> > (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .
> >
> > (13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

8. I believe Hartman & Winnicki, P.C. is required to withdraw pursuant to R.P.C. 1.16(b) for the following reasons:

9.  ██████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████

10. ██████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

11. Since June 1, 2022, I have attempted to communicate with Client 11 separate times, and I have had no response from Client. I am unable to represent the Client as required by the Rules of Professional Conduct if Client will not communicate with me. Within the next week there are between three and five deadlines that must be met in connection with representation of Client.

12. On or before June 15, 2022, Client must: (1) serve initial disclosures, (2) propound interrogatories and document requests, and (3) file a motion to dismiss.

13. Further, depending on how and when the Second Circuit rules on

defendants' motion for a stay pending appeal, Client may be required to: (1) file supplemental submissions in connection with Plaintiff's motion for a preliminary injunction, and (2) litigate the preliminary injunction hearing.

14. The foregoing cannot be done properly or in some instances at all without communication from Client.

15. I believe the foregoing conduct of Client interferes with my ability to fulfill my duty to conduct myself in accordance with the R.P.C.s

16. In particular I believe that the foregoing conduct of Client interferes with my duty of diligence required by R.P.C. 1.3.

17. I believe that the foregoing conduct of Client interferes with my duty of communication required by R.P.C. 1.4.

18. As such, under R.P.C. 1.16(b)(1) Hartman & Winnicki, P.C. is required to withdraw as counsel for Client.

19. The foregoing conduct of the Client also permits Hartman & Winnicki, P.C. to withdraw as counsel to Client pursuant to R.P.C. 1.16(c).

20. I fundamentally disagree with the foregoing actions of Client and therefore withdrawal is permitted under R.P.C. 1.16(c)(4).

21. The foregoing actions of Client represent Client failing to cooperate in the representation and renders the representation unreasonably difficult for me to carry out effectively. Therefore Hartman & Winnicki, P.C. may withdraw pursuant to R.P.C. 1.16(c)(7).

22. ███████████████████████████████████
███████████████████████████████████

███████████████████████████████

23. I have advised Client twice, once on June 6, 2022 and once again today, that if I do not hear from substitute counsel I will be filing this motion. Today I advised Client that if I did not hear from substitute counsel by 5:00 pm eastern time I would file this motion.

24. The case is in the early stages. No answer has been filed yet. Discovery is just beginning, and no trial date has been set.

25. Hartman & Winnicki is not asserting a retaining or charging lien.

26. In view of the foregoing, Hartman & Winnicki, P.C. respectfully requests that the Court enter an order relieving Hartman & Winnicki, P.C and Daniel L. Schmutter, Esq. as counsel for defendant Defcad User Freeman1337 on an emergency basis prior to the upcoming deadlines described above.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States.

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

Dated: June 10, 2022