LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D C  Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

Porter E  Hartman (1920-2009)
Charles R  Buhrman (1938-1994)
William T  Marsden (1943-1993)
Cyrus D  Samuelson (1911-1998)

June 15, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:  Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., No. 21-cv-8704 (PGG)

**EMERGENCY LETTER MOTION OF HARTMAN & WINNICKI, P.C. TO BE RELIEVED AS COUNSEL FOR DEFENDANT DEFCAD USER FREEMAN1337**

Dear Judge Gardephe:

We represent defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN.

Movant Hartman & Winnicki. P.C. (the "Law Firm") has submitted the Certification Daniel L. Schmutter, *in camera*, in unredacted form and has also filed a reacted version of that Certification, open to the public, via the Court's ECF filing system.

Similarly, Movant has submitted this Emergency Letter Motion, *in camera*, in unredacted form and has also filed a reacted version of, open to the public, via the Court's ECF filing system.

This Motion is made under authority of the New York Rules of Professional Conduct, R.P.C. 1.16 - Declining or Terminating Representation. R.P.C. 1.16 sets forth the criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (1.16(c)), both of which apply here.

R.P.C. 1.16(b) provides in pertinent part:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
>
> (1) the lawyer knows or reasonably should know that the representation will

Hon. Paul G. Gardephe, U.S.D.J.
June 15, 2022
Page 2

> result in a violation of these Rules or of law; . . . .

R.P.C. 1.16(c) provides in pertinent part:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from the representation of a client when: . . .
>
> (4) the client insists upon taking action with which the lawyer has a fundamental disagreement; . . .
>
> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .
>
> (13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

Hartman & Winnicki, P.C. is required to withdraw pursuant to R.P.C. 1.16(b) for the following reasons:

[text redacted]

███████████████████████████████████████

███████████████████████████████

Since June 1, 2022, the Law Firm has attempted to communicate with Client 11 separate times, and has had no response from Client. The Law Firm is unable to represent the Client as required by the Rules of Professional Conduct if Client will not communicate with the Law Firm. Within the next week there are between three and five deadlines that must be met in connection with representation of Client.

On or before June 15, 2022, Client must: (1) serve initial disclosures, (2) propound interrogatories and document requests, and (3) file a motion to dismiss.

Further, depending on how and when the Second Circuit rules on defendants' motion for a stay pending appeal, Client may be required to: (1) file supplemental submissions in connection with Plaintiff's motion for a preliminary injunction, and (2) litigate the preliminary injunction hearing.

The foregoing cannot be done properly or in some instances at all without communication from Client.

The foregoing conduct of Client interferes with the Law Firm and the lawyers' ability to fulfill the duty to conduct themselves in accordance with the R.P.C.s

In particular the foregoing conduct of Client interferes with the duty of diligence required by R.P.C. 1.3.  The foregoing conduct of Client interferes with the duty of communication required by R.P.C. 1.4.

As such, under R.P.C. 1.16(b)(1) Hartman & Winnicki, P.C. is required to withdraw as counsel for Client.

The foregoing conduct of the Client also permits Hartman & Winnicki, P.C. to withdraw

Hon. Paul G. Gardephe, U.S.D.J.
June 15, 2022
Page 4

as counsel to Client pursuant to R.P.C. 1.16(c).

The Law Firm and the lawyer fundamentally disagree with the foregoing actions of Client and therefore withdrawal is permitted under R.P.C. 1.16(c)(4).

The foregoing actions of Client represent Client failing to cooperate in the representation and renders the representation unreasonably difficult to carry out effectively. Therefore Hartman & Winnicki, P.C. may withdraw pursuant to R.P.C. 1.16(c)(7).

███████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████

The Law Firm and the lawyers have advised Client twice, once on June 6, 2022 and once again on June 10, 2022, that if they do not hear from substitute counsel they will be filing this motion. On June 10, 2022 the Law Firm and the lawyers advised Client that if they did not hear from substitute counsel by 5:00 pm eastern time this motion would be filed.

The case is in the early stages. No answer has been filed yet. Discovery is just beginning, and no trial date has been set. The Law Firm is not asserting a retaining or charging lien.

In view of the foregoing, Hartman & Winnicki, P.C. respectfully requests that the Court enter an order relieving Hartman & Winnicki, P.C and Daniel L. Schmutter, Esq. as counsel for defendant Defcad User Freeman1337 on an emergency basis prior to the upcoming deadlines described above.

                                                Respectfully submitted,

                                                /s/ Daniel L. Schmutter
                                                DANIEL L. SCHMUTTER

DLS/srs
cc:     Marcella Ballard, Esq. (via ECF)