22-1183
Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 12 2022

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th of July, two thousand twenty-two.

PRESENT: Pierre N. Leval,
Barrington D. Parker,
Steven J. Menashi,
    *Circuit Judges.*
_____

EVERYTOWN FOR GUN SAFETY
ACTION FUND, INC.,
    *Plaintiff-Appellee*,

v.                                                                                              No. 22-1183

DEFCAD, INC.,
ODYSEE USER XYEEZYSZN,
DEFCAD USER XYEEZYSZN,
THE GATALOG,
DEFCAD USER FREEMAN1337,
TWITTER USER XYEEZYSZN,
PHILLIP ROYSTER,

CERTIFIED COPY ISSUED ON JULY 12, 2022

*Defendants-Appellants*,
ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES,
    *Defendant*,
TWITTER, INC.,
    *Intervenor*.*

_____

| | |
|---|---|
| For Plaintiff-Appellee: | MARCELLA BALLARD (Maria R. Sinatra, *on the brief*), Venable LLP, New York, NY. |
| For Defendants-Appellees: | DANIEL LOUIS SCHMUTTER, Hartman & Winnicki, P.C., Ridgewood, NJ. |

Motion for a stay pending appeal of three orders of the United States District Court for the Southern District of New York (Gardephe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion for a stay pending appeal is **DENIED IN PART** consistent with this order.

I

Plaintiff-Appellee Everytown for Gun Safety Action Fund ("Everytown") is a nonprofit corporation registered in New York and is the "largest gun violence

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

prevention organization in the United States." Am. Compl. ¶ 61, *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. May 2, 2022), ECF No. 89. It has over six million supporters, and its "advocacy efforts include, but are not limited to, promoting public awareness, working with federal, state, and local legislatures, conducting educational seminars, procuring funds, providing text message alerts in the field of prevention of gun violence, gun trafficking, and illegal gun possession, providing legal expertise, and producing downloadable reports and publications in the field of gun safety." *Id.* at ¶ 68. Everytown has several federally registered trademarks ("Everytown marks"), which often incorporate a stylized American flag symbol. *Id.* at ¶¶ 77-80.

Defendants-Appellants include anonymous users of Defcad.com, Odysee.com, thegatalog.com, and Twitter, Inc. ("Twitter").[1] The anonymous defendants have uploaded downloadable files for 3-D printing firearms to

---

[1] The anonymous defendants are Odysee User xYeezySZN, Defcad User xYeezySZN, Odysee User TheGatalog-PrintableMagazines, The Gatalog, and Defcad User Freeman1337. Am. Compl. ¶¶ 38-47, 50-59, *supra*. The complaint also names Twitter User xYeezySZN as a defendant and claims "[u]pon information and belief" that Phillip Royster (also named as a defendant) owns and operates all xYeezySZN accounts. *Id.* at ¶ 49. Finally, according to Everytown's complaint, "The Gatalog is the owner and operator of the website thegatalog.com." *Id.* at ¶ 53.

3

Defcad.com, Odysee.com, and thegatalog.com.[2] Pertinent to this appeal, the anonymous defendants have uploaded files bearing Everytown's name, which contain instructions for how to 3-D print gun parts and accessories bearing Everytown marks. Am. Compl. ¶¶ 146-207, *supra*.

On October 22, 2021, Everytown filed suit against Defcad, Inc. ("Defcad"), and the anonymous defendants in the U.S. District Court for the Southern District of New York. It brought four counts: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); (3) trademark infringement and unfair competition under New York common law; and (4) dilution of the Everytown marks under N.Y. Gen. Bus. L. § 360-L. The defendants contend that the use of Everytown's marks was a parody and therefore non-infringing. Defendants' Brief in Support of Motion for Stay of the *Ex Parte* Discovery Order at 4, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y.

---

[2] Defcad.com is an online repository of 3-D-printing files for firearms and is run by Defcad. Am. Compl. ¶¶ 125-27, *supra*. Similarly, Odysee "is an online digital library that allows users … to upload, promote, and distribute their digital 3-D Printing Instructions for firearm parts and accessories." *Id.* at ¶ 122. According to Everytown, users who upload such instructions receive "a portion of monetary fees" from Defcad, *id.* ¶ 136, or "monetary compensation in the form of 'tips'" from Odysee, *id.* ¶ 124.

4

Nov. 9, 2021), ECF No. 35 (citing *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425, 434 (S.D.N.Y. 2016)).

That same day, Everytown applied to the district court for expedited discovery to learn the identities of the anonymous defendants, alternative service, and an order to show cause for why a preliminary injunction should not be entered.

On November 5, the district court granted Everytown's application and entered an order to show cause for why a preliminary injunction should not be issued. The district court further ordered that Defcad, Odysee, Inc., Twitter, and "any third-party service provider" shall "provide to Everytown … expedited discovery, including copies of all documents and records in such party's possession or control relating to … the true identities and addresses of Defendants." Order to Show Cause at 3-4, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. Nov. 5, 2021), ECF No. 30. Defcad moved to stay the order, and its motion was eventually joined by the anonymous defendants. According to Defcad, "[t]he expedited discovery seeks to immediately unmask parties who have a First

5

Amendment right to engage in anonymous speech." Letter Motion for Stay at 1, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. Nov. 5, 2021), ECF No. 31.

The district court denied the motion for a stay. *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 21-CV-08704, 2021 WL 5232581, at *1 (S.D.N.Y. Nov. 9, 2021). The district court held that Defcad lacks standing to assert the First Amendment rights of the anonymous defendants and, in the alternative, that the "objection to the discovery order would fail on the merits." *Id.* at *2. According to the district court, "[a]lthough the Supreme Court has acknowledged that the First Amendment provides some protection for anonymous speech, parties may not use the First Amendment to encroach upon the intellectual property rights of others." *Id.* (internal quotation marks, citation, and alteration omitted). Holding that "Plaintiff cannot effectively litigate its claims without obtaining the identities of the infringing parties," the district court denied Defcad's motion for a stay. *Id.*[3]

---

[3] Shortly thereafter, the district court approved a stipulation between Everytown and Twitter that provided for more limited disclosures from Twitter than the original order required. The district court approved the stipulation over the objections of the anonymous defendants. Applying the factors laid out in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), the district court held that "Everytown has made a *prima facie* showing of actionable harm" and that "the defendants' expectation of privacy, while a factor, is outweighed in this case by Everytown's need for the information" because

6

On December 3, 2021, the anonymous defendants responded to the order to show cause, opposing the preliminary injunction on two principal grounds. First, the anonymous defendants argued that the district court lacked personal jurisdiction. For support, they submitted anonymous declarations to "demonstrate that none of these Defendants lives or works or has ever lived or worked in the State of New York; none of these Defendants conducts business and none has ever conducted business in or with anyone in the State of New York; none of these Defendants owns property in New York; [and] none of these Defendants has ever sent any files as alleged in the Complaint to anyone in the State of New York." Memorandum of Law in Opposition to Preliminary Injunction at 9, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. Dec. 3, 2021), ECF No. 56. Second, the anonymous defendants argued that their use of the Everytown marks is protected political speech and that it is "unimaginable" that it would cause consumer confusion. *Id.* at 54.

On December 14, the district court entered an order noting that Defcad had

---

"defendants may not use the First Amendment to encroach upon the intellectual property rights of others." *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 21-CV-08704, 2021 WL 6129026, at *1 (S.D.N.Y. Dec. 17, 2021) (internal quotation marks omitted).

7

not yet complied with the November 5 order. Referring to the defendants' response to the order to show cause, the district court declared that "[t]he discovery sought by Plaintiff—and ordered by this Court—is critical to, *inter alia*, the issue of personal jurisdiction raised by Defendants." Order at 2, *Defcad, Inc.*, 21-CV-08704 (S.D.N.Y. Dec. 14, 2021), ECF No. 68. The district court refused to credit the anonymous declarations submitted by the defendants, which the district court described as having "no evidentiary worth." *Id.* at 2-3.

This appeal is taken from three orders, which the defendants move to stay. First, the May 23, 2022, order set the date for a hearing on Everytown's preliminary injunction application for June 3. The order also directed the parties to "provide any updated information as to personal jurisdiction" by May 27. Order, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. May 23, 2022), ECF No. 93. Second, the May 25, 2022, order responded to motions made by the defendants on May 24 and May 25. On May 24, the defendants moved to adjourn the hearing and to extend the May 27 deadline to allow more time to file "a proposed motion to proceed anonymously discussed with Judge Lehrburger," the magistrate judge in this case. Letter Motion to Adjourn Preliminary Injunction Hearing at 1-2, *Defcad, Inc.*, No.

8

21-CV-08704 (S.D.N.Y. May 24, 2022), ECF No. 94. On May 25, the defendants moved for an extension on account of Covid-19. The May 25 order granted both motions in part, extending the submission deadline to June 1 and rescheduling the hearing for June 8. Third, the May 26, 2022, order denied the defendants' May 24 application to adjourn the hearing and further extend the deadlines. *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 21-CV-08704, 2022 WL 1689638, at *1 (S.D.N.Y. May 26, 2022). The district court observed that the "general rule" is that "parties may not litigate their disputes anonymously." *Id.* at *2 (quoting *John Wiley & Sons, Inc. v. Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012)). The district court said that "the Anonymous Defendants' identities and addresses … are necessary in order to resolve the issue of whether [the court] has personal jurisdiction over them" and directed that "[t]he Anonymous Defendants will disclose their identities, including their names and addresses as of October 22, 2021—when the Complaint was filed—to Plaintiff and this Court by June 3, 2022." *Id.* at *3 (citation omitted).

The defendants filed a notice of interlocutory appeal on May 31, seeking review by this court of the May 23, May 25, and May 26 orders. On June 1, they

9

filed this motion to stay those orders pending appeal. This court heard oral argument on the motion on June 3.

## II

"The factors relevant in assessing a motion for a stay pending appeal are the applicant's strong showing that he is likely to succeed on the merits, irreparable injury to the applicant in the absence of a stay, substantial injury to the nonmoving party if a stay is issued, and the public interest." *New York v. DHS*, 974 F.3d 210, 214 (2d Cir. 2020) (internal quotation marks omitted). "The first two factors are the most critical," *id.*, and when likelihood of success is "totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay," *Uniformed Fire Officers Ass'n v. De Blasio*, 973 F.3d 41, 49 (2d Cir. 2020).

As we understand it, the district court's May 26 order did no more than advise the anonymous defendants that it would not grant their forthcoming motion to dismiss for lack of personal jurisdiction without the anonymous defendants' identities and addresses. Noting that "[t]he Anonymous Defendants will … move to dismiss" on the basis of personal jurisdiction, the district court

emphasized that "[t]he identities and addresses of the Anonymous Defendants are critical to resolving the issue of personal jurisdiction." *Defcad, Inc.*, 2022 WL 1689638, at *2. The basis for that proposition was that, without knowing the identities of the defendants, the plaintiff cannot challenge their anonymous assertions that they have had no contact with New York. Because that is the essential element of their contention that the court lacks personal jurisdiction, the district court provided in its order that "this information will be produced to Plaintiff and the Court by June 3, 2022." *Id.* at *3. The import of the order to the defendants to disclose their identities was to make clear that failure to do so would result in a denial of their anticipated motion to dismiss.

As we read the order, it does not address whether the defendants may proceed anonymously as to the merits litigation. The order relates to the personal jurisdiction issue and does not address the defendants' contention that they should be permitted, because of the First Amendment interest at stake, to litigate the trademark claims anonymously. As we understand the May 26 order, its direction that the defendants reveal their identities does not threaten them with contempt of court if they fail to provide the information or otherwise undertake to

11

compel them to reveal their identities. Rather, it warns that their failure to reveal their identities in the litigation of their anticipated motion to dismiss for lack of personal jurisdiction will result in the denial of their motion and the district court's exercise of personal jurisdiction over them in the action. The different question of whether the defendants could proceed in litigating the merits of the plaintiff's claims anonymously was not adjudicated by the May 26 order.

Based on that understanding of the district court's order, we conclude that a stay pending appeal of the May 26 order is unwarranted. "[T]he Supreme Court has upheld the assertion of personal jurisdiction as a sanction for failure to comply with jurisdictional discovery, holding such failures may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 641 (2d Cir. 2016) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 37(b)(2)(A)(i) (providing that if a party does not obey a discovery order the court may "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"). That is the substance of the district court's order, which informed the anonymous defendants that their motion to dismiss for lack

12

of personal jurisdiction would not succeed if they did not provide their identities and addresses. The defendants have therefore failed to make a "strong showing" that they are "likely to succeed on the merits" of their challenge to the direction in the May 26 order that they must reveal their identities in order to receive consideration of their claim that the district court lacks personal jurisdiction over them. *New York v. DHS*, 974 F.3d at 214 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).[4] Additionally, the injury the defendants would suffer from having to reveal their identities is lessened by the fact that, as Everytown acknowledged at oral argument, *see* Oral Argument Audio Recording at 51:30, the stipulated confidentiality agreement permits the anonymous defendants to designate their identifying information as "Highly Confidential." Confidentiality Agreement at 4-5, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. Apr. 7, 2022), ECF No. 82 ("The Party …

---

[4] We also deny the motion for stay pending appeal of the May 23 and May 25 orders. Neither order is an appealable interlocutory order; both are routine scheduling orders that are not "weightier than the societal interests advanced by the ordinary operation of final judgment principles." *United States v. Bescond*, 24 F.4th 759, 767 (2d Cir. 2021) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994)); *see also Flanagan v. United States*, 465 U.S. 259, 265 (1984) ("[An appealable collateral order] must resolve an *important* issue completely separate from the merits of the action.") (emphasis added) (internal quotation marks omitted). The defendants have therefore not shown a likelihood of success for those orders either.

13

may designate as Highly Confidential … the portion of such material that it reasonably and in good faith believes consists of … [i]nformation of a personal or intimate nature regarding any individual, including but not limited to personal identifying information or information tending to lead to the discovery of personal identifying information."). Accordingly, because we interpret the May 26 order's direction to the defendants to reveal their identities as relating solely to the issue of the district court's exercise of personal jurisdiction, their motion to stay that order pending the decision of its appeal is denied.

### III

We recognize, however, that the May 26 order could be read also to adjudicate the defendants' contention that they should be permitted to litigate the merits of the trademark dispute anonymously. The order states that the defendants' "application to proceed anonymously in this action is denied." *Defcad, Inc.*, 2022 WL 1689638, at *3. Even though the order discusses only the jurisdictional issue, this broad language could be understood to mean that the May 26 order also directed the defendants to disclose their identities for purposes of the

14

merits litigation.[5] If that were the meaning of the order, consideration of that aspect of it would raise different considerations and might call for a different ruling with respect to the stay motion.

Without knowing whether the May 26 order to disclose was intended to apply also to the conduct of the merits litigation—in the event the district court concluded that it had personal jurisdiction over the defendants—we cannot rule on the stay motion pertaining to that aspect of the order. We therefore remand to the district court under *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for clarification of whether the May 26 disclosure order was solely for purposes of litigating the defendants' claim of lack of personal jurisdiction or whether it applied also to the litigation of the merits of the trademark claim. In the meantime, solely with respect to the part of the order that (perhaps) ordered disclosure of

---

[5] Both parties appear to understand the order this way. The defendants believe that the order denies them leave to proceed anonymously for all purposes in the case and that the order "direct[s] the anonymous parties to identify themselves." Memorandum in Support of Motion for Stay Pending Appeal at 11, *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 22-1183 (2d Cir. June 1, 2022), ECF No. 11. Everytown believes that failure to reveal their identities would subject the anonymous defendants to contempt. Opposition to Motion for Stay Pending Appeal at 6, *Defcad, Inc.*, No. 22-1183 (2d Cir. June 1, 2022), ECF No. 18.

identities for purposes of the merits litigation, we continue in effect the administrative stay originally imposed. The plaintiff, when asked, could not identify any harm that would be suffered from such a brief extension of the stay. *See* Oral Argument Audio Recording at 40:36.

We have considered all the parties' remaining arguments, which do not change our disposition.

## CONCLUSION

As to the May 23 and 25 orders, we DENY the defendants' motion for a stay pending appeal. As to the May 26 order, construing it as directing the defendants to disclose their identities only in connection with the litigation of their contention that the district court lacks personal jurisdiction over them, we DENY the defendants' motion for a stay pending appeal. The district court is free to adjudicate the question of personal jurisdiction pending this appeal without deferring to the anonymous declarations. As to the possibility that the district court might have intended the May 26 order as a direction to the defendants to disclose their identities in connection with the litigation of the merits of the plaintiff's claim, we remand to the district court to clarify the scope of the order to

16

disclose. In the meantime, with respect to that possible aspect of the order, we continue in effect the administrative stay earlier imposed.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit