LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:   (201) 967-0590

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

June 15, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:  Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., No. 21-cv-8704 (PGG)

**LETTER BRIEF IN SUPPORT OF SEALING PURSUANT TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER DATED APRIL 7, 2022**

Dear Judge Gardephe:

We represent defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN.

Pursuant to paragraph 11 of the Court's Stipulated Confidentiality Agreement and Protective Order (ECF No. 82), please accept this letter brief in support of filing certain documents in support of Defendants' motion to dismiss under seal.

On October 22, 2021, Plaintiff filed a complaint (ECF No. 1) naming as defendants certain anonymous on-line users. Since they were anonymous, Plaintiff named them by their account names.

November 5, 2021, this Court entered an *ex parte* Order to Show Cause which, *inter alia*, ordered Defendant Defcad, Inc and third parties such as Twitter, Inc, and Odysee, Inc. to provide expedited discovery unmasking the anonymous parties thereby revealing their identities.

Beginning on November 5, 2021, Defendants have sought to resist this unmasking on the ground that they have First Amendment right to engage in anonymous on-line speech. That issue is now before the United States Court of Appeals for the Second Circuit (No. 21-3079).

As part of their effort to remain anonymous, the anonymous defendants filed several anonymous declarations in opposition to Plaintiff's motion for a preliminary injunction (ECF Nos.56-3 through 56-5).

On December 14, 2021, this Court stated on an Order (ECF No. 68) that such declaration were "of no evidentiary worth" indicating a clear intent to disregard them in the record. the Court also indicated that it could not evaluate Defendants' objections to personal jurisdiction without the identifying information.

On April 7, 2022, at the initial request of Defendants and then at the joint request of all parties, this Court entered a Stipulated Confidentiality Agreement and Protective Order (ECF No. 82). The Order specifically provides in paragraph 4(d) protection of such identifying information as "Highly Confidential – Attorneys Eyes Only".

On May 26, 2022, the Court entered an order (ECF no. 97) denying the right of the anonymous defendants to proceed anonymously and ordering them to disclose their identities.

Defendants now seek to file Declarations under seal and file this letter brief pursuant to Paragraph 11 of the Protective Order. Filing under seal would obviate all objections of the Plaintiff and the Court that their identities are needed to proceed on various issues including personal jurisdiction.

Sealing is justified pursuant to *Lugosch v. Congel*, 2006 WL 931687 (N.D.N.Y. 2006). First, the anonymous defendants have a First Amendment right to anonymity. The First Amendment right to speak anonymously is deeply embedded in our political and expressive

Hon. Paul G. Gardephe, U.S.D.J.
June 15, 2022
Page 3

history. Our founders knew that protecting anonymous speech was essential to enabling critical commentary and to fostering public debate.

Today, anonymous speech has become an essential feature of our online discourse. "Internet anonymity facilitates the rich, diverse, and far-ranging exchange of ideas. The ability to speak one's mind on the Internet without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate." Doe v. 2TheMart.com Inc., 140 F. Supp. 2d 1088, 1092 (W.D. Wash. 2001). "Indeed, courts have recognized that the Internet, which is a particularly effective forum for the dissemination of anonymous speech, is a valuable forum for robust exchange and debate." Art of Living v. Does, 2011 WL 3501830 *2 (N.D. Cal. Aug. 10, 2011) (Art of Living I).

Second, the sealing is extremely narrow. Only the names and addresses are sought to be sealed. All other information is publicly filed. This serves the purpose of public access to as much information as is appropriate while affording the Court and Plaintiff the information they say they need to litigate and make findings of fact and law.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ar
cc:   Marcella Ballard, Esq. (via ECF)