**CONFIDENTIAL COURT SUBMISSION - FILED UNDER SEAL**

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EVERYTOWN FOR GUN SAFETY ACTION FUND, INC.,** )<br>)<br>*Plaintiff,* )<br>)<br>   v.                                          )<br>)<br>**DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLE-MAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; and PHILLIP ROYSTER,** )<br>)<br>*Defendants.* ) | Civil Action No. 1:21-cv-08704(PGG) |

**REPLY OF DEFENDANTS DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; AND PHILLIP ROYSTER TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

|   |   |
|---|---|
|   | Daniel L. Schmutter, Esq.<br>HARTMAN & WINNICKI, P.C.<br>74 Passaic Street |
| Elliott Jonathan Stein, Esq.<br>Stevens & Lee, P.C.<br>100 Lenox Drive<br>Lawrenceville, NJ 08648 | Ridgewood, New Jersey 07450<br>201-967-8040 (phone)<br>201-967-0590 (facsimile)<br>dschmutter@hartmanwinnicki.com |
| On the Brief | Attorneys for Defendants |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................5

1. PLAINTIFF DOES NOT ASSERT THAT ANY OF THE DEFENDANTS IS SUBJECT TO GENERAL JURISDICTION UNDER SECTION 301 OF THE NEW YORK C.P.L.R. ..........5

2. PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER SECTION 302(a)(1) OF THE CPLR ...............................................................................................................5

3. PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER SECTION 302(a)(3)(ii) OF THE CPLR .................................................................................................7

4. THE EXERCISE OF JURISDICTION OVER THE DEFENDANTS WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE CONSTITUTION ..................................................8

5. THE DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO CHALLENGE PERSONAL JURISDICTION ...................................................................................................9

6. THE COURT SHOULD EITHER DISMISS THIS ACTION OR TRANSFER THE ACTION TO THE WESTERN DISTRICT OF TEXAS .......................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*,
 2018 WL 2022626 (S.D.N.Y. Apr. 30, 2018) ............................................................................ 8

*Alpha Int'l, Inc. v. T-Reproductions, Inc.*, 2003 WL 21511957 (S.D.N.Y. July 1, 2003).............. 8

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y 2000)....................................... 7

*CutCo Indus., Inc. v. Naughton*, 806 F.2d 361 (2d Cir. 1986) ....................................................... 5

*Envirocare Technologies, LLC v. Simanovsky*, 2012 WL 2001443 (E.D.N.Y. June 4, 2012) ....... 7

*Fort Knox Music, Inc. v. Baptiste,* 203 F.3d 193 (2d Cir.2000) ...................................................... 5

*Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158 (2d Cir.2005) ................................ 5

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d. 449 (S.D.N.Y. 2000) ...................... 7

*ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81 ................................................................... 6

*Joseph Guglielmo v. JEGS Automotive, Inc.*, 2021 WL 1026168 (S.D.N.Y. March 17, 2021) . 6, 7

*McGraw-Hill Companies, Inc. v. Ingenium Technologies Corp.*,
 375 F. Supp. 2d 252 (S.D.N.Y. 2005) ..................................................................................... 8

*Savage Universal Corp. v. Grazier Constr.*, Inc., 2004 WL 1824102 (S.D.N.Y. Aug. 13, 2004) . 8

*Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348 (S.D.N.Y. 2020) ..................................................... 8

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................................................................ 8

**Statutes**

28 U.S.C. § 1404............................................................................................................. 1, 10

28 U.S.C. § 1406............................................................................................................. 1, 10

C.P.L.R. § 302(a)(1) ............................................................................................................ 8

C.P.L.R. § 302(a)(3)(ii)........................................................................................................ 8

**Rules**

Fed. R. Civ. P. 12(b)(3)........................................................................................................ 1

Fed. R. Civ. P. 12(b)(2)........................................................................................................ 1

Fed. R. Civ. P. 15................................................................................................................. 9

The Defendants Defcad, Inc.; Odysee User xYeezySZN; Defcad User xYeezySZN; The Gatalog; Defcad User Freeman1337; Twitter User xYeezySZN and Phillip Royster (the "Defendants") submit this Reply in further support of their Motion to Dismiss for Lack of Jurisdiction, Improper Venue or, in the Alternative to Transfer Venue pursuant to 28 U.S.C. § 1404 and/or § 1406, to the Western District of Texas (the "Motion").

## INTRODUCTION

In the Motion, Defendants moved to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Federal Rules") as the Court lacks *in personam* jurisdiction over any of the Defendants: over Defcad ("Defcad"), an Arkansas corporation with its principal place of business in Texas[1]; Phillip Royster, a citizen of a state other than New York ("Royster"), Odysee User xYeezySZN, Defcad User xYeezySZN, and Twitter User xYeezySZN, ▇▇▇ citizen ("xYeezySZN"), Defcad User Freeman1337, a Texas citizen ("Freeman"), or The Gatalog, ▇▇▇ citizen, (the "Defendants") since none has ever had offices, employees or agents in the State of New York, never paid taxes there, owned no real or personal property or bank accounts there, or conducted business in or targeted New York with any advertising.

Defendants also moved to dismiss the action under Rule 12(b)(3) of the Rules because venue is not proper in the Southern District of New York.

As an alternative to dismissal, Defendants moved to transfer the action, pursuant to 28 U.S.C. § 1404 and/or 1406, to the Western District of Texas, where there is, by agreement, jurisdiction over all of the Defendants and venue properly lies.

In a desperate attempt to draw the Court's attention from the obvious lack of jurisdiction or

---

[1] Plaintiff has named a dormant Delaware corporation named Defcad, Inc. as one of the Defendants. This is different from the operational Defcad, Inc. which is an Arkansas corporation.

1

proper venue, Plaintiff - the only party having any contacts to New York[2] - alleges jurisdiction based upon the actions of an alleged "group of interrelated organizations and individuals who have created and distributed the Infringing Products with the intent to tarnish and harm Everytown…" Plaintiff's Opposition to Defendant's Motion to Dismiss (the "Opposition") at 2.

This group of allegedly interrelated organizations and individuals is not made up solely of the named Defendants in this action but includes actors who are not parties to the action, like Odysee.com (Opposition at 2), Twitter (Opposition at 3), CTRL+PEW (Opposition at 3), and the Gatalog Foundation (Opposition at 12). Then, Plaintiff goes on to make jurisdictional allegations concerning its fictitious group of Defendants for five (5) pages (Opposition at 2 – 6) leaving the Court to ascertain which actual or fictitious Defendant is alleged to have engaged in any specific activity.[3] Plaintiff also makes allegations against the actual Defendants – as well as some of the fictitious ones but these allegations are insufficient to satisfy the N.Y. Long Arm Statute.

In fact, all of these allegations relate to the common, general business practices of the Defendants[4] which, through the Internet, may sweep into New York in the same way that they touch residents of the other 49 states. By drawing attention to these practices, Plaintiff attempts to convert these common business practices – all delivered over the Internet – into something more; the basis for a finding that the Defendants are subject to the *in personam* jurisdiction of the Court.

Plaintiff makes jurisdictional allegations regarding Defcad (alleged separately as Defcad.com and Defendant Defcad, Inc.) in the Opposition at pages 6 through 8.  Interestingly, Plaintiff's allegations concerning Defcad differ from its earlier assertions. For example, Plaintiff now alleges

---

[2] Everytown is, according to the First Amended Complaint ("FAC"), a Delaware corporation with an office in New York. FAC at 26.
[3] Of course, the Defendants deny that the allegations of Plaintiff are true.
[4] As previously documented, Defcad has taken steps to avoid transactions with users in New York.

that fees were paid to Defcad when, previously, Plaintiff alleged that they were paid to the DD Foundation, LLC, another non-party resident in Texas.[5] In the Opposition, Defcad is alleged to have "materially participate[d] in the sale of products to consumers by reviewing all products listings" (Opposition at 7); by offering Infringing Products (Opposition at 7) and by facilitating and receiving compensation in connection with hundreds of downloads. These allegations never mention any connection between these common business practices and New York or how they might differ from those delivered nationally. Further, Plaintiff alleges, that by sending its newsletters to New Yorkers, Defcad directs advertising into New York.

Plaintiff's jurisdictional allegations against Defendants Royster and xYeezy are set out in the Opposition beginning at page 8. Royster and xYeezy are alleged to have made Infringing Products available to the public on Odysee and Defcad (Opposition at 9) but there is no assertion that anyone in New York ever downloaded them. Royster and xYeezy are alleged to have "targeted Everytown in New York on multiple occasions tagging Everytown in connection with references to Infringing Products, stating that he made them special for Everytown." This nonsensical statement on page 9 of the Opposition does not provide a basis for the exercise of jurisdiction.

Plaintiff's jurisdictional allegations regarding Freeman (identified alternatively as Defendant Freeman 1337 and Odysee User Freeman 1337 Gun CAD Mirror[6]) are set out in the Opposition beginning at page 9. Freeman is alleged to have "created and uploaded the Infringing Product titled "Everytown 3D Printable AR15 22LR Magazine" to Defcad." There is no allegation that any part of this process occurred in New York and, while it is alleged that Freeman's "uploads" were

---

[5] The Declaration of Delia Green in Support of Plaintiff's Application for Order to Show Cause, Etc. (ECF No. 16) at ¶29, alleges making payment to DD Foundation, LLC, while Plaintiff now alleges that fees were collected by Defcad from Ms. Green and other unidentified New Yorkers.
[6] It is unclear whether these references are both to Defendant Freeman or include other non-parties.

viewed and downloaded numerous times, there is no allegation that any of those downloads even occurred in New York. See, Opposition at 9 – 10.

Plaintiff's allegations concerning "The Gatalog Defendants" (which misleadingly includes The Gatalog and others who are non-parties or entirely unrelated parties) are set out in the Opposition beginning at page 10. It is difficult to determine which allegations made concerning these "Gatalog Defendants" refer to Defendant "The Gatalog" but, again, while, as one of the Gatalog Defendants, The Gatalog may falsely be alleged to have "created and uploaded" files (he did not), it appears that Plaintiff believes that Infringing Products were downloaded from odysee.com and not TheGatalog.com. Opposition at 11.[7]

The Court, of course, must review Plaintiff's allegations and determine – as to each of the actual Defendants - whether, even after giving them the deference required at this early stage of litigation and discounting Plaintiff's unsupported "argumentative inferences"[8] – there are sufficient facts alleged to support a finding of *in personam* jurisdiction under the New York Long Arm Statute[9] and if its exercise is consistent with due process. Plaintiff fails on both counts. Only in the U.S. District Court for the Western District of Texas can Plaintiff obtain jurisdiction over all of the Defendants (by agreement) and that, as an alternative to dismissing the case as to the Defendants (or some of them) the Court should transfer the case to the Western District of Texas.

---

[7] This is an example of Plaintiff's vast overreach. Defendant "The Gatalog" has no connection at all to defendant "Odysee User TheGatalog-Printable-Magazines." The latter is the one alleged to have created and uploaded the subject files. The word "Gatalog" is not proprietary, and anyone can and does use it. *See* Declaration of The Gatalog. It is like saying the New York Yankees and the New York Philharmonic are related because of the words "New York" in both of their names.
[8] *See*, Revised Memorandum of Law in Support of Motion to Dismiss for Lack of Jurisdiction and Improper Venue or, in the Alternative, to Transfer Pursuant To 28 U.S.C.§ 1404 or 1406 (the "Memorandum") at 7.
[9] New York Consolidated Laws, Civil Practice Law and Rules (C.P.L.R.) § 302

# ARGUMENT

**1. PLAINTIFF DOES NOT ASSERT THAT ANY DEFENDANTS IS SUBJECT TO GENERAL JURISDICTION UNDER SECTION 301 OF THE NEW YORK C.P.L.R.**

In its Opposition, Plaintiff now asserts jurisdiction over the Defendants solely under Sections 302(a)(1) and 302(a)(3)(ii) of the New York Long Arm Statute. Opposition at 14.

Further, Plaintiff does not challenge the statements of the Defendants denying that they have lived, worked or conducted business in New York.[10]

**2. PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER SECTION 302(a)(1) OF THE CPLR**

In the Memorandum, Defendants noted that, under C.P.L.R. §302(a)(1), jurisdiction may lie where a defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." Thus, courts look at the totality of a defendant's business contacts with New York. *Grand River Enters. Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 166 (2d Cir.2005).

A non-domiciliary transacts business for the purposes of § 302 (a)(1) when it purposefully avails itself of the privilege of conducting activities within New York, and thus invokes the benefits and protections of the state's laws. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). There must also be a direct and "articulable nexus" between the party's business and the cause of action. *Id.; see also, Fort Knox Music, Inc. v. Baptiste,* 203 F.3d 193, 196 (2d Cir.2000).

---

[10] *See* Dec. of Cody Wilson in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Texas at 4 - 12; Dec. of Defendant Defcad User Freeman1337 in Opposition to Entry of a Preliminary Injunction and on Issues Concerning Personal Jurisdiction and Venue at 6; Dec. of Defendant The Gatalog in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Texas at 12 - 17; Dec. of Defendants xYeezySZN in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Texas at 12 - 17; and Dec. of Defendant Phillip Royster in Support of Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Texas at 4 – 9.

While business that use the websites to conduct some or all of their business may be found to transact business under § 302(a)(1), not all such businesses subject themselves to the jurisdiction of the courts in New York under the N.Y. Long Arm Statute by doing so.

"Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *ISI Brands, Inc. v. KCC Int'l, Inc*., 458 F. Supp. 2d 81, 87 – 88. [Citations omitted.] In *Joseph Guglielmo v. JEGS Automotive, Inc*., 2021 WL 1026168 at *3 (S.D.N.Y. March 17, 2021) the Court held:

> When a defendant is alleged to have "transacted business" by means of a website, courts apply a "sliding scale" test to determine whether operation of a website accessible in New York could be said to constitute purposeful availment and thus the transaction of business in New York. The more "interactive" the website, such that it solicits information from potential buyers in New York in order for the defendant to sell them products in New York, the more likely a court is to find that the defendant is "transacting business" through the website in New York and is subject to the court's jurisdiction. *See EnviroCare Techs., LLC v. Simanovsky*, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012); *see also Chloe*, 616 F.3d at 170 (holding that operation of highly interactive website plus shipment of one counterfeit product and over 50 other products into New York was sufficient for personal jurisdiction); *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) ("Websites that permit information exchange between the defendant and viewers are deemed 'interactive.' "). "Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (internal citation and quotation marks omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) ("It is, of course, not sufficient that the defendant conducts business through an interactive [ ] website; the question is whether the defendant used the website to reach into the forum in some meaningful way."); *see also Savage Universal Corp. v. Grazier Constr.*, Inc., 2004 WL 1824102, at *8-9 (S.D.N.Y. Aug. 13, 2004) (Lynch, J.).

Plaintiff argues that a non-domiciliary can transact business within the meaning of Section 302(a) with proof of one transaction. The Defendants submit that one isolated transaction will not suffice without additional commercial activity. *Id*. But, Plaintiff has not identified any sale transaction in New York by any Defendant.

6

Plaintiff cites *Capital [sic] Records*, 2008 WL 4450259 (S.D.N.Y. March 9, 2009) for the proposition that by transmitting computer files to customers in other states the transmitter can be found to transact business. (Opposition at 15.) . That case, however, hinged upon the fact that the defendant derived substantial revenues from its alleged (copyright) infringement. In this case, there is no evidence that computer files containing the Infringing Product were sent to customers in New York by any of the Defendants or that they derived "substantial revenues.

Similarly, in *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y 2000) the website at issue was being used to process loan applications over the Internet generating revenues for the Defendant. Again, that is not the case here.

In *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d. 449, 456 (S.D.N.Y. 2000) the corporate defendant *was* making sales in New York and not merely through its website but also at tradeshows in New York and through referrals.

In *Envirocare Technologies, LLC v. Simanovsky,* 2012 WL 2001443 (E.D.N.Y. June 4, 2012), the court ruled that, while an infringing product may have been ordered by an intermediary – there Amazon – there was clear evidence that it was sold by the defendant.

The lessons of these cases is clear: In order to reach into the forum state in a meaningful way, the Defendant must do more than merely grant access to a website that promotes and even offers products for sale; it must effect sales or generate revenues using its website to be subject to jurisdiction under Section 301(a)(1) of the New York Long Arm Statute. Neither factor is present here. *See also Joseph Guglielmo v. JEGS Automotive, Inc.*, 2021 WL 1026168 at *8.

3. **PLAINTIFF HAS FAILED TO ALLEGE FACTS THAT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANTS UNDER SECTION 302(a)(3)(ii) OF THE CPLR**

Plaintiff argues that, if the Court fails to find a basis to exercise *in personam* jurisdiction under

C.P.L.R. § 302(a)(1), it can do so under § 302(a)(3)(ii). Opposition at 18.

To find *in personam* jurisdiction under § 302(a)(3)(ii), the Court must find that: (i) the Defendant committed a tortious act outside of New York; (ii) the cause of action arose from that tortious act; (iii) the tortious act caused an injury to a person or property in New York; (iv) the Defendant expected or should reasonably have expected the act to have the consequences in New York; and (v) the Defendant derived substantial revenue from interstate or international commerce.

In this case, and assuming *arguendo* the first two conditions to be satisfied, a finding of jurisdiction must fail because:

a. Plaintiff's injury is deemed to have occurred in Delaware, where the intellectual property is held; not New York, where it merely has offices. *McGraw-Hill Companies, Inc. v. Ingenium Technologies Corp.*, 375 F. Supp. 2d 252, 256 (S.D.N.Y. 2005).

b. The Defendants – especially Defcad which took steps (whether or not they were effective) to avoid downloads of the alleged Infringing Products in New York – had no reason to foresee any injury to Everytown; and

c. There is no evidence that any of the Defendants derived substantial revenue from interstate or international commerce as even the "tips" alleged to have been collected by one or more of the Defendants cannot satisfy this requirement.

4. **THE EXERCISE OF JURISDICTION OVER THE DEFENDANTS WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE CONSTITUTION**

Even if the Court determines that Defendants, or some of them, are subject to jurisdiction pursuant to statute, it must still determine whether the exercise of jurisdiction is consistent with due process. In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court ruled that "Due process requires that a defendant be haled into court in a forum State based upon his own affiliations with the State, not based upon the 'random, fortuitous or attenuated' contacts that he makes interacting

with other persons affiliated with the State." *See also* Memorandum at 20.

In violation of this rule, Plaintiff argues that the "Defendants have purposely availed themselves to New York as they advertised and promoted the files to N.Y. consumers through Odysee, Defcad and Ctrl+Pew, offered N.Y. users the ability to down load the Infringing Products and provide "tips" in exchange on Odysee, and offered N.Y. users subscriptions to access and download the Infringing Productions [sic] on Defcad." Opposition at 20.

## 5. THE DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO CHALLENGE PERSONAL JURISDICTION

Plaintiff asserts that the Defendants have waived their right to challenge personal jurisdiction. Opposition at 22. Plaintiff misunderstands the application of Fed. R. Civ. P. 15.

Rule 15 provides, in pertinent part, as follows:

(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, *whichever is later*. [Emphasis added.]

Defendants filed their Pre-Motion Conference Letter on November 29, 2021 (ECF No. 46). The Court did not address the request until entering its May 18, 2022 scheduling order (ECF No. 92), which provides that Defendants' time to file their motion to dismiss extended to June 15, 2022. Since June 15, 2022 is later than May 16, 2022, under Rule 15, June 15 is the deadline to respond to the First Amended Complaint. Plaintiff cites no authority for the assertion that Defendants were somehow required to file a *second* Pre-Motion Conference Letter.[11] Plaintiff's position that Defendants waived their objection to personal jurisdiction is without merit.

---

[11] Additionally, Rule 15 begins with the following proviso: "Unless the court orders otherwise…" On May 18, 2022, the Court did order otherwise. The Court ordered that the deadline to file a motion to dismiss was June 15, 2022. Importantly, during the May 18 conference with the Court, Plaintiff *never* objected that Defendants were out of time to respond to the First Amended Complaint. In fact, Plaintiff did the opposite. Not only did Plaintiff *not* argue that

9

## 6. THE COURT SHOULD EITHER DISMISS THIS ACTION OR TRANSFER THE ACTION TO THE WESTERN DISTRICT OF TEXAS

In the Motion, the Defendants offered Plaintiff an alternative to dismissal under Rules 12(b)(2) and 12(b)(3): transfer of the case to the Western District of Texas, a jurisdiction which all of the Defendants agreed to accept. Defendants demonstrated how such a transfer would accommodate Plaintiffs as well as the Defendants (e.g., availability of third-party witnesses like Defense Distributed, Inc. and DD Foundation, LLC) and would satisfy most of the factors to be considered by the Court in respect of an application for a transfer under 28 U.S.C. § 1404 and § 1406.

In response, Plaintiffs stated, in conclusory fashion, "All of the factors weigh against transfer" and "First, Everytown's choice of forum should be given great weight because Everytown, its witnesses and documentary evidence". Opposition at 24.

Should the Court find that all or some of the Defendants are not subject to the jurisdiction of the Court, the proposed transfer might provide Plaintiff with the only effective method of litigating what claims it has against the Defendants.

Respectfully submitted,

**HARTMAN & WINNICKI, P.C.**
Attorneys for Defendants[12]

By: /s/ DANIEL L. SCHMUTTER
DANIEL L. SCHMUTTER
74 Passaic Street
Ridgewood, New Jersey 07450
Tel.: (201) 967-8040
Fax: (201) 967-0590

Dated: July 22, 2022

---

Defendants were already out of time to file a motion to dismiss, but Plaintiff proposed that Defendants should be allowed to file such a motion on May 25, 2022.

[12] Defendants Defcad, Inc.; Odysee User xYeezySZN; Defcad User xYeezySZN; The Gatalog; Defcad User Freeman1337; Twitter User xYeezySZN and Phillip Royster **only**.