LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

\* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

July 22, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

   **Re: Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al.**
   **Civil Action No. 21-cv-8704 (PGG) (RWL)**

### NOTICE OF SUBSEQUENT AUTHORITY AS TO SEALING OF MOTION PAPERS

Dear Judge Gardephe:

  We represent Defendants Defcad, Inc., Odysee User xYeezySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter.

  We write in connection with Defendants' pending motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer for improper venue ("Motion to Dismiss") and, specifically, Plaintiff's position that the motion papers containing identifying information for the anonymous Defendants should be unsealed, revealing their identities to the public.

  As the Court is aware, there is a Stipulated Confidentiality Agreement and Protective Order entered in the case ("Protective Order"), ECF No. 82, which allows the parties to designate certain information as "Highly Confidential – Attorney's Eyes Only," including the following in paragraph 4(d):

> (d) Information of a personal or intimate nature regarding any individual, including but not limited to personal identifying information or information tending to lead to the discovery of personal identifying information

Hon. Paul G. Gardephe, U.S.D.J.
July 22, 2022
Page 2

In fact, as the Court is aware, the First Amendment right of anonymity of these Defendants is one of the central issues in this case and is the subject of two pending appeals before the Court of Appeals for the Second Circuit (docket nos. 21-3079 and 22-1183).

On July 12, 2022, subsequent to the initial briefing of the Motion to Dismiss, the Second Circuit entered a non-dispositive Summary Order in case 22-1183 (ECF No. 55). That appeal involves this Court's May 26, 2022 Order denying the right of the anonymous Defendants to proceed anonymously and ordering them to reveal their identities (ECF No. 97) (the "Appealed Order").

Although, both Defendants and Plaintiff initially believed that the Appealed Order denied the right to proceed anonymously for all purposes in the case and ordered the Defendants to reveal their identities unconditionally, the Second Circuit interpreted the Appealed Order differently. The Second Circuit read the Appealed Order as being contingent only, that is, the Defendants were required to reveal their identities solely for the purpose of this Court adjudicating the Motion to Dismiss. However, the Second Circuit also allowed for the possibility that it was mistaken and remanded the matter back to this Court for clarification of the nature and scope of the Appealed Order.

Importantly, in its Summary Order the Second Circuit attributed great significance to the role of the Protective Order on the issue of anonymity and the ongoing ability of the Protective Order to shield the anonymous parties from the injury of public disclosure of their identities in the case. The Court noted at pp 13-14:

> Additionally, the injury the defendants would suffer from having to reveal their identities is lessened by the fact that, as Everytown acknowledged at oral argument, *see* Oral Argument Audio Recording at 51:30, the stipulated confidentiality agreement permits the anonymous defendants to designate their identifying information as "Highly Confidential." Confidentiality Agreement at 4-5, *Defcad, Inc.*, No. 21-CV-08704 (S.D.N.Y. Apr. 7, 2022), ECF No. 82 ("The Party may designate as Highly Confidential … the portion of such material that it reasonably and in good faith believes consists of … [i]nformation of a personal or intimate nature regarding any individual, including but not limited to personal identifying information or information tending to lead to the discovery of personal identifying information.").

Of particular concern, revealed by the foregoing passage, is the fact that, at oral argument before the Second Circuit, the Plaintiff acknowledged this important protection afforded the anonymous Defendants in avoiding the injury of public disclosure. Yet, at the very same time, before *this* Court, the Plaintiff is urging the Court to unseal the Motion to Dismiss, thereby visiting the very injury of public disclosure the Plaintiff convinced the Second was not currently at risk.

The Plaintiff should not be allowed to play fast and loose in this manner and, in fact, should be judicially estopped from advocating for unsealing. *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742 (2001); *Adelphia Recovery Trust v. Goldman, Sachs & Co.*, 748 F.3d 110 (2d. Cir. 2014). This

Hon. Paul G. Gardephe, U.S.D.J.
July 22, 2022
Page 3

is especially so since the unsealing request appears to be solely punitive. Plaintiff cannot articulate any reason why it should want the record unsealed at this stage of the case revealing the identities of the anonymous Defendants to the entire world. The Court and the Plaintiff both have the information they need to adjudicate the Motion to Dismiss.

The seemingly punitive nature of this action explains why courts look more favorably on sealing and anonymity for defendants vs. plaintiffs. *See* Eugene Volokh, The Law of Pseudonymous Litigation, 73 HAST. L.J. 1353, 1359 n.8 (2015).

And, importantly, the Summary Order indicates that the Second Circuit recognizes the very significant anonymity interest of these Defendants. The Court will recall that in addition to the strong First Amendment interests of the Defendants in engaging in anonymous online speech (which issues are currently being considered by the Second Circuit), the Defendants have identified specific instances of threats and danger to their life and safety, *see e.g.* Declaration of xYeezySZN Defendants and Declaration of Defcad User Freeman1337; *see also Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002); Volokh at 1397-99.

Courts have also shown the same concern as to the danger from hostility to controversial hot-button political issues as also identified by these anonymous Defendants, *Doe #1 v. Syracuse Univ.*, No. 5:18-cv-0496-FJS-DEP, 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018), *report & recommendation adopted*, No. 5:18-cv-00496-BKS-ML, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020); Volokh at 1413-14.

In light of the Second Circuit's Summary Order, and in view of the foregoing and Defendants' previous letter brief, Defendants have made the proper showing supporting maintaining the seal.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ars
cc:    Marcella Ballard, Esq. (via ECF)
       Elliott Stein, Esq. (via ECF)