

July 8, 2022

T 212.370.6289
F 212.307.5598
MBallard@Venable.com

Honorable Paul G. Gardephe
United States District Judge
United States Courthouse
49 Foley Square
New York, New York 10007

      Re:    *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc. et al.*, 21-cv-08704

Dear Judge Gardephe:

      We submit this letter on behalf of Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") in opposition to Defendants' Letter Brief in Support of Sealing. For the reasons below, Defendants' request to file material under seal should be denied as the Defendants' have not made a particularized showing that sealing is necessary, and the information that Defendants seek to seal has already been known to the public in connection with Defendants' online activities.

1. **Defendants Failed to Make A Particularized Showing that Sealing is Essential to Preserve Higher Values Than the Public Interest.**

      Per Paragraph 11 of Your Honor's Confidentiality Order [ECF 82], documents will be unsealed if Your Honor is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). In *Lugosch*, the Court provided a three-part test for evaluating whether material should be sealed: (i) determine whether the documents in question are "judicial documents"; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Id.* at 119-20. If the documents and/or materials sought to be sealed are "judicial documents" directly affecting an adjudication a "strong presumption of access [to the materials] attaches, under both the common law and the First Amendment." *Id.* at 121-22. Where documents and/or materials have been submitted to the Court as supporting materials to a motion, they are judicial documents. *Id.* at 123.

      Here, the Defendants seek to submit material contained within declarations under seal to support their motion to dismiss Everytown's First Amended Complaint ("FAC"). Thus, the material they seek to seal is part of judicial documents. As the Defendants are submitting their names and addresses in support of a motion to dismiss based upon alleged lack of personal jurisdiction, the material directly affects the adjudication of the Defendants' motion. Lastly, the



July 8, 2022
Page 2

Defendants, have not put forth any particularized facts demonstrating why sealing the information is warranted. The declarations of the YeezySZN Defendants and The Gatalog do not supply any information as to particularized harms. The only allegation regarding anonymity made within The Gatalog's declaration is as follows: "I believe that anonymity is important because it provides protection from retaliation and vindictive behavior as a result of unfavored and unpopular viewpoints." Gatalog ¶ 11. Such a generalized statement is insufficient to overcome the strong presumption of access to judicial documents.

Likewise, the statements made by Defendant Phillip Royster, owner of the YeezySZN Defendants, concerning "Swatting" and anonymity are similarly unspecific. Mr. Royster makes no mention of the alleged days, months, locations, or context of these events, and does not confirm that he knows who notified police, or that the individual did so as a result of his online conduct at issue in this case. *See* Declaration of YeezySZN Defendants ¶ 9. Further Mr. Royster claims that he is "aware that some individuals target the employment of those they disagree with on the internet. I do not wish to take the risk that a person who does not like what I say on the internet will try to get me fired." Declaration of YeezySZN Defendants ¶ 10. The "possibility of future adverse impact on employment ... is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017). Likewise, reputational harm alone is not sufficient to justify keeping materials under seal. *See, e.g.*, *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, No. 09 CIV. 995 (BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009). Thus, the Defendants have not put forth any particularized showing against the public interest requiring sealing of their names and addresses in this case.

The cases cited by the Defendants do not support a different conclusion. *Lugosch v. Congel*, 2006 WL 931687 (N.D.N.Y.) is a report and recommendation that was rejected in part by the district court, and concerns whether privilege had been waived regarding various documents. This case does not involve privileged material and does not contain the same facts as are present in *Lugosch v. Congel*. Defendants do not cite any other case law applicable to this Judicial District.

### 2. The Defendants Have Not Been Anonymous with Regard to Their Online Activities.

The Defendants' names and addresses should also not be sealed as it appears as ▬▬ ▬▬▬ and Mr. Royster's names and general physical locations have been used in connection with their online activities within the firearms community prior to this litigation.

As detailed in the Declaration of Erin Galloway [ECF 17], Mr. Royster publicly used his name in connection with his PayPal account, which he linked to his Twitter activities to solicit funding from users. *See* Galloway Dec. ¶ 32-34 (detailing photographs of Mr. Royster's name in connection with his PayPal and Twitter account). Additionally, ▬▬▬▬ has used his name in connection with his activities within the 3-D firearms printing community publicly in



July 8, 2022
Page 3

connection with his LinkedIn page by stating that he is the owner of domain www.ctrlpew.com, one of the domains where the Defendants' advertised and promoted the Infringing Products in this case. ███████████ also publicly used his name and address in connection with filings made with the State of Florida for an entity called "the Gatalog Foundation", which appears to be affiliated with/operated by Defendants The Gatalog and Odysee User thegatalog-printablemagazines. *See* Declaration of Erin Galloway signed July 8, 2022, Ex. 3. Such public activities negate any notion that the Defendants' names and addresses should be filed under seal. Thus, Defendants' request to seal should be denied.

Respectfully submitted,

/s/Marcella Ballard

cc:   Counsel of Record