LAW OFFICES
# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

_____

* New York and New Jersey Bars
º Florida Bar
□ Washington, D C  Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

* * *

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

_____

Porter E  Hartman (1920-2009)
Charles R  Buhrman (1938-1994)
William T  Marsden (1943-1993)
Cyrus D  Samuelson (1911-1998)

September 6, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

   Re:  Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., No. 21-cv-8704 (PGG)

**SUPPLEMENTAL LETTER IN FURTHER SUPPORT OF LETTER MOTION OF HARTMAN & WINNICKI, P.C. TO BE RELIEVED AS COUNSEL FOR DEFENDANT DEFCAD USER FREEMAN1337**

Dear Judge Gardephe:

   We represent defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN.

   Movant Hartman & Winnicki. P.C. (the "Law Firm") previously submitted its Motion to be Relieved as Counsel for Defendant Defcad User Freeman1337 ("Motion"). The Law Firm hereby submits the within Supplemental Letter Brief and accompanying Supplemental Certification of Daniel L. Schmutter ("Supplemental Schmutter Dec"), *in camera*, in unredacted form and has also filed a reacted version of this Supplemental Letter Brief and the Supplemental Certification, open to the public, via the Court's ECF filing system.

   We submit these supplemental papers for two reasons.

Hon. Paul G. Gardephe, U.S.D.J.
September 6, 2022
Page 2

First, the Law Firm asks that this motion be granted before <u>tomorrow's</u> mediation session. As the Court is aware, the parties have been ordered into the Southern District of New York's mediation program. Mediation is scheduled to take place <u>tomorrow</u>, on September 7 and, if necessary, September 8. As the Law Firm's Motion details, the client, Defcad User Freeman1337 (the "Client") has not communicated with the Law Firm since June 1, 2022, more than three months ago. It is impossible for the Law Firm to represent this client at a mediation when the Law Firm is unable to discuss any aspect of the litigation with him or obtain any authority to enter into a settlement. Further, going into tomorrow's mediation as counsel of record for a party who is not present threatens to interfere with the orderly conduct of the mediation. An issue may arise involving this Client and the Law Firm may be entirely unable to address it.  Therefore, we respectfully request that the Court grant the Law Firm's motion before the mediation begins on September 7.

There is already one defendant who is not represented by counsel and who has not appeared in the case – Odysee User Gatalog-Printable-Magazines. Accordingly, there being one additional unrepresented defendant in the case will not alter any aspect of these proceedings.

Second, ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████

Hon. Paul G. Gardephe, U.S.D.J.
September 6, 2022
Page 3



Third, in addition to being unable to carry out several of the obligations of the Client since initially making this motion, as described in the previous papers, the lack of communication by the Client has also rendered the Law Firm unable to respond to discovery on the Client's behalf.

The foregoing new facts provide additional grounds for termination under R.P.C. 1.16 – including R.P.C. 1.16(b)(1) and R.P.C. 1.16(c)(7):

R.P.C. 1.16(b)(1) provides:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
>
> > (1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law; . . . .

R.P.C. 1.16(c)(7) provides:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from the representation of a client when: . . .
>
> > (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively; . . .

Further, ▆▆▆▆▆▆ described above indicates that there may be certain other grounds

Hon. Paul G. Gardephe, U.S.D.J.
September 6, 2022
Page 4

for termination under R.P.C. 1.16(c).

The foregoing conduct of Client further interferes with the Law Firm and the lawyers' ability to fulfill the duty to conduct themselves in accordance with the R.P.C.s

The foregoing conduct of Client further interferes with the duty of diligence required by R.P.C. 1.3.  The foregoing conduct of Client interferes with the duty of communication required by R.P.C. 1.4.

As such, under R.P.C. 1.16(b)(1) Hartman & Winnicki, P.C. is <u>required</u> to withdraw as counsel for Client.

The foregoing conduct of the Client also permits Hartman & Winnicki, P.C. to withdraw as counsel to Client pursuant to R.P.C. 1.16(c).

The foregoing actions of Client represent Client further failing to cooperate in the representation and renders the representation unreasonably difficult to carry out effectively. Therefore Hartman & Winnicki, P.C. may withdraw pursuant to R.P.C. 1.16(c)(7).

In view of the foregoing, Hartman & Winnicki, P.C. respectfully requests that the Court enter an order relieving Hartman & Winnicki, P.C and Daniel L. Schmutter, Esq. as counsel for defendant Defcad User Freeman1337 on an emergency basis prior to <u>tomorrow's</u> September 7, 2022 mediation.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs
Cc:    Marcella Ballard, Esq. (via ECF)