

VENABLE LLP | 1270 AVENUE OF THE AMERICAS
24TH FLOOR | NEW YORK, NY 10020
T +1 212.307.5500  F +1 212.307.5598  Venable.com

September 9, 2022

T 212.370.6289
F 212.307.5598
MBallard@Venable.com

**FILED VIA ECF**
Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square New York, NY 10007

    Re:    *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc. et al.*, 21-cv-08704

Dear Judge Gardephe:

We write on behalf of Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") in response to Hartman & Winnicki, P.C.'s ("Hartman") June 15, 2022 letter motion ("Request") and September 6, 2022 supplemental letter motion ("Supplemental Request") (together, the "Motion") requesting to be relieved as counsel for Defendant Defcad User Freeman 1337 ("Freeman"). [ECF 109, 131].[1]

Given the redactions in Hartman's Motion, Everytown is unable to ascertain the entire factual grounds for the relief sought. Assuming the redacted facts support withdrawal, Everytown only opposes Hartman's Motion to the extent that it will prejudice Everytown in this case by forcing Everytown to expend time and resources litigating against a defendant that has in essence failed to respond to Everytown's Amended Complaint. Everytown would not oppose Hartman's Motion for withdrawal if the Court could avoid the prejudice to Everytown by ruling that: (1) Defendant Freeman be stricken from Defendants'[2] motion to dismiss (ECF 115) and a default be entered as to Defendant Freeman, and (2) Hartman must provide Your Honor with Defendant Freeman's identifying information *in camera* so in the event injunctive relief is entered against Freeman, Everytown can obtain such information for enforcement purposes.

    **1. Redactions in the Motion Make It Impossible for Everytown to Ascertain Complete Factual Grounds For the Relief Sought.**

As the basis for its withdrawal, Hartman cites the N.Y. Rules of Professional Conduct criteria for mandatory withdrawal (1.16(b)) and permissive withdrawal (1.16(c)). *See* Request at pp. 1-2; Supplemental Request at p. 4. However, a substantial portion of the factual bases underlying Hartman's arguments for withdrawal under such criteria are redacted from Hartman's Request

---

[1] Everytown was directed to respond to Hartman's Motion by Friday, September 9, 2022. [ECF 133].
[2] For clarity, Defendants in this letter are defined as defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Odysee User xYeezySZN, The Gatalog, Defcad User Freeman1337, and Twitter User xYeezySZN.



September 9, 2022
Page 2

and Supplemental Request.  *See* Request at pp. 2-3; Supplemental Request at pp. 2-3.  The only factual ground available for Everytown to evaluate is Hartman's representation that it has not communicated with Defendant Freeman since June 1, 2022.  *See* Request at p. 3; Supplemental Request at p. 2.  As such, it is impossible for Everytown to ascertain the complete factual grounds for the relief sought.

Everytown only opposes the Motion to the extent it would prejudice Everytown, forcing Everytown to expend time and resources litigating against a defendant that has failed to appear in this case in months.  Everytown would not oppose Hartman's motion if Your Honor grants Everytown's requests described in more detail below.

  2. **Prejudice Can Be Avoided If Defendant Freeman Is Stricken From Defendants' Motion To Dismiss [ECF 115], A Default Is Entered Against Him, And Hartman Provides This Court With Defendant Freeman's Identifying Information *In Camera***

Despite the fact that Hartman lost contact with Defendant Freeman on June 1, 2022, Hartman has continued to file motions and materials on Defendant Freeman's behalf in both this Court and in a related Second Circuit case.[3]  For example, on July 21, 2022, even after Hartman lost contact with Freeman, Hartman filed a motion to dismiss ("Motion to Dismiss") on behalf of Freeman and the other Defendants.  [ECF 115].  Hartman also attached an unsigned declaration from Freeman in support of the Motion to Dismiss.  *Id.*

As a result of the Motion to Dismiss being filed on behalf of Freeman weeks after Hartman's last communication with the defendant, Everytown is being prevented from appropriately and readily seeking default judgement against Freeman.

Everytown thus respectfully requests that Your Honor direct Freeman to obtain new counsel within a week, or face entry of default.  If Freeman does not engage new counsel by such time, Everytown respectfully requests that this Court strike Defendant Freeman from the Motion to Dismiss and enter a default against him.  *See Brooke v. SB Hospitality Palm Springs LLC*, No. 5:16-CV-00953-ODW(SS), 2017 WL 187132, at *1-2 (C.D. Cal. Jan. 17, 2017) (ordering that if defendant fails to obtain new counsel, the court will strike defendant's pleading and enter a default against defendant); *GEOMC Co., Ltd. v. Calmare Therapeutics.,* No. 3:14-cv-1222 (VAB), 2021 WL 6427715, at *3 fn. 2 (D. Conn. Feb. 19, 2021) (ordering that party engage successor counsel or risk default being entered against it); *Jaguar Land Rover Limited v. A-Z*

---

[3] *See e.g.*, *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc. et al.*, 21-cv-08704 (PGG) ("District Court Action"), ECF 114 (Joint Letter re: Joint Request for Referral to Mediation, filed July 21, 2022), ECF 115 (Motion to Dismiss, filed July 22, 2022);  *see also e.g., Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, 22-cv-01183 ("Second Circuit Action"), ECF 65 (Motion For Extension of Time To File Opening Brief, filed September 5, 2022), ECF 69 (Reply Letter In Support of Motion For Extension of Time To File Opening Brief, filed September 6, 2022).



September 9, 2022
Page 3

*Wheels LLC*, No. 13-CV-878 BEN (JMA), 2013 WL 12094184, at *1 (S.D. Cal. Dec. 10, 2013) (ordering that if new counsel is not retained, the court will strike defendant's pleading and enter default judgment against it).

Everytown also respectfully requests that Hartman be ordered to provide Your Honor with Defendant Freeman's identifying information *in camera*. In the event that injunctive relief is ordered against Freeman, the Court can then provide this identifying information to Everytown for enforcement purposes. Everytown's request is made in consideration of Hartman's representation throughout this proceeding that Defendants did not need to disclose their identities to Everytown because Defendants could be reached through their counsel. *See e.g.*, ECF 71 at p. 4 (asking why "Plaintiff still need[s] to know their identities" where Defendants "have appeared through counsel" and "have agreed to be bound by orders of the Court"). If Hartman is relieved of its representation of Defendant Freeman, the prior reasoning no longer applies.

In sum, Everytown would not oppose Hartman's Motion for withdrawal if the Court could avoid prejudice to Everytown by granting the requests described above.

                                       Respectfully submitted,

                                       /s/Marcella Ballard

cc:       Counsel of Record via ECF