LAW OFFICES
## HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

―――――――――

* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

* * *

WEBSITE
www.hartmanwinnicki.com

Phone: (201) 967-8040
Fax:    (201) 967-0590

―――――――――

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

September 14, 2022

**VIA ECF**
Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re:  Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., et al. Civil
     Action No. 21-cv-8704 (PGG) (RWL)

Dear Judge Gardephe:

We represent Defendants Defcad, Inc., Odysee User xYeezySZN, Defcad User xYeezySZN, The Gatalog, Defcad User Freeman1337, Twitter User xYeezySZN, and Phillip Royster ("Defendants") in the above-referenced matter.

Please accept this reply letter in response to Plaintiff's letter of September 9, 2022 in connection with Hartman & Winnicki, P.C.'s ("Law Firm") motion to be relieved as counsel to Defendant Defcad User Freeman1337 ("Motion to Withdraw").

First, Plaintiff argues that the Motion to Withdraw should only be granted if the Court also orders the motion to dismiss papers of Defcad User Freeman1337 ("Freeman") stricken and orders default to be entered against him. There is no basis for this. Plaintiff has provided no legal authority for imposing such a condition on a lawyer being relieved as counsel.

All of the cases cited by Plaintiff involve corporations, which cannot litigate *pro se*. *See Brooke v. SB Hospitality Palm Springs LLC*, No. 5:16-CV-00953-ODW (SS), 2017 WL 187132, at *2 (C.D. Cal. Jan. 17, 2017) ("a business entity may not appear *pro se* in federal court"); *GEOMC Co., Ltd. v. Calmare Therapeutics.*, No. 3:14-cv-1222 (VAB), 2021 WL 6427715, at *2 (D. Conn. Feb. 19, 2021) ("a corporate entity, cannot proceed *pro se*"); *Jaguar Land Rover Limited v. A-Z Wheels LLC,* No. 13-CV-878 BEN (JMA), 2013 WL 12094184, at *1 (S.D. Cal. Dec. 10, 2013) ("[a] corporation may appear in federal court only through licensed counsel."). That reasoning does not apply to Freeman who is an individual and has the right to litigate *pro se*.

Freeman has a fully briefed motion to dismiss in the record and is entitled to the full benefit of that record, even if he ends up as a *pro se* litigant.[1]

Second, Plaintiff asks the Court to condition the withdrawal on an order compelling the Law Firm to disclose *in camera* to the Court any identifying information it has regarding Freeman. This would be highly improper. In a case involving anonymous speakers, communication of the client's identity to the attorney is protected by the attorney-client privilege. *See Kademani v. Mayo Clinic*, No. 09-cv-219 (JRT/FLN), 2010 WL 11561264 at *2 (D. Minn. September 27, 2010). Plaintiff has provided no recognized, valid basis to set aside the privilege.

Importantly, Plaintiff should not obtain an advantage merely by virtue of the fact that Freeman initially chose to retain counsel. Had Freeman chosen *not* to retain counsel, Plaintiff would have only the identifying information it could obtain through lawful and proper means. Whatever information was disclosed to the Law Firm was disclosed in confidence based on the attorney-client privilege. Plaintiff should not obtain an advantage in piercing through Freeman's constitutionally protected anonymity merely because he retained an attorney. The Court should reject Plaintiff's suggestion to contort the Law Firm's motion to be relieved as counsel into a discovery tool and to disregard the confidential nature of attorney-client communications regarding the identity of the client in a case where the client has asserted his or her First Amendment right to anonymity.

If the Court allows this, it would chill First Amendment anonymous speech by making it impossible for anonymous Does to communicate with counsel in confidence about their identities, thereby making it difficult or impossible for such defendants to engage counsel in defense of their First Amendment anonymous speech rights. Further, it would create a massive disincentive for anonymous parties to retain counsel, even though when such parties are represented by counsel it assists both the Court and the adverse party in advancing the litigation. Anonymous parties would be reluctant to retain counsel if they thought the attorney could be so easily compelled to disclose their identity and compromise their constitutionally protected anonymity.

In view of the foregoing, the Law Firm respectfully requests that the motion to withdraw be granted without the conditions sought by Plaintiff.

Respectfully submitted,

/s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/ars
cc: Marcella Ballard, Esq. (via ECF)
Elliott Stein, Esq. (via ECF)

---

[1] Notwithstanding that Freeman stopped communicating with the Law Firm, the Law Firm remains obligated to protect the client's interest until permitted by the Court to withdraw. Accordingly, the Law Firm filed whatever papers and asserted whatever positions in favor of Freeman that it could reasonably file and assert and that were appropriate under the circumstances. Freeman has a right to the benefit of those filings and positions.