**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | |
| | : | Civil Action No. 1:21-cv-08704- |
| Plaintiff, | : | PGG-RWL |
| | : | |
| v. | : | |
| | : | |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR SANCTIONS AND DEFAULT JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

I.     **RELEVANT FACTS** ...................................................................... 2

    *A.    Everytown's Claims Against Freeman1337 and the Former
Defendants* ......................................................................................................... 2

    *B.    The Court's Discovery Orders and Freeman1337's Non-
Compliance* ......................................................................................................... 3

    *C.    Freeman1337's Motion to Dismiss and Withdrawal of Counsel* .......... 5

    *D.    Dismissal of Freeman1337's Appeals* ................................................. 6

    *E.    Freeman1337's Publicly Available Online Activity Since the Start
of this Action* ...................................................................................................... 7

II.    **ARGUMENT** .......................................................................................... 11

    A.    The Court Has Authority to Strike Freeman1337's Motion to
Dismiss as a Sanction for Dilatory Discovery Conduct .................................... 11

    B.    Freeman1337's Conduct in this Case Warrants Striking the Motion
to Dismiss ........................................................................................................... 13

    C.    Without Default Judgment Everytown Will Be Prejudiced ................ 15

    D.    The Judgment Sought by Everytown Is Warranted and Reasonable ................... 15

        *1.    Everytown's Lanham Act Claims* ................................................ 16

        *2.    Everytown's New York Common-law Claims* ........................... 18

        *3.    Everytown's Claim for Dilution by Tarnishment (N.Y. Gen.
Business Law § 360-l)* ....................................................................................... 18

        *4.    A Permanent Injunction Preventing Freeman1337 from
Engaging in Future Unlawful Conduct Is Warranted* ......................................... 21

III.    **CONCLUSION** .................................................................................... 23

i

**Cases**

*A.V.E.L.A., Inc. v. Estate of Marilyn Monroe*,

131 F. Supp. 3d 196 (S.D.N.Y. 2015)...................................................................... 20

*Action S.A. v. Marc Rich & Co., Inc.*,

951 F.2d 504 (2d Cir.1991)....................................................................................... 13

*Agiwal v. Mid Island Mortgage Corp.*,

555 F.3d 298 (2d Cir. 2009)...................................................................................... 13

*Avon Prods. v. S.C. Johnson & Son*,

984 F. Supp. 768 (S.D.N.Y. 1997) ........................................................................... 18

*Bambu Sales, Inc. v. Ozak Trading Inc.*,

58 F.3d 849 (2d Cir. 1995)........................................................................................ 12

*Battiste–Downie v. Covenant House*,

471 F. App'x 78 (2d Cir. 2012) ................................................................................ 14

*Burberry Ltd. v. Designers Imps., Inc.*,

No. 07 Civ. 3997(PAC), 2010 WL 199906 (S.D.N.Y. Jan. 19, 2010) ......................... 17

*Burberry Ltd. v. Euro Moda, Inc.*,

No. 08-cv-5781, 2009 WL 1675080 (S.D.N.Y. June 10, 2009) .................................... 17

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,

No. 01-cv-11295, 2003 U.S. Dist. LEXIS 7844 (S.D.N.Y. May 8, 2003) ................... 20

*Coty Inc. v. Excell Brands, LLC*,

277 F. Supp. 3d 425 (S.D.N.Y. 2017)....................................................................... 19

*Deere & Co. v. MTD Prods., Inc.*,

41 F.3d 39 (2d Cir. 1994)..................................................................................... 19, 21

*Digital Data Corp. v. Master Copy Prods.*, Inc.,

Civ. No. 87-cv-5589, 1988 WL 142471 (S.D.N.Y. Dec. 27, 1988) ....................... 12, 14

*eBay Inc. v. MercExchange, L.L.C.*,

547 U.S. 388 (2006).................................................................................................. 22

*Embuscado v. D.C. Comics*, 347 F. App'x

700 (2d Cir. 2009)............................................................................................... 14

*Hormel Foods Corp. v. Jim Henson Prods.*,

73 F.3d 497 (2d. Cir. 1996)................................................................................. 20

*Kelly Toys Holdings, LLC v. alialialiLL Store*,

Civ. No. 21-cv-8434, 2022 WL 2072567 (S.D.N.Y. June 9, 2022) ............................ 22

*Knowles-Carter v. Feyonce, Inc.*,

347 F. Supp. 3d 217 (S.D.N.Y. 2018)................................................................... 19

*Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*,

192 F.3d 337 (2d. Cir. 1999)............................................................................... 19

*MCI Worldcom Commc'n, Inc. v. Gamma Commc'n Grp., Inc.*,

204 F.R.D. 259 (S.D.N.Y. 2001) ................................................................... 12, 13

*Moonbug Entm't Ltd. v. A20688*,

No. 21-CV-4313, 2022 WL 1239586 (S.D.N.Y. Apr. 26, 2022) ............................ 22

*N.Y. Stock Exch., Inc. v. N.Y., N.Y. Hotel, LLC*,

293 F.3d 550 (2d Cir. 2002)................................................................................. 20

*Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,

No. 20-CV-7269 (VEC), 2021 U.S. Dist. LEXIS 142733 (S.D.N.Y. July 30, 2021) ................. 20

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,

427 U.S. 639 (1976)............................................................................................. 12

*Pfizer Inc. v. Sachs*,

652 F. Supp. 2d 512 (S.D.N.Y. 2009)................................................................... 20

*Polaroid Corp. v. Polaroid Elecs. Corp.*,

287 F.2d 492 (2d Cir. 1961)................................................................................. 16

*Really Good Stuff, LLC v. BAP Investors, L.C.*,

813 F. App'x 39 (2d Cir. 2020)............................................................................ 22

*See Santana v. Latino Express Rests., Inc.*,

198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016)........................................................... 15

*Shcherbakovskiy v. Seitz*,

450 F. App'x 87 (2d Cir. 2011) ...................................................................... 12

*Sieck v. Russo*,

869 F.2d 131 (2d Cir. 1989) .......................................................................... 13

*Strange Music, Inc. v. Strange Music Inc.*,

326 F. Supp. 2d 481 (S.D.N.Y. 2004) ............................................................ 19

*Szilvassy v. United States*,

82 F.R.D. 752 (S.D.N.Y. 1976) ..................................................................... 12

*Tambriz v. Taste & Sabor LLC*,

577 F. Supp. 3d 314 (S.D.N.Y. 2021) ............................................................ 15

*Thompson v. Haynes*,

305 F.3d 1369 (Fed. Cir. 2002) ...................................................................... 17

*Tri-Star Pictures, Inc. v. Unger*,

14 F.Supp.2d 339 (S.D.N.Y. 1998) ............................................................... 17

*Twentieth Century Fox Film Corp. v. Marvel Enters.*,

220 F. Supp. 2d 289 (S.D.N.Y. 2002) ............................................................ 18

*U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*,

800 F. Supp. 2d 515 (S.D.N.Y. 2011) ............................................................ 18

*Urbont v. Sony Music Ent'mt*,

Civ. No. 11-cv-4516, 2014 WL 6433347 (S.D.N.Y. Nov. 6, 2014) ............... 13

*Vt. Teddy Bear Co. v. 1-800 Beargram Co.*,

373 F.3d 241 (2d Cir. 2004) .......................................................................... 15

*WowWee Grp. Ltd. v. Meirly*,

No. 18-CV-706, 2019 WL 1375470 (S.D.N.Y. March 27, 2019) ................... 22

**Statutes**

15 U.S.C. § 1114(1) ...................................................................................... 16

15 U.S.C. § 1116 ........................................................................................... 22

15 U.S.C. § 1125(a) ...................................................................................... 16

N.Y. Gen. Business Law § 360-l ................................................................................... 19

**Other Authorities**

H. R. Rep. No. 104-374, at 2 (1995) ........................................................................ 21

**Rules**

Fed. R. Civ. P. 37(b)(2) ............................................................................................ 12

**Treatises**

J. Thomas McCarthy,

McCarthy on Trademarks & Unfair Competition, §§ 11:43, 15:34 (5th ed. 2021) ..................... 19

Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") submits this memorandum in support of its Motion for Sanctions and Default Judgment ("Motion") against Defendant Defcad User Freeman1337 ("Freeman1337") due to Freeman1337's non-compliance with Court orders, and the discovery process.  Pursuant to Fed. R. Civ. P. 37 and the Court's inherent authority, Everytown requests that the Court sanction Freeman1337 by striking his pending motion to dismiss [*see* ECF 115 ("Motion to Dismiss")] and entering default judgement in favor of Everytown.

On February 16, 2023, while participating in a livestream YouTube interview, and discussing how he feels about the instant lawsuit, Freeman1337 stated: "**I don't give a shit.**"[1] Freeman1337's sentiments during that interview sum up the general theme of his conduct during this action as he has been non-compliant with Court orders concerning the disclosure of his personal identifying information, failed to participate in the discovery process by ignoring requests for documents and interrogatories served by Everytown, and ignored communications from his former counsel since June 2022, despite attempts to contact him over a dozen times. Boasting about his lack of compliance with Court orders, Freeman1337 has also stated he "never gave [his] lawyer or the court any actionable personal info about [himself]"[2] despite being ordered by the Court to do so and being served with discovery in this case.

---

[1] *See* https://www.youtube.com/watch?v=i_JEiQyaq3Y. Freeman1337 began discussing the instant action around timestamp 1:17:20. Declaration of Maria Sinatra simultaneously submitted [hereinafter "Sinatra Decl."], ¶ 6, **Exhibit B** (containing a true and correct printout of the February 16, 2023 interview information from YouTube).

[2] *See* Sinatra Decl., ¶ 8, **Exhibit D** (containing true and correct printouts of Freeman1337 March 5, 2023 www.reddit.com posts).

1

Freeman1337 is aware of this lawsuit, has discussed this lawsuit publicly as recently as two weeks ago, and is able to participate in this lawsuit, but has actively chosen to ignore his obligations to the Court. Freeman1337's obstructionist conduct should not stall Everytown from obtaining permanent injunctive relief in this case – Freeman1337 is the only defendant remaining in this action that has appeared, and Everytown has voluntarily dismissed its claims as to Defendants Defcad, Inc., Phillip Royster, Defcad User xYeezySZN, Twitter User xYeezySZN, Odysee User xYeezySZN, and the Gatalog (together, the "Former Defendants").[3] For the reasons detailed below, Everytown requests that the Court (1) strike Freeman1337's Motion to Dismiss as a sanction for his dilatory and obstructionist conduct during this action, and (2) enter default judgment in favor of Everytown on its well-plead claims.

## I.   RELEVANT FACTS

### A.   *Everytown's Claims Against Freeman1337 and the Former Defendants*

On October 22, 2021 Everytown filed its Complaint for, *inter alia*, federal trademark infringement and New York state dilution by tarnishment after learning that Freeman1337, among other defendants, was advertising promoting and distributing downloadable files for the manufacture of actual 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and accessories bear identical versions of Everytown's federally registered Everytown Marks (the "Infringing Products").  ECF 1 ("Complaint").  Freeman1337, among other defendants, acted through online platforms semi-anonymously through user account names to promote and distribute the Infringing Products. *See* ECF 1.

---

[3] The remaining defendant in this action, Odysee User thegatalog-printablemagazines has not answered or otherwise responded to Everytown's claims, and Everytown has filed a separate motion seeking default judgment against Defendant Odysee User thegatalog-printablemagazines.

On October 22, 2021, Everytown filed an Application for an Order to Show Cause seeking a preliminary injunction to stop the defendants from further distributing the Infringing Products and from further disparaging and tarnishing Everytown. *See* ECF 13-18. Everytown's Application provided sworn evidence that Everytown owns federally registered trademarks (the "Everytown Marks"), that those trademarks are valid and strong, and that Freeman1337, as well as other former defendants, were using confusingly similar identical versions of the Everytown Marks in commerce in connection with the Infringing Products in a manner likely to confuse consumers and in a manner likely to tarnish and harm Everytown.[4] Everytown's Application also sought limited expedited discovery from former defendant Defcad, Inc. ("Defcad") and third parties to identify the background information of the otherwise anonymous online merchants offering the Infringing Products for sale. *Id.*

**B.     *The Court's Discovery Orders and Freeman1337's Non-Compliance***

On November 5, 2021, the Court granted Everytown's Application and set an order to show cause hearing ("OSC Hearing") for December 2, 2021 (the "Nov. 5 Order"). ECF 30. That OSC Hearing was then delayed due to multiple and repetitive attempts by Freeman1337, and the Former Defendants, to challenge the Nov. 5 Order, which failed. *See* ECF 31-32, 35 (Emergency Letter Motion); 21-2806, ECF 1 (Petition for a Writ of Mandamus); ECF 73-74; 21-3709, ECF 1,8 (notice of Second Circuit appeal and motion documents); *Everytown for Gun Safety Action Fund, Inc. v. Defcad, et al.*, Civ. No. 21-3079, ECF 59 (dismissing appeal as to Nov. 5 Order). In

---

[4] *See* Memo of Law ISO Application for OSC, ECF 14, Page ID # 11-13; Declaration of Marcella Ballard [ECF 15] ("Ballard Decl.") ¶¶ 4-5; Declaration of Erin Galloway [ECF 17] ("Galloway Decl.") ¶¶ 9-10, 12, 14-16, 18-21, 24-27, 30-31, 35-38, 40-43, 46-49, 51; Declaration of Matthew McTighe [ECF 18] ("McTighe Decl.") ¶¶ 17-40, 47-48.

connection with the Court's orders regarding discovery of defendants' personal identifying information, the Court warned the parties that contempt sanctions were possible for failure to obey the Court's orders. *See, e.g.*, Order, ECF 68, at *3 (stating "the Court will entertain a motion for contempt sanctions").

On April 7, 2022, after a stay in the action, the Court signed and entered a Stipulated Confidentiality Agreement and Protective Order, which governs the exchange of discovery information in this case. ECF 82 ("Protective Order"). The Protective Order specifically contains provisions for "personal identifying information or information tending to lead to the discovery of personal identifying information." Protective Order, at *4. On April 13, 2022, Everytown received incomplete information related to Freeman1337, and the former defendants' identities from Twitter, Defcad, and third-party Odysee, which the Former Defendants in the action designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") pursuant to the Protective Order. The parties were put on notice that the Court could "impose sanctions for any contempt" of the Protective Order. Protective Order, at *11.

On May 2, 2022, Everytown filed its First Amended Complaint (ECF 89) ("FAC"). Freeman1337, and the Former Defendants' responsive pleading deadline to Everytown's FAC was May 16, 2022. None of the defendants, including Freeman1337, filed a response to the FAC by the May 16, 2022 deadline, and Freeman1337 did not submit a pre-motion conference letter to the Court pursuant to the Court's individual practice rules.  On May 18, 2022, the Parties then attended an Initial Case Management Conference where the Court set a discovery schedule and denied the defendants' request to stay discovery, as well as defendants' request to stay that denial. ECF 92 ("Case Management Order").  On May 23, 2022, the Court set a new hearing on Everytown's Application for an order to show cause seeking a preliminary injunction for June 3,

2022, requiring any supplemental briefing as to personal jurisdiction to be filed by May 27, 2022.  ECF 93.  On May 26, 2022, the Court ordered that Defendants' disclosure their identities and addresses to the Court and Everytown by June 3, 2022. ECF 97. To date, Freeman1337 has not complied with the Court's discovery scheduling order, or the Court's orders requiring disclosure of his personal identifying information in connection with Freeman1337's motion to dismiss.

Pursuant to the Court's Case Management Order, the parties were required to serve initial disclosures, initial production requests, and interrogatories by June 15, 2022. *See* ECF 92, at *1. Everytown served its initial disclosures, requests for production, and interrogatory requests on Freeman1337 as well as the Former Defendants on June 15, 2022. *See* Sinatra Decl. ¶ 4, **Ex. A** (attaching true and correct copies of Everytown's Requests for Production and Interrogatories served on Freeman1337's counsel). Freeman1337's deadline to respond to Everytown's requests for production and interrogatories was July 15, 2022, but Everytown never received any response to its written discovery on behalf of Freeman1337. Sinatra Decl. ¶ 5. To date, Everytown has not received any discovery in connection with this action from Freeman1337. Sinatra Decl. ¶ 5.

### C.     *Freeman1337's Motion to Dismiss and Withdrawal of Counsel*

On June 15, 2022, former counsel for Freeman1337, Hartman & Winnicki P.C. ("Hartman") submitted a motion to be relieved as counsel for Freeman1337, citing among other reasons for the request, that Hartman had not received responsive communications from Freeman1337 despite eleven separate attempts to contact Freeman1337. *See* ECF 109-1, at *3 (declaration in support of request to be relieved as Freeman1337 counsel).

On June 15, 2022, Freeman1337 and the Former Defendants then served Everytown with their Motion to Dismiss Everytown's FAC. *See* ECF 115. Hartman submitted the Motion to

Dismiss on behalf of Freeman1337 despite representing to the Court that it had not been in communication with Freeman1337 since June 1, 2022. *See* ECF 109, at *3.[5] The only evidence submitted by Freeman1337 in support of the Motion to Dismiss was the same "anonymous, unsigned", and undated declaration previously submitted in November 2021, that the Court had found of no "evidentiary worth". *See* ECF 68, at *3. On July 8, 2022, Everytown served an opposition to the Motion to Dismiss along with supporting evidence. *See* ECF 125, 126. Hartman then submitted a reply in support of Freeman1337's Motion to Dismiss on July 22, 2022. *See* ECF 120.[6]  Freeman1337's Motion to Dismiss currently remains *sub judice*, and Freeman1337 is the only moving defendant currently active in this action – all Former Defendants that had joined in the Motion to Dismiss have since been dismissed from the action. *See* ECF Nos. 166, 167, and 168 (orders granting voluntary dismissal of Defcad, Inc., the Gatalog, Phillip Royster, Odysee User xYeezySZN, Twitter User xYeezySZN, and Defcad User xYeezySZN).

On March 3, 2022, Everytown and Hartman submitted a joint request that Hartman's motion to withdraw as counsel for Freeman1337 be granted. *See* ECF 147. On March 8, 2022, the Court granted Hartman's request. *See* ECF 148. Freeman1337 currently has no legal counsel that has made an appearance in this case on his behalf.

### D. Dismissal of Freeman1337's Appeals

On March 10, 2023, Everytown and the Former Defendants stipulated to the withdrawal

---

[5] It is unclear if Hartman even had authority to submit the Motion to Dismiss on behalf of Freeman1337 given that counsel swore that he had not had communications with Freeman1337 since June 1 2022.

[6] Again, it is unclear if Hartman even had authority to submit the reply on behalf of Freeman1337 given that counsel swore that he had not had communications with Freeman1337 since June 1 2022, over 50 days before the reply was submitted.

of appeal numbers 21-3079, and 22-1183 (together "Appeals"), which were granted. *See Everytown for Gun Safety Action Fund, Inc. v. Defcad, et al.*, Civ. No. 21-3079 [hereinafter "2021 Appeal"], ECF 106 (ordering non-dispositive stipulation of withdrawal); *Everytown for Gun Safety Action Fund, Inc. v. Defcad, et al.*, Civ. No. 22-1183 [hereinafter "2022 Appeal"], ECF 93 (ordering non-dispositive stipulation of withdrawal). In March 2023, Hartman also moved to withdrawal as counsel for Freeman1337 in connection with the Appeals, citing among other reasons for withdrawal the fact that Hartman has not been able to communicate with Freeman1337 since June 2022. *See* 2021 Appeal, ECF  98; 2022 Appeal, ECF 83, at *3.

On March 10, 2023, the Second Circuit granted Hartman's motions to withdraw, entering an order requiring Freeman1337 to "move in this Court to proceed anonymously, or via pseudonym, within ten days or the appeal will be dismissed." *See* 2021 Appeal, ECF  108 (granting motion for Hartman to withdraw as counsel for Freeman1337); 2022 Appeal, ECF 95 (granting motion for Hartman to withdraw as counsel for Freeman1337). Per the Second Circuit's orders, Freeman1337 had until March 20, 2023 to move to proceed anonymously, or via pseudonym, which he failed to do. Accordingly, Freeman1337's Appeals were dismissed. *See* 2021 Appeal, ECF No. 115; 2022 Appeal, ECF No. 98.

### E.        *Freeman1337's Publicly Available Online Activity Since the Start of this Action*

Despite Freeman1337's failure to communicate with his former counsel, failure to comply with the Court's discovery and Case Management Orders, and failure to respond to Everytown's discovery requests and interrogatories, Freeman1337 has been publicly commenting and uploading content in connection with online accounts associated with Freeman1337's infringing conduct, online message boards on [www.reddit.com](www.reddit.com), and commenting regarding the lawsuit in YouTube interviews.

Since ceasing contact with his former attorney in June 2022, Freeman1337 has uploaded content publicly to his odysee.com account (freeman1337 GunCAD Mirror) at least four times, with the latest upload occurring only 1 month ago. *See* Sinatra Decl. ¶ 9, **Ex. E**. Additionally, Freeman1337 has also uploaded content as recently as 1 month ago to his YouTube account (@Freeman-1337). *See* Sinatra Decl. ¶ 10, **Ex. F**.

Moreover, after Freeman1337 stopped communicating with Hartman on June 1, 2022, Freeman1337 participated in a live interview via YouTube stream on July 2, 2022 where he was asked about how the www.defcad.com website worked.  Freeman1337 stated that he had products posted on the website, but the listings had to stay up due to "legal reasons that . . . I am sure most people have heard of, some models have had to stay up while some things get litigated . . . ." *See* Sinatra Decl. ¶ 7, **Ex. C** (video timestamp beginning at 1:04:00). Such statements demonstrate that Freeman1337 was aware of this action but has chosen to ignore it.

On February 16, 2023, Freeman1337 also participated in another YouTube live stream giving an interview regarding 3D printed firearms. *See* Sinatra Decl. ¶ 6, **Ex. B**.  During the interview Freeman1337 states: "Everytown is still trying to sue me". *See id.* (at video timestamp 1:17:20). A fellow speaker during the interview then states in response to Freeman1337: "Are you sure you should be saying anything about this is the better question right now". *See id.* (at video timestamp 1:17:23). And in response, Freeman1337 states: "**I don't give a shit.**" *Id.* (at timestamp 1:17:26). Such statement also demonstrates that Freeman1337 not only knows about the instant action, but has actively chosen not to participate.

Most recently, on March 5, 2023, Freeman1337 took to online website www.reddit.com to post about the instant lawsuit naming his post: "Since the Everytown lawsuit has finally been settled, AMA (about the lawsuit)". *See* Sinatra Decl. 8, **Ex. D**. He then responded to comments

on the post from other users asking questions about the lawsuit, despite his obstinance

throughout the instant case. *See id*. Some screenshots from Freeman1337's posts are below,

which further demonstrate: (1) he is aware of the lawsuit; (2) has chosen to continue to hide his

identity despite repeated Court orders, discovery requests, and a Stipulated Protective Order

providing protections regarding the same; and (3) he intends to continue to infringe upon

Everytown's trademarks in the future.





Accordingly, Freeman1337 has had access to the internet, and could have communicated with the Court or counsel, but has chosen not to.  Freeman1337 was also aware of Hartman's efforts to withdraw as his counsel based upon the statements made by Freeman1337 below.



## II.   ARGUMENT

Everytown's Motion should be granted as the Court has authority to strike

Freeman1337's Motion to Dismiss as a sanction for his obstructionist discovery conduct, and the

facts surrounding Freeman1337's dilatory conduct warrant said sanction and entering default

judgment for Everytown.

### A.   The Court Has Authority to Strike Freeman1337's Motion to Dismiss as a Sanction for Dilatory Discovery Conduct.

The Court has the power to grant the relief Everytown requests, striking Freeman1337's

Motion to Dismiss and entering default judgment, pursuant to Fed. R. Civ. P. 37 and the Court's

inherent authority.  Under Fed. R. Civ. P. 37, Courts can issue sanctions regarding discovery

conduct in a variety of circumstances, including but not limited to, when a "party fails to serve

answer or objections to interrogatories submitted under Rule 33, after proper service of the

interrogatories, or . . . to serve a written response to a request for inspection submitted under

Rule 34, after proper service of the request." Likewise, sanctions can be permitted "[i]f a party . .

. fails to obey an order to provide or permit discovery." *MCI Worldcom Commc'n, Inc. v.*

11

*Gamma Commc'n Grp., Inc.*, 204 F.R.D. 259, 261 (S.D.N.Y. 2001) (quoting Fed. R. Civ. P. 37(b)(2)). "Possible sanctions include '[a]n order striking out pleadings or parts thereof . . . or rendering a judgment by default against the disobedient party.'" *MCI Worldcom Commc'n*, 204 F.R.D. at 261 (quoting Fed. R. Civ. P. 37(b)(2)(C)). While courts have found entry of a default judgment as a sanction is a harsh measure, "discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril.'" *MCI Worldcom Commc'n*, 204 F.R.D. at 261 (quoting *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995) (internal quotations omitted)). "Noncompliance with a Court order is not a prerequisite to imposing sanctions under Rule 37." *Digital Data Corp. v. Master Copy Prods.*, Inc., Civ. No. 87-cv-5589, 1988 WL 142471, at *2 (S.D.N.Y. Dec. 27, 1988) (citing *Szilvassy v. United States*, 82 F.R.D. 752, 755-57 (S.D.N.Y. 1976)). Sanctions for failure to participate in discovery, have traditionally served three purposes: (1) sanctions "ensure that a party will not benefit from its own failure to comply"; (2) sanctions "are specific deterrents and seek to obtain compliance with the particular order issued"; and (3) sanctions "serve a general deterrent effect". *Digital Data Corp.*, 1988 WL 142471, at *2-3 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)). A court "is not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Shcherbakovskiy v. Seitz*, 450 F. App'x 87, 88 (2d Cir. 2011).

Here, it is clear and undisputed that Freeman1337 has failed to participate in discovery and failed to disclose his personal identifying information as ordered by the Court, and imposing sanctions under Fed. R. Civ. P. 37, and the Court's inherent authority would serve the purposes for sanctions. Namely, sanctions will prevent Freeman1337 from continuing to reap the continued benefits of non-compliance and will deter others from acting similarly in the future.

12

Everytown's Motion should be granted.

### B.     Freeman1337's Conduct in this Case Warrants Striking the Motion to Dismiss

In determining appropriate sanctions under Fed. R. Civ. P. 37, courts have weighed several factors "including '(1) the willfulness of acts underlying noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice that it faced possible sanctions.'" *Urbont v. Sony Music Ent'mt*, Civ. No. 11-cv-4516, 2014 WL 6433347, at *2 (S.D.N.Y. Nov. 6, 2014) (quoting *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  Where it is apparent that a defendant is deliberately choosing not to participate in an action and has failed to participate in discovery, courts have stricken pleadings and entered default judgment. *MCI Worldcom Commc'n*, 204 F.R.D. at 262 (striking defendant's answer and entering default judgment where attorney attempted to advise defendant of obligations, and defendant consciously chose not to respond) (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507–08 (2d Cir.1991) (default judgment ordered when defendant admitted that he "deliberately chose not to appear [and] would not appear" for discovery or for trial); *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir. 1989) (default judgment entered after defendant failed to appear for deposition for at least three months and ignored two orders to appear)).  Likewise, where a party has refused to respond to discovery, and refused to participate in the action by ignoring their own counsel, courts have stricken pleadings and entered default judgment as a sanction. *See, e.g.*, *Urbont*, 2014 WL 6433347, at *4 (entering default judgment and describing how the defendant failed to comply with the court's discovery schedule, and "has made no contact with counsel or the Court for over six months").

In instances where parties failed to respond to discovery requests, and provided no reason for their failure to respond, courts have also granted sanctions pursuant to Fed. R. Civ. P. 37 by

13

striking pleadings and entering default judgment. *See, e.g.*, *Digital Data Corp.*, 1988 WL 142471, at *3 (granting plaintiff's motion for sanctions due to defendant's failure to participate in discovery and entering default judgment against the defendant).  Where a party has been non-compliant for a period of several months, courts have found the dilatory conduct has warranted dismissal. *See, e.g., Embuscado v. D.C. Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (dismissal after three months of non-compliance); *Phelan v. Cambell*, 507 F. App'x 14, 16 (2d Cir.) cert. denied, 134 S. Ct. 144 (2013) (dismissal after seven months of non-compliance); *Battiste–Downie v. Covenant House*, 471 F. App'x 78, 79 (2d Cir. 2012) (dismissal after year of noncompliance).

Here, Freeman1337 failed to engage in the discovery process, and failed to serve any responses or objections to Everytown's requests for production or interrogatories and has not provided any excuse for said failure to respond. *See* Sinatra Decl. ¶¶ 4-5, Ex. A. Moreover, Freeman1337 has refused to engage with his own counsel for over six months despite having the means to do so (as he was actively engaging in online forums), demonstrating that any action besides striking Freeman1337's Motion to Dismiss is likely to be futile given Freeman1337's contempt for this Court and counsel. Freeman1337 has unapologetically admitted that he has not complied with any Court orders, and will not comply with any Court orders because he has stated "I don't give a shit" about this litigation. *See supra* Relevant Facts. Freeman1337 has also failed to engage in discovery despite the Court's previous warning that failure to obey Court orders could result in sanctions. *See, e.g.*, Order, ECF 68, at *3 (stating "the Court will entertain a motion for contempt sanctions").  Everytown's Motion should be granted, and Freeman1337's Motion to Dismiss should be stricken.

### C.       Without Default Judgment Everytown Will Be Prejudiced

In the absence of striking Freeman1337's Motion to Dismiss and entering default judgment against Freeman1337 Everytown will be prejudiced in its ability to stop the defendant's conduct and continue to litigate the case. In evaluating whether default judgment can be appropriate, courts have looked to "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 321 (S.D.N.Y. 2021), adopted, 2022 WL 282918 (Jan. 31, 2022). Here, absent default judgment, Everytown will be prejudiced as it does not have means by which to stop Freeman1337's conduct absent injunctive relief. Despite moving for a preliminary injunction in October 2021, Freeman1337's unauthorized Infringing Product continues to be available to the public due to Freeman1337's lack of compliance with court orders, and repeated dilatory attempts to appeal the same issues. Everytown should not be prejudiced by having to wait further for injunctive relief due to Freeman1337's opinion that this case, and this Court, does not warrant his attention. Based upon Freeman1337's own statements, it is undisputed that absent permanent injunctive relief, Everytown will continue to be harmed by Freeman1337's actions as the defendant will not voluntarily cease the unlawful conduct and remove the Infringing Product listings from public access. *See* Sinatra Decl. ¶ 8, Ex. D.

### D.       The Judgment Sought by Everytown Is Warranted and Reasonable

Everytown's Motion should further be granted as it has established Freeman1337's liability with respect to each cause of action asserted in the FAC. *See Santana v. Latino Express Rests., Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016); *see, e.g., Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that a defaulting defendant admits to all liability-related well-pleaded factual allegations in the complaint). Additionally, Everytown has

put forth evidence outside of its pleadings in the form of multiple sworn declarations supporting its claims in this case. *See* Declaration of Marcella Ballard [ECF 15]; Declaration of Erin Galloway [ECF 17]; Declaration of Matthew McTighe [ECF 18]; Declaration of Delia Green [ECF 16]; Reply Declaration of Delia Green [ECF 65-1]; and Declaration of Erin Galloway in Opposition to Motion to Dismiss [ECF 126].

Everytown has also established that personal jurisdiction and venue is proper over Freeman1337 in this Judicial District given Freeman1337's Infringing Product was accessed and downloaded in New York, and Freeman1337 targeted Everytown with its actions, which has an office in this Judicial District being harmed within this Judicial District. *See* FAC ¶¶ 8-15, 24-25, 122-24. Although Freeman1337's Motion to Dismiss attempted to challenge Everytown's allegations as to personal jurisdiction, the lone anonymous, unsigned declaration submitted by Freeman1337 should not be credited by the Court as it has "no evidentiary value".

### 1. *Everytown's Lanham Act Claims*

To succeed on its trademark infringement claims under the Lanham Act, Everytown must show that it owns valid, protectable, trademarks; that Freeman1337 used the marks in commerce without Everytown's consent; and the unauthorized use resulted in a likelihood of confusion[7]. 15 U.S.C. § 1114(1). The same test applies to false designation of origin and unfair competition claims. *See* 15 U.S.C. §§ 1114(1), 1125(a); *see also Thompson v. Haynes*, 305 F.3d 1369, 1378

---

[7] Courts analyze the *Polaroid Corp.* factors to evaluate likelihood of confusion, which include: (1) the strength of the senior user's mark; (2) similarity of the marks; (3) the market proximity of the products; (4) the likelihood that the senior user will bridge the gap separating the parties' current marks; (5) the existence of actual consumer confusion; (6) whether the junior user acted in bad faith in adopting its mark; (7) the quality of the junior user's products; and (8) the sophistication of the relevant consumer group. *Polaroid Corp. v. Polaroid Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

(Fed. Cir. 2002); *Tri-Star Pictures, Inc. v. Unger*, 14 F.Supp.2d 339, 348 (S.D.N.Y. 1998);

*Burberry Ltd. v. Designers Imps., Inc.*, No. 07 Civ. 3997(PAC), 2010 WL 199906, at *7

(S.D.N.Y. Jan. 19, 2010). Where a movant has provided a "certificate of registration with the

[USPTO] [it] is prima facie evidence that the mark is registered and valid (i.e., entitled to

protection), that the registrant owns the mark, and that the registrant has the exclusive right to

use the mark in commerce." *Burberry Ltd. v. Euro Moda, Inc.*, No. 08-cv-5781, 2009 WL

1675080, at *5 (S.D.N.Y. June 10, 2009).

Here, Everytown has established all elements of its claims with uncontested facts, and

Everytown is therefore entitled to default judgment on all counts. Namely, Everytown has

established the following:

- Everytown is the owner of the U.S. federally registered Everytown Marks (*See* FAC ¶¶
  28, 77-80, Ex. 4) (attaching copies of certificates of registration);

- The Everytown Marks are strong, and have been used by Everytown in connection with
  its advocacy efforts (*See* FAC ¶¶ 81-113, Ex. 5) (describing how the Everytown Marks
  have been featured prominently in connection with Everytown's rallies, events, and
  gatherings across the country, online and through social media being viewed millions of
  times, and through unsolicited national news coverage);

- Freeman1337's used at least one of the Everytown Marks in commerce over the Internet
  in connection with the Infringing Products without Everytown's authorization (*See* FAC
  ¶¶ 191-203, Ex. 6); and

- Freeman1337's unauthorized use of the Everytown Marks is likely to cause confusion as
  the defendant has used an identical copy of at least one of the Everytown Marks in
  connection with the distribution of an Infringing Product, and such use is likely to tarnish

17

and harm the Everytown Marks given the unauthorized use is in connection with various firm arm parts and accessories, which are unlawful in various states, including within New York State (*See* FAC ¶¶ 204-207, 225-30).

- Freeman1337's conduct was willful and in bad faith given Everytown submitted a notice to third-party Odysee.com, and former defendant Defcad, but the defendants (including Freeman1337) continued their unlawful conduct anyway (*See* FAC ¶¶ 208-224).

Further, Freeman1337 has admitted the Everytown marks are famous and strong. *See* Opposition to Motion for Preliminary Injunction, at *46 ("Everytown's marks are unquestionably strong.").

### 2. *Everytown's New York Common-law Claims*

New York common-law trademark infringement and unfair competition claims are evaluated under the same "likelihood of confusion" standard as equivalent Lanham Act claims, with New York unfair competition claims requiring a showing of bad faith. *Avon Prods. v. S.C. Johnson & Son*, 984 F. Supp. 768, 800 (S.D.N.Y. 1997); *Twentieth Century Fox Film Corp. v. Marvel Enters.,* 220 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2002); *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 538 (S.D.N.Y. 2011), aff'd, 511 Fed. App'x 81 (2d Cir. 2013). "[W]here a junior user intentionally copies a mark, a presumption of bad faith arises." *Heritage of Pride*, 2014 WL 12783866, at *11 (citing *Paddington Corp.*, 996 F.2d at 586). Here, Freeman1337 acted in bad faith by placing the identical Everytown Marks on product listings, in product descriptions, within downloadable files for 3-D printing gun parts and accessories, and/or on actual functional guns and magazines.

### 3. *Everytown's Claim for Dilution by Tarnishment (N.Y. Gen. Business Law § 360-l)*

Freeman1337's conduct constitutes dilution by tarnishment under N.Y. Gen. Business

Law § 360-l ("Section 360-l"). Under Section 360-l, "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be ground for injunctive relief in cases of infringement of a mark registered…or in cases of unfair competition…." To recover for dilution under Section 360-l, Everytown must show the Everytown Marks are truly distinctive or have acquired secondary meaning and there is a likelihood of dilution. *Knowles-Carter v. Feyonce, Inc.*, 347 F. Supp. 3d 217, 229 (S.D.N.Y. 2018) (evaluating summary judgment motion for trademark infringement, federal dilution, and Section 360-1 claim by plaintiff based upon BEYONCÉ mark against defendant for use of FEYONCÉ mark on apparel and clothing) (citing *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 42-46 (2d Cir. 1994) (affirming preliminary injunction involving Section 360-1 tarnishment claim regarding use of plaintiff's Deere Logo modified into a small animated version scampering away from lawn tractor). Everytown's FAC establishes both factors here.

Section 360-l only requires that the plaintiff's mark be "truly distinctive or has acquired secondary meaning." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 458 (S.D.N.Y. 2017) (evaluating Section 360-l blurring and tarnishment claim, among other claims, and noting difference in "fame" required by federal law) (citing *Strange Music, Inc. v. Strange Music Inc.*, 326 F. Supp. 2d 481, 496 (S.D.N.Y. 2004)) (accord). "If a mark was registered on the Principal Register without requiring evidence of secondary meaning under § 2(f), then the mark is presumed to be inherently distinctive." *See* J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition, §§ 11:43, 15:34 (5th ed. 2021); *see also Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 345 (2d. Cir. 1999). To evaluate secondary meaning of a trademark, courts look to various factors, including advertising expenditures, media coverage, historical sales, and length and exclusivity of use, among other factors. *See, e.g., A.V.E.L.A., Inc.*

*v. Estate of Marilyn Monroe*, 131 F. Supp. 3d 196, 212 (S.D.N.Y. 2015); *N.Y.C. Triathlon*, 704

F. Supp. 2d at 322 (granting injunction on federal dilution and Section 360-l claims involving

NYC TRIATHLON mark); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01-cv-11295,

2003 U.S. Dist. LEXIS 7844, at *24 (S.D.N.Y. May 8, 2003). Here, the FAC demonstrates that

the Everytown Marks are both inherently distinctive and have acquired secondary meaning. *See*

FAC ¶¶ 81-113, Ex. 5) (describing how the Everytown Marks have been featured prominently in

connection with Everytown's rallies, events, and gatherings across the country, online and

through social media being viewed millions of times, and through unsolicited national news

coverage).

Dilution through tarnishment under Section 360-l occurs where a trademark is linked to

or is "portrayed in an unwholesome or unsavory context, with the result that the public will

associate the…lack of prestige in the defendant's goods with the plaintiff's unrelated goods."

*Pfizer Inc. v. Sachs*, 652 F. Supp. 2d 512, 525-26 (S.D.N.Y. 2009) (discussing trademark dilution

via tarnishment under Lanham Act and Section 360-l) (citing *Hormel Foods Corp. v. Jim Henson

Prods.*, 73 F.3d 497, 507 (2d. Cir. 1996)). "The sine qua non of tarnishment is a finding that

plaintiff's mark will suffer negative associations through defendant's use." *See Hormel Foods

Corp.*, 73 F.3d at 507. Where a defendants' use involves an industry or business topic with which

a plaintiff would not want to be associated, tarnishment may be found. *See, e.g., N.Y. Stock

Exch., Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 558 (2d Cir. 2002) (revising judgment against

Section 360-l claim where plaintiff's NEW YORK STOCK EXCHANGE marks were used by

Defendant in context of casino services); *Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys.

Design, Inc.*, No. 20-CV-7269 (VEC), 2021 U.S. Dist. LEXIS 142733, at *18-20 (S.D.N.Y. July

30, 2021) (denying motion to dismiss Section 360-l claim where defendant used almost identical

20

copy of plaintiff's Emmy Statuette in connection with YouTube video discussing COVID-19).

Here, Freeman1337's conduct is likely to tarnish the Everytown Marks as Freeman1337 has used the identical Everytown Marks on product listings, in product descriptions, within the files containing downloadable instructions for 3-D printing gun parts and accessories, and on firearms, firearm parts, and accessories. Freeman1337 intended to harm the Everytown Marks and Everytown's reputation by adopting and using the Everytown Marks without alteration or comment in connection with 3-D ghost gun parts and accessories—including on assault weapons and high-capacity magazines—all of which are dangerous and deadly products that Everytown advocates to regulate to prevent gun violence. *See N.Y. Stock Exch.*, 293 F.3d at 558.

Freeman1337, among other defendants, has also already admitted that his use of the Everytown Marks was intended to "disparage" Everytown, thus harming Everytown's reputation. *See* Defendants' Writ of Mandamus, 21-2806, 1 at *5. Preventing "disparagement" is exactly what anti-dilution laws seek to do. *See, e.g.*, H. R. Rep. No. 104-374, at 2 (1995), reprinted in 1995 U.S.C.C.A.N. 1029, 1030) (discussing how federal anti-dilution statute "protect[s] famous trademarks from subsequent uses that blur the distinctiveness of the mark or tarnish or disparage it...."). Tarnishment "arises when the plaintiff's trademark is linked to products of shoddy quality or is portrayed in an unwholesome or unsavory context likely to evoke unflattering thoughts about the owner's product." *Deere & Co.*, 41 F.3d at 43 (describing tarnishment occurring in situations where a mark is depicted in a context of sexual activity, obscenity, or illegal activity). Thus, Everytown has met all elements of its claim.

#### 4. *A Permanent Injunction Preventing Freeman1337 from Engaging in Future Unlawful Conduct Is Warranted*

As Everytown has provided sufficient facts demonstrating that it can establish Freeman1337's liability with respect to each cause of action asserted, default judgment should be

granted in the form of a permanent injunction. Everytown does not seek any monetary damages –

it only requests permanent injunctive relief regarding Freeman1337's conduct. Courts may issue

permanent injunctions in default judgment cases involving trademark infringement, as well as

violations of N.Y. Gen. Bus. Law § 360-l. *See* 15 U.S.C. § 1116; N.Y. Gen. B. L. § 360-l; *see,*

*e.g.*, *Moonbug Entm't Ltd. v. A20688*, No. 21-CV-4313, 2022 WL 1239586, at *2 (S.D.N.Y.

Apr. 26, 2022) (granting injunction in trademark action after default judgment); *WowWee Grp.*

*Ltd. v. Meirly*, No. 18-CV-706, 2019 WL 1375470, at *9 (S.D.N.Y. March 27, 2019) (granting

permanent injunction after default).  A permanent injunction can issue if, in addition to

succeeding on the merits, a plaintiff demonstrates: "(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for

that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

remedy in equity is warranted; and (4) that the public interest would not be disserved by a

permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In

trademark cases, upon success on the merits, irreparable harm is presumed. *See* 15 U.S.C. §

1116. "[C]ourts have issued permanent injunctions in cases such as this, where intellectual

property rights holders have shown a potential loss of goodwill and control over their

trademarks." *Kelly Toys Holdings, LLC v. alialialiLL Store*, Civ. No. 21-cv-8434, 2022 WL

2072567, at *11 (S.D.N.Y. June 9, 2022) (citing *U.S. Polo Ass'n v. PRL USA Holdings, Inc.*, 800

F. Supp. 2d 515 (S.D.N.Y. 2011); *see also Really Good Stuff, LLC v. BAP Investors, L.C.*, 813 F.

App'x 39, 44 (2d Cir. 2020)).

Here, as Everytown has plead facts sufficient to demonstrate that it will succeed on the

merits of its claims it is thus entitled to a finding of irreparable harm. Freeman1337's public

statements also demonstrate that absent injunctive relief, he will continue to engage in the

22

unlawful conduct. *See* Sinatra Decl. ¶ 8, Ex. E. Further, the balance of hardships between Everytown and Freeman1337 favors Everytown; and the public interest supports an injunction as the public has an interest in not being deceived or confused by Freeman1337's conduct.

## III.   <u>CONCLUSION</u>

For the reasons detailed above, Everytown's Motion should be granted, and default judgment should be entered against Freeman1337 due to the defendant's failure to participate in this action, respond to discovery, and obey discovery orders. Everytown's Motion should further be granted as Everytown has plead sufficient facts within its FAC entitling it to permanent injunctive relief.

Respectfully submitted,

Dated: April 5, 2023

/s/Marcella Ballard
Marcella Ballard
Maria Sinatra
Venable LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel: 212-370-6289
Fax: 212-307-5598
mballard@venable.com
mrsinatra@venable.com

Alicia Sharon*
600 Massachusetts Avenue NW
Washington, DC 20001
Phone: 202.344.4000
Fax: 202.344.8300
ASharon@Venable.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiff Everytown for Gun Safety Action Fund, Inc.*

23