## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | : | |
| | : | Civil Action No. 1:21-cv-08704-PGG-RWL |
| Plaintiff, | : | |
| v. | : | |
| DEFCAD, INC.; ODYSEE USER XYEEZYSZN; DEFCAD USER XYEEZYSZN; ODYSEE USER THEGATALOG-PRINTABLEMAGAZINES; THE GATALOG; DEFCAD USER FREEMAN1337; TWITTER USER XYEEZYSZN; PHILLIP ROYSTER. | : | |
| Defendants. | : | |

## [PROPOSED] OPINION AND ORDER GRANTING DEFAULT JUDGMENT AND RELATED RELIEF

### I.    INTRODUCTION

Pending before this court is Plaintiff Everytown for Gun Safety Action Fund, Inc.'s ("Everytown") Motion for Default Judgment and Related Relief, which includes a request for a permanent injunction against the non-responding Defendant Odysee User TheGatalog-PrintableMagazines under Federal Rule 65, the Lanham Act, 15 U.S.C. § 1116, and N.Y. Gen. Bus. L. § 360-l for dilution by tarnishment. On October 22, 2021, Everytown filed the instant action against various Defendants regarding the authorized distribution of downloadable files for the manufacture of 3-D printed gun parts and accessories, where the files and/or the resulting gun

parts and accessories bear the Everytown Marks[1] (the "Infringing Products"). All defendants besides Defendant Odysee User theGatalog-Printable Magazines had retained counsel in this action and answered or otherwise responded to Everytown's Amended Complaint. Defendant Odysee User theGatalog-Printable Magazines did not respond, and Everytown sought and obtained clerk's entry of default as to Odysee User theGatalog-Printable Magazines. *See* ECF Nos. 173, 174, and 176.

In accordance with the Court's Individual Practices and Procedures, Everytown filed for an application for order to show cause why default judgment should not be granted as to Defendant Odysee User theGatalog-Printable Magazines. The Court set a hearing pursuant to the order to show cause, and Defendant Odysee User theGatalog-Printable Magazines did not attend. For the following reasons, and those provided within Everytown's pleadings, declarations, and materials in support of default judgment, the Court will **GRANT** Everytown's request for default judgment as follows.

## II.    FACTUAL BACKGROUND

Everytown is the owner of the federally registered Everytown Marks. *See* ECF 1, and ECF 89. Everytown filed this action against non-responding Defendant Odysee User TheGatalog-PrintableMagazines, among other defendants, on October 22, 2021. Everytown alleged the defendants, including non-responding Defendant Odysee User TheGatalog-PrintableMagazines, own and/or operate various online accounts and websites, alleging they are distributing and/or selling the Infringing Products, downloadable files for the manufacture of 3-D printed gun parts and accessories, where the files and/or the resulting gun parts and accessories

---

[1] The Everytown Marks are defined as described within **<u>Exhibit A</u>** to this order.

bear the Everytown Marks. *See* ECF 1. Everytown's complaint alleges that Defendant Odysee User theGatalog-PrintableMagazines is knowingly, and willfully using the Everytown Marks as a source identifier, and that such use of the Everytown Marks has harmed, and will continue to harm, Everytown unless enjoined from further doing so. *See* ECF 1. On May 2, 2022, Everytown filed an amended complaint against the defendants. See ECF 89 ("Amended Complaint"). In its Amended Complaint, Everytown brought claims of: (1) trademark infringement, in violation of 15 U.S.C. § 1114, (2) false designation of origin, and unfair competition, in violation of 15 U.S.C. § 1125(a); (3) trademark infringement and unfair competition under New York common law; and trademark dilution by tarnishment under New York General Business Law Section 360-L. *See* ECF 89. Everytown served Defendant Odysee User theGatalog-PrintableMagazines with its Amended Complaint on May 2, 2022 pursuant to the Court's November 5, 2021 Order granting alternative service via electronic mail. *See* ECF 90 (affidavit of service). Defendant Odysee User theGatalog-PrintableMagazines did not respond or otherwise answer Everytown's Amended Complaint. *See* Affidavit of Maria Sinatra in support of Application for Default Judgment ("Sinatra Affidavit"), at ¶ 12.

On April 5, 2023, Everytown filed a request for a clerk's entry of default as to Defendant Odysee User theGatalog-PrintableMagazines (ECF Nos. 173-74), which the clerk's office entered (*see* ECF No. 176). Everytown then filed the instant request for Default Judgment as to Defendant Odysee User theGatalog-PrintableMagazines.

### III.    Legal Standard

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Upon entry of default, the well-pleaded

allegations of that complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The Court is required to determine whether the factual allegations, taken as true, establish a defendant's liability as a matter of law. *Finkel*, 577 F.3d at 84.

## IV.   Discussion

After reviewing the Amended Complaint, the Court finds Everytown's claims to be well pleaded, that Everytown has established the elements of all its claims with uncontested facts, and that Everytown is therefore entitled to default judgment on all counts. Namely, Everytown has established the following:

- Everytown is the owner of the U.S. federally registered Everytown Marks (*See* Amended Complaint ¶¶ 28, 77-80, Ex. 4);

- The Everytown Marks are strong, and have been used by Everytown in connection with its advocacy efforts (*See* Amended Complaint ¶¶ 81-113, Ex. 5) (describing how the Everytown Marks have been featured prominently in connection with Everytown's rallies, events, and gatherings across the country, online and through social media being viewed millions of times, and through unsolicited national news coverage);

- Defendant Odysee User theGatalog-Printable Magazines used at least one of the Everytown Marks in commerce over the Internet in connection with the Infringing Products without Everytown's authorization (*See* Amended Complaint ¶¶ 176-180, Ex. 6); and

- Defendant Odysee User theGatalog-Printable Magazines' unauthorized use of the

4

Everytown Marks is likely to cause confusion as the defendant has used an identical copy of at least one of the Everytown Marks in connection with the distribution of an Infringing Product, and such use is likely to tarnish and harm the Everytown Marks given the unauthorized use is in connection with various firm arm parts and accessories, which are unlawful in various states, including within New York State (*See* Amended Complaint ¶¶ 204-207, 225-30).

- Defendant Odysee User theGatalog-Printable Magazines' conduct was willful given Everytown submitted a notice to third-party Odysee.com, but the defendants (including Defendant Odysee User theGatalog-Printable Magazines) continued their unlawful conduct anyway (*See* Amended Complaint ¶¶ 208-224).

Further, Everytown has established that personal jurisdiction and venue is proper over Defendant Odysee User theGatalog-Printable Magazines in this Judicial District given Defendant Odysee User theGatalog-Printable Magazines' Infringing Product was accessed and downloaded in New York and the defendant received monetary "tips" in connection with the infringing product listing, and Defendant Odysee User theGatalog-Printable Magazines targeted Everytown with its actions, which has an office in this Judicial District being harmed within this Judicial District. See Amended Complaint ¶¶ 8-15, 24-25, 122-24.

## V.     Permanent Injunction

In connection with its default judgment request, Everytown does not seek any monetary damages – it only requests permanent injunctive relief regarding Defendant Odysee User theGatalog-PrintableMagazines' conduct. District courts may issue permanent injunctions in default judgment cases involving trademark infringement, as well as violations of N.Y. Gen. Bus. Law § 360-l. *See* 15 U.S.C. § 1116 (permitting injunctive relief for violation of a

registrant's rights to a registered trademark); N.Y. Gen. B. L. § 360-l (permitting injunctive relief); *see, e.g.*, *Moonbug Entm't Ltd. v. A20688*, No. 21-CV-4313, 2022 WL 1239586, at *2 (S.D.N.Y. Apr. 26, 2022) (granting permanent injunction in trademark action after default judgment); *WowWee Grp. Ltd. v. Meirly*, No. 18-CV-706, 2019 WL 1375470, at *9 (S.D.N.Y. March 27, 2019) (granting permanent injunction after default in copyright and trademark case). A permanent injunction can issue if, in addition to succeeding on the merits, a plaintiff demonstrates: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L.Ed.2d 641 (2006). In trademark cases, upon success on the merits, irreparable harm is presumed. *See* 15 U.S.C. § 1116. "[C]ourts have issued permanent injunctions in cases such as this, where intellectual property rights holders have shown a potential loss of goodwill and control over their trademarks." *Kelly Toys Holdings, LLC v. alialialiLL Store*, Civ. No. 21-cv-8434, 2022 WL 2072567, at *11 (S.D.N.Y. June 9, 2022) (citing *United States Polo Ass'n v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515 (S.D.N.Y. 2011); *Really Good Stuff, LLC v. BAP Investors, L.C.*, 813 F. App'x 39, 44 (2d Cir. 2020)).

Here, the Court finds that Everytown has succeeded on the merits of its claims and thus is entitled to a finding of irreparable harm. Further, the balance of hardships between Everytown and Defendant Odysee User theGatalog-PrintableMagazines favors Everytown; and the public interest supports an injunction as the public has an interest in not being deceived or confused by Defendant Odysee User theGatalog-PrintableMagazines' conduct.

6

Thus, this Court finds that Everytown is entitled to the injunctive relief requested in its Amended Complaint and corresponding motion.

The Court hereby **ORDERS**:

A. Defendant Odysee User theGatalog-PrintableMagazines and its officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise ("Enjoined Parties"), are anywhere in the world from directly or indirectly:

    1. Advertising, promoting, offering to sell, selling and/or distributing downloadable files for the manufacture of 3-D printed guns, gun parts and/or accessories, or any similar product, bearing the Everytown Marks[2], any colorable imitation of the Everytown Marks, or any term or mark confusingly similar thereto, likely to cause consumer confusion as to the source of the product or relationship between the parties, or likely to cause dilution of the distinctiveness of the Everytown Marks or injury to the business reputation of Plaintiff Everytown or any of its affiliates; and

    2. From representing by any means whatsoever that the Enjoined Parties, or any products or services offered by the Enjoined Parties, including Infringing Product listings provided via the Internet, are associated in any way with Plaintiff or its products or services, and from taking any other action likely to cause confusion or mistake on the part of Internet users or consumers;

    3. Representing that the Enjoined Parties are affiliated with Everytown, or that any goods or services offered, advertised, promoted, sold or are otherwise distributed by

---

[2] Defined as within **Exhibit A** to this order.

the Enjoined Parties are offered by, sponsored by, or affiliated with Everytown, when they are not;

4. Attempting, encouraging, enabling, facilitating, profiting from, causing, or assisting in any of the above-described acts, including but not limited to enabling others in the above-described acts, or providing information or means to others to allow them to do so; and

5. Forming or causing to be formed any corporation or other entity that engages in the above-described acts.

B. Without limiting the foregoing, the prohibited acts set forth in Paragraph A include, but are not limited to, the Enjoined Parties individually, jointly, and/or through any entity or person, controlled by and/or affiliated with them, doing any of the following:

1. Advertising, promoting, offering to sell, selling, or distributing, the Infringing Product known as "'Everytown' 3D Printable AR15 22lr Magazine" (https://odysee.com/@TheGatalog-PrintableMagazines:6/everytown-cmmg-22lr-mag-25round:f);

2. Advertising, promoting, offering to sell, selling, or distributing any firearm, firearm part, or firearm accessory bearing the Everytown Marks or any colorable imitation thereof or any trademark that is likely to cause confusion with any of the Everytown Marks; and

3. Representing to the public that any product, including but not limited to, any Infringing Products, firearm, firearm parts, or firearm accessories, were designed or otherwise created by the Defendants on behalf of Everytown.

**IT IS FURTHER ORDERED** that violation of any or all of the foregoing provisions shall be punishable by contempt of court, and such other, further relief this court deems just and proper. As detailed in this Court's previous November 5, 2021 Order, the Plaintiff is permitted to serve this Order on Defendant Odysee User theGatalog-Printable Magazines via electronic means.

Dated: _____, 2023

_____

Hon. Paul G. Gardephe
United States District Court Judge