UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

EVERYTOWN FOR GUN SAFETY
ACTION FUND, INC.,

                        Plaintiff,

            - against -

DEFCAD USER FREEMAN1337,

                        Defendant.

**ORDER**

21 Civ. 8704 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Everytown for Gun Safety Action Fund, Inc. ("Everytown") brings this action for trademark infringement, false designation of origin, unfair competition, and contributory infringement under the Lanham Act; dilution under the New York General Business Law; and trademark infringement and unfair competition under New York common law.  (Am. Cmplt. (Dkt. No. 89) ¶¶ 1, 231-270)  Everytown has settled its claims with most of the Defendants in this action.  Only two anonymous Defendants remain:  Defcad User Freeman1337 ("Freeman1337") and Odysee User TheGatalog-PrintableMagazines.  (See Dkt. Nos. 166, 167, 168)

        Everytown has moved for sanctions against anonymous Defendant Freeman1337, and seeks the following relief:  (1) an order striking Freeman1337's motion to dismiss (Dkt. No. 115); (2) a default judgment against Freeman1337; and (3) a permanent injunction against Freeman1337.  (Pltf. Mot. (Dkt. No. 169); Pltf. Br. (Dkt. No. 170) at 29)  Also pending is Everytown's letter motion to redact the names of certain individuals appearing in Everytown's brief and supporting papers filed in opposition to Defendants' motion to dismiss.  (Dkt. No. 124)

For the reasons stated below, Everytown's sanctions motion will be granted in part and denied in part, and its sealing motion will be denied.

## BACKGROUND

I.     **THE AMENDED COMPLAINT'S ALLEGATIONS AGAINST FREEMAN1337**

Everytown is a nonprofit incorporated under the laws of Delaware and is the "largest gun violence prevention organization in the United States." (Am. Cmplt. (Dkt. No. 89) ¶¶ 26, 61) Everytown's work involves advocating for "the prevention of gun violence, gun trafficking, and illegal gun possession"; lobbying in favor of gun safety laws and regulations at the local, state and federal levels; fundraising; educating the public, policymakers, and the media about gun violence and gun safety; researching and producing reports and policy advocacy; and grassroots organizing to further its mission of reducing gun violence and gun deaths in America. (Id. ¶¶ 63-65, 68) Everytown was formed out of the merger of two other national gun violence prevention organizations and now has over 375,000 donors, six million supporters, and a nationwide presence. (Id. ¶¶ 62, 66, 70)

Everytown owns the following federally registered trademarks (the "Everytown Marks"):

|   | U.S. Registration No. and/or Serial No. | Trademark |
|---|---|---|
| 1 | 5142124 | EVERYTOWN |
| 2 | 5092082 | EVERYTOWN |
| 3 | 5223511 | EVERYTOWN FOR GUN SAFETY ACTION FUND |
| 4 | 5142128 | EVERYTOWN FOR GUN SAFETY SUPPORT FUND |
| 5 | 4569205 | MOMS DEMAND ACTION |
| 6 | 5092084 | MOMS DEMAND ACTION |

|    | U.S. Registration No. and/or Serial No. | Trademark |
|----|------------------------------------------|-----------|
| 7  | 5142125 | EVERYTOWN FOR GUN SAFETY (logo) |
| 8  | 5142126 | (bar design logo) |
| 9  | 5092083 | (bar design logo) |
| 10 | 6213804 | (black bar design logo) |
| 11 | 5151549 | MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA (logo) |

(Id. ¶¶ 77-80; see also Am. Cmplt., Ex. 4 (Dkt. No. 89-4) (certificates of registration))

Plaintiff alleges that the Defendants, including Freeman1337, infringed on Plaintiff's marks by designing files that could be used to 3-D print firearms or firearm parts that include certain of the Everytown Marks. (Am. Cmplt. (Dkt. No. 89) ¶ 3)

3-D printing is a manufacturing process by which physical objects are created from a set of instructions contained in a "digital design file." (Am. Cmplt. (Dkt. No 89) ¶¶ 120-121) 3-D printing can be used by individuals to manufacture firearms and firearm parts without serial numbers or any other means of tracking or registering the resulting firearms. (See id. ¶¶

114-118) These weapons are referred to as "Ghost Guns." (Id.) "Odysee" and "Defcad" are two websites which allow users to "upload, promote, and distribute" files containing instructions for 3-D printing Ghost Guns and gun parts, either for free or in exchange for money. (See id. ¶¶ 122-133) Defcad users can apply to become "DEFCAD Partners"; only DEFCAD Partners can upload files to Defcad's online file repository. (Id. ¶¶ 129-130)

The Amended Complaint alleges that Freeman1337 is a DEFCAD Partner who distributes and/or sells, downloadable files for the manufacture of 3-D printed gun parts and accessories on Defcad, where the files and/or the resulting gun parts and accessories bear the Everytown Marks. (Id. ¶¶ 131, 191) In particular, the Amended Complaint alleges that on June 26, 2021, Freeman1337 uploaded a "downloadable file containing 3-D printing instructions" to create a 25-round magazine for AR-15 rifles. The file is entitled the "'Everytown' 3D Printable AR15 22LR Magazine." (Id. ¶ 191) The Amended Complaint contains a screenshot for the file listing:



(Id. ¶ 193) Freeman1337 is also alleged to have posted the same file to Odysee. (Id. ¶¶ 196-

4

197)  Everytown did not grant Freeman1337 permission to use its "Everytown" trademark.  (Id. ¶ 199)

## II.    EVERYTOWN'S LAWSUIT AND THE COURT'S DISCOVERY ORDERS

Everytown filed this action and moved for a preliminary injunction against Defendants Defcad, Inc., Phillip Royster, and anonymous defendants Odysee User xYeezySZN, Defcad User xYeezySZN, Twitter User xYeezySZN, Odysee User TheGatalog-PrintableMagazines, The Gatalog, and Defcad User Freeman1337 (the "Anonymous Defendants") on October 22, 2021.  (Dkt. No. 13)  Plaintiff also requested expedited discovery with respect to the Anonymous Defendants' identities.  (Id.)

In a November 5, 2021 Order, this Court scheduled a show-cause hearing concerning Plaintiff's application for a preliminary injunction and, inter alia, ordered Defcad and third-party service providers to produce

> the true identities and addresses of [the Anonymous] Defendants, and the locations and identities of the [Anonymous] Defendants' operations, including without limitation identifying information associated with their seller accounts. . . .

(Nov. 5, 2021 Order (Dkt. No. 30) at 3-4)  The November 5, 2021 Order directed that this information be produced "within seven days [of] being served with or receiving actual notice of th[e] Order," and provided for service upon the Defendants by email.  (Id.)

That same day, defense counsel Daniel Schmutter filed an emergency letter motion to stay the November 5, 2021 Order on behalf of Defcad,[1] arguing that the Order violated the Anonymous Defendants "First Amendment right to engage in anonymous speech."  (Dkt. No. 31)  This Court denied Defcad's request on November 9, 2021.  (Dkt. No. 38)  On November 10,

---

[1] Schmutter filed notices of appearance as to the remaining Anonymous Defendants, including Freeman1337, on November 8 and 9, 2021. (Dkt. Nos. 34, 36)

5

2021, Defcad filed a petition for a writ of mandamus in the Second Circuit seeking an administrative stay and a stay of this Court's November 5, 2021 Order.  (Case No. 21-2806 (2d Cir.) (Dkt. Nos. 1, 5))  Later that day, the Second Circuit granted the administrative stay and referred the petition "to a three-judge motions panel on an expedited basis."  (Id. (Dkt. No. 18))  On November 23, 2021, the Second Circuit denied the mandamus petition, and denied the stay motion as moot.  (Id. (Dkt. No. 44))

The show-cause hearing was adjourned multiple times at Defendants' request.  (Dkt. Nos. 50, 64)  In opposing Plaintiff's application for a preliminary injunction, Defendants argued that this Court could not "enter an injunction against the [D]efendants" because the Court lacked personal jurisdiction over them.  (Def. PI Opp. (Dkt. No. 56) at 12)  The Anonymous Defendants filed unsigned anonymous declarations in support of their opposition brief.  Freeman1337's purported declaration states that he does "not live or work in the State of New York," and never has.  (Dkt. No. 56-3 ¶ 6)

In a December 14, 2021 Order, this Court noted that

> [o]n November 5, 2021, [it] ordered Defcad to produce to Plaintiff the following information on an expedited basis: [] "[T]he true identities and addresses of Defendants, and the locations and identities of the relevant Defendants' operations, including without limitation identifying information associated with their seller accounts, online account, or bank, merchant, or payment processing account(s), and related financial accounts(s), or payment means by which the individual Defendants have transacted the business complained of herein."

(Dec. 14, 2021 Order (Dkt. No. 68) at 1-2 (quoting Nov. 5, 2021 Order (Dkt. No. 30) at 3-4))  This Court further noted that the Second Circuit had denied Plaintiff's petition for a writ of mandamus staying the Court's November 5, 2021 Order, and that

> [t]he discovery sought by Plaintiff – and ordered by this Court – is critical to, inter alia, the issue of personal jurisdiction raised by Defendants.  See Bloomberg, L.P. v. John Does 1-4, 2013 WL 4780036, at *4 (S.D.N.Y. June 26, 2013) (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004))

> ("Ruling on personal jurisdiction prior to the plaintiffs' discovery of the identities of the anonymous defendants would be premature because, 'without the identifying information sought by plaintiffs . . . it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants.'") Instead of obeying this Court's November 5, 2021 order, Defendants have submitted anonymous, unsigned declarations (Dkt. Nos. 56-3, 56-4, 56-5) that are of no evidentiary worth.

(Id. at 2-3)

In the December 14, 2021 Order, this Court instructed Defcad to "submit a letter by 5:00 p.m. on December 15, 2021, stating whether it intends to comply – forthwith – with this Court's November 5, 2021 [O]rder." (Id. at 3) The December 14, 2021 Order made clear that if Defcad did not comply with the November 5, 2021 Order, this Court would "entertain a motion for contempt sanctions." (Id.)

In a December 15, 2021 letter, Defcad stated that it "intend[ed] to comply forthwith with the [November 5, 2021] Order" and requested the entry of a protective order. (Dkt. No. 70)

On December 15, 2021, Plaintiff and third-party Twitter filed a proposed stipulation regarding expedited discovery. (Dkt. No. 69) The stipulation addresses the scope of Twitter's obligations under the November 5, 2021 Order, and provides that "[w]ithin seven days . . . Twitter will produce certain basic subscriber information of the anonymous defendants contained in Twitter's records." (Id. at 4-5) On December 17, 2021, this Court "so ordered" the stipulation. (Dkt. No. 72)

On December 21, 2021, Defendants moved the Second Circuit for a stay of the December 17, 2021 Order. (Case No. 21-3079 (2d Cir.) (Dkt. No. 8)) Defendants also filed a notice of interlocutory appeal from the November 5, 2021 Order (Dkt. No. 74). On December 22, 2021, the Second Circuit stayed discovery pending resolution of Defendants' interlocutory appeal. (Dkt No. 75) On April 6, 2022, the Second Circuit dismissed Defendants' interlocutory

appeal and denied their motion for a stay of the December 17, 2021 Order.  (Dkt. No. 81)

On April 7, 2022, this Court so-ordered a stipulated confidentiality agreement and protective order governing the parties' disclosure of information in connection with discovery. (Dkt. No. 82)  Later that day, this Court referred the case for general pretrial management to Magistrate Judge Robert W. Lehrburger.  (Dkt. No. 83)

On April 25, 2022, Judge Lehrburger granted Plaintiff leave to file an amended complaint.  The Amended Complaint was filed on May 2, 2022.  (Dkt. No. 89)

On May 18, 2022, Judge Lehrburger (1) set a briefing schedule for Defendants' motion to dismiss for lack of personal jurisdiction, and (2) denied Defendants' request to stay discovery pending resolution of that motion.  (Dkt. No. 92)

In a May 23, 2022 Order, this Court scheduled a hearing concerning Plaintiff's pending application for a preliminary injunction (Dkt. No. 93) and directed the parties to provide "updated information as to personal jurisdiction."  (Id.)

In a May 24, 2022 letter, Defendants requested permission for the Anonymous Defendants "to proceed anonymously," including with respect to their motion to dismiss for lack of personal jurisdiction. (Dkt. No. 94)  The Court denied that application on May 26, 2022, and ordered the Anonymous Defendants to "disclose their identities, including their names and addresses as of October 22, 2021 – when the Complaint was filed (see Dkt. No. 1) – to Plaintiff and this Court by **June 3, 2022**."  (Dkt. No. 97 (emphasis in original))

Defendants filed an interlocutory appeal of the May 26, 2022 order the next day. On June 1, 2022, the Second Circuit granted an administrative stay pending appeal.  (Dkt. Nos. 99, 102)  Accordingly, this Court again adjourned the preliminary injunction hearing pending resolution of the appeal.  (Dkt. Nos. 103, 110)

8

The interlocutory appeal of the May 26, 2022 order was denied in part by summary order on July 12, 2022 (see Dkt. No. 111), and on April 14, 2023, the Second Circuit dismissed the appeal. (Dkt. No. 177)

On April 5, 2023, Everytown filed the instant motion for sanctions against Freeman1337. (Mot. (Dkt. No. 169))

### III.  DEFENDANTS' MOTION TO DISMISS AND THE WITHDRAWAL OF DEFENSE COUNSEL

On June 15, 2022, Freeman1337's attorney, Daniel Schmutter of the Hartman & Winnicki P.C. law firm ("Hartman") moved to be relieved as counsel. (Dkt. No. 109) Schmutter stated that he had not received responsive communications from Freeman1337 since June 1, 2022, despite eleven separate attempts to contact him. (See Dkt. No. 109-1 at 3 (declaration in support of motion to withdraw)) Schmutter's declaration in support of his withdrawal motion indicates that Freeman1337 had lied to Schmutter about his name and address, and lied in his December 3, 2021 unsigned declaration submitted to the Court. For this reason, Schmutter and Hartman argued that they could no longer represent Freeman1337 in this case.

On June 15, 2022, the Anonymous Defendants, including Freeman 1337 served Everytown with a motion to dismiss the Amended Complaint on grounds of lack of personal jurisdiction and improper venue. (See Dkt. Nos. 115, 116) Hartman submitted the motion to dismiss on behalf of Freeman1337 despite representing to the Court that it had not been in communication with Freeman1337 since June 1, 2022, and had reason to believe that Freeman1337 had submitted false statements to this Court. (See Dkt. No. 109 at 3) The only evidence submitted by Freeman1337 in support of his motion to dismiss was the same "anonymous, unsigned," and undated declaration previously submitted to the Court in November 2021, which the Court had previously found to be of no "evidentiary worth." (Dec. 14, 2021

9

Order (Dkt. No. 68) at 3; Def. MTD Br. (Dkt. No. 116) at 28)  Everytown served an opposition along with supporting evidence on July 8, 2022 (Dkt. Nos. 125, 126), and Hartman submitted a reply in support of Freeman1337's motion on July 22, 2022.  (Dkt. No. 120)

On March 28, 2023, Plaintiff and Defendants Defcad, Inc., Defcad User xYeezySZN, Odysee User xYeezySZN, Twitter User xYeezySZN, The Gatalog, and Phillip Royster (the "Terminated Defendants") stipulated to a dismissal of this action.  (Dkt. Nos. 166, 167, 168)  Accordingly, the Court denied the motion to dismiss as moot as to the Terminated Defendants.  The motion to dismiss thus remains pending only with respect to Plaintiff's claims against Freeman1337.  (Dkt. No. 183)

On March 8, 2023, this Court granted Hartman's request to be relieved as counsel for Freeman1337.  (Dkt. No. 148)  No other attorney has entered an appearance in this case on behalf of Freeman1337.

## IV.   PLAINTIFF'S MOTION FOR SANCTIONS AND FREEMAN1337'S KNOWLEDGE OF THIS ACTION

On April 5, 2023, Everytown filed the instant motion for sanctions against Freeman1337, requesting that an order be entered striking his motion to dismiss, and that a default judgment be entered against him.  (Mot. (Dkt. No. 169))  Freeman1337 has not filed a response.

In a declaration filed in support of its motion, Everytown alleges that "[d]espite Freeman1337's failure to communicate with his former counsel, failure to comply with the Court's . . . orders, and failure to respond to Everytown's discovery requests and interrogatories," Freeman1337 is aware of this lawsuit.  (See Def. Br. (Dkt. No. 170); Sinatra Decl. (Dkt. No. 171))  Plaintiff has presented evidence that "online accounts associated with Freeman1337's infringing conduct" have posted comments regarding this lawsuit on websites

10

including Reddit.com, a messaging board and social media site.  (See Def. Br. (Dkt. No. 170); Sinatra Decl. (Dkt. No. 171) ¶¶ 6-10)

For example, in a March 2023 Reddit thread initiated by an account named "u/freeman--1337" and entitled "Since the Everytown lawsuit has finally been settled, AMA (about the lawsuit)," Freeman1337 states, inter alia, that Plaintiff and the Court "never got any of [Freeman1337's] personal info" and that he "never gave [his] lawyer or the court any actionable personal info about [himself]."  (Sinatra Decl., Ex. D (Dkt. No. 171-4) at 3-4)

## DISCUSSION

I. **SANCTIONS MOTION**

Rule 37(b)(2) provides that a party may be sanctioned if that "party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Such sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; . . .  (iii) striking pleadings in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." Id. "The purpose of these discovery sanctions is threefold:  '(1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general.'" In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 3304287, at *5 (S.D.N.Y. May 8, 2023) (quoting Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 319 F.R.D. 122, 126 (S.D.N.Y. 2016).

> "[S]everal factors may be useful in evaluating a district court's exercise of discretion" to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."

S.E.C. v. Razmilovic, 738 F.3d 14, 24 (2d Cir. 2013), as amended (Nov. 26, 2013) (quoting Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir.2010)). "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009).

Plaintiff argues that "the facts surrounding Freeman1337's dilatory conduct warrant [striking his motion to dismiss] and entering default judgment for Everytown." (Pltf. Br. (Dkt. No. 170) at 17)  The Court concludes that it is appropriate to strike Freeman 1337's motion to dismiss.

The Court's November 5, 2021 show-cause order directed Defcad and third-party service providers to produce "the true identities and addresses of [the Anonymous] Defendants." (Nov. 5, 2021 Order (Dkt. No. 30) at 3-4)  In response, Freeman1337 filed an unsigned declaration which his former counsel represents contained false information.  (See Dkt. No. 56-3))  After months of delays and numerous unsuccessful appeals, the Court instructed all of the Anonymous Defendants, including Freeman1337, to provide their true names and addresses to Plaintiff and the Court so that the Court could determine whether it could exercise personal jurisdiction over them. (May 23, 2022 Order (Dkt. No. 93) ("[T]he parties should provide any updated information as to personal jurisdiction" by "**May 27, 2022**.") (emphasis in original)).  The Court reiterated this order in the May 26, 2022 Order.  (May 26, 2022 Order (Dkt. No. 97) at 5 ("The Anonymous Defendants will disclose their identities, including their names and addresses . . . to Plaintiff and this Court by **June 3, 2022**.") (emphasis in original))

Freeman1337 did not obey the Court's orders.  Instead, in June 2022, he stopped communicating with his lawyer.  (Dkt. No. 109)  Since that time, Freeman1337 has made no pro se submissions to the Court nor has any other attorney entered a notice of appearance on his behalf.

Based on the evidence of Freeman1337's online activity submitted by Plaintiff, the Court concludes that Freeman1337 was aware of this lawsuit and deliberately provided false information to his attorney and to the Court. The Court further finds that Freeman1337 willfully refused to obey the Court's orders.

There is no reason to believe that a sanction less severe than an order striking Freeman1337's motion to dismiss would be effective. This Court's orders sought information necessary for the Court to assess the merits of Freeman1337's argument that this Court does not have personal jurisdiction over him. Freeman1337's attorney twice made this argument on Freeman1337's behalf – first in opposition to Plaintiff's motion for a preliminary injunction, and then in support of Freeman1337's motion to dismiss. (Def. PI Opp. (Dkt. No. 56) at 12; Def. MTD Br. (Dkt. No. 116) at 12) As the Court informed Freeman1337 and the rest of the Anonymous Defendants in a December 14, 2021 Order, "[t]he discovery sought by Plaintiff – and ordered by this Court – is critical to, <u>inter alia</u>, the issue of personal jurisdiction raised by Defendants." (Dec. 14, 2021 Order (Dkt. No. 68) at 2-3) Freeman1337's non-compliance makes it impossible for this Court to adjudicate the merits of his motion to dismiss.

Freeman1337's non-compliance has lasted since at least December 2021 – when he submitted an unsigned anonymous "declaration" to this Court, which his former counsel has reason to believe contains false information – until now, nearly two years later. This lengthy period of non-compliance also weighs in favor of striking Freeman1337's motion to dismiss.

This Court also warned in the December 14, 2021 Order that non-compliance with the Court's discovery orders could result in sanctions. (Dec. 14, 2021 Order (Dkt. No. 68) at 3 (stating that "the Court will entertain a motion for contempt sanctions")) In sum, Freeman1337 was on notice of his discovery obligations and of the consequences of disobeying

the Court's discovery orders. See S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). He nonetheless has deliberately disobeyed and ignored the Court's orders for years. His actions appear to have been a bad faith attempt to frustrate Plaintiff's ability to obtain relief in this lawsuit.

For all these reasons, the Clerk of Court will be ordered to strike Freeman1337's motion to dismiss.

Plaintiff requests that this Court also enter a default judgment against Freeman1337. The Second Circuit has held, however, that district courts are "obliged to provide adequate notice of a default judgment as a sanction against a party proceeding pro se." Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013); see also Ramgoolie v. Ramgoolie, 333 F.R.D. 30, 38 (S.D.N.Y. 2019) ("A court must provide sufficient notice to the offending party before entering dispositive sanctions."). Plaintiff has not argued that Freeman1337 was warned that his actions could lead to a default judgment, and the Court sees no evidence of any such warning on the docket.

Accordingly, the Court now puts Freeman1337 on notice that it will enter a default judgment against him unless Freeman1337 (1) provides his name and address to the Court and to Plaintiff by **October 4, 2023;** and (2) appears in person at the show-cause hearing scheduled below.

## II. SEALING MOTION

Plaintiff has moved to redact "personal identifying information" of certain Anonymous Defendants that is set forth in Plaintiff's brief in opposition to the motion to dismiss (Dkt. No. 125) and in the declaration of Erin Galloway filed in support of Plaintiff's opposition, and the exhibits thereto (Dkt. No. 126). (Pltf. Sealing Mot. (Dkt. No. 124))

14

Although Defendants did not file any motion to seal, they filed briefs seeking to seal certain of the Anonymous Defendants' "names and addresses" appearing in Defendants' reply brief and in two declarations filed in support of the motion to dismiss (Dkt. Nos. 118, 119, 122). (See Def. Sealing Memoranda (Dkt. Nos. 117, 121))

As an initial matter, neither side explains how their proposed redactions meet the standard for sealing set forth in Lugosch v. Pyramid Co. of Onondaga ("Lugosch I"), 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history. . . . [D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."). Nor have the parties adequately summarized the nature of the "personal identifying information" as is necessary for the Court to make the requisite "particularized" findings with respect to each category of information. Id.

Having reviewed the sealed filings, it appears that the parties propose redacting (1) certain of the Anonymous Defendants' names; (2) the states in which some of them are purported to live; (3) some of their email addresses; (4) two individuals' home addresses; and (5) a phone number associated with Freeman1337. In addition, Plaintiff proposes redacting the online username or identification "Ivan the Troll," purportedly used by one of the Gatalog's owners. (See Dkt. No. 125 at 16) The latter is not "personal identifying information," however, because it does not identify the actual person behind the "Ivan the Troll" username and email addresses. The unredacted versions of the parties' filings do not appear to contain any other "personal identifying information," such as dates of birth or Social Security numbers. (See Dkt. Nos. 125, 126)

The Court concludes that the only information properly redacted is the home address of Defendant Philip Royster (a/k/a "xYeezySZN"), in paragraph one of his declaration.[2] (See xYeezySZN Decl. (Dkt. No. 119) ¶ 1)  See Indiv. R. of Prac. II.B.  Accordingly, by October 4, 2023, Plaintiff will file this declaration on the public docket with only Royster's home address redacted.

To the extent the parties rely on the protective order entered by this Court (Protective Order (Dkt. No. 82); see Pltf. Sealing Br. (Dkt. No. 124) ("Everytown submits this request to file the above unredacted documents under seal to comply with the Protective Order."); Def. Sealing Memorandum (Dkt. No. 117) at 2 ("Defendants now seek to file Declarations under seal and file this letter brief pursuant to Paragraph 11 of the Protective Order.")), a protective order does not – standing alone -- provide a basis for continued sealing. See Indiv. R. of Prac. II.B ("[T]he parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." (citing In re Gen. Motors LLC Ignition Switch Litig., 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)).  Indeed, the protective order signed by the Court warns the parties that "the Court will unseal documents if it is unable to make 'specific, on the record findings . . . demonstrating that closure is essential to

---

[2] Defendant the Gatalog, a/k/a Alexander Holladay, submitted a declaration in which his address in Iowa is redacted.  (See Gatalog Decl. (Dkt. No. 118) ¶ 1)  That same address appears in the "Electronic Articles of Incorporation" for the "Gatalog Foundation Inc.," however, which is filed as an exhibit to the declaration of Erin Galloway in opposition to Defendants' motion to dismiss. (See Galloway Decl. (Dkt. No. 128) ¶ 15; id., Ex. 3 (Dkt. No. 128-3))  Moreover, the articles of incorporation are publicly available on the internet.  Gatalog Foundation Inc., Fla. Dep't of State, Div. of Corp., https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last visited Sept. 27, 2023).  Accordingly, Halladay's address will not be sealed.  Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2, 2022 WL 715241, at *1 (S.D.N.Y. Mar. 10, 2022) ("[M]any of plaintiffs' exhibits are publicly-available documents that could not possibly qualify for sealing.").

preserve higher values and is narrowly tailored to serve that interest.'"  (Protective Order (Dkt. No. 82) ¶ 11 (quoting Lugosch I, 435 F.3d at 120))  The parties' briefing does not demonstrate that continued sealing is appropriate under the Lugosch standard.[3]

Defendants point to a July 12, 2023 summary order issued by the Second Circuit in connection with one of Defendants' interlocutory appeals, which states that the Circuit did not understand this Court's May 26, 2022 order (Dkt. No. 97) as having "address[ed] whether the defendants may proceed anonymously as to the merits litigation" (Dkt. No. 111).  (Def. Supp. Sealing Memorandum (Dkt. No. 121) at 2)  That order does not excuse Defendants from their obligation to justify the sealing they seek under Lugosch, however.  A party seeking sealing bears the burden of demonstrating that sealing is appropriate.  AngioDynamics, Inc. v. C.R. Bard, Inc., 2021 WL 776701, at *1 (N.D.N.Y. Mar. 1, 2021) ("A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper.") (citing DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action.")).  Defendants have not satisfied their burden here.

---

[3]  Defendants argue that sealing is justified because "the anonymous defendants have a First Amendment right to anonymity," but they cite no relevant case law in support of this proposition.  (See Def. Sealing Memorandum (Dkt. No. 117) at 2)  To the extent that Lugosch v. Congel ("Lugosch II"), cited by the Defendants (Def. Sealing Memorandum (Dkt. No. 117) at 2), addresses the First Amendment, it is only in connection with the "'qualified First Amendment right'" of "the public and the press . . . 'to attend judicial proceedings and to access certain judicial documents.'"  Lugosch II, 2006 WL 931687, at *3 (N.D.N.Y. Mar. 7, 2006), report and recommendation adopted in part, rejected in part, 2006 WL 6651777 (N.D.N.Y. May 5, 2006) (quoting Lugosch I, 435 F.3d at 120).  That case does not support Defendants' argument that the First Amendment grants them the right to redact their names and other identifying information from documents filed in connection with their motion to dismiss.

In sum, Plaintiff's sealing motion will be denied, and the Court will order that the papers filed under seal be made visible to the public, with the exception of the xYeezySZN declaration as discussed above.

## **CONCLUSION**

For the reasons stated above, Plaintiff's motion for sanctions is granted to the extent that the Clerk of Court is directed to strike Freeman1337's motion to dismiss (Dkt. No. 115), and is otherwise denied.  Everytown's letter motion to seal certain documents filed in conjunction with its opposition to the motion to dismiss (Dkt. No. 124) is denied.  The Clerk of Court is directed to terminate the motions (Dkt. Nos. 115, 124 and 169) and to make the documents filed at Dkt. Nos. 118, 122, 125, and 126 visible to the public.  By October 4, 2023, Plaintiff will file a copy of the xYeezySZN declaration (Dkt. No. 119) with only Royster's address redacted.

It is hereby ordered that Defendant Freeman1337 shall show cause before this Court at Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York on **October 11, 2023 at 10:00 a.m.** why a default judgment should not be entered against him pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure.

It is further ordered that service of a copy of this Order and Plaintiff's moving papers upon Defendant Freeman1337 by the methods provided for in this Court's November 5, 2021 Order (Dkt. No. 30) by **September 29, 2023** shall be deemed good and sufficient service.

Any opposition papers shall be served and filed by **October 4, 2023**, and any reply papers shall be served and filed by **October 9, 2023.**

Dated: New York, New York
September 27, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge